UNITED STATES DISTRCT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Lisa Liberi, et al., | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 2:09-cv-01898-ER |
| | § | |
| Orly Taitz, et al. | § | |
| Defendants | § | |

### Order Granting Defendants' Motion to Dismiss

This cause came before the Court upon the Second Amended Motion of Dr. Orly Taitz and Defend our Freedoms Foundations, Inc., to Dismiss for Want of Subject Matter Jurisdiction pursuant to Rule 12(b)(1), for Failure to State a Claim upon which Relief Can be Granted pursuant to Rule 12(b)(6), or in the Alternative for Judgment on the Pleadings pursuant to Rule 12(c).

The Court has reviewed the motion, the pleadings, and the record of this case as a whole, and being thus fully advised in the premises, concludes and finds as follows:

(1)    Complete diversity of citizenship among the Plaintiffs and Defendants is lacking owing to residents of New Jersey being identified on the face of Plaintiffs' Complaint and identified with both New Jersey residential and business addresses.

(2)    The pleadings between the movant Defendants and Respondents in this case are "closed" within the meaning of Rule 12(c), Dr. Orly Taitz having filed an answer on behalf of herself and Defend our Freedoms Foundations, Inc.

(3) Despite the title of Count One, no conceivable Federal question causes of action are actually stated or even identified in Counts One through Six of Plaintiffs' Complaint,

(4) If any federal question causes of action are in fact identified in Plaintiffs' Complaint by any stretch of the imagination, they are so insufficiently pled that they must be dismissed for failure to state a claim upon which relief can be granted, or, in addition, judgment must be granted to the Defendants on the grounds of Rule 12(c) "Judgement on the Pleadings" because the Complaint reveals that Plaintiffs have no bona fide causes of action arising under Federal Law.

It is accordingly hereby ORDERED AND ADJUDGED that the Second Amended Motion to Dismiss filed by Dr. Orly Taitz on her own behalf and on behalf of Defend Our Freedoms Foundations, Inc., of which Dr. Taitz is President, is hereby GRANTED in all respects.

The May 4, 2009, Complaint filed by Plaintiff Lisa Liberi, Philip J. Berg, the Law Offices of Philip J. Bert, Evelyn Adams a/k/a "Momma E", Lisa Ostella, and Go Excel Global is hereby DISMISSED with prejudice to the refiling of all or any part of the same in any Federal Court. This Court will retain plenary jurisdiction for 30 days to entertain motions for sanctions and/or costs of suit.

Done and ordered in chambers in and for the United States District Court for the Eastern District of Pennsylvania, sitting in Philadelphia, on this _____ day of June, 2009. All Defendants are dismissed *sine die* from any further proceedings except as noted above, should the Defendants seek to file Motions for Sanctions or Costs.

The Clerk of Court for the United States District Court of the Eastern District of Pennsylvania is ordered to close this file for statistical purposes.

                                                    _____
                                                    The Honorable Eduardo C. Robreono
                                                    United States District Judge
                                                    United States District Court
                                                    Eastern District of Pennsylvania
                                                    Philadelphia

Dr. Orly Taitz, *pro se*
Orly Taitz Law Offices
26302 La Paz, Suite 211
Mission Viejo, California 92691
(949) 683-5411
dr_taitz@yahoo.com

UNITED STATES DISTRCT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Lisa Liberi, et al., § | |
| Plaintiffs, § | |
| § | |
| v. § | Civil Action No. 2:09-cv-01898-ER |
| § | |
| Orly Taitz, et al. § | |
| Defendants § | |

**SECOND AMENDED MOTION TO DISMISS COUNTS ONE-SIX FOR 12(b)(1)
LACK OF SUBJECT MATTER JURISDICTION &
JUDGMENT ON THE PLEADINGS**

It has long been the case that the jurisdiction of the Court depends upon the state of things at the time of the action brought." *Mollan v. Torrance*, 22 U.S. 537, 9 Wheat. 537, 539, 6 L. Ed. 154 (1824). This time-of-filing rule is hornbook law (quite literally) [*571] taught to first-year law students in any basic course on federal civil procedure. It measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing-- whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal. (Challenges to subject-matter jurisdiction can of course be raised at any time prior to final judgment. See *Capron v. Van Noorden*, 6 U.S. 126, 2 Cranch 126, 2 L. Ed. 229 (1804).

*Grupo Dataflux v. Atlas Global Group, L.P.,* 541 U.S. 567 at 570-71; 124 S.Ct. 1920 at 1924; 158 L.Ed.2d 866 at 872 (2004).

Without wishing to minimize the appearance created by the volume of paperwork filed to date in this above-entitled-and-numbered civil action, the case ends here or it ought to. Count One is labeled as and would apparently pretend to be a federal cause of action, in its title only, but it is at best a California statutory suit for violation of privacy,

*Defendants Dr. Orly Taitz' and Defend our Freedoms Foundations' Second*     1
*Amended Motion to Dismiss for Want of Subject Matter Jurisdiction, for Failure to
State a Claim upon which Relief can be granted, and/or for Judgment on the
Pleadings*

and must accordingly be evaluated, for subject matter jurisdiction, under the same diversity of citizenship analysis applied to the state-labeled Counts Two through Six. The only colorable basis for Federal Court subject matter jurisdiction over the state-law "substance" (without conceding, in fact, that there is any substance) of Counts Two (Complaint p. 66 ¶¶158-166: "Defemation[sic], *per se*, Slander and Libel"), Three (Complaint p. 69, ¶¶167-173: False-Light Invasion of Privacy), Four (Complaint p. 72, §§174-181: "Harassment"), Five (Complaint p. 75, ¶¶182-189: "False Designations and Descriptions of Facts"), and Six (Complaint p. 78, ¶¶190-196: "Injunctive Relief" as to "defamation," "false allegations," "misrepresentations of their character" and "false light") would be diversity of citizenship, as is alleged in paragraph 1 on page 4 of the original (and only) Complaint, filed in this case on May 4, 2009.

All of these "Counts" are woefully insufficient as a matter of competent federal practice and pleading, but none of these counts contain even the suggestion of a conceivable much less plausible cause of action arising under Federal Law, so diversity is the only imaginable basis for jurisdiction and the federal standards for diversity are neither novel nor difficult to apply: the Complaint reveals on its face that "complete diversity of citizenship" between Plaintiffs and Defendants simply does not exist, and cannot be cured by amendment because jurisdiction is established by the case initial "snapshot" of the parties, not later changes.

Dr. Orly Taitz admits that she is a dentist, by primary profession, and although admitted to practice in the State of California and several federal courts, she is not primarily a litigator. Defendant also admits that "ignorance of the law is no excuse," but would nevertheless submit that "A party cannot inadvertently or intentionally (e.g. by

*Defendants Dr. Orly Taitz' and Defend our Freedoms Foundations' Second*     2
*Amended Motion to Dismiss for Want of Subject Matter Jurisdiction, for Failure to*
*State a Claim upon which Relief can be granted, and/or for Judgment on the*
*Pleadings*

agreement) waive its right to object to the Court's lack of subject matter-jurisdiction." *Insurance Company of Ireland, Ltd., v. Compagnie des Bauxites de Guinee*, 456 U.S. 694 at 702, 102 S.Ct. 2099 at 2104 (1982). And since *Strawbridge v. Curtiss*, 7 U.S. 267, 3 Cranch 267, 2 L.Ed. 435 (decided February 13, 1806), the United States Supreme Court has read the statutory formulation "between . . . citizens of different States," 28 U.S.C. § 1332(a)(1), to require complete diversity between all plaintiffs and all defendants. So, every other objection and contention the parties have made up to this point set aside, the case ends here, for the following reasons which Defendant Dr. Orly Taitz inadvertently failed to raise in her previous motions and answer:

On the first (title) page of Philip J. Berg's Complaint for Damages, with Jury Trial Demanded, filed on May 4, 2009, and never amended or otherwise superceded, Lisa M. Ostella and Go Excel Global are identified as Plaintiffs while James Sundquist and Rock Salt Publishing are identified as Defendants. In paragraphs 8 and 9 on page 5 of the May 4, 2009, complaint, Lisa M. Ostella is identified as residing at 2227 US Highway 1, #245, North Brunswick, New Jersey 08902-4402 with her principal place of business at the offices of Plaintiff Go Excel Global, also in North Brunswick, New Jersey 08902-4402.

On page 6 of the May 4, 2009, complaint, in paragraphs 16-17, a Defendant James Sundquist and his principal place of business Rock Salt Publishing are identified as having a business address of 551 Valley Road, Suite 123, Upper Montclair, New Jersey 07043.

The undersigned Defendant has previously argued and submitted evidence that Plaintiff Lisa Liberi should be deemed a citizen of California for purposes of diversity, on account of her long-time residence and criminal history and multiple convictions and

status as a probationer in Defendant Orly Taitz' home state[1]. While Defendant still contends that her analysis of Lisa Liberi's citizenship for purposes of *Strawbridge v. Curtiss* "complete diversity" analysis is correct, it is upon reflection mere surplusage, at this point, because the paired Plaintiffs Lisa Ostella and her Go Excel Global, when paired against the paired Defendants James Sundquist and his Rock Salt Publishing, as identified and described expressly and explicitly ON THE FACE OF PLAINTIFFS'

---

[1] Lisa Liberi remains under the continuing jurisdiction of the Superior Court of the State of California for the County of San Bernardino in connection with her probation or parole status in Case No: FSB-044914 (Judge John M. Pachecho), and whether this is determinative of her citizenship for diversity purposes or not, it seems more than casually significant that Judge John M. Pacheco, in allowing Lisa Liberi to post bail bonds and be released from custody stated on the record, in open court on August 4, 2004:
"Having said all that, Ms. Liberi, if you don't come back here ["here" meaning to California Superior Court whenever required by the terms of her probation] the mud is going to be on my face that I allowed all this to happen." Defendant Lisa Liberi responded "I will be here, your Honor. I have made every court appearance." The issue concerning the citizenship of parolees and probationers is not well-settled, but would seem to favor "last residence prior to sentencing" as the residence of the probationer/parolee, which in this case would definitely be California.
Under the **diversity jurisdiction** statute, the federal courts have original **jurisdiction** to decide a plaintiff's state-law lawsuit if the dispute "is between . . . citizens of different **States**." See 28 U.S.C. § 1332(a)(1). A party's "**citizenship**" for purposes of federal **jurisdiction** is determined by looking to the person's domicile. *See Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983). Domicile, in turn, is determined by finding the last place where a person resided with an intention of remaining there indefinitely. *See Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48, 104 L. Ed. 2d 29, 109 S. Ct. 1597 (1989) ("For adults, domicile is established by physical presence in a place in connection with a certain **state** of mind concerning one's intent to remain there."); *Crowley*, 710 F.2d at 678 ("To effect a change in domicile, two things are indispensable: First residence in a new domicile, and second, the intention to remain there indefinitely.").
It is obviously true that an adult can freely and intentionally change her residence for purposes of diversity jurisdiction as a matter of fundamental right, but prisoners, probationers, and parolees ordinarily lose the right to determine their own citizenship. Lisa Liberi does not have complete freedom to sever her ties to California, and in fact she has promised NOT to do so, as shown in the above quoted lines from the Reporter's Transcript of the August 4, 2004, hearing in San Bernardino Superior Court Case No.: FSB-44914. page 122, to which this Defendant
Some courts have recognized that the restrictions on the liberty of a prisoner affect the determination of the prisoner's domicile because domicile is a voluntary status. *See Sullivan v. Freeman*, 944 F.2d 334, 337 (7th Cir. 1991). As a result, courts have applied a presumption that when a prisoner has been moved out-of-**state** by prison officers, the prisoner's **citizenship** for **diversity** purposes is the **state** where he was domiciled before he was imprisoned. *See id.; see also Ferrer v. Dailey*, 1996 U.S. App. LEXIS 33322, No. 96-3155, 1996 WL 731618, at *1 (10th Cir. Dec. 20, 1996) (unpublished Order & Judgment) ("For purposes of **diversity jurisdiction**, when an inmate has been forcibly incarcerated in another **state**, the **state** of **citizenship** 'should be the state of which he was a citizen before he was sent to prison unless he plans to live elsewhere when he gets out, in which event it should be that **state**.'") (quoting *Singletary v. Continental Ill. Nat'l Bank & Trust Co.*, 9 F.3d 1236, 1238 (7th Cir. 1993)). This presumption, however, is rebuttable upon a showing of sufficient facts to indicate that a prisoner has both residence and present intent to remain indefinitely in a new **state**. *See Sullivan*, 944 F.2d at 337.

*Defendants Dr. Orly Taitz' and Defend our Freedoms Foundations' Second*     4
*Amended Motion to Dismiss for Want of Subject Matter Jurisdiction, for Failure to State a Claim upon which Relief can be granted, and/or for Judgment on the Pleadings*

OWN COMPLAINT, completely and effectively destroy any contention of "complete diversity." Even if Defendants Dr. Orly Taitz and her "Defend Our Freedoms Foundations, Inc." should be deemed to have defaulted so egregiously as to have confessed the well-pled allegations (if any) of the Plaintiffs' Complaint, such a default is not and cannot be taken as a waiver of objections to subject matter jurisdiction. Without subject matter jurisdiction, which can only be established by the well-pled allegations of Plaintiffs' Complaint, this United States District Court is entirely without power to proceed, to entertain any part of Plaintiffs' Complaint, or to afford to Plaintiffs' any relief whatsoever.

## FAILURE TO IDENTIFY FEDERAL QUESTION CAUSES OF ACTION (FRCP RULES 12(b)(6) & 12(c) JUDGMENT ON THE PLEADINGS)

For purposes of the present motion, Defendant Dr. Orly Taitz submits that the Plaintiffs have failed even to identify any actual or conceivable Federal question Causes of Action in their May 4, 2009, Complaint, and are thus subject to Judgment on the Pleadings pursuant to Rule 12(c). Much less have the Plaintiffs actually pled any plausible Federal Causes of Action with anything approaching the specificity required by Rule 12(b)(6) as construed and applied under the Supreme Court's latest evaluation *Bell Atlantic v. Twombly*, 550 U.S. 544; 127 S. Ct. 1955 at 1964-65; 167 L.Ed.2d 929 (2007). In fact, it is fair to say, paraphrasing the language of *Twombly*, that the Plaintiffs Liberi et al. have not even made the conclusory allegations, or sufficient factual allegations to identify the "labels and conclusions" necessary to constitute a "formulaic recitation of the elements of any causes of action" arising under Federal statutes or jurisprudence,

whatsoever. Count One, as noted above, is basically a "sham" based on a content-free title including two Constitutional Amendments not mentioned again in any paragraph.

In relation to Counts Two through Six, which bear state court "labels" and little else suggesting any theory of recovery at all, there are repeated but vague references to Defendants' "posting and distributing Liberi's social security number" and then, on page 73, ¶180, that "Defendants have acted unlawfully and in violation of" several federal statutes without more in the way of material factual allegations. Such sloppy "pleading" was not permitted in Federal Court prior to *Twombly*, but it is clearly frivolous and sanctionable now after the Supreme Court's decision in that case.

This leaves COUNT ONE of Plaintiffs' May 4, 2009, Complaint, at page 60, ¶¶ 144-157 for analysis. "COUNT ONE" is entitled "VIOLATION OF THE FIRST AND FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUION *[sic]* and ILLEGAL DISCLOSURE OF AN INDIVIDUAL'S SOCIAL SECURITY NUMBER AND PERSONAL IDENTIFYING INFORMATION". While the First and Fourteenth Amendments of the United States Constitution would appear to frame federal issues, no federal civil rights (nor any other) statutes are cited until paragraph 157. In fact, no statutes or case law authorities are cited until paragraph 151, and the subsequent paragraphs focus exclusively on California Civil Code §§1798.81-1798.85" along with vague reference to (other?) "California privacy laws" as providing possible grounds or factual frameworks for liability or recovery. Accordingly the mere recitation of two constitutional amendments in the FEDERAL CONSTITUTIONAL TITLE of Count One should be disregarded, and judgment entered on the pleadings in this case pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, or in the alternative under 12(b)(6)

*Defendants Dr. Orly Taitz' and Defend our Freedoms Foundations' Second*     6
*Amended Motion to Dismiss for Want of Subject Matter Jurisdiction, for Failure to
State a Claim upon which Relief can be granted, and/or for Judgment on the
Pleadings*

because no conceivable Federal law theories of recovery are stated or even identified in Count One.

As in paragraph 180 on page 73, discussed above, paragraph 157 on pages 63-64 contains random citations to several federal laws, but the factual allegations of this paragraph are so vague, conclusory, and general, without reference to any specific outline of any causes of action recognized or established by federal law, that there is no substantial basis for the exercise of federal question jurisdiction. Count One may contain more "Federal Words" in its title than the other counts of Plaintiffs' May 4, 2009 complaint, but it does not contain more "Federal Substance" and should be dismissed along with Counts Two through Six as an attempt to utilize federal diversity jurisdiction to sue and impose liability under what is, at the absolute most, examining the Complaint in the light most favorable to the Plaintiffs, as nothing more nor less than an extremely poorly pled California state cause of action.

## PRAYER FOR RELIEF

Judgment should accordingly be entered in favor of all the Defendants dismissing the May 4, 2009, Complaint for Want of Subject Matter Jurisdiction pursuant to Rule 12(b)(1), Failure to State a Claim upon which Relief can be Granted pursuant to Rule 12(b)(6), or in the alternative for Judgment on the Pleadings pursuant to Rule 12(c). The scattered references to federal statutes or constitutional amendments do not add up to any cognizable theory of recovery under federal law, and since complete diversity of citizenship between the Plaintiffs and Defendants is lacking, the May 4, 2009, Complaint in this case should be dismissed with prejudice to the refiling of the same in any federal court anywhere, for any purposes.

*Defendants Dr. Orly Taitz' and Defend our Freedoms Foundations' Second*     7
*Amended Motion to Dismiss for Want of Subject Matter Jurisdiction, for Failure to*
*State a Claim upon which Relief can be granted, and/or for Judgment on the*
*Pleadings*



Defendants Dr. Orly Taitz and Defendant our Freedoms Foundations, Inc., accordingly move and pray for complete dismissal of the Complaint filed by Lisa Liberi, Philip J. Berg, the Law Offices of Philip J. Berg, Evelyn Adams a/k/a Momma E, Lisa M. Ostella, and Go Excel Global, and ask that all Defendants be released from further liability to appear or answer in this case, and that all proceedings in this case be adjourned *sine die.*

Respectfully submitted,

Wednesday, June 10, 2009

By:_____
Dr. Orly Taitz, *pro se*, individually and a/k/a
Law Offices of Orly Taitz,
WWW.ORLYTAITZESQ.COM,
a/k/a WWW.REPUBX.COM,
a/k/a ORLY TAITZ, INC.
Defendant, *in propia persona* and on behalf
of Defend Our Freedoms Foundations, Inc..
Dr. Orly Taitz, President,
26302 La Paz, Suite 211
Mission Viejo, California 92691

Telephone (949) 683-5411
E-Mail: dr_taitz@yahoo.com

*Defendants Dr. Orly Taitz' and Defend our Freedoms Foundations' Second*     8
*Amended Motion to Dismiss for Want of Subject Matter Jurisdiction, for Failure to*
*State a Claim upon which Relief can be granted, and/or for Judgment on the*
*Pleadings*



## CERTIFICATE OF SERVICE

A true and correct copy of the above-and foregoing Second Amended Motion to Dismiss for Want of Subject Matter Jurisdiction, for Failure to State a Claim upon which Relief can be granted, and/or for Judgment on the Pleadings, submitted by Defendant Dr. Orly Taitz for herself and on behalf of Defend our Freedoms Foundations, Inc, was served by facsimile transmission and FedEx overnight delivery upon the attorney of record for all the plaintiffs:

Law Offices of
PHILIP J. BERG, Esquire
555 Andorra Glen Court, Suite 12
Lafayette Hill, Pennsylvania 19444-2531

Telecopier (Facsimile): 610-834-7659
E-mail: philjberg@gmail.com

By:_____
Dr. Orly Taitz, *pro se*
Defendant, *in propia persona* and on behalf
of Defend Our Freedoms Foundations, Inc..
Dr. Orly Taitz, President,
26302 La Paz, Suite 211
Mission Viejo, California 92691

Telephone (949) 683-5411
E-Mail: dr_taitz@yahoo.com

*Defendants Dr. Orly Taitz' and Defend our Freedoms Foundations' Second Amended Motion to Dismiss for Want of Subject Matter Jurisdiction, for Failure to State a Claim upon which Relief can be granted, and/or for Judgment on the Pleadings*   9