Dr. Orly Taitz, *pro se*
Orly Taitz Law Offices
26302 La Paz, Suite 211
Mission Viejo, California 92691
(949) 683-5411
dr_taitz@yahoo.com

## UNITED STATES DISTRCT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Lisa Liberi, et al., <br> Plaintiffs, <br> v. <br> Orly Taitz, et al., <br> Defendants | § § § § § § § | Civil Action No. 2:09-cv-01898-ER |



### DEFENDANT ORLY TAITZ AND DEFEND OUR FREEDOM FOUNDATION'S FIRST AMENDED ANSWER, SPECIAL CALIFORNIA MOTION TO STRIKE PURSUANT TO ANTI-SLAPP LAW, RULE 12(f) MOTION TO STRIKE ¶¶24-144 AND RESERVATION OF COUNTERCLAIMS UNDER RULE 13(a)-(b)

1. On or about May 28, 2009, Defendants Dr. Orly Taitz and Defend our Freedom Foundation, Inc., filed their Answer in this case, asserting only a general denial such as that authorized by the Texas and Louisiana rules of civil procedure.

2. So as to bring their pleading into compliance with Rule 10(b), Defendants Taitz and Defend our Freedom Foundation, Inc., avail themselves of the permissive rule of Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure which permit a party to amend its pleading once as a matter of course before being served with a responsive pleading. The Court has not ordered a Reply pursuant to Rule 7(a)(7) and 20 days have not yet elapsed as of the filing of this First Amended Answer and Counterclaim, so that leave of court is not required under Rule 15.

3. Defendants Answer the Complaint as follows, with affirmative defenses noted first:

4. Affirmative Defense Rule 12(b)(1): As more specifically set forth in these Defendants' Second Amended Motion to Dismiss filed on or about June 11, 2009, this Court lacks subject matter jurisdiction, either as a matter of diversity jurisdiction or federal question jurisdiction.

5. Affirmative Defense Rule 12(b)(2): Defendants lack minimum contacts with the State of Pennsylvania, and this Court accordingly lacks personal jurisdiction.

6. Affirmative Defense Rule 12(b)(3): None of the transactions or occurrences giving rise to this cause of action took place in Pennsylvania and none of the Defendants reside in Pennsylvania; as the Plaintiffs themselves concede, any applicable law governing Defendants conduct derives from the state of California, and so this U.S. District Court for the Eastern District of Pennsylvania is improper venue and forum non conveniens for the pre-trial litigation, including discovery, and trial of this matter.

7. Affirmative Defense Rule 12(b)(6): Despite its copious length, and as more specifically set forth in these Defendants' Second Amended Motion to Dismiss filed on or about June 11, 2009, the Defendants have failed to adequately state ANY cognizable cause of action under California State or Federal Law, within the meaning and application of *Bell Atlantic v. Twombly*, 550 U.S. 544; 127 S. Ct. 1955 at 1964-65; 167 L.Ed.2d 929 (2007).

8. Plaintiffs Liberi, Berg, Adams, and Ostella have filed their frivolous lawsuit as a Strategic Lawsuit Against Public Participation within the meaning of California Code of Civil Procedure §425.16, enacted in 1992 precisely for the purpose of preventing lawsuits like this one brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances.

9. Pursuant to California Code of Civil Procedure §425.16(b)(1) Defendants Orly Taitz and Defend our Freedoms reserve the right to file a special Anti-SLAPP Motion to Strike as a counterclaim or motion incorporated with this answer.

10. **MOTION TO STRIKE AND OBJECTIONS TO ¶¶25-144:** Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, Defendants move and urge this Court to Strike the Plaintiffs' Preliminary Statement in this case, at pages 1-4, along with ¶¶25-143 at pages 7-60 also numbered and denominated as Parts IV-IX of the May 4, 2009, Complaint because these paragraphs are replete with redundant, immaterial, impertinent, and scandalous material, violate Rules 11(b)(1), 11(b)(2), and 11(b)(3) of the Federal Rules of Civil Procedure, and violate both the General Rules of Pleading contained in Rule 8(a)(2) "a pleading that states a claim for relief must contain a short and plaint statements of the claim showing that the pleader is entitled to relief" and Rule 10(b), in that these paragraphs 25-143 do not even purport to promote clarity or set forth claims founded on any transaction or occurrence, but are simply a rambling and incoherent morass of disconnected narrative(s).

11. With regard to the remaining paragraphs 1-24 and 143-196 of the Complaint, Defendants Orly Taitz and Defend our Freedoms answer and respond as follows:

12. Defendants deny the allegations of Plaintiffs' ¶1, in that they deny that there is diversity of jurisdiction or any other basis for jurisdiction over this case.

13. Defendants deny the allegations of Plaintiffs' ¶2 in that the Plaintiffs have stated no coherent or readily identifiable causes of action arising under the Constitution or Laws of the United States.

*Defendants Dr. Orly Taitz' and Defend our Freedoms Foundation's
First Amended Answer, Special California Anti-SLAPP Motion to Strike, FRCP
Rule 12(f) Motion to Strike ¶¶24-144, and Rule 13 Reservation of Counterclaims*

3

14. Defendants deny the allegations of Plaintiffs' ¶3 in that the Plaintiffs have not established proper venue in the Eastern District of Pennsylvania, and the doctrine of *forum non conveniens* should be applied to dismiss this case without regard to any other issues or considerations, because all or a vast majority and great preponderance of the non-Plaintiff witnesses reside outside the Eastern District of Pennsylvania, as do the Defendants.

15. As to Plaintiffs' ¶4, Defendants are without sufficient information to admit, but upon information and belief that Lisa Liberi resides in New Mexico but is subject to the continuing jurisdiction of California due to her probation, DENY with reservations.

16. As to Plaintiffs' ¶¶5-23, the allegations of the Complaint are admitted.

17. As to Plaintiffs' ¶24, Defendants are without sufficient information to admit or deny the identity or even the existence of Does 1 through 200 who are also admittedly unknown to the Plaintiffs, but submit that this allegation of parties is frivolous within the meaning of Rule 11(b)(3), and because this appears to be merely an allegation included to needlessly multiply or complicate or prolong litigation, and to have no grounding in law or fact, Defendants Orly Taitz and Defend Our Freedoms Move and Request that this Court strike this allegation pursuant to Rule 12(f). Because Defendants seek to strike all of ¶¶24-144, they also would respectfully move to strike the "incorporation by reference" allegations of ¶144 of Count One, as stated on Plaintiffs' May 4, 2009, Complaint on page 60.

18. As to Count One of Plaintiffs' Complaint, beginning with ¶145, Defendants' answer as follows: denied.

19. ¶146, denied.

20. ¶147-157 are denied, but Defendants' specially specifically move to strike ¶155 and its reference to California Civil Code §1798.84 pursuant to the California Anti-SLAPP law (California Civil Code §425.15(b)(1)) cited above, and Defendants specifically move to dismiss these allegations as legally and factually insufficient and failing to state the elements of a cause of action under Rule 12(b)(6).

21. Defendants also specifically move to strike ¶157 as containing numerous incoherent references and citations to California, Federal, and Pennsylvania statutes, none of which correspond or are alleged with sufficient specificity to understand what legal charges or factual allegations Plaintiffs may be making in connection with these statutes, so that ¶157 is both insufficient as a matter of pleading rules and entirely frivolous as a matter of law under Rules 10, 11, 12(b)(1), 12(b)(2), 12(b)(3),12(B)(6), and 12(f).

22. As to the Plaintiffs' Prayer for Relief on Pages 64-65, ¶¶A-J, Defendants deny that the relief sought is supported by any factual allegations or legal contentions, and Defendants pray that Plaintiffs will take NOTHING by their suit.

23. As to Count Two, Defendants object to the reincorporation of so much utterly frivolous and pointless matter in ¶158 deny ¶¶159-166, as well as any contention that the claims for relief set forth in the "prayer for relief" ¶¶A-J on pages 67-69 of the May 4, 2009 Complaint are warranted by any good faith construction or interpretation or possible extension of any state or federal law.

24. Without limitation, Defendants specifically would show that Plaintiffs have UTTERLY failed to show any ongoing or irreparable injury as a result of the alleged conduct of the Defendants, and have therefore failed to state any claim for injunctive relief whatsoever.

*Defendants Dr. Orly Taitz' and Defend our Freedoms Foundation's*   5
*First Amended Answer, Special California Anti-SLAPP Motion to Strike, FRCP*
*Rule 12(f) Motion to Strike ¶¶24-144, and Rule 13 Reservation of Counterclaims*

25. In regards to Count Three, Defendant would first assert as an affirmative defense that the Plaintiffs, by their political activities and high profile litigation, have waived their ordinary rights to privacy by seeking status as public figures by and through self-promotion in blogs such as www.obamacrimes.com and many others.

26. Defendants object again to the blanket incorporation of so many frivolous and immaterial paragraphs as would be preserved by ¶167.

27. Defendants deny all the material allegations of ¶¶168-173, as well as the allegations and claims for relief in the "prayer" ¶¶A-J on pages 70-72.

28. In regard to Count Four, "Harassment", Defendants specifically move pursuant to California Civil Code §425.16(b)(1) to strike this paragraph, as well as pursuant to Rule 12(f) and to dismiss this count under Rule 12(b)(1), 12(b)(2), 12(b)(3), and 12(b)(6).

29. Defendants object to the coverall "incorporation" paragraph §174 for the reasons stated previously, and categorically deny the factual allegations of ¶¶175-181.

30. Defendants specifically move to strike from ¶180 the random, disconnected, and incoherent "beggars soup" recitation of disconnected statutes from the United States Code and the Texas Penal Code, none of which can be coherently connected with any facts contained in Count Four to infer any cause of action, state or federal, over which this or any other civil court might ever have jurisdiction in this or most of the known or reasonable suspected parallel universes.

31. Oddly enough (given the content free allegations against the Defendants and the empty and disconnected title of Count One—invoking the First and Fourteenth Amendment to no relevant rhetorical or litigation purpose whatsoever), the relief sought by the Plaintiffs in ¶¶A-D of each of the Prayers for Relief stated on pages 67-68, 70-71,

and 73-74 would, if granted, constitute a series of illegal and unconstitutional "prior restraints" by state action on freedom of speech and therefore violate the very core liberty from censorship protected by the First Amendment, as incorporated to the states by the Fourteenth Amendment, and Defendants Orly Taitz and Defend our Freedoms Foundation, Inc., accordingly raise their FIRST AMENDMENT RIGHTS TO FREEDOM OF SPEECH as an affirmative defense to each of the claims and prayers for relief stated by the Plaintiffs.

32. It is for all these reasons that the special California Anti-SLAPP Motion to Strike generally applies and is appropriate to Counts One-Six of the Plaintiffs Complaint, in that the relief expressly sought is anti-free speech is designed to silence the Defendants and suppress their rights to freedom of speech and to petition for redress of grievances, all in express violation of the letter and spirit of California Civil Code §425.16.

33. Defendants deny that any of the other requests for relief attached to Count Four are warranted by existing law or alleged facts, in ¶¶A-J, and move and request that the Defendants take nothing by their suit.

34. Plaintiffs' Count Five is remarkable for having a title, "False Designations and Descriptions of Facts" which cannot be connected to any known common law or statutory action, in any state or country, anywhere in the world.

35. Neither the title of this Count nor ¶¶183-189 suggest any cognizable theory of relief, and all the factual allegations of ¶¶183-189 are categorically denied, as are all the factual and legal contentions supporting the anti-Free speech allegations of ¶¶A-J set forth on pages 76-78.

***Defendants Dr. Orly Taitz' and Defend our Freedoms Foundation's
First Amended Answer, Special California Anti-SLAPP Motion to Strike, FRCP
Rule 12(f) Motion to Strike ¶¶24-144, and Rule 13 Reservation of Counterclaims***       7

36. Defendants incorporate by reference all of their above and foregoing objections stated in ¶¶1-34, especially those relating to Federal Rules 11(b)(1)-(3), 12(b)(1), 12(b)(6), 12(f), and California Anti-SLAPP law, and U.S. Constitutional First Amendment objections to any and all suits for injunctive relief and suits seeking to impose a prior restraint on the speech or petition activity of any party.

37. FINALLY, as to COUNT SIX---Defendants move to strike this Count as wholly and entirely REDUNDANT and therefore subject to being stricken under Rule 12(f).

38. Defendants object to the reincorporation ¶190, and deny all the material allegations of ¶¶191-196, asserting as affirmative defense that prior restraints on freedom of speech and the right to petition, aka CENSORSHIP, are forbidden by the First Amendment to the United States Constitution, and cannot therefore lawfully be imposed on this court absent truly extraordinary allegations regarding public safety or national security or the welfare of minors, NONE of which have been even remotely articulated in Plaintiffs May 4, 2009, Complaint or any subsequently filed papers in this case.

39. The Final ¶¶A-J set forth on pages 79-81 are either redundant, preposterous, or constitute further prayers for prior restraint or censorship in the absence of any constitutional justification, alleging (at best) very speculative and unsubstantiated private injuries with no evidence of continuing harm. So that in sum, Plaintiffs' Complaint is utterly and completely frivolous and must be dismissed and subjected to appropriate sanctions or warnings.

## RESERVATION OF COUNTERCLAIM

40. Defendants reallege ¶¶1-39 of this First Amended Answer and incorporate the same as if fully recopied and restated herein below.

41. Defendants do not waive, and intend to rely on, their several contentions that this Court has no subject matter or personal jurisdiction and that this Court should, even if it finds it has jurisdiction, dismiss all of Plaintiffs' claims with prejudice under and pursuant to Rule 12(b)(6), as a matter of both state and Federal law.

42. Defendants reserve their right to plead, amend, and more fully set forth their compulsory and/or permissible counterclaims pursuant to Rules 13(a) and 13(b), but do not wish to engorge the Court's already bloated files in this case, in that the Defendants expect the present cause to be dismissed with prejudice, and have no wish to prolong litigation by pursuing counterclaims against these Defendants in this forum.

43. However, in the (Defendants hope) extremely unlikely event that the Court does not dismiss this Complaint with prejudice to refilling all or any part of it in this or any other Federal Court, Defendants enumerate and set forth what they regard as either their permissive or compulsory counterclaims, without conceding that the Defendants have alleged any actionable transactions or occurrences at all.

44. In regard to Plaintiffs Lisa Liberi, Philip J. Berg and his Law Firm, as well as Lisa M. Ostella, Evelyn Adams, and Go Excel Global, Defendants reserve the right to counterclaim for Defamation, per se.

45. In regard to Plaintiffs Lisa Liberi, Evelyn Adams aka Momma E, Philip J. Berg and his Law Offices (if they constitute a legally separate entity), Lisa M. Ostella and Go Excel (if they constitute a legally separate entity), Defendants reserve the right to

*Defendants Dr. Orly Taitz' and Defend our Freedoms Foundation's*     9
*First Amended Answer, Special California Anti-SLAPP Motion to Strike, FRCP*
*Rule 12(f) Motion to Strike ¶¶24-144, and Rule 13 Reservation of Counterclaims*

counterclaim for embezzlement, identity theft, fraud, credit card fraud, defamation of character by libel (with actual damages), charitable organization fraud, and conversion.

46. In regard to Lisa M. Ostella and Go Excel Global defendants reserve the right to counterclaim for breach of fiduciary duty, breach of contract, conversion, common law theft, and a pattern of racketeering and corrupt organizations activity with predicate acts involving mail fraud, wire fraud, and electronic access (bank and credit card) fraud, as well as misuse of confidential identity and access codes, all in violation of 18 U.S.C. §1961-1964(c).

47. Wherefore, pursuant to Rule 13(a)-(b), Defendants Orly Taitz and Defend our Freedoms Foundation, Inc., reserve their right to plead, amend, and lodge counterclaims prior to the expiration of 60 days from the filing of Plaintiffs' original Complaint on May 4, 2009, if the Plaintiffs' May 4, 2009, complaint is not dismissed with prejudice by that time.

Monday, June 15, 2009

Respectfully submitted,

By: _____
Dr. Orly Taitz, *pro se*, individually and a/k/a
Law Offices of Orly Taitz,
WWW.ORLYTAITZESQ.COM,
a/k/a WWW.REPUBX.COM,
a/k/a ORLY TAITZ, INC.
Defendant, *in propia persona* and on behalf
of Defend Our Freedoms Foundation, Inc..
Dr. Orly Taitz, President,
26302 La Paz, Suite 211
Mission Viejo, California 92691

Telephone (949) 683-5411
E-Mail: dr_taitz@yahoo.com

*Defendants Dr. Orly Taitz' and Defend our Freedoms Foundation's*     10
*First Amended Answer, Special California Anti-SLAPP Motion to Strike, FRCP*
*Rule 12(f) Motion to Strike ¶¶24-144, and Rule 13 Reservation of Counterclaims*

## CERTIFICATE OF SERVICE

  A true and correct copy of the above-and foregoing First Amended Answer, Special California Anti-SLAPP Motion to Strike, Motion to Strike ¶¶24-144 Pursuant to Rule 12(f), and Rule 13 Reservation of Counterclaims submitted by Defendant Dr. Orly Taitz for herself and on behalf of Defend our Freedoms Foundations, Inc, was served by facsimile transmission and FedEx overnight delivery upon the attorney of record for all the plaintiffs:

Law Offices of
PHILIP J. BERG, Esquire
555 Andorra Glen Court, Suite 12
Lafayette Hill, Pennsylvania 19444-2531

Telecopier (Facsimile): 610-834-7659
E-mail: philjberg@gmail.com

By: _____
Dr. Orly Taitz, *pro se*
Defendant, *in propia persona* and on behalf
of Defend Our Freedoms Foundations, Inc..
Dr. Orly Taitz, President,
26302 La Paz, Suite 211
Mission Viejo, California 92691

Telephone (949) 683-5411
E-Mail: dr_taitz@yahoo.com


FILED
JUN 1 2009

*Defendants Dr. Orly Taitz' and Defend our Freedoms Foundation's*   11
*First Amended Answer, Special California Anti-SLAPP Motion to Strike, FRCP*
*Rule 12(f) Motion to Strike ¶¶24-144, and Rule 13 Reservation of Counterclaims*