# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LISA LIBERI, et al,                                    :
                                                       :
                          Plaintiffs,                  :
                                                       :
            vs.                                        :   Case No.: 09-cv-01898-ECR
                                                       :
ORLY TAITZ, et al,                                     :
                                                       :
                          Defendants.                  :

## ORDER

**THIS CAUSE** came before the United States District Court Judge, Honorable Eduardo

C. Robreno on Defendant's Orly Taitz a/k/a Dr. Orly Taitz a/k/a Law Offices of Orly Taitz a/k/a

www.orlytaitzesq.com a/k/a www.repubx.com a/k/a Orly Taitz, Inc. and Defend our Freedoms

Foundation, Inc. **<u>Second Amended Motion to Dismiss</u>**.  Having reviewed the Motion and any

Response thereto and for good cause shown, it is hereby

**ORDERED** that Defendant's Orly Taitz, et al. and Defend our Freedoms Foundation,

Inc., "Second Amended Motion to Dismiss" is **DENIED**.  It is further **ORDER** of this Court that

Plaintiffs' Request for Attorney Fees is **GRANTED** in the amount of Five Thousand [$5,000.00]

Dollars to be paid to Philip J Berg, Esquire for Attorney Fees within thirty [30] days.

**IT IS SO ORDERED**

Dated: June _____, 2009

                                    _____
                                    Hon. Eduardo C. Robreno
                                    United States District Court Judge
                                     For the Eastern District of PA

Law Offices of:
**Philip J. Berg, Esquire**
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Identification  No. 09867
(610) 825-3134                                  *Attorney for Plaintiffs*

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| LISA LIBERI, et al, | : |
| Plaintiffs, | : |
| vs. | : Case No.: 09-cv-01898-ECR |
| ORLY TAITZ, et al, | : |
| Defendants. | : |

### PLAINTIFFS' OBJECTION and RESPONSE IN OPPOSITION TO DEFENDANT'S, ORLY TAITZ, et al and DEFEND OUR FREEDOMS FOUNDATION, INC. "SECOND AMENDED MOTION TO DISMISS" and PLAINTIFFS REQUEST FOR ATTORNEY FEES

Plaintiffs' Lisa Liberi [hereinafter "Liberi"]; Philip J. Berg, Esquire [hereinafter "Berg"], the Law Offices of Philip J. Berg; Evelyn Adams a/k/a Momma E [hereinafter "Adams"]; Lisa Ostella [hereinafter "Ostella"]; and Go Excel Global by and through their undersigned counsel, Philip J. Berg, Esquire files the within Objection and Response in Opposition to Defendant's, Orly Taitz a/k/a Dr. Orly Taitz a/k/a Law Offices of Orly Taitz a/k/a www.orlytaitzesq.com a/k/a www.repubx.com a/k/a Orly Taitz, Inc. [hereinafter "Taitz"] and Defend our Freedoms Foundation, Inc. [hereinafter "DOFF"] "Second Amended Motion to Dismiss" and Plaintiffs' Request for Attorney's Fees on the following grounds:

- Taitz and DOFF's Motion is an improper Motion.  Taitz and DOFF have filed two [2] other Motions to Dismiss raising the same issues of "Subject Matter Jurisdiction".

- Taitz and DOFF's failed to seek Leave of Court pursuant to Federal Rules of Civil Procedure, Rule 15 or an Agreement from Plaintiffs' Counsel;

- Taitz and DOFF filed their "Second Amended Motion to Dismiss" after Plaintiffs' had filed and served their Responses in Opposition to Taitz and DOFF's other two [2] Motions to Dismiss;

- Plaintiffs' have pled Diversified Jurisdiction and Federal Question in their Complaint, thus this Court clearly has "Subject Matter Jurisdiction".  Plaintiffs' Complaint pleads Causes of Actions in which relief can be granted.

- Taitz and DOFF have filed three [3] Motions to Dismiss pursuant to Federal Rules of Civil Procedure, Rule 12.  This is **not** permitted pursuant to Rule 12(g) and 12(h) and therefore, must be dismissed.

- Taitz, a licensed attorney through DOFF has simply used the Motion practice by filing duplicate and triplicate Motions to substantially increase the litigation costs of the Plaintiffs' and to harass the Plaintiffs'.  It must be noted that Taitz continues to violate State [California] and Federal laws.  Further, Taitz and DOFF have continued to violate this Court's Rules and the Federal Rules of Civil Procedure.  Thus Attorney Fees are warranted and Taitz and DOFF should be Ordered to pay Plaintiffs' Counsel Five Thousand [$5,000.00] Dollars.

•       Taitz and DOFF's "Second Amended Motion to Dismiss" is procedurally defective; improper; and not in compliance with the Federal Rules of Civil Procedure or the Local Rules of this Court, thus Taitz and DOFF's Motion must be denied.

Respectfully submitted,

Dated:  June 18, 2009

s/ Philip J. Berg
_____
Philip J. Berg, Esquire
*Attorney for Plaintiffs'*

Law Offices of:
**Philip J. Berg, Esquire**
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Identification  No. 09867
(610) 825-3134                          *Attorney for Plaintiffs*

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LISA LIBERI, et al,                          :
                                             :
                      Plaintiffs,            :
                                             :
         vs.                                 :   Case No.: 09-cv-01898-ECR
                                             :
ORLY TAITZ, et al,                           :
                                             :
                      Defendants.            :

---

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' OBJECTION and RESPONSE IN OPPOSITION OF DEFENDANT'S, TAITZ AND DOFF'S "SECOND AMENDED MOTION TO DISMISS" and PLAINTIFFS' REQUEST FOR ATTORNEY FEES

**I.      STATEMENT OF FACTS:**

Plaintiffs' hereby Objects to Taitz and DOFF's "Second Amended Motion to Dismiss as it is procedurally defective and improper.  Plaintiffs' incorporate by reference their pleadings in their Motion for an Emergency Injunction and/or Temporary Restraining Order, their Complaint and their previous Responses in Opposition to Taitz and DOFF's Motions to Dismiss as if fully set forth herein.

Taitz and DOFF's "Second Amended Motion to Dismiss" is not in compliance with the Federal Rules of Civil Procedure.  When a Default has been entered, the defaulted party, in this case, Taitz and DOFF, lose any Standing before the Court and therefore, they have lost any right to present any type of evidence with the exception of liquidated damages.  Taitz and DOFF's are

closed to the pleadings with the exception of a Motion to Set-Aside Default and/or for liquidated damages. See Sierra *Foods, Inc. v. Haddon House Food Prods., Inc.*, 1992 U.S. Dist. LEXIS 16667 (E.D. Pa. Sept. 22, 1992), quoting James W. Moore, et al Moore's Federal Practice, P. 55.03[2] (2d ed. 1991).  Default was entered May 27, 2009 against Taitz and DOFF, however, they are attempting to now litigate issues which are barred by the entered Default.  In addition, Taitz and DOFF have filed their Motions, Answers and Amended documents repetitively and duplicative.   For this reason, Plaintiffs' will be filing a Motion to Strike or Dismiss all of Taitz and DOFF's improper and procedurally defective Amended Answers; Motions and Amended Motions.

Moreover, as this Court is aware, you are only permitted to file one [1] Motion to Dismiss pursuant to Rule 12.  Taitz and DOFF, although they left out the statute, filed a Federal Rules of Civil Procedure, Rule 12 Motion to Dismiss on May 28, 2009 and raised the issue of Subject Matter Jurisdiction, Rule 12(b)(1); Failure to State a Claim, Rule 12(b)(6); Venue and Personal Jurisdiction.  However, Taitz and DOFF's Rule 12 Motion filed May 28, 2009 was filed after the entry of Default.  Motions must be filed within twenty [20] days of being served with the Complaint or the Rule 12 defenses must be asserted in the party's Answer before Default is entered, and therefore, they waived their right to these defenses.  See Rule 12(h).

Furthermore, if a party makes a Motion, like here with Taitz and DOFF, under the Rule but omits an available defense as Taitz and DOFF are now attempting to raise, not only are the defenses waived, but Taitz and DOFF cannot bring a second and third motion, they have waived their defenses; see Rule 12(g) and Rule 12(h).  Rule 12(h)(2) tells us that the defenses in 12(b)(6) and (7) are favored and can be used in any pleading, judgment on the pleadings, or at trial.  **But you cannot make the *motion* a second time.**

Same goes with 12(b)(1) Motions, since Taitz and DOFF already filed a Motion to Dismiss pursuant to Rule 12(b) and raised the issues of Subject Matter Jurisdiction 12(b)(1) and Failure to State a Claim, Rule 12(b)(6), they cannot bring a second [2nd] and third [3rd] Motion under Rule 12.  See Rule 12(g) and 12(h).

Moreover, for the Amended Motion herein, Taitz and DOFF are attempting to have heard, it is again procedurally defective and not in compliance with the Federal Rules of Civil Procedure, in particular Rule 15, this motion must not be allowed.  Amendments to pleadings are governed by Federal Rules of Civil Procedure, Rule 15.  With the exception with the rules which pertain to amending your Complaint or Answer, a party may amend its pleading only with the opposing party's written consent or Leave of Court.  See Federal Rules of Civil Procedure, Rule 15(a)(2).  The Court has **not** granted Taitz and DOFF leave, nor has Taitz and DOFF requested Leave of Court and Taitz and DOFF have not contacted Plaintiffs' Counsel nor has or would Plaintiffs' Counsel give written consent.  Without waiving said objections, Plaintiffs' will respond accordingly.

This case sets forth the facts that Defendant's, Orly Taitz a/k/a Law Offices of Orly Taitz a/k/a Orly Taitz, Inc [hereinafter "Taitz"]. and Defend our Freedoms Foundation, Inc. [hereinafter "DOFF"] have sent Plaintiff Lisa Liberi's Social Security number and personal data via e-mail in mass mailings, media groups, internationally and to tens of thousands of undisclosed recipients, requesting the information to be posted on websites across the internet and have been harassing Plaintiff Lisa Liberi, Philip J. Berg, Esquire and the Law Offices of Philip J. Berg, Lisa Ostella and her family and have filed falsified police and law enforcement reports against Lisa Ostella and Lisa Liberi regarding supposed "hacking" of Defendant Orly Taitz, et al websites and PayPal accounts.  Lisa Liberi and Liberi's husband were also accused of

"hacking" and tampering with Defendant Orly Taitz's website and PayPal accounts.  Taitz and DOFF have been slandering Plaintiffs herein, their staff and their businesses; posting libel regarding the Plaintiffs, their staff and their businesses on the internet and through mass mailings on the internet; and harassing the Plaintiffs, their staff and their businesses.

As a result, Plaintiffs' filed suit and an Emergency Motion for an Injunction and/or Temporary Restraining Order against Taitz, DOFF and other Defendants' as a result of the illegal, tortuous, injurious, harassing, slanderous, libelous behaviors; invasion of privacy, violations of the First and Fourteenth Amendment of the United States Constitution and violations of State [California] and Federal laws distributing Liberi's full Social Security number and other personal identifying information on May 4, 2009, just to name a few.  Taitz was served with the Summons, Complaint and Motion for the Emergency Injunction and/or Temporary Restraining Order [hereinafter "TRO"] on May 4, 2009 and DOFF was served on May 5, 2009. Taitz and DOFF failed to timely respond to Plaintiffs' Complaint and their Motion for the Emergency TRO.  Plaintiffs filed Request for the Entry of Default; Default was entered May 27, 2009.  On May 28, 2009, Plaintiffs' filed a Request for a Judgment by Default to be entered. Taitz and DOFF's Answer to the Complaint; Motion to Dismiss; and this Objection to Plaintiffs' Injunction was also filed on May 28, 2009, however, not docketed until May 29, 2009.

Since the filing of Plaintiffs' Complaint and personal service by a licensed process service Company, upon Taitz and DOFF, Taitz through DOFF has continued her tortuous, injurious, activities and behaviors including but not limited to harassment, violation of Privacy, violations of the First and Fourteen Amendment, slandering, libelous behavior, continued sending out Taitz Dossier #6 with Liberi's full Social Security number and other personal identifying information; the posting and publishing terrorist type threats against the Plaintiffs';

the calling for everyone in the cyberspace world to dig information on Liberi, her husband, Adams, her husband and the other Plaintiffs'.   As a result, Plaintiffs, their staff and their businesses have been severely damaged as outlined herein.

On May 29, 2009, after Default was Entered against Taitz and DOFF, Taitz and DOFF had docketed their Answer to Plaintiffs' Complaint [Doc. No. 37], Opposition to Plaintiffs Request for Injunction [Doc. No. 36] and Motion to Dismiss [Doc. No. 35], which was back dated to May 28, 2009.   Taitz and DOFF then filed their "Motion to Set-Aside Default" docketed on June 8, 2009, but again back dated to May 28, 2009 [Doc. No. 48].   On June 8, 2009 Plaintiffs' filed their Response in Opposition to Taitz and DOFF's Motions to Set-Aside Default [Doc. No. 49].   On June 9, 2009, Taitz and DOFF again filed their Opposition to Plaintiffs request for Default Judgment and Motion to Set-Aside Default entered, [Doc. No. 51] and another Motion to Dismiss [Doc. No. 53] which are the exact same documents as previously filed, except Taitz changed the date and signed it June 1, 2009.   On June 11, 2009 [Doc. No. 54] Plaintiffs' filed their Response to Taitz and DOFF's Motions to Dismiss [Doc. Nos. 35 and 53]. Plaintiffs' also filed a Motion to Strike [Doc. No. 58] Taitz and DOFF's Opposition to Injunction which is Doc. No. 36.   Once again, June 11, 2009, after Plaintiffs' filed and served their Response in Opposition to all of Taitz and DOFF's other Motions to Dismiss, Taitz files yet a Third [3[rd]] Motion to Dismiss this time calling it "Second Amended Motion to Dismiss" [Doc. 59].

Taitz and DOFF now claim this Court lacks subject matter jurisdiction because there is not full diversity; Plaintiffs' have failed to state a claim which relief can be granted; and no Federal Question is presented so again this Court lacks Jurisdiction.   Taitz and DOFF first asks that Plaintiffs Complaint be Dismissed pursuant to F.R.C.P. 12(b)(6) and F.R.C.P. 12(b)(1);

Taitz and DOFF next ask for Judgment on the Pleadings pursuant to F.R.C.P. 12(c); and last Taitz and DOFF asked for all proceedings in this case to be "adjourned **sine die.**"  As stated above, these Motions, Answers and Amended Motions, as this was herein, are procedurally defective, not pursuant to the Federal Rules of Civil Procedure and not permitted pursuant to the law.

Not only is Taitz Motion again complete nonsense, Taitz and DOFF have failed to once again follow the rules and procedures set out in the Federal Rules of Civil Procedure and the local Rules of this Court.  Moreover, Taitz and DOFF have asked for contradicting and repetitive relief.

For the above aforementioned reasons, Taitz and DOFF's "Second [2nd] Amended Motion to Dismiss" pursuant to Federal Rules of Civil Procedure, Rule 12(c), 12(b)(1) and 12(b)(6) must be denied.


II.    **THIS HONORABLE COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO "DIVERSIFIED JURISDICTION ":**

Defendant's Taitz and DOFF argue that full diversity is lacking and therefore, this Court lacks subject matter jurisdiction and Plaintiffs' case must be dismissed because Plaintiff's Lisa Ostella and her company, Go Excel Global are located in the same State as Defendant's James Sundquist and Rock Salt Publishing.  Plaintiff's Lisa Ostella and her Company Go Excel Global are located in New Jersey as is Defendant's James Sundquist and Rock Salt Publishing. However, Plaintiffs' have filed an Ex Parte Motion pursuant to Federal Rules of Civil Procedure, Rule 21 for Leave to Dismiss Defendant's James Sundquist and Rock Salt Publishing without prejudice.  See Docket entry number 62.

As this Court is aware, the diversity statute, 28 U.S.C. § 1332, grants jurisdiction to U.S. District Courts over cases between citizens of different states and between citizens of a state and citizens of a foreign country when the matter in controversy exceeds Seventy-Five Thousand [75,000][1] Dollars, which this case does.   The statutory jurisdiction based on diversity of citizenship requires "complete diversity," that is, all Plaintiffs must be citizens of states different from the state of citizenship of any Defendant. _Exxon Mobil v. Allapattah Services_, 125 S. Ct. 2611, 2617-18 (2005).  If there is any overlap of state citizenship between any Plaintiff and any Defendant, diversity is defeated and the case cannot be brought in, or removed to, federal court unless there is an independent basis for federal jurisdiction, _Ankenbrandt v. Richards_, 504 U.S. 689 (1992).  In addition, diversity must exist at the time of filing unless the diversity- destroying party is dismissed prior to judgment, _Grupo Dataflux v. Atlas Global Group_, 541 U.S. 567 (2004) (explaining _Caterpillar v. Lewis_, 519 U.S. 61 (1996)); _Kaufman v. Allstate N.J. Ins. Co._, 561 F.3d 144, 150 (3d Cir. N.J. 2009).

In _Grupo_, the Supreme Court applied the "time-of-filing rule" that "measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing -- whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal." _Grupo,_ 541 U.S. at 571.  The Supreme Court recognized that there is an exception to this rule, which applies where a lack of diversity is cured prior to trial by the dismissal of the party destroying diversity. _Id._ at 573.

Justice Scalia stated in his Opinion, _Grupo_, 541 U.S. at 572-573,

> "_Caterpillar_ broke no new ground, because the jurisdictional defect it addressed had been cured by the dismissal of the party that had destroyed diversity. That

---

[1] 28 U.S.C. § 1332(a)(1)–(2). Diversity jurisdiction also exists when the parties include "citizens of different States and . . . citizens or subjects of a foreign state are additional parties," _id._ § 1332(a)(3), and "a foreign state as Plaintiff and citizens of a State or different States," _id._ § 1332(a)(4).

method of curing a jurisdictional defect had long been an exception to the time-of-filing rule. "[T]he question always is, or should be, when objection is taken to the jurisdiction of the court by reason of the citizenship of some of the parties, whether ... they are indispensable parties, for if their interests are severable and a decree without prejudice to their rights may be made, the jurisdiction of the court should be retained and the suit dismissed as to them." *Horn* v. *Lockhart*, 17 Wall. 570, 579 (1873). Federal Rule of Civil Procedure 21 provides that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." By now, "it is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered." *Newman-Green, Inc.* v. *Alfonzo-Larrain,* 490 U. S. 826, 832 (1989). Indeed, the Court held in *Newman-Green* that courts of appeals also have the authority to cure a jurisdictional defect by dismissing a dispensable nondiverse party. *Id.*, at 837."

In the instant case, the jurisdictional defect has been cured and the exception to the "time-of-filing rule" as explained in *Grupo* applies.  James Sundquist and Rock Salt Publishing were the Defendant's destroying diversity.  Plaintiffs' have filed an Ex Parte Motion for Leave to Dismiss both, Sundquist and Rock Salt Publishing Without Prejudice, as they are now dispensable Defendant's, which cures the jurisdictional defect.  Moreover, Taitz and DOFF were aware of the fact that a jurisdictional defect can be cured as they cited the same, *Grupo* case, Plaintiffs' are using here, wherein the U.S. Supreme Court explained the holdings regarding the "time-of-filing rule" exception.

As for Taitz and DOFF's statements on Page seven [7] in the footnote, Counsel is unsure what she is attempting to claim, to do or state.  Plaintiffs' hereby incorporate in by reference their Motion to Strike Taitz and DOFF's Opposition to Plaintiff' Injunction as if fully set forth herein.  Once again, as explained in Plaintiffs' Motion to Strike, Taitz is doing nothing more than making speculative; hearsay; conclusions of law; conclusory and scandalous statements that are completely irrelevant, impertinent and immaterial to the within action.  Furthermore, Liberi is **NOT** a resident or citizen of the State of California.

For the above aforementioned reasons, this Honorable Court must deny Defendant's Taitz and DOFF's "Second Amended Motion to Dismiss" pursuant to Rule 12(c), 12(b)(1) and Rule 12(b)(6).

## III.    THIS HONORABLE COURT HAS ORIGINAL JURISDICTION OF THE WITHIN ACTION PURSUANT TO 28 U.S.C. § 1331 (FEDERAL QUESTION):

Defendants' Taitz and DOFF claim Plaintiffs' have failed to plead any Federal Cause of Action and therefore, this Court must dismiss Plaintiffs' Complaint pursuant to Federal Rules of Civil Procedure, Rule 12(b)(1).  Defendants are incorrect.

In addition to this Court having Subject Matter Jurisdiction pursuant to Diversified Jurisdiction, *28 U.S.C. § 1332(a)*, this Court also has Original Jurisdiction pursuant to Title *28 U.S.C. § 1331* which vests in federal district courts "original jurisdiction" over "all civil actions arising under the Constitution, laws, or treaties of the United States."  A case "aris[es] under" federal law within the meaning of *§ 1331*, this Court has said, if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of Cal.* v. *Construction Laborers Vacation Trust for Southern Cal.,* 463 U.S. 1, 27-28, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983).

Plaintiffs' have plead in their Causes of Action violations by the Defendants' of Plaintiffs' right to privacy; invasion of privacy; right of publicity; harassment; endangerment; false light invasion of privacy; cyber harassment; cyber invasion of privacy; cyber stalking; defamation; slander; libel; and publication of private facts, all of which fall under the guarantees of the First and Fourteenth Amendment of the United States Constitution.

The United States Constitution, First Amendment states in pertinent part:

**"Invasion of Privacy. —** Governmental power to protect the privacy interests of its citizens by penalizing publication or authorizing causes of action for publication implicates directly First Amendment rights. Privacy is a concept composed of several aspects. See, e.g., William Prosser, Law of Torts 117 (4th ed. 1971); Prosser, Privacy, 48 Calif. L. Rev. 383 (1960); J. Thomas McCarthy, The Rights of Publicity and Privacy (1987); Thomas Emerson, The System of Freedom of Expression 544–61 (1970). It should be noted that we do not have here the question of the protection of one's privacy from governmental invasion. As a tort concept, it embraces at least four branches of protected interests: protection from unreasonable intrusion upon one's seclusion, from appropriation of one's name or likeness, from unreasonable publicity given to one's private life, and from publicity which unreasonably places one in a false light before the public. Restatement (Second), of Torts §§ 652A–652I (1977). These four branches were originally propounded in Prosser's 1960 article (supra n.), incorporated in the Restatement, and now "routinely accept[ed]." McCarthy, supra n.160, Sec. 5.8[A]."

The Constitution does not explicitly mention any right of privacy.  In a line of decisions, however, going back perhaps as far as _Union Pacific R. Co. v. Botsford_, 141 U.S. 250, 251 [11 S. Ct. 1000, 35 L. Ed. 734] (1891), the Court has recognized that a right of personal privacy, or a guarantee of certain areas or zones of privacy, **does** exist under the Constitution.  In varying contexts, the Court or individual Justices have, indeed, found at least the roots of that right in the First Amendment, _Terry v. Ohio_, 392 U.S. 1, 8-9 [88 S. Ct. 1868, 20 L. Ed. 2d 889] (1968), _Katz v. United States_, 389 U.S. 347, 350 [88 S. Ct. 507, 19 L. Ed. 2d 576] (1967), _Boyd v. United States_, 116 U.S. 616 [6 S. Ct. 524, 29 L. Ed. 746] (1886), see _Olmstead v. United States_, 277 U.S. 438, 478 [48 S. Ct. 212, 72 L. Ed. 1017] (1928) (Brandeis, J., dissenting); in the penumbras of the Bill of Rights, _Griswold v. Connecticut_, 381 U.S., at 484-485 [85 S. Ct. 1678]; in the Ninth Amendment, _id._, at 486 [85 S. Ct. 1678] (Goldberg, J., concurring); or in the concept of liberty guaranteed by the first section of the Fourteenth Amendment, see _Meyer v. Nebraska_, 262 U.S. 390, 399 [43 S. Ct. 625, 67 L. Ed. 1042] (1923).  These decisions make it clear that only personal rights that can be deemed 'fundamental' or 'implicit in the concept of ordered liberty,' _Palko v. Connecticut_, 302 U.S. 319, 325 [58 S. Ct. 149, 82 L. Ed. 288] (1937), are included in

this guarantee of personal privacy; *family relationships*, <u>Prince v. Massachusetts</u>, 321 U.S. 158, 166 [64 S. Ct. 438, 88 L. Ed. 645] (1944) (Emphasis added).

Moreover, Plaintiffs' have plead False Designations and Descriptions of facts that falls under the protection of 15 U.S.C. §1125.

In *"supplemental jurisdiction"*, a Federal Court can hear a claim that would normally come under the jurisdiction of a state court if it were related to a claim already before that Court. Supplementary jurisdiction -- sometimes called "ancillary jurisdiction" or "pendent jurisdiction" -- is a common-law device that allows a Court to resolve all claims between opposing parties in one forum.  Unlike other forms of jurisdiction, supplementary jurisdiction is discretionary -- a Court can choose whether or not to exercise it in a given case, 28 U.S.C. §1367(a).  Although Plaintiffs' have causes of action pled under the United States, some of the causes of action fall under California State Law.

Even if it were found Plaintiffs' Complaint rests solely on state law, which it does not, a *complaint* purporting to rest on state law, we have recognized, can be re-characterized as one "arising under" federal law if the law governing the Complaint is exclusively Federal.  See <u>Beneficial Nat. Bank v. Anderson</u>, 539 U.S. 1, 8, 123 S. Ct. 2058, 156 L. Ed. 2d 1 (2003).

District courts "enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." <u>Shanaghan v. Cahill</u>, 58 F.3d 106, 110 (4th Cir. 1995); see 28 U.S.C. § 1367(c)(3).  In fact, such discretion even extends to cases in which state law merely predominates. See 28 U.S.C. §§ 1367(c)(2), 1441(c). Furthermore," when a District Court may relinquish jurisdiction over a removed case involving [supplemental] claims, the Court has discretion to remand the case to State Court." <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 351 (1988).  In exercising such discretion, a District Court

must consider "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." _Shanaghan_, 58 F.3d at 110 (citing _Carnegie-Mellon_, 484 U.S. at 350 n.7).

For the above aforementioned reasons, this Honorable Court must deny Defendant's Taitz and DOFF's "Second Amended Motion to Dismiss" pursuant to Rule 12(c), 12(b)(1) and Rule 12(b)(6).

## IV.   STANDARDS OF DECIDING A MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 12(c), 12(b)(1) and 12(b)(6):

Defendant's Taitz and DOFF claim Plaintiffs' have failed to identify any actual or conceivable Federal Question Causes of Action in their May 4, 2009 Complaint and thus subject to Judgment on the Pleadings pursuant to Rule 12(c), page five (5) second paragraph. Defendants' go on further claiming Plaintiffs' have not pled any plausible Federal Causes of Action with anything approaching the specificity required by Rule 12(b)(6) as construed and applied under the Supreme Court's latest evaluation. _Bell Atlantic v. Twombly_, 550 U.S. 544; 127 S. Ct. 1955 at 1964-65; 167 L.ED.2d 929 (2007).

Rule 12(c) of the Federal Rules of Civil Procedure allows a party to move for judgment on the pleadings "[a]fter the pleadings are closed - but early enough not to delay trial."  The standard used in analyzing a Motion for Judgment on the Pleadings is identical to the standard applicable to a Motion to Dismiss under Rule 12(b)(6). _Chovanes v. Thoroughbred Racing Ass'n_, No. Civ. No. 99-185, 2001 U.S. Dist. LEXIS 375, 2001 WL 43780 at *1 (E.D. Pa. January 18, 2001) (O'Neill, J.); _DeBraun v. Meissner_, 958 F. Supp. 227, 229 (E.D. Pa. 1997) (Ditter, J.); _Mikola v. Penn Lyon Homes, Inc_., 2008 U.S. Dist. LEXIS 44201 (M.D. Pa. June 4, 2008). The primary difference is that a Rule 12(b)(6) Motion is filed before the Answer, while a Rule

12(c) Motion is filed after the Answer. _Prima v. Darden Restaurants, Inc._, 78 F. Supp. 2d 337, 341-42 (D.N.J. 2000).

In deciding a Motion to Dismiss pursuant to Fed.R.Civ.P. Rule 12(b)(6 and/or 12 (b)(1), the Court accepts the well-pleaded factual allegations of the Complaint as true, and draws all reasonable inferences there from in favor of the Plaintiff. _Armstrong Surgical Ctr., Inc. v. Armstrong County Mem'l Hosp._, 185 F.3d 154, 155 (3d Cir. 1999).  A claim should not be dismissed if the factual allegations raise a right to relief "above the speculative level." _Bell Atlantic Corp. v. Twombly_, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). See also _Phillips v. County of Allegheny_, 515 F.3d 224, 232 (3d Cir. 2008) (_Twombly's_ "plausibility" paradigm for evaluating the sufficiency of complaints is not restricted to the antitrust context but is equally applicable in context of civil rights actions and Rule 12(b)(6) review in general), _cited with approval in_ _Wilkerson v. New Media Tech. Charter School Inc._, 522 F.3d 315, 321 (3d Cir. 2008) ("Today, we extend our holding in _Phillips_ to the employment discrimination context. The plausibility paradigm announced in _Twombly_ applies with equal force to analyzing the adequacy of claims of employment discrimination."); _Sovereign Bank v. BJ's Wholesale Club, Inc._, 533 F.3d 162, 2008 WL 2745939 (3d Cir. 2008) (_Twombly_ paradigm applies in context of breach of contract, negligence, and equitable indemnification action against merchant and against affiliate of bank that processed credit card transactions).

As explained and clarified by the United States Court of Appeals for the Third Circuit in the _Phillips_ case, 515 F.3d at 231 the Court stated:

> "In determining how _Twombly_ has changed [the Rule 12(b)(6)] standard, we start with what _Twombly_ expressly leaves intact.  The Supreme Court reaffirmed that Fed.R.Civ.P. 8 "'requires only a short and plain statement of the claim showing that the **pleader** is **entitled to relief**,' in order to 'give the Defendant **fair notice** of what

the … claim is and the grounds upon which it rests,'" and that this standard does not require "detailed factual allegations." <u>Twombly</u>, 127 S.Ct. at 1964 (quoting <i>Conley</i> [<i>v. Gibson,</i> 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)].   The Supreme Court also reaffirmed that, on a Rule 12(b)(6)  **[*4]** motion, the facts alleged must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the Plaintiff can prove those facts or will ultimately prevail on the merits. See <i>id.</i> at 1964-65, 1969 n. 8. The Supreme Court did not address the point about drawing reasonable inferences in favor of the Plaintiff, but we do not read its decision to undermine that principle.

. . . First, . . [t]he Court explained that Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." <i>Id.</i> at 1965 n. 3. Later, the Court referred to "the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough left to 'sho[w]' that the **pleader** is **entitled to relief**.' " <i>Id.</i> at 1966. The Court further explained that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." <i>Id.</i> at 1965 & n. 3.

Second, the Supreme Court disavowed certain language that it had used many times before -- the "no set of facts" language from <i>Conley.</i> See <i>id.</i> at 1968. It is clear that the "no set of facts" language may no longer be used as part of the Rule 12(b)(6) standard.  As the Court instructed, "[t]his phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." <i>Twombly,</i> 127 S.Ct. at 1969.  We find that these two aspects of the decision are intended to apply to the Rule 12(b)(6) standard in general…

. . . [T]he <i>Twombly</i> decision focuses our attention on the "context" of the required short, plain statement. Context matters in notice pleading. **Fair notice** under Rule 8(a)(2) depends on the type of case-some complaints will require at least some factual allegations to make out a "showing that the **pleader** is **entitled to relief**, in

order to give the Defendant **fair notice** of what the . . . claim is and the grounds upon which it rests." *Twombly,* 127 S.Ct. at 1964. Indeed . . . , we understand the Court to instruct that a situation may arise where, at some point, the factual detail in a complaint is so undeveloped that it does not provide a Defendant the type of notice of claim which is contemplated by <u>Rule 8</u>. . . . Put another way, in light of *Twombly,* Rule 8(a)(2) requires a "showing" rather than a blanket assertion of an entitlement to relief. We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "**fair notice**," but also the "grounds" on which the claim rests. See <u>*Twombly,*</u> 127 S.Ct. at 1965 n. 3.

. . . The second important concept we take from the *Twombly* opinion is the rejection of *Conley's* "no set of facts" language. The *Conley* language was problematic because, for example, it could be viewed as requiring judges to speculate about undisclosed facts. . . . After *Twombly,* it is no longer sufficient to allege mere elements of a cause of action; instead "a complaint must allege facts suggestive of [the proscribed] conduct."

\* \* \*

Thus, under our reading, the notice pleading standard of Rule 8(a)(2) remains intact, and courts may generally state and apply the Rule 12(b)(6) standard, attentive to context and an showing that "the **pleader** is **<u>entitled to relief</u>**, in order to give the Defendant **fair notice** of what the . . . claim is and the grounds upon which it rests." <u>*Twombly,*</u> 127 S.Ct. at 1964.  It remains an acceptable statement of the standard, for example, that courts "accept all factual allegations as true, construe the complaint in the light most favorable to the Plaintiff, and determine whether, under any reasonable reading of the complaint, the Plaintiff may be **entitled to relief**."…

From the reading of <u>*Twombly*</u>, the notice pleading standard of Rule 8(a)(2) remains intact, and courts may generally state and apply the Rule 12(b)(6) standard, attentive to context and a showing that "the **pleader** is **entitled to relief**, in order to give the Defendant **fair notice** of what the . . . claim is and the grounds upon which it rests."

_Twombly_, 127 S.Ct. at 1964. It remains an acceptable statement of the standard, for example, that Courts "accept all factual allegations as true, construe the complaint in the light most favorable to the Plaintiffs', and determine whether, under any reasonable reading of the complaint, the Plaintiff may be **entitled to relief**. . . ."

As stated in _Lutz v. Philips Elecs. North America Corp_., 2008 U.S. Dist. LEXIS 64591 (W.D. Pa. Aug. 20, 2008) at *7-8, "Since the Federal Rules of Civil Procedure continue to require notice pleading, not fact pleading, to withstand a Rule 12(b)(6) motion, the Plaintiff "need only make out a claim upon which relief can be granted.  If more facts are necessary to resolve or clarify the disputed issues, the parties may avail themselves of the civil discovery mechanisms under the Federal Rules." _Alston v. Parker,_ 363 F.3d 229, 233 n.6 (3d Cir. 2004), _quoting_ _Swierkiewicz v. Sorema,_ N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002) ("This simplified notice pleading standard relies on liberal discovery rules . . . to define facts and issues and to dispose of unmeritorious claims.")."

Plaintiffs' Complaint clearly meets these standards.  The factual allegations paragraph twenty-five, on page seven [¶ 25, p. 7] through paragraph seventy-two on page twenty-seven [¶ 72, p. 27] and paragraph one hundred and thirty seven through paragraph one hundred and forty-three on pages fifty-eight through sixty  [¶¶ 137-143, pp. 58-60] pertain specifically to Taitz through DOFF.  All of the cause of actions, one through six [1-6], reincorporates all the previous paragraphs.  The factual allegations plead against Taitz and DOFF are very clear and give the date, timeline and events pertaining to Taitz and DOFF.  Plaintiffs' even inserted some of the copies they were referencing in the Complaint.  Under the Factual Allegations, Plaintiffs' have outlined all the wrongs of the Defendants'.  Plaintiffs' even took it a step further and placed in the Complaint the actual proof of Defendants' wrong doings.  Under each Cause of Action all the

factual allegations were reincorporated as if they were fully set forth therein.  To duplicate the factual allegations would have turned the 85-page Complaint into a Complaint of Thousands of pages. _Reed v. Int'l Union of Painters_, 2009 U.S. Dist. LEXIS 35388 (W.D. Pa. Apr. 27, 2009), _Lutz v. Philips Elecs. North America Corp._, 2008 U.S. Dist. LEXIS 64591 (W.D. Pa. Aug. 20, 2008).

Liberi, Berg, Adams and the Law Offices of Philip J. Berg have **never** worked with or for Taitz and/or DOFF.  Adams, Berg, the Law Offices of Philip J. Berg, Liberi, Ostella and Go Excel Global are **not** "public figures" as Taitz and DOFF would have you believe.   There is no reason for Taitz and DOFF to continue Attached hereto are documents attached as exhibits which have been written and posted by Taitz and DOFF on their new website www.orlytaitzesq.com since April 17, 2009, this does not include all evidence Plaintiffs are in possession of, which includes dates prior to April 17, 2009.  All of the posts attached as Exhibits herein were also sent through the internet on an RSS feed; sent by mass emailing by Taitz and DOFF; posted on other websites, etc.   The attached postings clearly show the illegal behaviors of Taitz and DOFF which have damaged and harmed the Plaintiffs and are a) intrusion on Plaintiffs' solitude and into Plaintiffs' private affairs; b) public disclosure of embarrassing private information; c) publicity which puts Plaintiffs' in a false light to the public; and d) appropriation of Plaintiffs' name for personal or commercial advantage (Taitz seeks donations based on this information), just to name a few. Further, it shows the postings were directed to Plaintiffs' in Pennsylvania to harm the Plaintiffs' reputations, business and business associates, which it has done.  Moreover, since the filing of the within lawsuit, Taitz and DOFF have falsified law enforcement reports against Liberi and Ostella with local police departments as well as the FBI.  The allegations in Taitz and DOFF's falsified police reports have been deemed unsubstantiated and unfounded.

According to Taitz and DOFF's Court filings in this case she has now falsified more police reports against all the Plaintiffs.  It is important to note, Taitz was served with Plaintiffs' lawsuit and Motion for an Injunction on May 4, 2009 and DOFF was served May 5, 2009.

| | | |
|---|---|---|
| **EXHIBIT "A"** | Posted April 17, 2009 | Taitz Dossier #6 with Addendum and attachments redacted and X's replacing Liberi's Social Security Number) |
| **EXHIBIT "B"** | Posted April 18, 2009 | "Follow up on Lisa Liberi, paralegal to Phil Berg" |
| **EXHIBIT "C"** | Posted April 19, 2009 | "Every day I get such evidence of missing or misdirected funds" |
| **EXHIBIT "D"** | Posted April 21, 2009 | "Update on Lisa Ostella and Lisa Liberi" |
| **EXHIBIT "E"** | Posted May 01, 2009 | "More attacks on me.  More indepth research is done in spite of attacks" [*sic*] |
| **EXHIBIT "F"** | Posted May 05, 2009 | "Check public records for yourselves, see that I am providing truthful information" |
| **EXHIBIT "G"** | Posted May 08, 2009 | "I need two articles and update on Lisa Liberi" |
| **EXHIBIT "H"** | Posted May 09, 2009 | "Information update on both Liberi and Obama" |
| **EXHIBIT "I"** | Posted May 11, 2009 | "Update on Obama Investigation and Liberi Investigation" |
| **EXHIBIT "J"** | Posted May 13, 2009 | "I need to get more answers" – post re Lisa Liberi |
| **EXHIBIT "K"** | Posted May 16, 2009 | "Please write to your congressmen and senators" – post re Liberi |
| **EXHIBIT "L"** | Posted May 20, 2009 | "Voter Verification" – re Liberi |
| **EXHIBIT "M"** | Posted May 22, 2009 | "Overview" re Liberi and Berg |
| **EXHIBIT "N"** | Posted May 28, 2009 | "Berg" re Berg and Liberi |
| **EXHIBIT "O"** | Posted May 31, 2009 | "I am trying to stay away from Liberi-Berg issue, but i got more questions and here is more info" |
| **EXHIBIT "P"** | Posted June 15, 2009 | "update on Berg" re Berg and Liberi |
| **EXHIBIT "Q"** | Posted June 16, 2009 | Postings from Taitz and DOFF Followers re Berg and Liberi |

Moreover, Plaintiffs' raised the issue of spoliation of evidence in one of their briefs, regarding Taitz and DOFF deleting posts, altering documents posted, and erasing posts from the server so they are unavailable.  This is a valid concern.  Below is a post made by apparently one

of Taitz and DOFF anonymous followers who use the name "TruthSquad" on the website
http://www.yestodemocracy.com[2].

Posted by: TruthSquad | May 10, 2009 at 05:25 AM

TruthSquad wrote:

"Unfortunately Orly now claims she never released NM Lisa Liberi's complete SSN. Well, if she really
sent out 20,000 copies of Dossier#6 (where the complete SSN is still in plain sight), not to mention a few
web sites where it is still available, then Orly has little chance. She'll have to plead stupid, to the judge
and hope for the best.

Someone pointed this out to Orly on Orly's site; Orly had said that she couldn't remember EVER
publishing Lisa L's full SS#. A poster reminded Orly exactly where Orly had posted the SS# (Dossier #6),
and noted that Orly had changed the version of Dossier #6 on her own site. That poster also reminded
Orly that many people had copies of the original Dossier #6, which has the full SS# for Lisa L.

The post was removed! (Gasp!)"

The above confirms Plaintiffs' concerns regarding the spoliation and deletion of evidence

and Taitz and DOFF's continued attempts to hamper and prolong the within litigation.

Being that Defendants' failed to state any defenses, including Affirmative Defenses and

the well plead Complaint of the Plaintiffs', if this Court decides to rule on the pleadings as

requested by Defendant's Taitz and DOFF, whose Default has already been entered against,

them this Court must grant Judgment on the Pleadings in favor of the Plaintiffs'.

As this Court is well aware, this Court is the proper venue and has personal jurisdiction

over Taitz and DOFF.  As stated in *JNA-1 Corp. v. Uni-Marts, LLC (In re Uni-Marts,LLC), 404
B.R. 767 (Bankr. D. Del. 2009 @ *9:*

"Where a non-resident defendant "purposefully directed his activities at residents of the
forum," his contacts with the forum are sufficient to support personal jurisdiction in any
"litigation [that] results from alleged injuries that arise out of or relate to those
activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S. Ct. 2174, 85 L.
Ed. 2d 528 (1985) (quotations omitted). A single transaction with the forum by the
plaintiff will suffice. *See McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223, 78 S. Ct. 199,
2 L. Ed. 2d 223 (1957). The defendant's activity need not take place within the forum so

---

[2] http://www.yestodemocracy.com/yes_to_democracy_no_to_pu/2009/05/the-orly-strikes-back.html

long as it is "intentional conduct . . . calculated to cause injury" to the plaintiff within the forum. *Calder v. Jones*, 465 *U.S.* 783, 791, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (1984). *See also Burger King*, 471 U.S. at 476 ("[W]e have consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction . . . .")"

Thus, this Court bears subject matter jurisdiction; venue; personal jurisdiction; diversity jurisdiction; Federal Question jurisdiction; and Plaintiffs' have clearly stated claims which relief can be granted.

For the above aforementioned reasons, this Honorable Court must deny Defendant's Taitz and DOFF's "Second Amended Motion to Dismiss" pursuant to Rule 12(c), 12(b)(1) and Rule 12(b)(6).

## V.   **PLAINTIFSS' REQUEST FOR ATTORNEY FEES**:

Taitz and DOFF since the filing of Plaintiffs' Complaint have refused and failed to follow the Federal Rules of Civil Procedure or the Local Rules of this Court.  Instead, Taitz and DOFF have shown pure disregard for this Honorable Court.  First, they failed to timely file their Answer to their Complaint.  Plaintiffs' requested the Entry of Default and Default was entered on May 27, 2009.  Plaintiffs' then begin filing their Request for Judgment by Default on May 28, 2009.  Taitz and DOFF then take in their late filings which were docketed on May 29, 2009 and back dated to May 28, 2009, after the entry of Default and Plaintiffs' Request for Judgment by Default to be entered.  Then, Taitz and DOFF file a Motion to Dismiss based on Subject Matter Jurisdiction, Venue and some other things, without any type of meritorious defense or legal Brief; an Opposition to Plaintiffs' Injunction, again without any type of meritorious defense and without any type of legal Brief; and an Answer.  A few days later, Taitz and DOFF file a Motion to Set-Aside Default, once again without any type of meritorious defense and without a legal Brief or law.  However, this time in order to file this "Motion to Set-Aside" Default, Orly faxes it

to Your Honor without any type of notice to Plaintiffs' Counsel.  Counsel for Plaintiffs' did not receive a copy of Defendant's Motion for approximately a week after its date.

Despite this, the Court files the Defendant's Motion and backdates it to May 28, 2009. On June 9, 2009, Taitz and DOFF file another Motion to Dismiss without any type of meritorious defense and without a legal Brief or law.  The Court should note, up to this point, all of Taitz and DOFF's "Motions" are nothing more than speculative; hearsay; conclusions of law; conclusory and scandalous statements that are completely irrelevant, impertinent and immaterial to the within action in attempts to prejudice the Plaintiffs'.

Plaintiffs' Responded to Taitz and DOFF's Opposition to Plaintiffs Request for an Injunction by way of Objections and a Motion to Strike.  Plaintiffs' then file a Response in Opposition to Taitz and DOFF's "Motions to Dismiss" and serve the Defendant's.  The next day, Taitz and DOFF file a Third (3rd) Motion to Dismiss, this time calling it a "Second Amended Motion to Dismiss".

Taitz is a licensed attorney and a member, as she states in her pleadings to this Court, of a couple of United States District Courts.  She is required to know the Federal Rules of Civil Procedure and the Local Rules of the Court.

The Third Circuit has held that Rule 11 sanctions may be awarded in exceptional circumstances in order to "discourage parties from making frivolous motions." _Doering v. Union County Bd. of Chosen Freeholders_, 857 F.2d 191, 194 (3d Cir. 1988). _See also Morristown Daily Record, Inc. v. Graphic Communications Union, Local 8N_, 832 F.2d 31, 32 n.1 (3d Cir. 1987) (noting that "Rule 11 is not to be used routinely when the parties disagree about the correct resolution of a matter in litigation").  The Rule provides in relevant part:

"The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information and belief formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation . . .."

The Rule imposes an affirmative duty on the parties to conduct a reasonable inquiry into the applicable law and facts prior to filing. *Business Guides, Inc. v. Chromatic Communications Enters., Inc.*, 498 U.S. 533, 551, 112 L. Ed. 2d 1140, 111 S. Ct. 922 (1991). *See also Garr v. U.S. Healthcare, Inc.*, 22 F.3d 1274 (3d Cir. 1994). An inquiry is considered reasonable under the circumstances if it provides the party with "an 'objective knowledge or belief at the time of the filing of a challenged paper' that the claim was well-grounded in law and fact." *Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277, 289 (3d Cir. 1991), *cert. denied*, 112 S. Ct. 373 (1991) (quoting *Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1359 (3d Cir. 1990), *cert. denied*, 112 S. Ct. 373 (1991)).

The Court's inherent power to award sanctions should be exercised "with restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). "The key to unlocking a court's inherent power is a finding of bad faith." *Obifuele v. 1300, LLC*, 2006 U.S. Dist. LEXIS 60043 (D. Md. Aug. 23, 2006); *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir.1998); see also *In re Mroz*, 65 F.3d 1567, 1575 (11th Cir. 1995) ("Invocation of a Court's inherent power requires a finding of bad faith."). Bad faith is present, "if a court finds 'that fraud has been practiced upon it, or that the very temple of justice has been defiled,'" or if "a party 'shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order.'" *Chambers*, 501 U.S. at 46 (quoting *Universal Oil Prods. Co. v. Root Refining Co.*, 328 U.S. 575, 580 (1946) and *Hutto v. Finney*, 437 U.S. 678, 689 n.14 (1970)). Examples of bad faith include repeated

filing of motion for default; repeated filing of a motion or complaint; and failing to comply with local rules. See _Barnes_, 158 F.3d at 1214.

Taitz through DOFF has simply used the Motion practice to substantially increase the litigation costs of the Plaintiffs' and to harass the Plaintiffs'. This should **not** be permitted. For this reason, Plaintiffs' Counsel, Philip J. Berg is asking for Five Thousand [$5,000.00] Dollars for Attorney fees by way of Sanctions to be payable to Philip J. Berg within thirty [30] days.

## VI.    CONCLUSION:

Your Honor, for the above aforementioned reasons clearly outlined, Defendant's, Orly Taitz a/k/a Dr. Orly Taitz a/k/a Law Offices of Orly Taitz a/k/a www.orlytaitzesq.com a/k/a www.repubx.com a/k/a Orly Taitz, Inc. and Defend our Freedoms Foundation, Inc. Third [3rd] Motion to Dismiss pursuant to Federal Rules of Civil Procedure, Rule 12(c), 12(b)(1) and 12(b)(6) must be dismissed. In addition, Plaintiffs' Injunction or Restraining Order must be granted in order to give Plaintiffs' some safeguard from Defendant's Taitz and DOFF's actions and Attorney Fees in the amount of Five Thousand [$5,000.00] Dollars must be awarded to Plaintiffs' Counsel, and paid to Philip J. Berg, Esquire within thirty [30] days.

Respectfully submitted,

Dated:  June 18, 2009

s/ Philip J. Berg
_____
PHILIP J. BERG, ESQUIRE
_Attorney for Plaintiffs'_

Law Offices of:
**Philip J. Berg, Esquire**
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Identification No. 09867
(610) 825-3134                                  *Attorney for Plaintiffs*

# UNITED STATES DISTRICT COURT,
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| LISA LIBERI, et al, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| vs. | : | Case No.: 09-cv-01898-ECR |
| | : | |
| ORLY TAITZ, et al, | : | |
| | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I, Philip J. Berg, Esquire, hereby certify that a copy of Plaintiffs' Objection and Response in Opposition to Defendant's, Orly Taitz, et al and Defend our Freedoms Foundation, Inc., "Second Amended Motion to Dismiss" and Plaintiffs' Request for Attorney Fees was served this 18th day of June 2009 electronically upon the following:

Orly Taitz, et al.
31912 Monarch Crest
Laguna Niguel, CA 92677
Email: dr_taitz@yahoo.com

Defend our Freedoms Foundation, Inc. a/k/a
Defend our Freedoms Foundation
26302 La Paz, Suite 211
Mission Viejo, CA 92691
Email: dr_taitz@yahoo.com

s/ Philip J. Berg
_____
PHILIP J. BERG, ESQUIRE
*Attorney for Plaintiffs'*