# HOPPE &
# MARTIN, LLP
### ATTORNEYS AT LAW

L. THEODORE HOPPE, JR.
thoppe@hoppemartin.com

AARON D. MARTIN
amartin@hoppemartin.com

THOMAS E. MARTIN, JR.
Of Counsel

July 29, 2009

*Via Fax & Regular Mail*
The Honorable Eduardo C. Robreno
United States District Court for the Eastern
 District of Pennsylvania
601 Market Street, Room # 11614
Philadelphia, PA  19106-1720

*Order*

*Request for continuance*

*is Denied*

*[signature]*

7/30/09

Re:   *Liberi, et al. v. Taitz, et al.*
      No. 09-01898 (ED PA)

Dear Judge Robreno:

I presently am counsel for Ed Hale, Caren Hale, Linda Belcher and Neil Sankey for the limited purpose of addressing the issue of the Court's jurisdiction in this matter. I have been advised by Mr. and Mrs. Hale that are no longer able to have me continue to represent them in this matter and that they will be proceeding *pro se*. I expect to file with the Court a Motion for Leave to Withdraw as their counsel shortly.

I have further been advised by Linda Belcher and Neil Sankey that they also are no longer able to have me continue to represent them in this matter and that they have arranged for David Hughes, Esquire, an attorney in Texas, to represent them on all issues in this matter going forward. I was contacted by Mr. Hughes' office and was advised of this as well. It is my understanding that Mr. Hughes will be arranging for his admission *pro hac vice* in the next few days.

At the request of Mr. Hughes, and as a courtesy to him, I am writing to request an extension of time for Mr. Hughes to respond to the Emergency Motion for Temporary Restraining Order filed by Mr. Berg and for a continuance of the hearing concerning that Emergency Motion. Mr. Hughes is working on getting together the information related to this case and to become familiar with the issues in the case as a whole, as well as the specific issues related to this Motion. However, because of the significant amount of information that he has to become familiar with as well as other commitments that he has this week, he will not be able to prepare a response to the Motion by the August 3, 2009 deadline nor will he be able to properly prepare and attend the hearing on August 7, 2009. We are requesting, therefore, that the Court grant a thirty (30) day extension of time for Mr. Hughes to respond to the Motion for

423 MCFARLAN ROAD, SUITE 100 • LONGWOOD CORPORATE CENTER SOUTH • KENNETT SQUARE, PA 19348
TELEPHONE: (610) 444-2001 • FACSIMILE: (610) 444-5819
DELAWARE COUNTY OFFICE • 106 WEST FRONT STREET, SUITE 102, MEDIA, PA 19063
www.hoppemartin.com

*The Honorable Eduardo C. Robreno*
*July 29, 2009*
*Page 2 of 3*

TRO and that the hearing be continued to a date after Defendants' response is due.

Additionally, I would like to remind the Court that I was retained by Defendants for the limited purpose of challenging the Court's jurisdiction in this matter. Since the Motion for TRO filed by Mr. Berg does not deal with jurisdictional issues, I will not be involved in that matter. I do feel constrained, though, to bring two points to the Court's attention. First, since the issue of the Court's jurisdiction over these Defendant has not been resolved, I respectfully submit that the Court should not force Defendants to litigate Motions filed by Mr. Berg here, even if he styles them as "Emergency Motions" until such a time as it is determined that the Court does have jurisdiction and/or that this Court is the proper venue to hear these claims. It is important to remember that these Defendants live in Texas and California and being forced to litigate in Pennsylvania, a state with which they have no direct contacts, results in a great hardship to them.

Finally, I respectfully submit that the one allegation of threats made by Mr. Berg against the Hales and Linda Belcher (as far as I can tell, Mr. Berg makes no direct allegations of alleged misconduct against Mr. Sankey) is a blatant misrepresentation of what was said. Mr. Berg intentionally left out part of the statement in an effort to justify his request. I have listened to the radio clip and what was actually said by Mr. Hale was ". . . we will go after these people with a vengeance AND PROVE THAT THEY ARE LAIRS." Mr. Berg's failure to include the complete quote was, I believe, disingenuous and an effort to mislead the Court as to the Hale's and Ms. Belcher's intentions. It certainly is their right to attempt to prove that people who are making statements against them in this court case are lying; this is not threatening or intimidating unless, of course, the people who are making the statements under oath are, in fact, lying.

Additionally, Mr. Berg has not produced any evidence that anyone has, in fact, been so intimidated that they have refused to provide affidavits. Indeed, he attaches an Affidavit in support of his claims from an individual who is not a party. If the people who Mr. Berg seeks to use as witnesses are unwilling to get involved because they do not want to be subjected to scrutiny that is not the Defendants' or the Court's problem.

*The Honorable Eduardo C. Robreno*
*July 29, 2009*
*Page 3 of 3*


Thank you for your time and consideration.  If you have any questions, please contact me.

Respectfully,

L. THEODORE HOPPE, JR.

LTH/tlp

ccs:    Mr. Ed Hale
        Linda Belcher
        Philip Berg, Esquire
        Dr. Orly Taitz
        David Hughes, Esquire