Dr. Orly Taitz, *pro se*
Orly Taitz Law Offices
26302 La Paz, Suite 211
Mission Viejo, California 92691
(949) 683-5411
dr_taitz@yahoo.com

## UNITED STATES DISTRCT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Lisa Liberi, et al.,
    Plaintiffs,

v.    Civil Action No. 2:09-cv-01898-ER

Orly Taitz, et al.
    Defendants



## MOTION FOR SANCTIONS FOR VIOLATIONS OF RULE 11(b)

Defendants Dr. Orly Taitz and Defend our Freedoms Foundation, Inc., file this Motion for Sanctions for Violations of Rule 11(b) of the Federal Rules of Civil Procedure, having served the same 21 days before by facsimile transmission and regular mail delivery, as required by Rule 11(c)(2), on Philip J. Berg, individually as a Plaintiff and as attorney for Lisa Liberi, the Law Officers of Philip J. Berg, Evelyn Adams, Lisa M. Ostella and Go Excel Global, for signing and presenting to the Court the Complaint for Damages which initiated this cause against the several Defendants on May 4, 2009. Philip J. Berg, Lisa M. Ostella, and Evelyn Adams also violated Rule 11(b) by their signatures on the several verifications of this Complaint executed (respectively) on May 4, April 25, and April 25, 2009.

First, and most specifically. the Complaint, and every subsequent document (motion, response, and notice) signed and filed and presented to the court in this case by Philip J. Berg, violated Rule 11(b)(1) because the Complaint, and every subsequent

document which he signed and filed and presented to the court were each filed entirely for an improper purpose, namely to harass the Defendants and needlessly to increase the cost of litigation.

Second, and most generally, the Complaint, and every subsequent document (motion, response, and notice) signed and filed and presented to the court in this case by Philip J. Berg violated Rule 11(b)(2) because the claims and other legal contentions presented in Berg's complaint and every subsequent document (motion, response, and notice) signed and filed and presented to the Court were not warranted by exsiting law or by a nonfrivolous argument for extending, modifying, or reversing exsiting law or for establishing new law.

Finally, and also generally, the Complaint, and every subsequent document (motion, response, and notice) signed and filed and presented to the court in this case by Philip J. Berg violated Rule 11(b)(3) because the factual contentions contained therein lacked evidentiary support and, in fact, none were identified as likely to have evidentiary support after a reasonable opportunity for discovery.

(1) While a party's improper private motivations for filing a groundless lawsuit would normally be difficult to prove, Plaintiff Philip J. Berg has made it all relatively easy, on his website/blog: http://www.obamacrimes.info/index.html to discern what his motivation may really be, and it is harassment. Defendants Dr. Orly Taitz and Defend Our Freedoms Foundation, Inc., ask this Court to take judicial notice of Philip J. Berg's blog up through and including the latest announcements and other items published at least up through June 9-11, 2009, including those published after the updates printed out and attached as Exhibit A. The wild attacks on Dr. Orly Taitz and her Foundation and

associates demonstrate conclusively that there is nothing behind the Complaint filed May 4, 2009, except animosity and bile and Berg's desire to promote and defend his status as the "biggest baddest Obama-basher" against all attack or question. Berg's pettiness and lack of legal or potentially legal substance at http://www.obamacrimes.info/index.html is nothing short of absolutely appalling, disgracefully uncivilized, and incredibly immature.

Thus, without regard to any further inquiry into the frivolity of Philip J. Berg's lawsuit, his extrinsic purpose was improper, and under FRCP 11(b)(1) a district court may sanction an attorney for presenting a paper to the court for *any* improper purpose, such as to harass.' Although a district court is not to read an ulterior motive into a document "well-grounded in fact and law" it may do so in exceptional cases, such as this, where (see below) the cases is neither well-grounded in fact nor law and where the improper purpose is easily and objectively ascertainable. *Cf., e.g., Whitehead v. Food Max of Mississippi, Inc.*, 332 F.3d 796 (5th Circuit 2003).

(2) "To support a finding of frivolousness [under FRCP Rule 11(b)(2)], some degree of fault is required, but the fault need not be a wicked or subjectively reckless state of mind; rather, an individual "must, at the very least, be culpably careless to commit a violation." ***Roger Edwards LLC v Fiddes & Son Ltd***, 437 F.3d 140, 142 (1st Circuit 2006). "Under certain circumstances, an isolated factual misrepresentation may serve as a basis for FRCP 11 sanctions]." ***Jenkins v. Methodist Hospitals***, 478 F.3d 255, 265 (5th Cir. 2007).

Accordingly, in the present case, Philip J. Berg is liable for sanctions under FRCP Rule 11 for having launched his Federal case devoid of any basis for Federal Jurisdictions, without regard to his improper motives or the complete lack of competent

legal injuries alleged anywhere in his complaint (under state or Federal law). After all, *Strawbridge v. Curtiss*, 7 U.S. 267, 3 Cranch 267, 2 L.Ed. 435 (decided February 13, 1806, during the Third President's Second Term of Office), is ancient and established law in the United States with which every competent attorney is charged with knowledge, especially if he practices at all in Federal civil courts.

Berg's allegation of diversity of citizenship as a basis for Federal Jurisdiction in the face of his own complaint which enumerated both Plaintiffs and Defendants residing in and doing business in New Jersey is the kind of fault where a legal contention is made without factual warrant to which Rule 11(b)(2) is addressed. Berg's Factual Contention throughout his complaint and many other documents (motions, responses, and notices) submitted among the 60 or so documents submitted in this case which far exceed a single "isolated factual misrepresentation" (that diversity citizenship existed) which alone was obviously submitted (even if it had only been done once) AT THE VERY LEAST in a culpably careless state of mind. This frivolous contention alone, multiplied by however many times Berg repeated it in his pleadings and motions, subjects Berg plainly to sanctions under Rule 11.

However, all of Berg's other contentions regarding Federal Jurisdiction which relate to Federal question jurisdiction either in Count One or in the isolated other paragraphs where random Federal statutes are cited, are much less warranted by existing law or any good faith construction or modification of the same than his diversity argument. There was and is absolutely no excuse for Berg's allegations of Federal Jurisdiction based on the naming of federal statutes and constitutional amendments, without any reference to federal causes of action, remedies, or federal interests. As noted

in Document 59, filed on June 11, 2009, whatever room there was in Federal pleading practice for vague generalities prior to May 2007, such room vanished forever after the Supreme Court's latest comprehensive re-evaluation of 12(b)(6) jurisprudence *Bell Atlantic v. Twombly*, 550 U.S. 544; 127 S. Ct. 1955 at 1964-65; 167 L.Ed.2d 929 (2007).

But as also noted in Document 59, Berg's recitation of statutes by name, Title, and Section numbers would not have constituted valid federal pleading under the forty year old and now completely discredited *Conley v. Gibson*, 355 U.S. 41 (1957) standard which allowed dismissal under 12(b)(6) only when the pleading revealed on its face that Plaintiff could prove no set of facts which would entitle him to relief. Such is the frivolous nature of Berg's Complaint filed on his own behalf and on behalf of lead Plaintiff Lisa Liberi, Evelyn Adams, and Lisa M. Ostella: it is obvious from the face of Berg's May 4, 2009, complaint, that neither he nor any of his clients could prove any set of facts which would entitle them to relief. And if, to present such a pleading to a Federal Court prior to the decision of *Twombly* would have led to dismissal, presenting such a pleading after *Twombly* must lead to the most severe and punitive of Rule 11 sanctions.

Defendant Dr. Orly Taitz has lost thousands of dollars in contributions to her Foundation, thousands of dollars in lost time to her political causes, on the one hand, and dental practice on the other, and she has also had to hire additional legal assistants in her law office to defend against Berg's frivolous lawsuit. Dr. Taitz will request the sum of $25,000.00 for the losses she has suffered and the costs of defending herself against this frivolous lawsuit, but she requests that the Court impose a more severe sanction on Berg, such as banning him from further filing or practice in any United States District Court, insofar as the Court's jurisdiction will permit it to impose such a punitive sanction which

would be the minimum which could actually protect this Defendant from further attacks by Berg, who fancies himself to be something of a national crusader and would doubtless enjoy spending next winter in Southern California tormenting the Defendant on her home turf in Orange County.

(3) The United States Supreme Court has held that determining whether an attorney has violated FRCP 11 involves a consideration of several types of issues. The court must consider factual questions regarding the nature of the attorneys' prefiling inquiry and the factual basis of the pleading or other paper(s). Legal issues are raised in considering whether a pleading is "warranted by existing law and whether the attorney's conduct violated Rule 11. Finally the district court must exercise its discretion to tailor an "appropriate sanction." *Cooter & Gell v. Hartmarx Corp.*, 532 U.S. 757, 764, 121 S.Ct. 1801, 1806 (2001).

The mental state applicable to liability for FRCP 11 sanctions initiated by motion is objective unreasonableness, i.e., liability may be imposed if the lawyer's claim to have evidentiary support is not objectively reasonable. That standard is appropriate in circumstances where the lawyer whose submission is challenged by motion has the opportunity, afforded by the "safe harbor" provision, to correct or withdraw the challenged submission(s). *In re Pennie & Edmonds, L.L.P.*, 323 F.3d 86, 90 (2nd Cir. 2003)(*See also, Young v. City of Providence*, 404 F.3d 33, 39-40 (1st Cir. 2005), and *United National Insurance Company v. R & D Latex Corp.*, 242 F.3d 1102, 1115-16 (9th Cir. 2001).

If this present Motion for Sanctions has been filed with the Court on or at any time after July 2, 2009, it means that Plaintiff and Attorney for the (other) Plaintiffs

Philip J. Berg has chosen---at least 21 days after service by facsimile and regular mail of this Motion on him pursuant to Rule 11©(2)---not to avail himself of the "safe harbor" provisions. He has chosen to stand by his objectively unreasonable contentions that (a) Defendant Orly Taitz has invaded the Plaintiffs' privacy or disclosed their private information and (b) that these "offenses", if proven, would entitle Plaintiffs to file and recover in FEDERAL Court, (c) given the lack of Federal jurisdiction by diversity of citizenship or the existence of substantial federal questions when scrutinized under the standards of *Bell Atlantic v. Twombly*, 550 U.S. 544; 127 S. Ct. 1955 at 1964-65; 167 L.Ed.2d 929 (2007).

## PRAYER FOR RELIEF

Wherefore, Defendant Orly Taitz prays for Rule 11 Sanctions Under Rule 11(c)(4) sufficient to deter Plaintiff Philip J. Berg and others similarly situated from the repetition of his conduct in this case and also to compensate Defendant Orly Taitz for her reasonable expenses and actual losses in the amount of $25,000.00 incurred as a result of Plaintiff Philip J. Berg's conduct in filing the Complaint in this case plus 36 additional documents (affidavits, motions, responses, notices) not counting returns of summons. Defendants Evelyn Adams and Lisa M. Ostella should be sanctioned for their signing and verification of the complaint pursuant to Rule 11(b)(1) and 11(b)(3). Lisa Liberi should be sanctioned only pursuant to 11(b)(1) unless it turns out that she also filed a verification of the facts (none was served on the Defendant nor appears in PACER) in which case she too should be sanctioned under Rule 11(b)(3).

_____, July _____, 2009

Respectfully submitted,

By:_____
Dr. Orly Taitz, *pro se*, individually and a/k/a
Law Offices of Orly Taitz,
WWW.ORLYTAITZESQ.COM,
a/k/a WWW.REPUBX.COM,
a/k/a ORLY TAITZ, INC.
Defendant, *in propia persona* and on behalf
of Defend Our Freedoms Foundations, Inc..
Dr. Orly Taitz, President,
26302 La Paz, Suite 211
Mission Viejo, California 92691

Telephone (949) 683-5411
E-Mail: dr_taitz@yahoo.com

# CERTIFICATE OF SERVICE

A true and correct copy of the above-and foregoing Motion for Sanctions for Violations of Rule 11 was served as required by Rule 11(c)(2) by Defendant Dr. Orly Taitz for herself and on behalf of Defend our Freedoms Foundations, Inc, more than 21 days prior to filing with the United States District Court via facsimile transmission and FedEx overnight delivery upon the attorney of record for all the plaintiffs:

Law Offices of
PHILIP J. BERG, Esquire
555 Andorra Glen Court, Suite 12
Lafayette Hill, Pennsylvania 19444-2531

Telecopier (Facsimile): 610-834-7659
E-mail: philjberg@gmail.com

The filing of this Motion with the United States District Court is Defendant's certificate that after at least 21 days, neither Plaintiff Philip J. Berg nor any of his named clients withdrew their endorsement of the Complaint and subsequently filed documents or offered any compensation to the Defendant(s) for her/their costs and expenses.

If this Motion has been filed with the United States District Court, it was also "re-served" again on the Plaintiff and Attorney for (other) Plaintiffs Philip J. Berg on the day of filing with the U.S. District Clerk, namely _____ day, the _____ day of July, 2009.

By:_____
Dr. Orly Taitz, *pro se*
Defendant, *in propia persona* and on behalf
of Defend Our Freedoms Foundations, Inc..
Dr. Orly Taitz, President,
26302 La Paz, Suite 211
Mission Viejo, California 92691

Telephone (949) 683-5411
E-Mail: dr_taitz@yahoo.com

# EXHIBIT A:
# Representative Excerpts from Philip J. Berg's blog/website: www.obamacrimes.com