IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA LIBERI et al., | : | CIVIL ACTION |
| | : | NO. 09-1898 |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| ORLY TAITZ et al., | : | |
| | : | |
| Defendants. | : | |

**O R D E R**

**AND NOW**, this **10th** day of **August, 2009,** it is hereby **ORDERED** that Plaintiffs' motion for an injunction or a temporary restraining order (doc. no. 83) is **DENIED.**[1]

**AND IT IS SO ORDERED.**

S/Eduardo C. Robreno

**EDUARDO C. ROBRENO, J.**

---

[1] "'It is frequently observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quoting 11A Wright, Miller & Kane, Federal Practice and Procedure § 2948 p.129-30 (1995)). To obtain a preliminary inunction, Plaintiffs must demonstrate that "(1) that they are reasonably likely to prevail eventually in the litigation and (2) that they are likely to suffer irreparable injury without relief." Tenafly Eruv Ass'n, Inc. v. Borough of Tenafly, 309 F.3d 144, 157 (3d Cir. 2002). If these two threshold requirements are met, the Court should then consider "(3) whether an injunction would harm the [Defendants] more than denying relief would harm the plaintiffs and (4) whether granting relief would serve the public interest." Id.

Here, following a hearing, Plaintiffs have not made a threshold showing of a reasonable likelihood of success on the merits, or irreparable harm. Thus, a preliminary injunction is not appropriate in this instance.