Law Offices of:
**Philip J. Berg, Esquire**
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Identification  No. 09867
(610) 825-3134                                    *Attorney for Plaintiffs*

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA LIBERI, et al, | : | |
| Plaintiffs, | : | |
| vs. | : | Case No.: 09-cv-01898-ECR |
| ORLY TAITZ, et al, | : | |
| Defendants. | : | |

## PLAINTIFFS' REPLY TO DEFENDANTS RESPONSES TO THIS COURT'S RULES TO SHOW CAUSE ORDERED BY THE HONORABLE EDUARDO C. ROBRENO ON JUNE 25, 2009

Plaintiffs' Lisa Liberi [hereinafter "Liberi"]; Philip J. Berg, Esquire [hereinafter "Berg"], the Law Offices of Philip J. Berg; Evelyn Adams a/k/a Momma E [hereinafter "Adams"]; Lisa Ostella [hereinafter "Ostella"]; and Go Excel Global by and through their undersigned counsel, Philip J. Berg, Esquire, hereby files the within Reply to the Defendants, Orly Taitz [hereinafter "Taitz"], Defend our Freedoms Foundations, Inc. [hereinafter "DOFF"], Edgar Hale, Caren Hale, Plains Radio, KPRN and Bar H Farms [hereinafter "The Hales"] Response in Reply to Plaintiffs' Responses to this Honorable Court's Rules to Show Cause as to why the case should not be dismissed for lack of personal jurisdiction over the Defendants; why the case should not be severed into three [3] or fewer cases; and why this case should not be transferred to Texas or California, in support thereof, Plaintiffs' aver as follows.

- Taitz and DOFF fail to deny, retract or argue against, the fact they have systematic and continuous contacts with this forum, which is now admitted, and substantiates Plaintiffs' argument that this Court undoubtedly has Personal Jurisdiction over the Defendants;

- Taitz and DOFF fail to deny, retract or argue against the facts that they targeted Plaintiffs within this Court's Jurisdiction, thereby admitting they targeted Pennsylvania and substantiates Plaintiffs' argument that this very Court has personal jurisdiction over the Defendants;

- Taitz and DOFF fail to address the true issues before this Court which are 1) why the case should not be dismissed for lack of personal jurisdiction; 2) why the case should not be severed; and 3) why the case should not be transferred;

- Taitz and DOFF have done nothing more than again attempt to confuse this Court and twist the issues currently pending.  Taitz and DOFF are again attempting to argue a Motion to Dismiss pursuant to Rule 12, when there is **NO** Motion to Dismiss before this Court and all of Taitz and DOFF prior filings of Motions to Dismiss, which filings were completely improper, have been denied by this Court;

- The Hale Defendants have admitted to soliciting donations on behalf of Berg and his Law Firm, Pennsylvania Plaintiffs' and have admitted advertising for Berg and his Law Firm's website, which satisfies the systematic and continuous contacts with this Jurisdiction and substantiates Plaintiffs' arguments that this Court has personal jurisdiction over them.

- The Hale Defendants fail to address the fact that they targeted the Plaintiffs in Pennsylvania; instead, the Hale Defendants admitted Taitz, DOFF and Neil Sankey used them and their radio show to assault Liberi to get to Berg, thus satisfying the Defendants common scheme requirements, which also satisfies the personal jurisdiction requirement and the reason not to sever the case;

- Neither the Hale Defendants, Taitz or DOFF responded to the issue of Transfer pursuant to 28 U.S. C. §1404(a), although Transfer of the case would not be proper;

- Taitz and DOFF waived their rights to raise the issue of Venue and/or Personal Jurisdiction by failing to timely raise the issue and timely object;

- Neil Sankey, Linda S. Belcher, et al, the Sankey Firm, Inc. a/k/a The Sankey Firm and Sankey Investigations, Inc. have failed to respond at all regarding the three (3) issues currently before this Court; and

- Venue is proper pursuant to 28 U.S.C. §1391(a)(3).

## I.    **STATEMENT OF ISSUES:**

This Court's Rules to Show Cause entered June 25, 2009 were very specific regarding issues this Court wanted the Plaintiffs' to address.  As stated above the issues to be addressed were: (1) Why this case should not be dismissed for lack of Personal Jurisdiction over the Defendants'; (2) Why this Case should not be severed into three [3] or fewer cases…; and (3) Why this case should not be transferred to California or Texas pursuant to 28 U.S.C. §1404(a).

As better explained in Plaintiffs' Complaint, Plaintiffs' hereby incorporate their Complaint as if fully set forth herein, Orly Taitz, et al through her company, DOFF threatened Berg to take him down and to do so she would destroy his paralegal, Liberi, and get rid of her and anyone associated with Berg, which has now been admitted by Taitz in her latest filings.

In Response to this Court's Rules to Show Cause, Plaintiffs' filed their Response with **Exhibits** One [1] through Twenty-Six [26] on August 26, 2009 [Doc. #106] and due to technical complications with the ECF System, which can be verified by the time of filing, **Exhibits** Twenty-Seven [27] through Fifty-Five [55] appear on the docket as document number One Hundred and Seven [107].  In totality, Plaintiffs' filed in excess of Seven Hundred and Forty [740] pages substantiating their position.  Of Course, all Defendants were served with Plaintiffs' filings.

In the Defendants Responses to Plaintiffs' Responses, the Defendants clearly fail to address the issues outlined in this Court's Rules to Show Cause.  None of the Defendants give their positions regarding the three (3) items the Court asked to be addressed; they failed to give any type of law to substantiate their positions on these issues and as better explained below, the Defendants even support the Plaintiffs' position and arguments as to why this Court has personal jurisdiction over the Defendants; why this case should not be severed and why this case should

not be transferred.  It should also be noted that the Hale Defendants' Response, although an unsigned, undated copy was served upon Counsel herein, was not filed on the Court's Docket at the time of filing of this Reply.  Plaintiffs' in no way waive their right to object to the untimeliness of the Hale Defendants' Response.

Taitz and DOFF attempt to manipulate the three [3] pending issues into yet another Motion to Dismiss, even though their other four [4] Motions to Dismiss have been properly litigated and denied by this Court.  Taitz and DOFF attempt to make judicial findings on behalf of this Court and fail to address any of the issues pertaining to this Court's Rules to Show Cause, which are personal jurisdiction, severance and transfer of the case; give any type of law to support their position; give any type of law or argument as to why they feel Plaintiffs' may be incorrect; they fail to give any type of argument or law as to mandated legal principals to support their positions or deny Plaintiffs' position regarding Personal Jurisdiction; Severance; and Transfer of the Case.

Instead, once again Taitz and DOFF have turned their response into yet another, which may be the fourth [4th]or fifth [5th]Motion to Dismiss and a Motion for Sanctions without Leave of this Court, required pursuant to this Court's June 25, 2009 Court Order.  Apparently, the Hale Defendants, Taitz and DOFF agree with the Plaintiffs argument pertaining to the issues outlined in this Court's Rules to Show Cause.

It should also be noted Linda Sue Belcher, et al; Neil Sankey; Sankey Investigations, Inc; The Sankey Firm, Inc. a/k/a The Sankey Firm failed to respond and therefore, must agree with the Plaintiffs' position.

In addition, the Hale Defendants ask this Court to dismiss this case and Order the Plaintiffs' to pay twenty-five thousand [$25,000.00] dollars to each Defendant.  Plaintiffs' object

to this request and again state, the Defendants have failed to respond to the three (3) issues which this Court asked to be addressed.

For the reasons stated herein, Plaintiffs' respectfully request this Court to maintain jurisdiction over the Defendants; not sever the case and maintain the case in this Court.

II.    **PERSONAL JURISDICTION:**

Plaintiffs' went into great detail and specified how this Court has personal jurisdiction over the Defendants herein.

Taitz and DOFF in their Response to Plaintiffs Response state, "*Plaintiffs cite not even a single statute (or substantive case law), which would provide subject matter jurisdiction over any Defendant*" [Taitz Response, p. 1 ¶1]. Either Taitz and DOFF are attempting to merely confuse this Court or they clearly do not understand the issues before this Court. The issue of Subject Matter Jurisdiction was not only litigated previously, it is not currently before this Court. This Court clearly has subject matter jurisdiction, as this is a complete diversity jurisdictional case that vests this Court with subject matter jurisdiction. Taitz and DOFF then argue that even if Plaintiffs established the minimum personal contacts, which they did, there is simply no lawsuit. Taitz and DOFF attempted to have the Plaintiffs' suit dismissed several times, however, were denied. Here Taitz and DOFF are again attempting to twist and spin the issues regarding the Rules to Show Cause into a Motion to Dismiss, which fails. Taitz and DOFF are again stating, "*Plaintiffs failed to state a cause which relief can be granted*"; the standard of pleading...set forth by *Twombly v. Bell Atlantic, 550 U.S. 544 (2007)*". [Taitz and DOFF Resp. p. 2]. These issues were raised, addressed, briefed, litigated and denied by this Court on June 25, 2009 and August 7, 2009 and are not currently before the Court.

Taitz and DOFF then complain Plaintiffs' filed "*thick and bloated content free exhibits…and Plaintiffs still fail to satisfy the basic personal jurisdictional prerequisites to maintaining any action…against them or any Defendants…*".  This is completely ridiculous, Plaintiffs' exhibits clearly show Taitz and DOFF targeted the Plaintiffs within this Court's jurisdiction; Taitz and DOFF have clients in Pennsylvania; Taitz, DOFF and all the other Defendants teamed up together to carry out Taitz threats; Taitz and DOFF are conducting business in Pennsylvania, etc. which meets the systematic and continuous contacts requirements. The exhibits presented by the Plaintiffs' include Taitz and DOFF's own creation and publication of material on their website[1], which clearly gives this Court personal jurisdiction over them.

Taitz and DOFF then attack the Affidavit of Mathew Harris filed as **Exhibit "23"** claiming it is hearsay, no personal knowledge and adds nothing.  As stated before, either Taitz and DOFF do not understand what they are reading, or are purposefully attempting to mislead and confuse this Court.  One of the reasons this lawsuit was filed was due to Taitz and DOFF's publication and mass emailing of Taitz Dossier #6, which contains the full Social Security number of Liberi as well as other personal identifying information.  Mr. Harris received this Dossier #6 directly from Taitz and testified in his Affidavit it contained Liberi's full Social Security number and other personal identifying information.  Mr. Harris also attached a copy of all the individuals this particular email was sent to via email by Taitz.  Mr. Harris' Affidavit contains nothing but personal knowledge.  It should also be noted, now that Defendant Neil Sankey through Sankey Investigations, Inc, the Sankey Firm, Inc. a/k/a The Sankey Firm, and Taitz through DOFF have published Liberi's mother's maiden name, date of birth, place of birth, full social security number, and other personal identifying information, the damages are endless.

---

[1] http://www.orlytaitzesq.com

Taitz through DOFF sent this information, by Taitz own admission, to over One hundred and forty thousand [140,000] individuals and businesses, including internationally and had it posted all over the World Wide Web.  The seriousness of this includes illegal aliens obtaining Liberi's birth certificate and a copy of her social security card, obtaining international passports to come to the United States; obtain bank accounts; obtain credit; obtain governmental benefits, etc. all in Liberi's name.  As this Court is aware, in order to obtain a duplicate social security card or a certified copy of a person's birth certificate, the social security administration and health departments require you to answer four (4) questions – full name; mother's maiden name; place of birth; and date of birth.  Same goes for a duplicate driver's license, obtaining credit reports, applying for credit, obtaining governmental benefits and many other things.  The damage Taitz has done to Liberi alone is endless and is pretty much un-reparable.  This will effect Liberi for the rest of her life and again the damages are endless.

Taitz and DOFF then admit this Court expressed its concern regarding Taitz and DOFF's publication of Liberi's Social Security number, by Taitz and DOFF, however, there is no cause of action alleged which could give this Court jurisdiction.  Again, Taitz and DOFF are missing the legal points.  This is ludicrous, what gives this Court personal jurisdiction over Taitz and DOFF is the fact Taitz and DOFF satisfy the due process requirements to be held to answer in this Court.  Taitz and DOFF waived their right to raise the issue of personal jurisdiction by their failure to timely assert their objection, see _Myers v. American Dental Ass'n_, 695 F.2d 716, 720 (3d Cir. 1982); _Great Prize, S.A. v. Mariner Shipping Party, Ltd_., 967 F.2d 157, 159 n. 5 (5th Cir. 1992) (lack of personal jurisdiction may be waived under Fed. R. Civ. P. 12(b)(2), (h)(1)); _Swaim v. Moltan Co_., 73 F.3d 711, 718 (7th Cir. 1996) ("A defense of lack of [personal] jurisdiction is forfeited if not asserted in a timely motion to dismiss under Rule 12 or a

responsive pleading or amendment of such as provided by Rule 15."). In addition, Taitz and DOFF have satisfied the elements required for this Court to assert both General and Specific Jurisdiction over them as pointed out in the Plaintiffs' Response filed August 26, 2009 [Doc. #106 and 107]. Taitz and DOFF have failed to assert in any manner how they (Taitz and DOFF) failed to neither satisfy the personal jurisdictional requirements, nor do they cite any law to substantiate it.

The Hale Defendants clearly admit they solicited donations on behalf of Berg and his law firm, both of which are Pennsylvania Plaintiffs. The Hale Defendants subjected themselves to this Court's jurisdiction and now admit this Court has jurisdiction by admitting their solicitation of donations on behalf of the Plaintiffs; and advertising Berg and his law firm's website. It should also be noted; neither Berg nor his law firm received any of the donations solicited by the Hale Defendants. The Hale Defendants have missed the fact that the Law does not require any type of physical presence within the state to meet the minimum contacts standards or the systematic and continuous standards, which gives this Court Jurisdiction over the Defendants.

Moreover, the Hale Defendants, Taitz and DOFF fail to even address the facts of this Court's personal jurisdiction over each of them and therefore, must agree with the Plaintiffs' positions.

The Hale Defendants had all the Defendants on their radio show to further carry out Taitz threats to take Berg down and destroy his paralegal, Liberi. In addition, Edgar Hale has stated in writing that Taitz used him and Plains Radio to assault Liberi to get to Berg, as outlined in the exhibits filed as docket entry One hundred and Six and Seven [106 and 107]. Thus, the Hale Defendants have admitted teaming up with Taitz and the other Defendants to carry out Taitz threats, which proves their common scheme and satisfies not severing the case.

With our new Internet Cyber Space abilities, the Internet also confers jurisdiction upon this Court and in this forum.  Whether jurisdiction is proper in cases involving the Internet "depends on where on a sliding scale of commercial interactivity the web site falls." *Id.*  Where a Defendant is "clearly doing business through its web site in the forum state, and where the claim relates to or arises out of use of the web site, the *Zippo* Court held that personal jurisdiction exists." *Id.  Zippo Manufacturing. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 at 1124 (W.D. Pa. 1997).  To make this determination, the *Zippo* Court focused on whether the interactivity of a commercial web site reflects "purposeful availment" or intended interaction with residents of the forum state. *See id.* (citation omitted).  Purposeful availment is demonstrated when a defendant "(1) directs electronic activity into the State, (2) with the manifested intent of engaging in business or other interactions within the State, and (3) that activity creates, in a person within the State, a potential cause of action cognizable in the State's courts." *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 451 (3d Cir. N.J. 2003) at 453 (citation omitted).

Taitz and DOFF seek Pennsylvania clientele;  represent Pennsylvania clientele;  solicit business all over the United States;  sends and receives emails, Taitz prepares documents which she places on her website at www.orlytaitzesq.com, instructs her clientele in Pennsylvania to communicate with her via email, she accepts and solicits money from Pennsylvania, she has a post on her website directed at Pennsylvania residents with instructions for Pennsylvania residents in the Philadelphia area interested in being her clients and/or interested in seeking to have U.S. Senator of Pennsylvania Arlen Specter recalled to immediately contact her, she has made vile threats to the Plaintiffs' through the internet, posted on her website, through emails, etc.  All of Taitz through DOFF's Pennsylvania military clients contacted Taitz through their website, www.orlytaitzesq.com which is on the internet and were instructed to download the

Plaintiff forms, fill them out and return them to her. Most importantly, Taitz and DOFF targeted the Plaintiffs' in Pennsylvania, created and posted documents on Taitz and DOFF's website directed at the Plaintiffs' in Pennsylvania, which resulted in the Plaintiffs to suffer injuries, as did the Hale Defendants, Defendants Linda S. Belcher, et al; Neil Sankey; The Sankey Firm, Inc. a/k/a The Sankey Firm and Sankey Investigations, Inc..

The Hales; Plains Radio; Bar H Farms; and KPRN subjected themselves to the Eastern District of Pennsylvania, this Court's jurisdiction when they solicited and accepted donations on behalf of a Pennsylvania business, www.obamacrimes.com owned and operated by Berg and the Law Offices of Philip J. Berg. Moreover, the Hales made sure they were subjected to the Jurisdiction of this Court by directing their actions towards Plaintiffs' and other parties who donated their time and worked for Berg's Pennsylvania Law Firm. In other words, the Hale Defendants targeted the Plaintiffs' in Pennsylvania that resulted in the Plaintiffs to suffer injuries. Moreover, the Hale Defendants admit they allowed Taitz, DOFF and the other Defendants to use their radio show to assault Liberi to get to Berg. Taitz, DOFF and the other Defendants also used the Hale Defendants radio show, which was allowed by the Hale Defendants, to further perpetrate their illegal activities directed at Adams and Ostella.

Plaintiffs' incorporate by reference their Response to this Court's Rules to Show Cause and their supporting **EXHIBITS One [1] through Fifty-Five [55]** appearing on the docket as Document Number One Hundred and Six [106] and One Hundred and Seven [107] as if fully set forth herein. Plaintiffs further request this Court to take Judicial Notice of **EXHIBITS one [1] through Fifty-Five [55]**.

All of the criteria outlined in *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 451 (3d Cir. N.J. 2003) *(citing Zippo Manufacturing. Co. v. Zippo Dot Com, Inc.,* 952 F. Supp. 1119 at

1124 (W.D. Pa. 1997) have been met and undoubtedly this Court has jurisdiction over Taitz and

DOFF and this Court is the proper forum for this action and this Court has personal jurisdiction

over her.

Federal Courts may exercise personal jurisdiction over a non-resident of the forum "to the

extent permissible under the law of the state where the district court sits." *Remick v. Manfredy*,

238 F.3d 248, 253 (3d Cir. Pa. 2001) at 255 (quoting *Mellon Bank (East) PSFS, Nat'l Ass'n v.

Farino*, 960 F.2d 1217, 1221 (3d Cir. 1992)); *Pennzoil Prods. Co. v. Colelli & Assocs.*, 149 F.3d

197, 200 (3d Cir. 1998) (citation omitted.)   In turn, Pennsylvania's long-arm statute authorizes

the exercise of jurisdiction over a non-resident "to the fullest extent allowed under the

Constitution of the United States." *42 Pa. Cons. Stat. Ann. § 5322 (b)*; *see also* *O'Connor v.

Sandy Lane Hotel*, 496 F.3d 312, 316 (3d Cir. 2007), noting that Pennsylvania's long-arm statute

"provides for jurisdiction based on the most minimum contact with the Commonwealth allowed

under the Constitution of the United States" (internal citations omitted.)   That is, as long as the

requirements of the *Due Process Clause of the Fourteenth Amendment to the United States

Constitution* have been satisfied, jurisdiction will lie over non-resident Defendants in

Pennsylvania. *Pennzoil Prods.*, id.

The Due Process clause of the Fourteenth Amendment of the Constitution of the United

States limits the reach of state long-arm statutes and precludes personal jurisdictional over a

nonresident Defendant unless the nonresident has "certain minimum contacts with [the forum]

such that the maintenance of the suit does not offend 'traditional notions of fair play and

substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

All of the Defendants' meet the minimum contact standards, which gives this Court

jurisdiction and venue over them; their illegal, unethical and injurious behaviors and actions,

which were activities purposefully directed towards residents of this State.   In so doing, Defendants' were provided "fair warning" that they may be subject to suit in this forum. *Burger King Corp, v. Rudzewicz, 471 U.S. 462* at *472.*

As stated in *JNA-1 Corp. v. Uni-Marts, LLC*, (In re Uni-Marts, LLC), 404 B.R. 767 (Bankr. D. Del. 2009 @ *9:

> "Where a non-resident defendant "purposefully directed his activities at residents of the forum," his contacts with the forum are sufficient to support personal jurisdiction in any "litigation [that] results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985) (quotations omitted). A single transaction with the forum by the plaintiff will suffice. *See McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223, 78 S. Ct. 199, 2 L. Ed. 2d 223 (1957). The defendant's activity need not take place within the forum so long as it is "intentional conduct . . . calculated to cause injury" to the plaintiff within the forum. *Calder v. Jones, 465 U.S.* 783, 791, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (1984). *See also Burger King*, 471 U.S. at 476 ("[W]e have consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction . . . .")"

There are two [2] types of personal jurisdiction a Court may assert over a Defendant -- general jurisdiction or specific jurisdiction. *Mellon Bank (East) PSFS,* 960 F.2d at 1221.   If general jurisdiction exists, a Court may exercise jurisdiction over a non-resident Defendant as to any claim against [him], regardless of whether the subject matter of the cause of action has any connection to the forum." Id.   General Jurisdiction normally is invoked only when a Defendant has maintained "systematic and continuous" contacts with the forum state. *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. Pa. 2007) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15, 104 S. Ct. 1868, 80 L. Ed. 2d 404 & n.8 (1984); *Remick*, 238 F.3d at 255. Conversely, specific jurisdiction "is present only if the Plaintiffs' cause of action arises out of a Defendant's forum-related activities, such that the Defendant should reasonably anticipate being haled into court in that forum." *Remick*, 238 F.3d at 255 (quoting *Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prods. Co.*, 75 F.3d 147, 151 (3d Cir. 1996)); see also *Marten*, 499 F.3d at

296 ("Specific jurisdiction exists when the claim arises from or relates to conduct purposely directed at the forum state.").

As pointed out in <u>Marten v. Godwin</u>, 499 F.3d 290, (3d Cir. Pa. 2007) at 296:

> "This Court has determined that <u>Calder</u> allows a plaintiff to demonstrate personal jurisdiction if he or she shows: (1) The defendant committed an intentional tort; (2) The plaintiff felt the brunt of the harm in the forum such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of that tort; (3) The defendant expressly aimed his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity."

> "<u>IMO Indus. v. Kiekert AG</u>, 155 F.3d 254, 265-66 (3d Cir. 1998) (footnote omitted). If a plaintiff satisfies these three elements, known collectively as the "effects test," the plaintiff can demonstrate a court's jurisdiction over a defendant even when the defendant's "contacts with the forum alone . . . are far too small to comport with the requirements of due process" under our traditional analysis. Id. at 259."

In other words, Specific personal jurisdiction exists when a Defendant has "'purposefully directed [its] activities at residents of the forum and the litigation results from alleged injuries that "arise out of or are related to" those activities."' <u>BP Chemicals, Inc</u>., 229 F.3d at 259, *quoting from* <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 472, 105 S. Ct. 2174 (1985). For there to be general jurisdiction over a defendant, its contacts "with the forum, whether or not related to the litigation, [must be] 'continuous and systematic.'" Id., *quoting from* <u>Helicopteros Nacionales de Columbia v. Hall</u>, 466 U.S. 408, 416, 104 S. Ct. 1868 (1984).

General jurisdiction exists when the claim does not arise from the Defendant's contact with the forum state, but the Defendant has nonetheless maintained "continuous and systematic" contacts with the forum state. <u>Helicopteros</u>, 466 U.S. at 414 n.9. The type of contacts, which if continuous and systematic, may give rise to general jurisdiction are ownership of property in the forum state, **solicitation of business in the forum state**, **business activities in the forum state** or the sale of products to persons or entities within the forum state. <u>Litman v. Walt Disney World Co.</u>, 2002 U.S. Dist. LEXIS 5115, *18 (01-CV-3891) (E.D. Pa. 2002). Those contacts must be

"extensive and pervasive" to provide a basis for personal jurisdiction. *Reliance Steel Products Co. v. Watson, Ess, Marshall & Enggas* 675 F.2d 587 (3d Cir. 1982) (citing *Compagnie des Bauxites de Guinea v. Insurance Co. of North America,* 651 F.2d 877, 890 (3d Cir. 1981) (Gibbons, J., dissenting), *aff'd,* 456 U.S. 694, 102 S. Ct. 2099, 72 L. Ed. 2d 492 (1982)).

Clearly the Defendants targeted Pennsylvania, Berg, his law firm and his paralegal Liberi and anyone else associated with Berg and Liberi.  Taitz and DOFF admitted in their latest filing that Taitz stated she was going to take Berg down and to do so destroy his paralegal.  The Hale Defendants admitted Taitz and the other Defendants used his radio show to assault and harass Liberi to get to Berg;  Neil Sankey through Sankey Investigations, Inc. and the Sankey Firm, Inc. a/k/a the Sankey Firm assisted Taitz in her destruction and injurious behaviors towards Liberi and Berg by using his private investigation companies he is employed with and illegally obtaining Liberi's full social security number and other private confidential information and giving it to Taitz and a Reporter, Bob Unruh, with World Net Daily; and Linda S. Belcher, et al joined forces with Taitz in January 2009 and further carried out her destruction and damage of Liberi and Berg, thus satisfying the "effects test" outlined in *Marten* and have therefore demonstrated this Court's personal jurisdiction over the Defendants.

If this case is dismissed, the Plaintiffs' will be severely prejudiced and be forced to again spend large amounts of money to file and serve the Defendants.  Moreover, the issue remains regarding the spoliation of evidence by the Defendants.  The record is already established and issues have been addressed within this Court.

For the above aforementioned reasons, this Court is the proper forum for this Case as to each Defendant and therefore, the case must not be dismissed for lack of personal jurisdiction or transferred to another forum.

### III.   **TAITZ and DOFF'S CLAIMS PLAINTIFFS' CAUSES OF ACTION FAIL TO SUPPORT PERSONAL JURISDICTION OR VENUE OVER THE DEFENDANTS IS MISPLACED AND INACCURATE:**

Plaintiffs' have properly responded to this Court's Rules to Show Cause regarding the Personal Jurisdiction and Venue issues. However, based on Taitz and DOFF's September 24, 2009 filing, Plaintiffs' feel compelled to again respond.

In Taitz and DOFF's manipulated query, they now claim Plaintiffs' do not have standing or entitlement to an injunction.  Taitz and DOFF then attempt to discern *California Civil Code §1798, et sequitur* claiming this statute only pertains to an Agency or the government, both State and Federal.  However, in their next sentences Taitz and DOFF claim Liberi's Social Security number was public record through the Courts.  Of course, Taitz and DOFF's statements are **not** factual, they contradict themselves.  Important however is the fact Taitz and DOFF concede that they fall under *California Civil Code §1798, et sequitur.*  This is important as Plaintiffs' seek this Court to enforce the *California Civil Code 1798, et sequitur.*   Although this issue is not currently before the Court, Plaintiffs' again feel compelled to respond as Taitz and DOFF attempt to manipulate this statute.  *California Civil Code §1798, et sequitur* is classified as the Privacy Protection Act and/or California Information Act.  This particular statute has many sectors, not just what Taitz and DOFF have chosen to address.

Contrary to Taitz and DOFF's warped interpretation of California's Privacy Laws and *California Civil Code §1798, et sequitur* (California Information Act), the California Court's have upheld the privacy rights of individuals against the disclosure of personal information, Plaintiffs believed was confidential and private as maintained in the Governmental agencies.

As stated in _Witriol v. LexisNexis Group_, 2006 U.S. Dist. LEXIS 26652 (N.D. Cal. Apr. 26, 2006) at *4:

_"California Civil Code § 1798_ provides:"

**"Any person**, other than an employee of the state or of a local government agency acting solely in his or her official capacity, **who intentionally discloses information, not otherwise public**, **which they know or should reasonably know was obtained from personal information maintained by a state agency or from "records" within a "system of records"** (as these terms are defined in the Federal Privacy Act of 1974 (P.L. 93-79; _5 U.S.C. 552a_)) maintained by a federal governmental agency, **shall be subject to a civil action, for invasion of privacy, by the individual to whom the information pertains." [emphasis added]**

Taitz and DOFF violated Plaintiffs', especially Liberi's privacy rights and violated the _California Civil Code § 1798_ by intentionally disclosing and distributing Liberi's full Social Security number, place of birth, mother's maiden name, date of birth and other personal identifying information as well as confidential information of Ostella and Adams maintained by state and/or federal agencies to unauthorized third parties; all over the internet; by mass emailing; disclosed this information internationally, all of which is in violation of the Privacy laws and _California Civil Code § 1798, et sequitur_ including _California Civil Code § 1798.53_ Plaintiffs' have in fact pled the private information disclosed by Taitz and DOFF, especially Liberi's full Social Security number, place of birth, mother's maiden name, date of birth and other private and personal information and even though  Taitz and DOFF attempted to claim they obtained Liberi's Social Security number and other private confidential information from a Court, which is completely untrue, they contradicted their own statement and substantiated Liberi and the other Plaintiffs claims by pointing out to the fact and **__Admitting__** pursuant to _California Civil Code § 1798_ Social Security numbers and other personal confidential information is to be maintained by Agencies, Government entities; State Entities, including State

and Federal Courts, etc. as completely confidential and unavailable to any party of the public, including Taitz and DOFF.

Other than the individual the information pertains too, the only agencies which maintain Social Security numbers, date of birth information, place of birth and mother's maiden names are the Social Security Administration, a Federal Agency; The Department of State, a Federal Agency; A Department of Motor Vehicles, a state governmental agency; State and Federal Law Enforcement Agencies, for different reasons; and State and/or Federal Courts for different reasons, all of which are governed by the Federal Privacy Laws and/or the California Information Practices Act to maintain the individuals information confidential and private, again as admitted by Taitz and DOFF.

Plaintiffs' have clearly met their claims pursuant to *California Civil Code § 1798, et sequitur* that the information disclosed by Taitz and DOFF was privileged, confidential, was not publicly available, and was not public record.  See *Witriol v. LexisNexis Group*, 2006 U.S. Dist. LEXIS 26652 (N.D. Cal. Apr. 26, 2006) quoting *Jennifer M. v. Redwood Women's Health Ctr*., 88 Cal. App. 4th 81, 89, 105 Cal. Rptr. 2d 533 (Cal. Ct. App. 29001).  Taitz and DOFF are located in Southern California and therefore, published Plaintiffs' private information under the laws of California, again violating *California Civil Code § 1798, et sequitur*, which this very Court may uphold.

Plaintiffs' would also like to point out to this Court that there are different sectors of *California Civil Code § 1798, et sequitur*, including *§ 1798.53* which create civil liability for "any person…who intentionally discloses information, not otherwise public (.)", *California Civil Code § 1798.3(f)* defines person as "any natural person, corporation, partnership, limited liability company, firm or association who distributes another individuals private confidential

information, including but not limited to, Social Security number, place of birth, date of birth, address, full name, mother's maiden name, etc. And, *California Civil Code § 1798, et sequitur*, including *§ 1798.53* calls for statutory exemplary damage and statutory civil damages which are in addition to special and/or general damages; attorney fees and other litigation costs incurred, which are nonexclusive and are in addition to all other rights, remedies, and causes of action for invasion of privacy.

Taitz and DOFF's publication of Liberi's full Social Security number, date of birth, name, mother's maiden name, place of birth and other private confidential personal information was published and distributed by Taitz and DOFF purposefully, intentionally, vindictively, maliciously and with malice.  As a result, Plaintiffs' have been severely injured and damaged.

 More importantly, as we are sure this Court has noticed, Taitz and DOFF purposefully attempted to defraud this Court by citing to *California Civil Code § 1798.3* however, failing to cite the entire statute in order to manipulate the law and confuse this Court.

### IV.    VENUE IS PROPER IN THIS JURISDICTION AND THIS CASE SHOULD NOT BE TRANSFERRED TO TEXAS OR CALIFORNIA PURSUANT TO 28 U.S.C. §1404(a):

In considering whether to grant venue transfer under 28 USCS § 1404(a), courts engage in two-part test: (1) whether action might have been brought in proposed transferee forum; and (2) whether transfer promotes convenience and justice. *Excelsior Designs, Inc. v Sheres*, 291 F Supp 2d 181 (E.D. NY 2003).

In a diversity action like this one, venue is proper "only in (1) a judicial district where any Defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or **(3) a judicial district in which any**

**Defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.**" 28 U.S.C. §1391(a).

Here neither Texas nor California is the proper Venue as all of the Defendants' reside in different States. Thus, 28 U.S.C. §1391(a)(1) does not apply. 28 U.S.C. §1391(a)(2) does not apply as the actions of the Defendants occurred in California, Texas, and other States that Taitz was located during her travels wherein she posted on her website and/or conducted interviews over the telephone. Furthermore, the Defendants' wrongs involve the Internet that is conducted all over the World. This only leaves 28 U.S.C. §1391(a)(3) as this Court has personal Jurisdiction over all the Defendants' even though the Court must only have personal Jurisdiction over one [1] of the Defendants'. It is in the public and private interests that the Federal Laws be upheld pertaining to Venue and transfer of cases within the Federal Court systems. 28 U.S.C. §1404(a) only provides for the transfer of a case where both the original and the requested venue are proper. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878

The Court of Appeals has recognized that the right to defend suit in the appropriate venue is conferred for the personal benefit of the Defendants and may be waived by Defendants. See *Davis v. Smith*, 253 F.2d 286, 288 (3d Cir. 1958). Taitz, DOFF and the Sankey Firm waived their right to raise any issues pertaining to Venue as they did not timely file their Motions for Transfer and the Hale Defendants, Sankey, Sankey Investigations and Belcher never requested the Case to be transferred pursuant to 28 U.S.C. §1404(a), again which they waived.

Section 1404(a) transfers are discretionary determinations made for the convenience of the parties and presuppose that the Court has jurisdiction and that the case has been brought in the correct forum. *Lafferty v. Gito St. Riel*, 495 F.3d 72, 77 (3d Cir. Pa. 2007) citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995).

As this Court is aware, in *Jumara v. State Farm Ins. Co*., 55 F.3d 873 the Court outlined the important issues to be taken into consideration when deciding whether or not to transfer a case pursuant to 28 U.S.C. §1404(a).  In fact, the Court stated in ruling on said Motions the Court should take into account three [3] enumerated factors, convenience of parties, convenience of witnesses or interests of justice, which also include public and private interests.

First and foremost, none of the Defendants have cited any type of hardships; inconvenience of the parties; inconvenience of any of their witnesses, in fact they fail to name any witnesses; financial hardships nor have they given any good reason for the transfer of the case. See *Breeden v Tricom Bus. Sys*. 244 F Supp 2d 5 (N.D. NY 2003) (Motion to transfer venue under 28 USCS § 1404(a) was denied, where defendant lessor failed to specifically identify witnesses).  Defendants have not provided any evidence of a document or record that is unavailable in Pennsylvania.  Therefore, this factor does not weigh in favor of transferring venue, *Visual Software Solutions, Inc. v. Managed Health Care Assocs*., 2000 U.S. Dist. LEXIS 10668 (E.D. Pa. Aug. 1, 2000).

To the contrary, Plaintiffs' in their oppositions to the Defendants' Motions have in fact pointed out that transferring the case to Texas or California would be very inconvenient and financially exhaustive for Plaintiffs' and Plaintiffs' witnesses.  In fact, Plaintiffs' witnesses may not be able to afford the travel expenses and Plaintiffs' do not have the financial ability to pay for the travel expenses for all their witnesses.  Plaintiffs' intend on calling Charlie Fendt, resident of New York; K. Strebel, resident of Utah; Al Alper, resident of Philadelphia, PA; Tom Dougherty, resident of Philadelphia, Pennsylvania; Robert and Dianne Long, residence redacted due to safety; Matt Harris, residency redacted due to safety; Mark McGrew, residency redacted; and several other witnesses from the Eastern States.  Purpose of 28 USCS § 1404 is to prevent waste

of time, energy and money and to protect the litigant, witnesses and public against unnecessary inconvenience and expense, *Monihen v Oliver Machinery Co.*, 502 F Supp 36 (E.D. Pa 1980); *Vista Medical Systems, Inc. v. Marquette Electronics, Inc.*, 1988 U.S. Dist. LEXIS 6058 (E.D. Pa. June 23, 1988).

Moreover, all documents, all information pertaining to Berg's website, witnesses of the Plaintiffs' which will testify they obtained the chat from Plains Radio wherein Belcher threatens Berg and Liberi if they come to her "redneck" town, the problems created and caused by Belcher while she was on Berg's website, Belcher's threats regarding Liberi's heart problems and Liberi having a heart attack, Belcher's slanderous statements, Taitz dossier #6; Neil Sankey through Sankey Investigations, Inc.; and the Sankey Firm, Inc. a/k/a the Sankey Firm's email to Taitz, DOFF and Bob Unruh with World Net Daily, who are located in Washington, D.C., libel postings, threats to all Plaintiffs, are located within this Court's jurisdiction. Berg would have to close down his law firm for several days to travel to another state to litigate the within action. The Hale Defendants make the untruthful statement in their Response that Berg travels the Countryside doing radio shows is completely untrue. Berg operates a full service law form in Lafayette Hill, Pennsylvania and cannot shut down his law practice. Transferring venue would be inconvenient to Plaintiffs'; Plaintiffs' witnesses; cause a situation Plaintiffs witnesses would not be able to testify as they would be unable to travel to another State's forum due to health and financial reasons; Belcher has already threatened Berg and Liberi if they come to her "redneck" town they would be forced out, maybe in pieces and therefore a transfer is **not** in the interest of justice. The Defendants did **not** cite any hardship; inconvenience to witnesses; any witnesses they may have; nothing. Therefore, "the interest of justice [would be] is better served in this forum." *Jumara v. State Farm Ins. Co.*, 55 F.3d 879 (3d Cir. 1995).

In addition, this forum is more convenient and cost effective to the Plaintiffs', especially Philip J. Berg, Esquire who runs a Law Practice in Pennsylvania and it would be extremely expensive and a true hardship for him to shut down his law practice to travel to other states to litigate issues which were directed to Pennsylvania; involve a common scheme; and have caused damage to Pennsylvania. *Monihen v Oliver Machinery Co*., 502 F Supp 36 (E.D. Pa 1980); *Walter v Walter*, 235 F Supp 146 (W.D. Pa 1964).   For these reasons, Plaintiffs' chose this Court's forum which is the proper forum for this litigation. 28 USCS § 1404(a) was not intended to defeat Plaintiffs rights of bringing their action in such forum as they deemed proper, and wherever possible, consideration ought to be given to choice of his forum. *Walter v Walter*, 235 F Supp 146 (W.D. Pa 1964); *Vista Medical Systems, Inc. v. Marquette Electronics, Inc*., 1988 U.S. Dist. LEXIS 6058 (E.D. Pa. June 23, 1988) (A Plaintiff's choice of forum normally receives great deference).

The Federal Courts in the Eastern District of Pennsylvania operate efficiently.  There is little lag time between the filing of the Complaint, the conduction of discovery and the scheduling of trial.  Undersigned counsel does not know the volume of litigation in Texas and/or California, but believes that it would dwarf the volume of the Eastern District of Pennsylvania. Likewise, the cost of proceeding in Eastern Pennsylvania would pale in comparison to those in Texas and California in terms of attorneys' fees, travel expenses, hotel accommodations and restaurant pricing.  It should also be noted, the Hale Defendants, Belcher, Taitz and DOFF have been using donated funds for the within litigation and travel expenses.

All of these issues relate to the Public and Private interests that apply to the choice of forum and the Public and Private Interests weighs heavily in favor of maintaining this case in the Eastern District of Pennsylvania.

This case was filed May 4, 2009, over five [5] months ago.  This Court is familiar with the lawsuit and the basis for said suit.  For another Court to learn the Case would take additional time and cost the Plaintiffs' large amounts of money to travel to another state or states and force the Plaintiffs' to incur the travel expenses for all their witnesses.  To transfer the case now would waste money, time and energy, which is clearly against the Public and Private interests. See *Glen Knit Industries, Ltd. v E. F. Timme & Son, Inc*., 384 F Supp 1176 (D.C. Pa 1974) (Purpose of 28 USCS § 1404(a) is to prevent waste of time, energy and money).

As stated herein all the Defendants targeted the Plaintiffs' located within this Court's jurisdiction.  As stated in *Jumara v. State Farm Ins. Co*., 55 F.3d at 880, the Public interests include local interest in deciding local controversies at home.

## V.    SEVERENCE IS NOT PROPER IN THIS CASE:

The Hale Defendants are the only Defendants who addressed this issue, and admitted to the common scheme by the Defendants to harm the Plaintiffs, Plaintiffs' reply as follows.

Determination of whether the claims or parties should be severed is more appropriately made when the Court can determine which issues will go to trial, *Miller v. Hygrade Food Prods. Corp.*, 202 F.R.D. 142, 145 (E.D. Pa. 2001).  To address this issue now is simply premature because this action has not proceeded beyond the pleading stage, and the Court has yet to sort out the intricacies of the relationships among the Defendants', *United States v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.*, 793 F. Supp. 1114, 1154 (E.D. N.Y. 1992).  Indeed, although Plaintiffs strongly disagree, this case could possibly develop so that Plaintiffs cannot prove that Defendants acted in a common way; however, because the record is not fully developed, it is premature to foreclose Plaintiffs from pursuing that opportunity, *Foreman Indus., Inc. v. Gen. Motors Corp.*, 34 B.R. 712, 715 (S.D. Ohio 1983).

The Hales have admitted that Taitz and Sankey sought them out and used them to carry through with Taitz threats to bring Berg down and destroy his paralegal, Liberi in the process. The Hale Defendants even admitted that Taitz and Sankey used them to harass and assault the Plaintiffs.  Thus, they have admitted the common scheme between all the Defendants, which again were to bring Berg down and destroy Liberi, Berg's paralegal and any other party associated with Berg.

### VI.    PLAINTIFFS' HAVE SATISFIED THE REQUIREMENTS OF RULE 20 FOR JOINT ACTION:

The Hale Defendants are the only Defendants who addressed the issues pertaining to Rule 20, however Plaintiffs' reply accordingly.

Next, the Hale Defendants quote Plaintiffs stating, "*The Court of Appeals has recognized that the right to defend suit in the appropriate venue is conferred for the personal benefit of the Defendants and may be waived by the Defendants*" and then attempt claiming they are lay persons with no legal training or experience and therefore had no knowledge requirements to request transfer of a case pursuant to 28 U.S.C. § 1404(a) and were unaware.  The Hale Defendants argument is misplaced and fails.  *Pro se* Defendants' must follow the rules of procedure and the substantive law, *see* <u>McNeil v. United States,</u> 508 U.S. 106, 113, 113 S. Ct. 1980, 124 L. Ed. 2d 21 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse the mistakes of those who proceed without counsel"); <u>Abiff v. Yusuf</u>, 2008 U.S. Dist. LEXIS 40032 (D.V.I. 2008) (stating that the right of self-representation is not a license to excuse non-compliance with relevant rules of procedural and substantive law.) quoting <u>Farretta v. California</u>, 422 U.S. 806, 834 n. 46 (1975); <u>Thompson v. Target Stores</u>, 501 F. Supp. 2d 601, 602 (D. Del. 2007).  As the Supreme Court wrote in <u>Baldwin County Welcome Center v. Brown, 466 U.S. 147, 152, 104 S. Ct. 1723, 80 L. Ed. 2d 196</u>

*(1984)*, "*procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of vague sympathy for particular litigants.*" *Hatcher v. Potter*, 2005 U.S. Dist. LEXIS 31742 (E.D. Pa. Dec. 7, 2005).

The Hale Defendants claim, "*a talk radio show, using one's common sense and knowledge of the ways of the world, is a forum used to get things off your chest and quite frequently the topic is controversial.*"   Talk shows and controversial issues does not include posting statements and telling the radio world that Plaintiff Liberi and Ostella "**stole money**" from Defendant Taitz; stating Liberi "**scammed**" Taitz; calling Plaintiff Adams a "**Bitch; a whore; a liar; etc.**"; stating and posting Plaintiff Ostella "**hacked, hijacked and stole**" Defendant Taitz's website; calling Liberi and Ostella **thieves**; stating Berg and Adams are under investigation by the Federal Bureau of Investigation and the Federal Trade Commission; that Adams and Berg were being arrested; Berg is a shyster, etc.  In addition, the Hale Defendants arguments under Rule 20 are misplaced.

The purpose of Fed. R. Civ. P. 20 is to "promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." *Formosa Plastics Corp., U.S.A. v. ACE Am. Ins. Co.*, 2009 U.S. Dist. LEXIS 71712 (D.N.J. Aug. 14, 2009); *King v. Pepsi Cola Metro. Bottling Co.*, 86 F.R.D. 4, 6-7 (E.D. Pa. 1979)) *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir. 1974) (citation omitted).

Federal Rule of Civil Procedure 20(a) governs permissive joinder and provides in relevant part: "All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences *and* if any question of law or fact common to all these persons will arise in the action." Fed. R. Civ. P. 20(a) (emphasis added).

The purpose of Rule 20(a) is to "promote trial convenience and expedite the final determination of disputes, thereby preventing multiple law suits." *7 Charles Alan Wright, et al., Federal Practice and Procedure § 1652 at 395* (3d ed. 2001); see also *Formosa Plastics Corp., U.S.A. v. ACE Am. Ins. Co.*, 2009 U.S. Dist. LEXIS 71712 (D.N.J. Aug. 14, 2009) citing *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir. 1974) (all 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence).

At a minimum, Rule 20(a) requires that the central facts of each Plaintiff's claim arise on a somewhat individualized basis out of the same set of circumstances. See *King v. Pepsi Cola Metro. Bottling Co.*, 86 F.R.D. 4, 6-7 (E.D. Pa. 1979)**.**

Courts generally apply a case-by-case approach in determining whether a particular factual situation meets the same transaction or occurrence test. See 7 Charles Alan Wright, et al., Federal Practice and Procedure § 1653 at 409 (3d ed. 2001); *Blood v. Fed. Bureau of Prisons*, 2009 U.S. Dist. LEXIS 21529 (M.D. Pa. Mar. 17, 2009) citing *Mosley*, 497 F.2d at 1333.  The test mirrors the one applied under Federal Rule of Civil Procedure 13(a), under which "'Transaction' is a word of flexible meaning.  It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their *logical relationship*." *Mosley*, 497 F.2d at 1333 (emphasis added) (quoting *Moore v. New York Cotton Exchange*, 270 U.S. 593, 610, 46 S. Ct. 367, 371, 70 L. Ed. 750 (1926)); see also *In re University Med. Ctr.*, 973 F.2d 1065, 1086 (3d Cir. 1992) (recognizing logical relationship test under Rule 13(a)).  Identifying each event is not demanded. See *Mosley*, 497 F.2d at 1333; *King v. Pepsi Cola Metro. Bottling Co.*, 86 F.R.D. 4, at *6 (E.D. Pa. 1979).

Here, the Defendants' all joined forces, shared a common scheme, with Taitz to bring down and destroy Berg; destroy his paralegal, Liberi and get rid of her; and any other parties associated with Berg and Liberi. All of the Defendants' went after the Plaintiffs, due to their association with Berg and his lawsuits and caused the Plaintiffs' to suffer damages and injuries. The Hale Defendants clearly admitted this and admitted Taitz and Sankey used them to harass and assault Liberi to bring Berg down and to destroy his paralegal, Liberi in the process and anyone else associated with Berg and Liberi. See **EXHIBIT "54"**.

Furthermore, all the Defendants failed to raise the issue, cite or established any legally cognizable prejudice as a result of hearing together all of the Plaintiffs' claims against all of Defendants responsible for Plaintiffs' injuries in this Court, which is the proper jurisdiction; however, there would be great prejudice to the Plaintiffs if the Case is severed, transferred or dismissed. First, severance would be a tactical boon to all Defendants. If the case is separated and tried in different locations, the Defendants' would then point to the other Defendants' not named in those particular actions if these claims were not tried together, leaving the jury wondering why a claim had not been brought against the other Defendants. E.g., the case against Taitz and Sankey is separated and moved to California while the case against the Hale Defendants is moved to Texas. First problem with this is all of the Plaintiffs' would have to travel to three [3] different locations and Hale would blame Taitz for the actions, which would cause the jury to wonder why the Plaintiff failed to name Taitz. The permutations of this prejudice are boundless. The jury might give a compromise verdict, in which case Plaintiffs would not get the full value of their damages. Next, there are many parties who are willing to be witnesses against the Defendants named herein. Severance of these claims would cause each of the witnesses to have to be brought to Court three [3] or more times in different States to testify

to a pattern of facts and opinions, where experts are concerned, which are common to all Defendants. Not to mention the fact, Plaintiffs' witnesses would have to be deposed three [3] times if the case is severed. This would triple all costs associated with Plaintiffs' witnesses.

Severance would cause inconvenience and severe prejudice to the parties, especially the Plaintiffs' and their witnesses. In addition, it would undermine Plaintiffs' ability to contest the Defense case. In light of the fact, that this triplication would burden all the witnesses and jurors as well as waste judicial resources.

These are important reasons to try the case as a single, coherent whole, and Plaintiffs' urge the Court not to undermine that. Severance is an extraordinary procedure and cannot be justified unless it will substantially further the ends of judicial economy, prevention of delay and prejudice, and otherwise serve the ends of justice. This standard has not been met in this case and therefore, the case should not be severed.

## IV.    **CONCLUSION**:

For the above aforementioned reasons, this Honorable Court has personal jurisdiction over all the Defendants and therefore should not be dismissed; this case should not be severed; and this case should not be transferred.

Respectfully submitted,

Dated:  September 29, 2009

s/ Philip J. Berg
_____
PHILIP J. BERG, ESQUIRE
*Attorney for Plaintiffs'*

Law Offices of:
**Philip J. Berg, Esquire**
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Identification   No. 09867
(610) 825-3134                                    *Attorney for Plaintiffs*

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA LIBERI, et al, | : | |
| Plaintiffs, | : | |
| vs. | : | Case No.: 09-cv-01898-ECR |
| ORLY TAITZ, et al, | : | |
| Defendants. | : | |

## <u>CERTIFICATE OF SERVICE</u>

I, Philip J. Berg, Esquire, hereby certify that a copy of Plaintiffs' Reply to the Defendants Response to Plaintiffs Response to this Court's Rules to Show Cause was served this 29th day of September 2009 electronically upon the following:

Orly Taitz
Defend our Freedoms Foundation, Inc. (unrepresented)
26302 La Paz Ste 211
Mission Viejo, CA 92691
Email:  dr_taitz@yahoo.com

Neil Sankey
The Sankey Firm, Inc. a/k/a The Sankey Firm (unrepresented)
Sankey Investigations, Inc.
2470 Stearns Street #162
Simi Valley, CA 93063
Email:  nsankey@thesankeyfirm.com

Linda Sue Belcher
201 Paris
Castroville, Texas 78009
Email:  Newwomensparty@aol.com  and
Email:  starrbuzz@sbcglobal.net


Ed Hale
Caren Hale
Plains Radio
KPRN
Bar H Farms
1401 Bowie Street
Wellington, Texas 79095
Email:  plains.radio@yahoo.com; barhfarms@gmail.com;
ed@barhfarnet; and ed@plainsradio.com


s/ Philip J. Berg

PHILIP J. BERG, ESQUIRE