LAW OFFICES OF
**PHILIP J. BERG**

PHILIP J. BERG
CATHERINE R. BARONE
BARBARA MAY

NORMAN B. BERG, Paralegal [Deceased]

555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531

(610) 825-3134

FAX  (610) 834-7659

E-Mail: philjberg@gmail.com

January 20, 2010

Honorable Eduardo C. Robreno
**United States District Court**
 **for the Eastern District of Pennsylvania**
11614 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1797

*Order to be filed of record*

*[signature]*

Sent via Fax to (267) 299-7428............................................................... 42 Pages  1/20/10.

Re:   Liberi, et al. v. Orly Taitz, et al, Case No. 09-cv-01898 ECR
      <u>Opposition to Defendant Orly Taitz, et al's Letter Brief submitted December 31, 2009</u>

Dear Judge Robreno:

   I am in receipt of Defendant Orly Taitz, et al's Letter Brief to Your Honor seeking Sanctions for the filing of Plaintiffs' Emergency Motion to Transfer Venue. In addition, Defendant Taitz states she is representing Defend our Freedoms Foundations, Inc. Defendant Taitz's is **not** licensed to practice law in the Commonwealth of Pennsylvania or in the United States District Court for the Eastern District of Pennsylvania. Your Honor did allow Defendant Taitz to appear *Pro Hac Vice* for the June 25, 2009 Hearing only.

   Defendant Taitz states, "*The only emergency present in this case, is the one being deliberately created by plaintiffs who threaten to undermine the integrity and administration of justice in this court and defame my character in the process.*" This is completely ridiculous. I filed on behalf of my clients an Emergency Motion to Transfer the Case as a result of an Affidavit filed by Defendant Taitz's past law clerk and "lover", Charles Edward Lincoln, III. Based on this Affidavit filed by Mr. Lincoln in an unrelated matter, it raised grave concern of Defendant Taitz's liquidating her assets, the majority of which are located in the jurisdiction of the U.S. District Court, Central District of California, Southern Division. This coupled with the fact a simple Lexis search revealed Defendant Taitz has recently liquidated one of her Dental offices. The Motion to Transfer filed on behalf of the Plaintiffs' is completely proper. Moreover, Your Honor may recall Defendant Taitz demanded Transfer of the Case to California. Now that Plaintiffs' have decided to give into Defendant Taitz's demand, she is still unhappy.

Z:\Liberi Ltr to Judge Robreno Jan. 20, 2010

1

Honorable Eduardo C. Robreno
**United States District Court**
  **for the Eastern District of Pennsylvania**
Page Two

January 20, 2010

    Defendant Taitz's statements that "Berg and Liberi" abused process and used the very same materials as exhibits in the recent filing in the Third Circuit is again ridiculous. I filed a Motion to Expedite the Appeal in the Third Circuit based on Your Honor's ruling of December 11, 2009 suspending the within action pending the outcome of the Appellate Court. I did attach a copy of the letter sent to you with a copy of the Motion attached and explained to the Third Circuit that we have sought Leave to file the Motion to Transfer and have this Case Transferred to the U.S. District Court, Central District of California, Southern Division, which is also completely proper in this case. It should also be noted, I have filed on behalf of all Plaintiffs'; however, Defendant Taitz continues to refer only to Plaintiff Liberi and myself as if she is attempting to punish us for taking protective measures.

    Defendant Taitz goes on further accusing "Berg and Liberi" of "forum shopping" and that "Berg and Liberi" are "*blatantly misusing this Court for their own vendetta against me in order to vex and causes harassment to my family.*" This is ludicrous. Again, the Motion to Transfer was filed on behalf of all Plaintiffs. This is completely proper under the circumstances and Defendant Taitz's demand that Your Honor transfer this Case to California. This is part of the litigation process.

    Defendant Taitz next seeks Leave to File for Rule 11 Sanctions against the Plaintiffs. In particular, she is requesting the Court to Dismiss the Plaintiffs Case, which is the fourth (4th) ir fifth (5th) time she has attempted dismissal, although improper and in violation of the Federal Rules of Civil Procedure. Defendant Taitz continues stating the Case should be Dismissed "*due to the flagrant disregard of Berg and Liberi for procedures and their outlandish concepts of appropriate legal procedure.*" Defendant Taitz then requests that my letter to the Court with the Attached Motion to Transfer "*be stricken from the record so that they cannot be reused or recycled by plaintiffs in other proceedings.*" I am completely uncertain as to what Defendant Taitz is talking about. It should be noted however, as far as recycling and republishing information, Your Honor in the June 25' 2009 Court Hearing, "**Ordered that no Social Security numbers were to be published.**" Defendant Taitz was present for this Hearing, and despite this, she has continued since two (2) days after the Hearing, republication of her Dossier #6 which contains Plaintiff Liberi's Social Security number. As I'm sure this Court is aware, Plaintiffs have sought Leave for the Court to take Judicial Notice of Taitz Republication of Plaintiff Liberi's Social Security number as of January 14, 2010, which is still available on her website. Plaintiffs herein will be seeking Leave to File Contempt against Defendant Taitz.

    Defendant Taitz then states she was <u>**not**</u> served with Plaintiffs November 29, 2009 Letter. This is completely untrue and dishonest. Please see attached hereto as **EXHIBIT "A"**, a copy of the email that went to Defendant Taitz and all the other Defendants. Defendant Taitz has never warned me not to serve her by email. As this Court is aware, parties to litigation before this Court are required to sign up for the ECF system which is all electronic. In fact, I received an email from Defendant Taitz on January 17, 2010 threatening to seek Sanctions if I did not recall the Motion to Expedite the Appeal

Honorable Eduardo C. Robreno  
**United States District Court**  
  **for the Eastern District of Pennsylvania**  
Page Three

January 20, 2010

on the Plaintiffs' behalf. See the email attached hereto as **EXHIBIT "B"**. Defendant Taitz has been served via email after she was personally served with the lawsuit herein. Defendant Taitz has also utilized her email to serve me with her filings that have been presented in this Court. Defendant Taitz has never revoked her consent to be served via email.

    Defendant Taitz's next statements to Your Honor are very interesting to say the least. Defendant Taitz now claims that *California Civil Code* 1798, et sequitur does not support the statutory damages claimed by Plaintiff Liberi. This is completely contrary to Defendant Taitz's filing in September 2009 in Response to Plaintiffs' Response to this Court's Rules to Show Cause. Defendant Taitz's in her September 24, 2009 filing with this Court appearing as Docket Entry #108, clearly concedes that *California Civil Code* 1798, et sequitur applied to her.

    Defendant Taitz's next deception upon Your Honor is Defendant Taitz's claims that *"Berg and Liberi request not just a so-called emergency change of venue but seek 'Ex Parte Order freezing all of Taitz, DOFF and Taitz's portion of her spouses Assets.'"* Again, a complete deception upon Your Honor. If Your Honor recalls, I requested Leave to File an Emergency Motion to Transfer the Case so the Plaintiffs' would have the ability, as it may be necessary, to summons the California Court Ex Parte for a Motion to Freeze Assets. The issue regarding the Freezing of anyone's assets is not before Your Honor.

    Defendant Taitz then goes on to attack her past Law Clerk, Charles Edward Lincoln, III, whom Defendant Taitz was having an affair with. We did attach an Affidavit filed by Charles Edward Lincoln, III which was filed in the U.S. District Court, Southern District of Florida. If there is a Hearing, Mr. Lincoln will appear as a witness and testify as to what is in his Affidavit, most importantly his conversation with Defendant Taitz regarding the issues of her husband, Yosef Taitz's, demands that she sign over her assets. Defendant Taitz then goes into "bashing" Charles Edward Lincoln, III.

    Your Honor may recall, we brought to this Court's attention that Charles Edward Lincoln, III had a criminal past. In fact, on June 25, 2009, during the Hearing before Your Honor, Defendant Taitz introduced Charles Edward Lincoln, III to you as her Law Clerk. She was well aware Mr. Lincoln had a criminal past. Now, that they have ended their affair and Mr. Lincoln is no longer working for her, she has gone on the attack of Mr. Lincoln.

    Defendant Taitz next goes into gibberish regarding an Affidavit of Kathy Ann Garcia-Lawson a Psychologist. Plaintiffs herein did **not** file a separate Affidavit of this Psychologist, as Defendant Taitz would lead you to believe. Instead, the Affidavit Defendant Taitz is referring to is attached as an Exhibit to the Affidavit of Charles Edward Lincoln, III, which we did file.

Honorable Eduardo C. Robreno
**United States District Court**
 **for the Eastern District of Pennsylvania**
Page Four

January 20, 2010

Defendant Taitz then states that Document entry #112 filed by me on behalf of the Plaintiffs' that I accuse her of suborning perjury. This is **not** true. Docket entry #112 is an Affidavit of Lawrence Sinclair in support of Plaintiffs' Reply to Defendant Taitz's Response to this Court's Rules to Show Cause. In this Affidavit, Mr. Sinclair states that Defendant Taitz's asked him to perjure his testimony in an unrelated case. Mr. Sinclair also states that Defendant Taitz told him that Plaintiff Liberi murdered her sister, that the police were aware but didn't have evidence to arrest her, all the time knowing this information was not true. As far as the perjury part, it is important for Your Honor to note, Plaintiffs' have also sought Leave to File a Request for Judicial Notice of Judge Carter's Ruling, wherein Judge Carter clearly in his ruling on **pp. 29-30, paragraph "F" "Conduct of Plaintiffs' Counsel"** states he is concerned Orly Taitz, the Defendant herein, suborned perjury from the witnesses she was calling before him. Judge Carter states that he had received several sworn Affidavits claiming Taitz had asked them to lie in Court. Judge Carter's October 29, 2009 Order is attached hereto as **EXHIBIT "C"**. So, it was **not** me that accused Defendant Taitz's of suborning perjury, instead it was witnesses of hers in an unrelated case and a United States District Court, Central District of California, Southern Division Judge, Judge David O. Carter who was concerned she had in fact suborned perjury.

Defendant Taitz then attempts to cite Law as to why I should be Sanctioned. This is **not** the first time Defendant Taitz has filed a Motion for Sanctions against me. This Court may recall on August 7, 2009 when my clients and I were present for the TRO Hearing, Defendant Taitz filed a Motion for Sanctions without Leave of Court, which this Court denied. The Complaint I filed is **not** of bald assertions and I have filed over 730 pages of Affidavits and evidence supporting the claims in Plaintiffs' Complaint. Moreover, Defendant Taitz claims that I cite an out-of-state statute that likely is **not** enforceable in Pennsylvania and was **not** in good faith. This Court has the Choice of Law as supported by our statutes and case law. All of this is outlined in our Response to this Court's Rules to Show Cause. Now, after her break-up with Mr. Lincoln, Defendant Taitz's is claiming Mr. Lincoln's Affidavit is "*unreliable, misleading, irrelevant, prejudicial, and improper on its face*". This is the same individual that Defendant Taitz had signing her name to documents filed August 3, 2009 in this case while she was out of the Country. The same person that was her law clerk and her "lover". Now that Mr. Lincoln has come forward with information that he has presented to us, he is not credible according to Defendant Taitz. It should be noted, that Defendant Taitz has never denied what is stated by Mr. Lincoln in his Affidavit and this Affidavit was filed in another case unrelated to this one.

Defendant Taitz then accuses me of being untruthful to this Court and deliberately misleading the Court. Defendant Taitz claims I accused her family of plotting fraudulent conveyances without a shred of evidence and claims this is "manufactured" evidence. This is completely absurd. As stated previously, a simple search in Lexis shows that Defendant Taitz's has already recently liquidated one of her dental offices; and Mr. Lincoln's Affidavit addresses a conversation he had with Defendant Taitz regarding Mr. Taitz's demand that she sign over her assets.

Honorable Eduardo C. Robreno  
**United States District Court**  
  **for the Eastern District of Pennsylvania**  
Page Five

January 20, 2010

      Defendant Taitz next states that service by email is **not** proper. Defendant Taitz also serves me by email; she has always accepted service by email and has never revoked permission to be served by email. Furthermore, it is a Rule of this Court that all parties are to be on electronic filing, which serves the parties electronically (through email). See the U.S. District Court for the Eastern District of Pennsylvania Local Rule 5.1.2(2). Defendant Taitz is a California licensed Attorney who was granted *Pro Hac Vice* for the June 25, 2009 Hearing. Defendant Taitz is signed up for ECF filing in California and Georgia. She has **not** been excused by this Court from the ECF filing requirement.

      It should also be noted, Defendant Taitz's has failed to sign her Letter Brief to Your Honor. Rule 11 specifically states, *"Every pleading, written motion, and other paper **must be** signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented. The paper must state the signers address, e-mail address, and a telephone number…The Court **must strike an unsigned** paper unless the omission is promptly corrected after being called to the attorney's or party's attention."*

      For the reasons stated herein, Plaintiffs' respectfully request this Honorable Court deny Leave to Defendant Taitz to File her Rule 11 Motion.

      Thank you.

Respectfully,

*/s/ Philip J. Berg*

Philip J. Berg

PJB:s

Enclosures

cc:    Orly Taitz, et al and  
      Defend our Freedoms Foundation, Inc.  
      26302 La Paz Ste 211  
      Mission Viejo, CA 92691  
      Ph: (949) 683-5411  
      **Fax: (949) 766-7603**  
      By Email: dr_taitz@yahoo.com and by Fax  
      Counsel in pro se  
      Defend our Freedoms Foundations, Inc. is unrepresented