```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| LISA LIBERI, et al., | : | CIVIL ACTION |
| | : | NO. 09-1898 |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| ORLY TAITZ, et al., | : | |
| | : | |
| Defendants. | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                           June 3, 2010

## I.  BACKGROUND

On May 4, 2009, Plaintiffs Lisa Liberi ("Liberi"), Philip J. Berg, Esq. ("Berg"), the Law Offices of Philip J. Berg, Evelyn Adams a/k/a Momma E ("Adams"), Lisa Ostella ("Ostella"), and Go Excel Global (collectively, "Plaintiffs") initiated this defamation, libel and slander action against Defendants Orly Taitz ("Taitz"), Defend our Freedoms Foundations, Inc. ("DOFF"), Neil Sankey, The Sankey Firm and Sankey Investigations, Inc. (collectively, "Sankey"), Edgar Hale, Caren Hale, Plains Radio, KPRN AM 1610, Bar H. Farms, Plains Radio Network (collectively, "the Hales"), and Linda Sue Belcher (collectively, "Defendants").[1]

---

[1] Some of these parties have a long and complicated litigation history. See e.g., Berg v. Obama, 586 F.3d 234 (3d Cir. 2009); Rhodes v. MacDonald, 670 F. Supp. 2d 1363 (M.D. Ga. 2009) (imposing $20,000 sanction on counsel Orly Taitz for use of the legal process for an improper purpose), aff'd Rhodes v. MacDonald, 2010 U.S. App. LEXIS 5340 (11th Cir. Mar. 15, 2010). This litigation appears to be part of this overall dispute among

Plaintiffs allege that, though at one time the parties worked together on a movement to prove that President Barack Obama is not a natural-born citizen, Defendants allegedly published personal and defamatory information in a "quest to destroy" Plaintiffs.

Jurisdiction for this action is predicated upon diversity of citizenship. 28 U.S.C. § 1332. The citizenship of all parties is as follows. For Plaintiffs: Berg and Liberi are Pennsylvania citizens, Adams is an Oklahoma citizen, and Ostella and Go Global are citizens of New Jersey. For Defendants: Taitz, DOFF, and Sankey are citizens of California, Sundquist and Rock Salt Publishing are citizens of New Jersey, and Belcher and the Hales are citizens of Texas.[2]

Here, Sankey, Hale, and Belcher have moved to dismiss the case or, in the alternative, requested a transfer of venue, pursuant to 28 U.S.C. § 1406(a), to the Western District of Texas. Defendant Taitz moved to dismiss based on lack of diversity jurisdiction, under Fed. R. Civ. P. 12(b)(1), and the insufficiency of Plaintiffs' claims. Plaintiffs filed responses thereto, opposing each of Defendants' motions to dismiss. This Court denied all motions to dismiss without prejudice and

---

the parties.

[2] On June 26, 2009, the Court granted Plaintiffs' motion to dismiss Defendants Sundquist and Rock Salt Publishing. See doc. no. 76.

subsequently, in order to focus the issues, issued a rule to show cause as to why the action should not be severed and the claims transferred to the home jurisdiction of each Defendant.  The parties have submitted multiple responses and replies thereto.

Pursuant to 28 U.S.C. § 1404(a), it is proper for a district court to issue an Order to Show Cause as to why an action should not be transferred.  See, e.g., <u>Minkoff v. Chubb Corp.</u>, 2009 U.S. Dist. LEXIS 29137 (D.N.J. Apr. 6, 2009).  Here, the Court directed Plaintiffs to show cause as to why their complaint should not be dismissed on any one of the following three grounds.  First, why this case should not be dismissed for lack of personal jurisdiction.  Second, why this case should not be severed into three (3) or fewer cases against the following groups or Defendants: (i) the Hales; (ii) Belcher; (iii) Taitz, DOFF, and Sankey.  Third, why this case should not be transferred to an appropriate district in either Texas or California, pursuant to 28 U.S.C. § 1404(a).[3]

---

[3]   On August 10, 2009, Plaintiffs appealed the Court's denial of their motion for an injunction or restraining order to the Third Circuit.  On December 9, 2009, this case was placed in suspense pending determination of the appeal.  See doc. no. 83.  On May 26, 2010, the Third Circuit granted Plaintiffs' motion to withdraw their appeal, pursuant to Fed. R. App. P. 42(b).  See Liberi v. Taitz, No. 09-3403, dated 5/26/10.

Throughout the period of time Plaintiffs' appeal was pending before the Third Circuit, the parties filed numerous motions, seeking leave to file further pleadings.  However, since the case was in suspense and inactive, Plaintiffs' many requests for leave to file are denied as moot.

The matter is now ripe for disposition.

**II. DISCUSSION**

First, the Court has subject matter and personal jurisdiction over Defendants. A federal district court may exercise diversity jurisdiction, under 28 U.S.C. § 1332, where all parties are citizens of different states and the amount in controversy sought exceeds $75,000. At the time of the filing of the complaint, Plaintiffs Ostella and Go Global and Defendants Sundquist and Rock Salt Publishing were citizens of New Jersey; however, because their presence in the litigation would destroy diversity, the New Jersey defendants were voluntarily dismissed from the case by Plaintiffs. Therefore, all remaining parties are diverse and there is no issue as to the amount in controversy. Further, Plaintiffs had made out a prima facie case for personal jurisdiction over each Defendant as the allegedly defamatory statements at issue were directed towards Plaintiffs in Pennsylvania and could be covered under the Pennsylvania long arm statute. 42 Pa. C.S. § 5322(b) (providing that the Pennsylvania long arm statute is coextensive with the due process clause); <u>Time Share Vacation Club v. Atl. Resorts, Ltd.</u>, 735 F.2d 61, 63 (3d Cir. 1984); <u>Giusto v. Ashland Chem. Co.</u>, 994 F. Supp. 587, 592 (E.D. Pa. 1998) ("Moreover, defamation and libel may be unique in that the act can be done in one place, but the effects

-4-

may foreseeably be felt in some distant location.").

Second, pursuant to § 1404(a) and in consideration of "the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Section 1404(a) provides that "where a case could have been brought against some defendants in the transferee district, the claims against those defendants may be severed and transferred while the claims against the remaining defendants, for whom transfer would not be proper, are retained." D'Jamoos v. Pilatus Aircraft Ltd., 566 F.3d 94, 110 (3d Cir. 2009) (citing White v. ABCO Eng'g Corp., 199 F.3d 140, 144 (3d Cir. 1999)).[4] Likewise, the Court may transfer all the severed claims to different districts, provided each of the claims being transferred satisfies § 1404(a). Id.

Pursuant to § 1404(a), "[o]nce a court determines that venue would be proper in another district, the court must consider 'all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum.'" Sentry Select Ins. Co. v. LBL Skysytems, Inc., 486 F. Supp. 2d

---

[4] In D'Jamoos, the Third Circuit contemplated a severance and transfer of cases under § 1631, however the Circuit specifically noted that, for purposes of inter-district transferring, § 1631 and § 1404(a) were comparable. 566 F.3d at 110.

496, 505 (E.D. Pa. 2007) (quoting Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995)). In considering a motion for transfer under § 1404(a), the court should consider both private and public interests. Jumara, 55 F.3d at 879-80.

In this case, severance and transfer are warranted. First, the Court, in its Order to Show Cause, apprised "all relevant parties . . . that the court is considering a transfer" so opposition could be filed. Id. at 144. Therefore, each party to the litigation was on notice and was afforded an opportunity to be heard on the issue.

Second, similar to the claims asserted in D'Jamoos, a prima facie case for personal jurisdiction has been made over each Defendant in Pennsylvania, allowing for transfer to their respective home states. 566 F.3d at 109.

Third, in applying § 1404(a), the Court is directed by Jumara to consider both public and private factors warranting severance and transfer. The "private interests" to consider include: (1) the plaintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial conditions; (5) the convenience of witnesses, only to the extent that a witness may be unavailable for trial in one of the fora; and (6) the location of books and records, again only to the extent they

may be unavailable in one of the fora.  <u>Jumara</u>, 595 F.3d at 879.

Relevant "public interests" include: (1) the enforceability of any judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulties in the two fora resulting from court congestion; (4) local interest in deciding local controversies at home; (5) public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases.  <u>Id.</u> at 879-880.

As to the private interests, other than the belief held by all Defendants that President Barack Obama is not a natural-born citizen, it appears that Defendants made the allegedly defamatory statements independent of each other and not in a concerted fashion.  Further, under the facts alleged, each of Defendants' allegedly defamatory statements emanated from their home jurisdictions.

Under these circumstances, private interests overwhelmingly weigh in favor of transfer.  Although Plaintiffs initially sought this District as their forum, they have now petitioned the Court to transfer the entire case to the Central District of California.  All Defendants have already made it clear that they prefer to litigate in their home districts.  Therefore, the convenience of the parties and witnesses will be served by transferring the case to a venue where the respective

parties and witnesses reside.

As to the public factors, they also weigh in favor of transfer. Issues revolving around the alleged defamatory statements and the context in which they were made are best decided by a local jury. Therefore, severance of the individual claims and parties, and transfer to the home district of each of the Defendants is warranted here.

**III. CONCLUSION**

After careful consideration of the convenience of the parties and witnesses, interests of justice, judicial economy, and private and public interests, the Court will **SEVER** the claims into two independent actions and **TRANSFER** the cases back to the appropriate jurisdictions.[5]

An appropriate order follows.

---

[5] Claims against Defendants Linda Sue Belcher, Edgar Hale, Caren Hale, Plains Radio Network, Bar H. Farms, and KPRN A.M. 1610, Neil Sankey and Sankey Investigations, Inc. will be transferred to the Western District Court of Texas, the jurisdiction of which Belcher and the Hales are citizens. Claims against Defendants Orly Taitz and Defend Our Freedoms Foundations are transferred to the Southern Division of the Central District of California, the jurisdiction of which Orly Taitz and Defend Our Freedoms Foundations are citizens.