LAW OFFICES OF
**PHILIP J. BERG**

555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531

PHILIP J. BERG
CATHERINE R. BARONE
BARBARA MAY

(610) 825-3134

FAX   (610) 834-7659

NORMAN B. BERG, Paralegal [Deceased]

E-Mail: philjberg@gmail.com

# URGENT - URGENT

June 7, 2010

Honorable Eduardo C. Robreno
**United States District Court**
 **for the Eastern District of Pennsylvania**
11614 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1797

**Sent via Fax to (267) 299-7428.....................................................................................50 Pages**

Re:    Liberi, et al. v. Orly Taitz, et al, Case No. 09-cv-01898 ECR
       Leave to File Plaintiffs' Motion for Reconsideration; Amendment of Judgment;
       or in the Alternative, Relief from Final Judgment

Dear Judge Robreno:

        I am in receipt of the Court's Memorandum and Order signed by Your Honor on June 3, 2010, however, not docketed until June 4, 2010.  In reading through Your Memorandum and Order, I found a couple of discrepancies, which I feel are significant.  The discrepancies are as follows:

- This Court concedes on page two (2), second (2nd) paragraph of the Court's Memorandum [Doc. No. 117] that the Sankey Defendants, which would be Neil Sankey, Sankey Investigations, Inc. and The Sankey Firm, Inc. a/k/a The Sankey Firm are citizens and residents of the State of California;.

- Defendants Neil Sankey and Sankey Investigations, Inc. are **not** within the jurisdiction of the U.S. District Court, Western District of Texas, but instead are located in the Central District of California;

- Although in Default, the Court made **no** mention of transfer as to Defendant, The Sankey Firm, Inc. a/k/a The Sankey Firm.  Is the Court planning on keeping this one Defendant and allowing Plaintiffs to enter Default against them?;  If not then,

- The Sankey Firm, Inc. a/k/a The Sankey Firm is a California Corporation, in the U.S. District Court, Central District of California, Southern Division jurisdiction. Therefore, transfer of Plaintiffs' claims against this Defendant is only proper to the U.S. District Court, Central District of California, Southern Division;

- Defendants Neil Sankey, Sankey Investigations, Inc. and The Sankey Firm, Inc. a/k/a The Sankey Firm conducted the offenses giving rise to this suit from their office locations in California;

- There is a discrepancy in the Court's Order of June 3, 2010, docketed on June 4, 2010 appearing as Docket Entry No. 118;

- None of the Parties to this Action asked for severance of the Case; The Court's Order states Defendants Motion to Transfer is Granted; and on page two (2) states Defendants' Motion to Dismiss or, in the alternative, Motion to Transfer (doc. No. 10) is Denied as Moot.  First, Doc. No. 10 is an Affidavit of Service, not a Motion to Dismiss or in the alternative to Transfer.  It is believed the Court meant Plaintiffs' Motion to Transfer is Granted, as Plaintiffs' had a pending Motion to Transfer the Case; and

- Amendment of this Court's June 3, 2010 Order, docketed June 4, 2010, appearing, as Docket Entry No. 118 is proper.  This Court has the inherent Power to amend its Final Judgment.

- A proposed Order is attached to Plaintiffs' Motion.

For these reasons, which I feel are significant, I am seeking Leave on behalf of Plaintiffs' to File the attached Motion for Reconsideration; Amendment of Judgment pursuant to F.R.C.P. 59(e); or, in the alternative Relief from Final Judgment pursuant to F.R.C.P. 60.  Since your Honor has entered an Order to Transfer the case to California and Texas, time is of the essence to have Your Honor's Order Amended.

In addition, I received a certified letter from Defendant Orly Taitz over the weekend, which appears to be again seeking Sanctions against me.  I have no intentions on wasting my time again answering her nonsense, unless this Court is planning on filing her letter.

If your Chambers could kindly let me know of Your Honor's intentions on these matters, if Your Honor is granting Plaintiffs' Leave to File their Motion to have this Court's Order Amended; and if Your Honor is planning on filing Defendant Taitz's letter, so I can prepare a proper response.

Thank you.

Respectfully,

Philip J. Berg

PJB:jb

Enclosures

cc:    Orly Taitz, et al and
       Defend our Freedoms Foundation, Inc.
       26302 La Paz Ste 211
       Mission Viejo, CA 92691
       Ph:  (949) 683-5411
       **Fax:  (949) 586-2082**
       By Email:  dr_taitz@yahoo.com
       Counsel in pro se
       Defend our Freedoms Foundations, Inc. is unrepresented

cc:     Linda Sue Belcher
        201 Paris
        Castroville, Texas 78009
        Home Phone:  (830) 538-6395
        Cell Phone:  (830) 931-1781
        Email:  Newwomensparty@aol.com and
        Email:  starrbuzz@sbcglobal.net

        Neil Sankey
        The Sankey Firm, Inc. a/k/a The Sankey Firm
        Sankey Investigations, Inc.
        2470 Stearns Street #162
        Simi Valley, CA 93063
        Phone:  (805) 520-3151and (818) 366-0919
        Cell Phone:  (818) 212-7615
        FAX:  (805) 520-5804 and (818) 366-1491
        Email:  nsankey@thesankeyfirm.com


        Ed Hale
        Caren Hale
        Plains Radio
        KPRN
        Bar H Farms
        1401 Bowie Street
        Wellington, Texas 79095
        Phone:  (806) 447-0010 and (806) 447-0270
        Email:  plains.radio@yahoo.com and
        Email:  barhfarms@gmail.com and ed@barhfarms.net

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LISA LIBERI, et al,

                         Plaintiffs,

        vs.

                   Civil Case No.: 09-cv-01898-ECR

ORLY TAITZ, et al,

                        Defendants.

## ORDER

**AND NOW,** this _____ day of June 2010, after consideration of Plaintiffs' Motion for Reconsideration; for Amendment of Judgment; or in the Alternative, Relief from Final Judgment and any response thereto, it is hereby

**ORDERED and DECREED** that to the extent Plaintiffs' Motion for Reconsideration; for Amendment of Judgment; or in the Alternative, Relief from Final Judgment is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the Order and Memorandum of June 3, 2010 is Amended as follows:

It is hereby **ORDERED** to the extent that Plaintiffs' motion seeks transfer of this Case from the Eastern District of Pennsylvania, the motion is **GRANTED**.

**IT IS FURTHER ORDERED** that this Court will now sever the instant case into two separate, independent actions and **TRANSFER** each action to the Jurisdiction of the following district courts:

1.    All claims pending against Defendants Linda Sue Belcher, Edgar Hale, Caren Hale, Plains Radio Network, Bar H. Farms, and KPRN A.M. 1610 are transferred to the U.S. District Court, Western District of Texas; and

2.    All claims pending against Defendants Orly Taitz, et al and Defend our Freedoms Foundations, Inc., Neil Sankey, Sankey Investigations, Inc. and The Sankey Firm, Inc. a/k/a The Sankey Firm are transferred to the U.S. District Court, Central District of California, Southern Division, 411 West Fourth Street, Room 1053, Santa Ana, CA 92701-4516, Telephone Number:  (714) 338-4750.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss or, in the alternative, Motion to Transfer (doc. nos. 24 and 25) are **DENIED as moot.**[1]

**AND IT IS SO ORDERED:**

_____
            Eduardo C. Robreno,                    J

---

[1]    All Requests for leave to file pleadings submitted during the time the case was in suspense from December 9, 2009 to June 2, 2010, and of which only one letter was made part of the docket (see Berg Letter in Opp'n to Def. Taitz, dated Jan. 10, 2010, doc. no. 116), are denied as moot.

Law Offices of:
**PHILIP J. BERG, ESQUIRE**
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531                    Attorney for:  Plaintiffs'
Identification   No. 09867
(610) 825-3134

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

LISA LIBERI, et al,                          :
                                             :
                    Plaintiffs,              :
                                             :
        vs.                                  :
                                             :  Case No.: 09-cv-01898-ECR
                                             :
                                             :
                                             :
ORLY TAITZ, et al,                           :
                                             :  *Assigned to Honorable Eduardo C. Robreno*
                    Defendants.              :
                                             :

---

### PLAINTIFFS' EMERGENCY MOTION FOR RECONSIDERATION;
### AMENDMENT OF JUDGMENT PURSUANT TO F.R.C.P. 59(e); or in the
### ALTERNATIVE, RELIEF FROM FINAL JUDGMENT PURSUANT TO
### <u>F.R.C.P. 60 of THIS COURT'S MEMORANDUM and ORDER of JUNE 3, 2010</u>

**NOW COME** Plaintiffs', Lisa Liberi [hereinafter "Liberi"]; Philip J. Berg,

Esquire [hereinafter "Berg"], the Law Offices of Philip J. Berg; Evelyn Adams a/k/a

Momma E [hereinafter "Adams"]; Lisa Ostella [hereinafter "Ostella"]; and Go Excel

Global by and through their undersigned counsel, Philip J. Berg, Esquire, and hereby

file's the within Motion for Reconsideration; Amendment of Judgment pursuant to

Federal Rules of Civil Procedure, Rule 59(e); or in the alternative, Relief from Final

Judgment pursuant to Federal Rules of Civil Procedure, Rule 60 of this and

Memorandum [Doc. #117] and Court's Order [Doc. #118] of June 3, 2010, docketed on

June 4, 2010, severing the within action and transferring the case pertaining to

Defendants' Edgar Hale; Caren Hale; Plains Radio; Bar H Farms; KPRN; Neil Sankey; Sankey Investigations, Inc.; and Linda Belcher, et al to the **Western District of Texas** and Defendants' Orly Taitz, et al and Defend our Freedoms Foundations, Inc. to the Central District of California, Southern Division, or in the alternative, Relief from Final Judgment pursuant to the Federal Rules of Civil Procedure, Rule 60. In support hereof, Plaintiffs' aver the following:

- This Court concedes on page two (2), second (2nd) paragraph of the Court's Memorandum that the Sankey Defendants, which would be Neil Sankey, Sankey Investigations, Inc. and The Sankey Firm, Inc. a/k/a The Sankey Firm are citizens of California;.

- Defendants Neil Sankey and Sankey Investigations, Inc. are **not** within the jurisdiction of the U.S. District Court, Western District of Texas, but instead are located in the Central District of California;

- Although in Default, the Court made **no** mention of Defendant, The Sankey Firm, Inc. a/k/a The Sankey Firm;

- The Sankey Firm, Inc. a/k/a The Sankey Firm is a California Corporation, in the U.S. District Court, Central District of California, Southern Division jurisdiction. Therefore, transfer of Plaintiffs' case against this Defendant is only proper to the U.S. District Court, Central District of California, Southern Division;

- Defendants Neil Sankey, Sankey Investigations, Inc. and The Sankey Firm, Inc. a/k/a The Sankey Firm conducted the offenses giving rise to this suit from their office locations in California;

- There is a discrepancy in the Court's Order of June 3, 2010, docketed on June 4, 2010 appearing as Docket Entry No. 118;

- None of the Parties to this Action asked for severance of the Case; The Court's Order states Defendants Motion to Transfer is granted; and on page two (2) states Defendants' Motion to dismiss or, in the alternative, motion to transfer (doc. No. 10) is denied as moot. First, Doc. No. 10 is an Affidavit of Service, not a Motion to Dismiss or in the alternative to Transfer. It is believed the Court meant Plaintiffs' Motion to Transfer is granted, as Plaintiffs' sought leave to file their Motion to Transfer the Case; and

- Amendment of this Court's June 3, 2010 Order, docketed June 4, 2010, appearing, as Docket Entry No. 118 is proper. This Court has the inherent Power to Amend its Final Judgment.

**WHEREFORE,** Plaintiffs' respectfully prays that this Court:

Grant Plaintiffs' Motion for Reconsideration; Amendment of Judgment; or in the alternative, Relief from Final Judgment; Amend this Court's Memorandum and Order of June 3, 2010, docketed June 4, 2010 as follows:

1. Amend the Court's Order of June 3, 2010 [Doc. No. 118] to read, "to the extent that Plaintiffs' Motion seeks to transfer this Case from the Eastern District of Pennsylvania, the Motion is **GRANTED**";

2. Amend the Court's Order of June 3, 2010 [Doc. No. 118] to reflect "**IT IS FURTHER ORDERED** that Defendants Motion to Dismiss or, in the Alternative, Motion to Transfer (Doc. Nos. 24 and 25] are **DENIED** as Moot";

3. Amend the Court's Order of June 3, 2010 [Doc. No. 118] Ordering transfer of Plaintiffs' Claims against Defendants' Edgar Hale, et al; Caren Hale; Plains Radio, et al; Bar H Farms; KPRN; and Linda Belcher, et al to the **U.S. District Court, Western District of Texas;** and

4. Amend the Court's Order of June 3, 2010 [Doc. No. 118] Ordering transfer of Plaintiffs' Claims against Defendants' Orly Taitz, et al; Defend our Freedoms Foundations, Inc.; Neil Sankey; Sankey Investigations; and The Sankey Firm, Inc. a/k/a The Sankey Firm to the **U.S. District Court, Central District of California, Southern Division,** 411 West Fourth Street, Room 1053, Santa Ana, CA 92701-4516, Telephone Number: (714) 338-4750.

Respectfully submitted,

Dated: June 7, 2010

Philip J. Berg, Esquire
*Attorney for the Plaintiffs'*
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Identification  No. 09867
(610) 825-3134

Law Offices of:
**PHILIP J. BERG, ESQUIRE**
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531              Attorney for:  Plaintiffs
Identification   No. 09867
(610) 825-3134

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

LISA LIBERI, et al,
                Plaintiffs,

    vs.

                       Case No.: 09-cv-01898-ECR

ORLY TAITZ, et al,
                Defendants.     ***Assigned to Honorable Eduardo C. Robreno***

---

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION FOR RECONSIDERATION; AMENDMENT OF JUDGMENT
PURSUANT TO F.R.C.P. 59(e); or in the ALTERNATIVE, RELIEF FROM
FINAL JUDGMENT PURSUANT TO F.R.C.P. 60 of THIS
<u>COURT'S MEMORANDUM and ORDER of JUNE 3, 2010</u>**

## <u>ARGUMENT</u>

I.      <u>STATEMENT OF FACTS</u>:

Plaintiffs' brought this Action against the Defendants for amongst other things,

Slander, Libel, Assault, Invasion of Privacy, etc. on or about May 4, 2009.

The case was suspended pending the outcome of an Interlocutory Appeal

regarding the issuance of a Temporary Restraining Order and/or Injunction.  Plaintiffs'

moved to Withdraw their Appeal or in the Alternative Dismiss their Appeal pursuant to the Federal Rules of Appellate Procedure, as Defendant Taitz's continued her republication of Plaintiff Lisa Liberi's social security and other personal confidential information, and the damages were so severe as a result, a Temporary Restraining Order and/or Injunction would not suffice. Thus the Appeal became moot while it was pending.

This Court placed Plaintiffs' Case back into Active Status and issued Orders on the issues pending before the Court. The issues were this Court's Rules to Show Cause Why the Case should not be Dismissed; Why the Case Should **not** be Severed; and Why the Case should **not** be Transferred. Also pending was Plaintiffs' Motion Requesting Transfer of the within action to the United States District Court, Central District of California, Southern Division.

On June 3, 2010, this Court issued its Memorandum, attached as **EXHIBIT "A"** and Order, attached hereto as **EXHIBIT "B"** of the two (2) pending issues, this Court's Rules to Show Cause and Plaintiffs' Motion to transfer this Case to California. The Court granted Plaintiffs' Motion to transfer the Case, and at the same time, Ordered Severance of the Case.

On page two (2), in the second (2nd) paragraph, this Court concedes the Sankey Defendants are citizens of the State of California. Moreover, as plead in Plaintiffs' Complaint, Defendant Orly Taitz through Defend our Freedoms Foundations, Inc. requested Defendants Neil Sankey, Sankey Investigations, Inc. and The Sankey Firm, Inc. a/k/a The Sankey Firm to illegally obtain the private confidential information of Plaintiffs Lisa Liberi and Lisa Ostella. In turn, Neil Sankey through The Sankey Firm, Inc. a/k/a The Sankey Firm emailed private data, including the full social security number

of Plaintiff Lisa Liberi from his location in California to Defendant Orly Taitz. At the same time, Defendant Neil Sankey through The Sankey Firm, Inc. a/k/a The Sankey Firm also emailed the private confidential information of Plaintiff Lisa Liberi to a reporter with World Net Daily.

It was then that Defendant Orly Taitz filed a false police report with the Orange County Sheriff's Department, located in the Central District of California, Southern Division, against Plaintiffs Lisa Liberi and Lisa Ostella stating that Neil Sankey had told her (Defendant Orly Taitz) that Plaintiffs Lisa Liberi and Lisa Ostella were in fact one and the same person.

Thus, all the wrongs committed against Plaintiffs Lisa Liberi and Lisa Ostella were a concerted effort between Defendants Orly Taitz, Defend Our Freedoms Foundations, Inc., Neil Sankey; Sankey Investigations, Inc., and The Sankey Firm, Inc. a/k/a The Sankey Firm. Therefore, not only are Defendants Neil Sankey, Sankey Investigations, Inc., and The Sankey Firm, Inc. a/k/a The Sankey Firm citizens of the State of California and located in the U.S. District Court, Central District of California, as this Court concedes, but the actions of these Defendants all occurred in the State of California and were based on the same common scheme.

The problem, which has arisen, is this Court Ordered transfer of Defendants, Neil Sankey and Sankey Investigations, Inc. to the Western District of Texas, which is the **wrong** jurisdiction. Neither Defendants, Neil Sankey nor Sankey Investigations, Inc. have ever been residents of the State of Texas, nor have they conducted business in the State of Texas. Neil Sankey did go on Defendant Hales radio program, but Neil Sankey called into the radio show from his California Cell Phone. In fact, Neil Sankey

immigrated to California from England, and according to all of Mr. Sankey's biographies, he has never resided or conducted business anywhere in the United States other than the State of California. Sankey Investigations, Inc. has always been located and a resident of the State of California and does **not** have offices in any other States. Thus, the transfer of these Defendants to the State of Texas is improper.

As this Court is aware, and as noted by this Court, Defendants Neil Sankey and Sankey Investigation, Inc. filed their Answer, Motion to Dismiss and requested transfer of the Case to the Western District of Texas. Defendant Orly Taitz, according to the Defendants statements, prepared all of the Defendants' Answers, Motions to Dismiss and Requests for Transfers. However, what occurred is whoever prepared the Answer, Motion and Request on behalf of Neil Sankey and Sankey Investigations, Inc. inadvertently forgot to change the Western District of Texas to Defendants Neil Sankey and Sankey Investigations, Inc.'s proper jurisdiction, which is the Central District of California. Plaintiffs' in their Oppositions pointed out that neither Neil Sankey or Sankey Investigations, Inc. fell under the jurisdiction of the U.S. District Court, Western District of Texas. This Court may also recall the letter Neil Sankey mailed to the Court, in said letter, Neil Sankey listed his address and phone number, which were both located in the State of California.

Moreover, in the Court's Memorandum and Order, there is absolutely **no** mention of The Sankey Firm, Inc. a/k/a The Sankey Firm. The Sankey Firm, Inc. a/k/a The Sankey Firm were properly served in the State of California, however, to date they have never entered an appearance or Answered Plaintiffs' Complaint. Not only is The Sankey Firm, Inc. a/k/a The Sankey Firm in default, transfer of Plaintiffs' Case against this

Defendant is only proper in the U.S. District Court, Central District of California, Southern Division.

Furthermore, in this Court's Order of June 3, 2010, docketed June 4, 2010 appearing as Docket Entry No. 118, this Court's Order on page one [1]; paragraph one [¶1]:

> "**AND NOW**, this **3rd** day of **June, 2010**, it is hereby **ORDERED** that to the extent that Defendants' motion seeks to sever and transfer this case from the Eastern District of Pennsylvania, the motion is **GRANTED**."

And on page two [2], paragraph one [¶1]:

> **IT IS FURTHER ORDERED** that Defendants' motion to dismiss or, in the alternative, motion to transfer (doc. no. 10) is **DENIED as moot**.

Neither Defendants nor the Plaintiffs asked for the case to be severed. Plaintiffs' had a pending Motion to Transfer, as discussed in this Court's Memorandum. Moreover, the Order contradicts itself regarding the transfer of the Case. Plaintiffs believe what this Court meant was:

Page 1, Paragraph 1:

> "**AND NOW**, this **3rd** day of **June, 2010**, it is hereby **ORDERED** that to the extent that Plaintiffs' Motion seeks transfer of this Case from the Eastern District of Pennsylvania, the Motion is **GRANTED**."

And

Page 2, Paragraph 2:

> "**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss or, in the alternative, Motion to transfer (doc. Nos. 24 and 25) are **DENIED as moot**.

For the reasons stated herein, Reconsideration; Amendment of the Final Judgment; or Relief from Final Judgment must be Granted.

## II. PLAINTIFFS' HAVE MET THEIR BURDEN and THIS COURT HAS THE INHERENT POWER TO GRANT PLAINTIFFS' MOTION FOR RECONSIDERATION; AMENDMENT OF JUDGMENT; or RELIEF FROM FINAL JUDGMENT BASED on the ERRORS and THE NEW FACTS SUBMITTED HEREIN:

Rule 59 is a procedural device and is therefore applicable in all federal cases, except in certain limited circumstances (*see generally* Ch. 124, *The Erie Doctrine and Applicable Law*).

A Court may grant a *Rule 59(e)* motion only when it finds an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Choi v. Kim*, 258 Fed. App'x 413, 416 (3d Cir. 2007) (citing *North River Ins. Co. v. CIGNA Reinsurance Co*., 52 F.3d 1194, 1218 (3d Cir. 1995)). The party seeking reconsideration bears the burden of establishing one of these grounds. *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *In re Loewen Group Inc. Sec. Litig*., 2006 WL 27286, at *1 (E.D.Pa. Jan. 5, 2006) ("In a motion for reconsideration, the burden is on the movant.") (internal quotation omitted).

As this Court is aware and as outlined in *Broadcast Music, Inc. v. La Trattoria E., Inc*., No. CIV.A. 95-1784, 1995 WL 552881, at *1 (E.D. Pa. Sept. 15, 1995), It is unsettled among the Courts how to treat motions to reconsider:

> The [United States] Supreme Court has noted that "[s]uch a motion is not recognized by any of the Federal Rules of Civil Procedure. The Third Circuit has sometimes ruled on such motions under Federal Rule of Civil Procedure 59(e) and at other times under Rule 60(b). A motion to reconsider may, therefore, be treated as a Rule 59(e) motion for amendment of judgment or a Rule 60(b) motion for relief from judgment or order.
>
> Federal Rule of Civil Procedure 59(e) provides in relevant part that "[a]ny motion

to alter or amend a judgment shall be filed no later than 10 days after entry of the

judgment." Fed. R. Civ. P. 59(e). In the Case herein, the Court Ordered Transfer of Defendant Neil Sankey and Sankey Investigations, Inc. to the Western District of Texas. Although, the Court is correct that Defendants' Sankey and Sankey Investigations, Inc. requested transfer to the Western District of Texas, Plaintiffs' believe this was an error on the Defendants part. Neil Sankey and Sankey Investigations, Inc. at all times have been residents of California in the Central District. Attached hereto as **EXHIBIT "C"** is Neil Sankey, Sankey Investigation, Inc.'s web pages showing his office in California. Attached as **EXHIBIT "D"** is the Affidavit of Service of Plaintiffs' Complaint showing Neil Sankey and Sankey Investigations, Inc. were served in the State of California. Moreover, attached hereto as **EXHIBIT "E"** is Neil Sankey and Sankey Investigations, Inc. private investigations licensing, again showing that both Defendants are residents of the State of California, in the jurisdiction of the Central District of California, Southern Division Court.

In addition, the Court did **_not_** make any mention of Defendant, The Sankey Firm, Inc. a/k/a The Sankey Firm, who are also located in the State of California, and within the U.S. District Court, Central District of California, Southern Division jurisdiction. Attached hereto as **EXHIBIT "F"** is The Sankey Firm, Inc. a/k/a The Sankey Firm's Corporation information through the California Secretary of State. Attached hereto as **EXHIBIT "G"** is the Affidavit of Service showing The Sankey Firm, Inc. a/k/a The Sankey Firm was served at the California address listed with the Secretary of State. Attached as **EXHIBIT "H"** is a copy of their website showing their address in California, in fact, at the location they were served. And, **EXHIBIT "I"** is a copy of the

Sankey Firm, Inc. a/k/a The Sankey Firm's Private Investigation licensing, again showing their location in California.

There is **<u>no</u>** question that The Sankey Firm, Inc. a/k/a The Sankey Firm is in default. Although they were properly served, they have never entered their appearance nor have they Answered Plaintiffs' Complaint. The Court may recall default was entered against them, and on June 25, 2009, this Court set-aside the default giving them time to Answer. Despite this, to date, The Sankey Firm a/k/a The Sankey Firm has never responded. Plaintiffs' requested Leave of this Court to File Default against them a second time, however, were denied without prejudice.

Furthermore, as stated above, the Order of this Court dated June 3, 2010, contradicts itself. In this Court's Order of June 3, 2010, docketed June 4, 2010 appearing as Docket Entry No. 118, this Court Orders on page one [1]; paragraph one [¶1]:

> "**AND NOW**, this **3rd** day of **June, 2010**, it is hereby **ORDERED** that to the extent that Defendants' motion seeks to sever and transfer this case from the Eastern District of Pennsylvania, the motion is **GRANTED**."

And on page two [2], paragraph one [¶1]:

> **IT IS FURTHER ORDERED** that Defendants' motion to dismiss or, in the alternative, motion to transfer (doc. no. 10) is **DENIED as moot**.

Docket Entry Ten (10) is an Affidavit of Service. Neither Defendants' nor the Plaintiffs' asked for the case to be severed. Plaintiffs' had a pending Motion to Transfer, as discussed in this Court's Memorandum. Moreover, the Order contradicts itself regarding the transfer of the Case. Plaintiffs believe what this Court meant was:

Page 1, Paragraph 1:

> "**AND NOW**, this **3rd** day of **June, 2010**, it is hereby **ORDERED** that to the extent that Plaintiffs' Motion seeks transfer of this Case from the Eastern District of Pennsylvania, the Motion is **GRANTED**."

And

Page 2, Paragraph 2:

"**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss or, in the alternative, Motion to transfer (doc. Nos. 24 and 25) are **DENIED** as **moot**.

Generally, a Motion for Reconsideration will only be granted if: (1) there has been an intervening change in controlling law; (2) new evidence, which was not previously available, has become available; or (3) it is necessary to correct a clear error of law or to prevent manifest injustice. _Reich v. Compton_, 834 F. Supp. 753, 755 (E.D. Pa. 1993) (citing _Dodge v. Susquehanna Univ._, 796 F. Supp. 829, 830 (M.D. Pa. 1992), aff'd in part, rev'd in part, 57 F.3d 270 (3d Cir. 1995); _McDowell Oil Serv., Inc. v. Interstate Fire & Cas. Co._, 817 F. Supp. 538, 541 (M.D. Pa. 1993). Furthermore, "With regard to the third ground...any litigant considering bringing a motion to reconsider based upon that ground should evaluate whether what may seem to be a clear error of law is in fact simply a disagreement between the Court and the litigant."

The Supreme Court has stated that Rule 59(e) is generally invoked "only to support reconsideration of matters properly encompassed in a decision on the merits." _White v. New Hampshire Dep't of Employment Sec._, 455 U.S. 445, 451, 102 S. Ct. 1162, 71 L. Ed. 2d 325 (1982).

Plaintiffs have filed their timely motion pursuant to Federal Rules of Civil Procedure, Rule 59(e) and have presented facts to substantiate the error pertaining to Defendants' Neil Sankey, Sankey Investigations, Inc.; and The Sankey Firm, Inc. a/k/a The Sankey Firm.

For the reasons stated herein, Plaintiffs' Motion must be Granted.

### III.    CONCLUSION:

For the reasons stated herein, Plaintiffs' respectfully request this Court to Grant their Motion for Reconsideration; Amendment of Judgment; or in the alternative, Relief from Final Judgment; Amend this Court's Memorandum and Order of June 3, 2010, docketed June 4, 2010 as follows:

1.    Amend the Court's Order of June 3, 2010 [Doc. No. 118] to read, "to the extent that Plaintiffs' Motion seeks to transfer this Case from the Eastern District of Pennsylvania, the Motion is **GRANTED**";

2.    Amend the Court's Order of June 3, 2010 [Doc. No. 118] to reflect "**IT IS FURTHER ORDERED** that Defendants Motion to Dismiss or, in the Alternative, Motion to Transfer (Doc. Nos. 24 and 25) are **DENIED** as Moot;

3.    Amend the Court's Order of June 3, 2010 [Doc. No. 118] Ordering transfer of Plaintiffs' Claims against Defendants' Edgar Hale, et al; Caren Hale; Plains Radio, et al; Bar H Farms; KPRN; and Linda Belcher, et al to the **U.S. District Court, Western District of Texas;** and

4.    Amend the Court's Order of June 3, 2010 [Doc. No. 118] Ordering transfer of Plaintiffs' Claims against Defendants' Orly Taitz, et al; Defend our Freedoms Foundations, Inc.; Neil Sankey; Sankey Investigations; and The Sankey Firm, Inc. a/k/a The Sankey Firm to the **U.S. District Court, Central District of California, Southern Division,** 411 West Fourth Street, Room 1053, Santa Ana, CA 92701-4516, Telephone Number: (714) 338-4750.

Respectfully submitted,

Dated:  June 7, 2010

_____
Philip J. Berg, Esquire
Attorney for the Plaintiffs'
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Identification   No. 09867
(610) 825-3134

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LISA LIBERI, et al.,          :     CIVIL ACTION
                              :     NO. 09-1898
          Plaintiffs,         :
                              :
          v.                  :
                              :
ORLY TAITZ, et al.,           :
                              :
          Defendants.         :

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                          June 3, 2010

## I.   BACKGROUND

On May 4, 2009, Plaintiffs Lisa Liberi ("Liberi"),

Philip J. Berg, Esq. ("Berg"), the Law Offices of Philip J. Berg,

Evelyn Adams a/k/a Momma E ("Adams"), Lisa Ostella ("Ostella"),

and Go Excel Global (collectively, "Plaintiffs") initiated this

defamation, libel and slander action against Defendants Orly

Taitz ("Taitz"), Defend our Freedoms Foundations, Inc. ("DOFF"),

Neil Sankey, The Sankey Firm and Sankey Investigations, Inc.

(collectively, "Sankey"), Edgar Hale, Caren Hale, Plains Radio,

KPRN AM 1610, Bar H. Farms, Plains Radio Network (collectively,

"the Hales"), and Linda Sue Belcher (collectively,

"Defendants").[1]

---

[1]      Some of these parties have a long and complicated
litigation history.  See e.g., <u>Berg v. Obama</u>, 586 F.3d 234 (3d
Cir. 2009); <u>Rhodes v. MacDonald</u>, 670 F. Supp. 2d 1363 (M.D. Ga.
2009) (imposing $20,000 sanction on counsel Orly Taitz for use of
the legal process for an improper purpose), <u>aff'd</u> <u>Rhodes v.
MacDonald</u>, 2010 U.S. App. LEXIS 5340 (11th Cir. Mar. 15, 2010).
This litigation appears to be part of this overall dispute among

Plaintiffs allege that, though at one time the parties worked together on a movement to prove that President Barack Obama is not a natural-born citizen, Defendants allegedly published personal and defamatory information in a "quest to destroy" Plaintiffs.

Jurisdiction for this action is predicated upon diversity of citizenship.  28 U.S.C. § 1332.  The citizenship of all parties is as follows.  For Plaintiffs: Berg and Liberi are Pennsylvania citizens, Adams is an Oklahoma citizen, and Ostella and Go Global are citizens of New Jersey.  For Defendants: Taitz, DOFF, and Sankey are citizens of California, Sundquist and Rock Salt Publishing are citizens of New Jersey, and Belcher and the Hales are citizens of Texas.[2]

Here, Sankey, Hale, and Belcher have moved to dismiss the case or, in the alternative, requested a transfer of venue, pursuant to 28 U.S.C. § 1406(a), to the Western District of Texas.  Defendant Taitz moved to dismiss based on lack of diversity jurisdiction, under Fed. R. Civ. P. 12(b)(1), and the insufficiency of Plaintiffs' claims.  Plaintiffs filed responses thereto, opposing each of Defendants' motions to dismiss.  This Court denied all motions to dismiss without prejudice and

the parties.

[2]     On June 26, 2009, the Court granted Plaintiffs' motion to dismiss Defendants Sundquist and Rock Salt Publishing.  See doc. no. 76.

-2-

subsequently, in order to focus the issues, issued a rule to show cause as to why the action should not be severed and the claims transferred to the home jurisdiction of each Defendant.  The parties have submitted multiple responses and replies thereto.

Pursuant to 28 U.S.C. § 1404(a), it is proper for a district court to issue an Order to Show Cause as to why an action should not be transferred.  See, e.g., Minkoff v. Chubb Corp., 2009 U.S. Dist. LEXIS 29137 (D.N.J. Apr. 6, 2009).  Here, the Court directed Plaintiffs to show cause as to why their complaint should not be dismissed on any one of the following three grounds.  First, why this case should not be dismissed for lack of personal jurisdiction.  Second, why this case should not be severed into three (3) or fewer cases against the following groups or Defendants: (i) the Hales; (ii) Belcher; (iii) Taitz, DOFF, and Sankey.  Third, why this case should not be transferred to an appropriate district in either Texas or California, pursuant to 28 U.S.C. § 1404(a).[3]

---

[3]     On August 10, 2009, Plaintiffs appealed the Court's denial of their motion for an injunction or restraining order to the Third Circuit.  On December 9, 2009, this case was placed in suspense pending determination of the appeal.  See doc. no. 83. On May 26, 2010, the Third Circuit granted Plaintiffs' motion to withdraw their appeal, pursuant to Fed. R. App. P. 42(b).  See Liberi v. Taitz, No. 09-3403, dated 5/26/10.

Throughout the period of time Plaintiffs' appeal was pending before the Third Circuit, the parties filed numerous motions, seeking leave to file further pleadings.  However, since the case was in suspense and inactive, Plaintiffs' many requests for leave to file are denied as moot.

The matter is now ripe for disposition.

## II.  DISCUSSION

First, the Court has subject matter and personal jurisdiction over Defendants.  A federal district court may exercise diversity jurisdiction, under 28 U.S.C. § 1332, where all parties are citizens of different states and the amount in controversy sought exceeds $75,000.  At the time of the filing of the complaint, Plaintiffs Ostella and Go Global and Defendants Sundquist and Rock Salt Publishing were citizens of New Jersey; however, because their presence in the litigation would destroy diversity, the New Jersey defendants were voluntarily dismissed from the case by Plaintiffs.  Therefore, all remaining parties are diverse and there is no issue as to the amount in controversy.  Further, Plaintiffs had made out a prima facie case for personal jurisdiction over each Defendant as the allegedly defamatory statements at issue were directed towards Plaintiffs in Pennsylvania and could be covered under the Pennsylvania long arm statute.  42 Pa. C.S. § 5322(b) (providing that the Pennsylvania long arm statute is coextensive with the due process clause); Time Share Vacation Club v. Atl. Resorts, Ltd., 735 F.2d 61, 63 (3d Cir. 1984); Giusto v. Ashland Chem. Co., 994 F. Supp. 587, 592 (E.D. Pa. 1998) ("Moreover, defamation and libel may be unique in that the act can be done in one place, but the effects

-4-

may foreseeably be felt in some distant location.").

Second, pursuant to § 1404(a) and in consideration of "the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  Section 1404(a) provides that "where a case could have been brought against some defendants in the transferee district, the claims against those defendants may be severed and transferred while the claims against the remaining defendants, for whom transfer would not be proper, are retained."  D'Jamoos v. Pilatus Aircraft Ltd., 566 F.3d 94, 110 (3d Cir. 2009) (citing White v. ABCO Eng'g Corp., 199 F.3d 140, 144 (3d Cir. 1999)).[4] Likewise, the Court may transfer all the severed claims to different districts, provided each of the claims being transferred satisfies § 1404(a).  Id.

Pursuant to § 1404(a), "[o]nce a court determines that venue would be proper in another district, the court must consider 'all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum.'" Sentry Select Ins. Co. v. LBL Skysytems, Inc., 486 F. Supp. 2d

---

[4]     In D'Jamoos, the Third Circuit contemplated a severance and transfer of cases under § 1631, however the Circuit specifically noted that, for purposes of inter-district transferring, § 1631 and § 1404(a) were comparable.  566 F.3d at 110.

-5-

496, 505 (E.D. Pa. 2007) (quoting <u>Jumara v. State Farm Ins. Co.</u>, 55 F.3d 873, 879 (3d Cir. 1995)).  In considering a motion for transfer under § 1404(a), the court should consider both private and public interests.  <u>Jumara</u>, 55 F.3d at 879-80.

In this case, severance and transfer are warranted. First, the Court, in its Order to Show Cause, apprised "all relevant parties . . . that the court is considering a transfer" so opposition could be filed.  <u>Id.</u> at 144.  Therefore, each party to the litigation was on notice and was afforded an opportunity to be heard on the issue.

Second, similar to the claims asserted in <u>D'Jamoos</u>, a prima facie case for personal jurisdiction has been made over each Defendant in Pennsylvania, allowing for transfer to their respective home states.  566 F.3d at 109.

Third, in applying § 1404(a), the Court is directed by <u>Jumara</u> to consider both public and private factors warranting severance and transfer.  The "private interests" to consider include: (1) the plaintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial conditions; (5) the convenience of witnesses, only to the extent that a witness may be unavailable for trial in one of the fora; and (6) the location of books and records, again only to the extent they

-6-

may be unavailable in one of the fora.  <u>Jumara</u>, 595 F.3d at 879.

Relevant "public interests" include: (1) the
enforceability of any judgment; (2) practical considerations that
could make the trial easy, expeditious, or inexpensive; (3) the
relative administrative difficulties in the two fora resulting
from court congestion; (4) local interest in deciding local
controversies at home; (5) public policies of the fora; and (6)
the familiarity of the trial judge with the applicable state law
in diversity cases.  <u>Id.</u> at 879-880.

As to the private interests, other than the belief held
by all Defendants that President Barack Obama is not a natural-
born citizen, it appears that Defendants made the allegedly
defamatory statements independent of each other and not in a
concerted fashion.  Further, under the facts alleged, each of
Defendants' allegedly defamatory statements emanated from their
home jurisdictions.

Under these circumstances, private interests
overwhelmingly weigh in favor of transfer.  Although Plaintiffs
initially sought this District as their forum, they have now
petitioned the Court to transfer the entire case to the Central
District of California.  All Defendants have already made it
clear that they prefer to litigate in their home districts.
Therefore, the convenience of the parties and witnesses will be
served by transferring the case to a venue where the respective

-7-

parties and witnesses reside.

As to the public factors, they also weigh in favor of transfer.  Issues revolving around the alleged defamatory statements and the context in which they were made are best decided by a local jury.  Therefore, severance of the individual claims and parties, and transfer to the home district of each of the Defendants is warranted here.


## III.  CONCLUSION

After careful consideration of the convenience of the parties and witnesses, interests of justice, judicial economy, and private and public interests, the Court will **SEVER** the claims into two independent actions and **TRANSFER** the cases back to the appropriate jurisdictions.[5]

An appropriate order follows.

---

[5]      Claims against Defendants Linda Sue Belcher, Edgar Hale, Caren Hale, Plains Radio Network, Bar H. Farms, and KPRN A.M. 1610, Neil Sankey and Sankey Investigations, Inc. will be transferred to the Western District Court of Texas, the jurisdiction of which Belcher and the Hales are citizens.  Claims against Defendants Orly Taitz and Defend Our Freedoms Foundations are transferred to the Southern Division of the Central District of California, the jurisdiction of which Orly Taitz and Defend Our Freedoms Foundations are citizens.

**EXHIBIT "B"**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LISA LIBERI, et al.,           :    CIVIL ACTION
                               :    NO. 09-1898
          Plaintiffs,          :
                               :
          v.                   :
                               :
ORLY TAITZ, et al.,            :
                               :
          Defendants.          :

**O R D E R**

**AND NOW**, this **3rd** day of **June, 2010**, it is hereby
**ORDERED** that to the extent that Defendants' motion seeks to sever
and transfer this case from the Eastern District of Pennsylvania,
the motion is **GRANTED**.


**IT IS FURTHER ORDERED** that this Court will now **SEVER**
the instant case into two separate, independent actions and
**TRANSFER** each action to the jurisdiction of the following
district courts.  All claims pending against Defendants Linda Sue
Belcher, Edgar Hale, Caren Hale, Plains Radio Network, Bar H.
Farms, and KPRN A.M. 1610, Neil Sankey and Sankey Investigations,
Inc. are transferred to the Western District Court of Texas.  All
claims pending against Defendants Orly Taitz and Defend Our
Freedoms Foundations are transferred to the Southern Division of
the Central District of California.

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss or, in the alternative, motion to transfer (doc. no. 10) is **DENIED as moot.**[1]

**IT IS FURTHER ORDERED** that this case shall be marked **CLOSED.**

**AND IT IS SO ORDERED.**

s/Eduardo C. Robreno
**EDUARDO C. ROBRENO, J.**

---

[1]    All requests for leave to file pleadings submitted during the time the case was in suspense from December 9, 2009 to June 2, 2010, and of which only one letter was made part of the docket (see Berg Letter in Opp'n to Def. Taitz, dated Jan. 10, 2010, doc. no. 116), are denied as moot.

# EXHIBIT "C"

http://www.privateinvestigation.com/



what's new          resources          investigators          FAQ          contact



**Welcome to**

**Sankey Investigations**

**Welcome to privateinvestigation.com the home of Sankey Investigations, Inc. We are a full service investigation company dedicated to excellence in service and aiming for complete customer satisfaction.**

You will find us flexible, efficient, and reasonably priced. Throughout the years we have established worldwide contacts and available specialists for all situations. We have developed expertise in an incredible range of subjects.

We are always available to discuss your needs.

Sankey Investigations provides its clients with immediate access to millions of records kept on site. This service is provided in keeping with the ever changing Investigation field. Sankey Investigations offers modern solutions to the age old problems encountered every day by our clients.

| what's new | resources | investigators | FAQ | contact | home |

**PrivateInvestigation.com**

| what's new | resources | investigators | FAQ | contact |

**Where We Are**
**How to Contact Us**
**Email Our Webmaster**

------------------------

## Where We Are

Located in the heart of the San Fernando Valley

Post Office Box 8298, Mission Hills California 91346

(818) 366 0919

FAX (818 ) 366 1491

------------------------

## How to Contact Us

Neil Sankey **nsankey@privateinvestigation.com**

------------------------

## Email Our Webmaster

If you have any comments, suggestions, or information you would like to see posted here
please do not hesitate to contact our webmaster.

**email now**

------------------------

# EXHIBIT "D"

| Attorney or Party without Attorney: | | | | For Court Use Only |
|---|---|---|---|---|
| PHILIP J. BERG, Bar #09867<br>LAW OFFICES OF PHILIP J. BERG<br>555 ANDORRA GLEN COURT<br>SUITE 12<br>LAFAYETTE HILL, PA 19444<br>Telephone No: 610.825.3134     FAX No: 610.834.7659 | | | | |

Attorney for: Plaintiff | | Ref. No. or File No.:

Insert name of Court, and Judicial District and Branch Court:
United States District Court For The Eastern District Of Pennsylvania

Plaintiff: LISA LIBERI, ET AL.

Defendant: ORLY TAITZ, A/K/A DR. ORLY TAITZ, ETC., ET AL.

| **AFFIDAVIT OF SERVICE**<br>**SUMMONS** | Hearing Date: | Time: | Dept/Div: | Case Number:<br>09-1898 |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUMMONS IN A CIVIL ACTION; COMPLAINT; ORDER; PLAINTIFFS' EMERGENCY MOTION FOR AN INJUNCTION AND/OR TEMPORARY RESTRAINING ORDER; MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR EMERGENCY INJUNCTION AND/OR TEMPORARY RESTRAINING ORDER AND FOR EXPEDITED DISCOVERY

3. a. Party served: NEIL SANKEY

4. Address where the party was served: 2470 STEARNS STREET
#162
SIMI VALLEY, CA 93063

5. I served the party:
b. by substituted service. On: Tue., May. 05, 2009 at: 2:00PM by leaving the copies with or in the presence of:
JAMES TORA, PERSON IN CHARGE, CLERK AT MAIL AND PARCEL CENTER

   (1) (Business) Person in charge over 18. I informed him or her of the general nature of the papers.

7. Person Who Served Papers:
   a. BOB SHULTZ
   b. SADDLEBACK ATTORNEY SERVICE, INC.
      1801-D PARKCOURT PLACE
      SUITE 204
      Santa Ana. CA 92701
   c. (714) 973-9202, FAX (714) 973-0127

Fee for Service:     $45.00
I Declare under penalty of perjury under the laws of the State of Pennsylvania that the foregoing is true and correct.

5-6-09
(Date)

_____
(Signature)

8. Subscribed and sworn to (or affirmed) before me on this 6th day of May, 2009 by BOB SHULTZ, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

COLLEEN KAROTKIN
Commission # 1840215
Notary Public - California
Orange County
My Comm. Expires Apr 9, 2013

(Notary Seal)

AFFIDAVIT OF SERVICE
SUMMONS

_____
(Notary Signature)

8253134.18756

| Attorney or Party without Attorney: | | | | For Court Use Only |
|---|---|---|---|---|

Attorney or Party without Attorney:
PHILIP J. BERG, Bar #09867
LAW OFFICES OF PHILIP J. BERG
555 ANDORRA GLEN COURT
SUITE 12
LAFAYETTE HILL, PA 19444
Telephone No: 610.825.3134        FAX No: 610.834.7659

Ref. No. or File No.:

Attorney for: Plaintiff

Insert name of Court, and Judicial District and Branch Court:
United States District Court For The Eastern District Of Pennsylvania

Plaintiff: LISA LIBERI, ET AL.
Defendant: ORLY TAITZ, A/K/A DR. ORLY TAITZ, ETC., ET AL.

| AFFIDAVIT OF SERVICE SUMMONS | Hearing Date: | Time: | Dept/Div: | Case Number: 09-1898 |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS IN A CIVIL ACTION; COMPLAINT; ORDER; PLAINTIFFS' EMERGENCY MOTION FOR AN INJUNCTION AND/OR TEMPORARY RESTRAINING ORDER; MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR EMERGENCY INJUNCTION AND/OR TEMPORARY RESTRAINING ORDER AND FOR EXPEDITED DISCOVERY

3. *a. Party served:*          SANKEY INVESTIGATIONS, INC.
   *b. Person served:*        NEIL SANKEY, REGISTERED AGENT FOR SERVICE OF PROCESS

4. *Address where the party was served:*    2470 STEARNS STREET
                                            #162
                                            SIMI VALLEY, CA  93063

5. *I served the party:*
   b. by substituted service. On: Tue., May. 05, 2009 at: 2:00PM by leaving the copies with or in the presence of:
                    JAMES TORA, PERSON IN CHARGE, CLERK AT MAIL AND PARCEL CENTER

   (1) **(Business)** Person in charge over 18. I informed him or her of the general nature of the papers.

7. *Person Who Served Papers:*                        Fee for Service:    $45.00
   a. BOB SHULTZ                            I Declare under penalty of perjury under the laws of the State of
   b. **SADDLEBACK ATTORNEY SERVICE, INC.**    Pennsylvania that the foregoing is true and correct.
      1801-D PARKCOURT PLACE
      SUITE 204
      Santa Ana, CA  92701                     *5-6-09*
   c. (714) 973-9202, FAX (714) 973-0127      *(Date)*              *(Signature)*

8. *Subscribed and sworn to (or affirmed) before me on this 10th day of May, 2009   by BOB SHULTZ,*
   *proved to me on the basis of satisfactory evidence to be the person who appeared before me.*

COLLEEN KAROTKIN
Commission # 1840215
Notary Public - California
Orange County
My Comm. Expires Apr 9, 2013

(Notary Seal)                AFFIDAVIT OF SERVICE        (Notary Signature)        8253134 18757
                             SUMMONS

**EXHIBIT "E"**

*Department of Consumer Affairs*
*Bureau of Security and Investigative Services*

# BUREAU OF SECURITY AND INVESTIGATIVE SERVICES

| | |
|---|---|
| **Licensee Name:** | SANKEY INVESTIGATIONS INC |
| **License Type:** | Private Investigator |
| **License Number:** | 10905 |
| **License Status:** | **CLEAR** Definition |
| **Expiration Date:** | January 31, 2011 |
| **Issue Date:** | March 22, 1988 |
| **City:** | MISSION HILLS |
| **County:** | LOS ANGELES |
| **Actions:** | No |

## Business Owners

No records returned

## Related Licenses/Registrations/Permits

No records returned

## Disciplinary Actions

No information available from this agency

**Disciplinary Documentation**

### This information is updated Monday through Friday - Last updated: JUN-04-2010

*Disclaimer*
*All information provided by the Department of Consumer Affairs on this web page, and on its other web pages and internet sites, is made available to provide immediate access for the convenience of interested persons. While the Department believes the information to be reliable, human or mechanical error remains a possibility, as does delay in the posting or updating of information. Therefore, the Department makes no guarantee as to the accuracy, completeness, timeliness, currency, or correct sequencing of the information. Neither the Department, nor any of the sources of the information, shall be responsible for any errors or omissions, or for the use or results obtained from the use of this information. Other specific cautionary notices may be included on other web pages maintained by the Department. All access to and use of this web page and any other web page or internet site of the Department is governed by the Disclaimers and Conditions for Access and Use as set forth at California Department of Consumer Affairs' Disclaimer Information and Use Information.*

Back

# EXHIBIT "F"

## California Secretary of State Debra Bowen

**Secretary of State**   Administration   Elections   **Business Programs**   Political Reform   Archives   Registries

**Business Entities (BE)**

Online Services
- **Business Search**
- **Disclosure Search**
- **E-File Statements**
- **Mail Processing Times**

**Main Page**

**Service Options**

**Name Availability**

**Forms, Samples & Fees**

**Annual/Biennial Statements**

**Filing Tips**

**Information Requests**
(certificates, copies &
status reports)

**Service of Process**

**FAQs**

**Contact Information**

Resources
- **Business Resources**
- **Tax Information**
- **Starting A Business**
- **International Business
  Relations Program**

**Customer Alert**
(misleading business
solicitations)

# Business Entity Detail

Data is updated weekly and is current as of Friday, May 28, 2010. It is not a complete or certified record of the entity.

| | |
|---|---|
| **Entity Name:** | THE SANKEY FIRM, INC. |
| **Entity Number:** | C2921378 |
| **Date Filed:** | 06/27/2007 |
| **Status:** | ACTIVE |
| **Jurisdiction:** | CALIFORNIA |
| **Entity Address:** | 2470 STEARNS ST. #162 |
| **Entity City, State, Zip:** | SIMI VALLEY CA 93063 |
| **Agent for Service of Process:** | TODD SANKEY |
| **Agent Address:** | 2470 STEARNS ST. #162 |
| **Agent City, State, Zip:** | SIMI VALLEY CA 93063 |

* Indicates the information is not contained in the California Secretary of State's database.

- If the status of the corporation is "Surrender," the agent for service of process is automatically revoked. Please refer to California Corporations Code **section 2114** for information relating to service upon corporations that have surrendered.
- For information on checking or reserving a name, refer to **Name Availability**.
- For information on ordering certificates, copies of documents and/or status reports or to request a more extensive search, refer to **Information Requests**.
- For help with searching an entity name, refer to **Search Tips**.
- For descriptions of the various fields and status types, refer to **Field Descriptions and Status Definitions**.

**Modify Search**   **New Search**   **Printer Friendly**   **Back to Search Results**

**Privacy Statement** | **Free Document Readers**

Copyright © 2010   California Secretary of State

**EXHIBIT "G"**

| *Attorney or Party without Attorney:* | | | | *For Court Use Only* |
|---|---|---|---|---|
| PHILIP J. BERG, Bar #09867<br>LAW OFFICES OF PHILIP J. BERG<br>555 ANDORRA GLEN COURT<br>SUITE 12<br>LAFAYETTE HILL, PA 19444<br>*Telephone No:* 610.825.3134      *FAX No:* 610.834.7659 | | | | |

*Attorney for:* Plaintiff      *Ref. No. or File No.:*

*Insert name of Court, and Judicial District and Branch Court:*
United States District Court For The Eastern District Of Pennsylvania

*Plaintiff:* LISA LIBERI, ET AL.
*Defendant:* ORLY TAITZ, A/K/A DR. ORLY TAITZ, ETC., ET AL.

| **AFFIDAVIT OF SERVICE SUMMONS** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>09-1898 |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUMMONS IN A CIVIL ACTION; COMPLAINT; ORDER; PLAINTIFFS' EMERGENCY MOTION FOR AN INJUNCTION AND/OR TEMPORARY RESTRAINING ORDER; MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR EMERGENCY INJUNCTION AND/OR TEMPORARY RESTRAINING ORDER AND FOR EXPEDITED DISCOVERY

3. a. *Party served:*          THE SANKEY FIRM
   b. *Person served:*         TODD SANKEY, REGISTERED AGENT FOR SERVICE OF PROCESS

4. *Address where the party was served:*      2470 STEARNS STREET
                                              #162
                                              SIMI VALLEY, CA 93063

5. *I served the party:*
   b. by substituted service. On: Tue., May. 05, 2009 at: 2:00PM by leaving the copies with or in the presence of:
      JAMES TORA, PERSON IN CHARGE, CLERK AT MAIL AND PARCEL
      CENTER
   (1) (Business) Person in charge over 18. I informed him or her of the general nature of the papers.

7. *Person Who Served Papers:*                     *Fee for Service:*     $112.00
   a. BOB SHULTZ                                    I Declare under penalty of perjury under the laws of the State of
   b. **SADDLEBACK ATTORNEY SERVICE, INC.**         Pennsylvania that the foregoing is true and correct.
      1801-D PARKCOURT PLACE
      SUITE 204
      Santa Ana, CA 92701                           *5-6-09*
   c. (714) 973-9202, FAX (714) 973-0127          *(Date)*                    *(Signature)*

8. *Subscribed and sworn to (or affirmed) before me on this 6th day of* May *, 2009    by* BOB SHULTZ,
   *proved to me on the basis of satisfactory evidence to be the person who appeared before me.*

COLLEEN KAROTKIN
Commission # 1840215
Notary Public - California
Orange County
My Comm. Expires Apr 9, 2013

(Notary Seal)                    AFFIDAVIT OF SERVICE          *(Notary Signature)*
                                 SUMMONS                                                  8253134.18755

# EXHIBIT "H"

http://www.thesankeyfirm.com/about.html



the **Sankey** firm

an investigation corporation license number 17582

The Sankey Firm has been designed to assist attorneys with the difficult task of delving through the myriad of information that has presented itself with the advent of the information age. No longer are we challenged with just obtaining information, but we now find ourselves presented with the challenge of interpreting that information. This often includes verifying entities, properly indentifying witnesses, and locating assets, vehicles and people. Sorting through information databases has become a specialty of Sankey, and we take pleasure in being experts in our field. We also provide comprehensive witness interviews, so you are not left not knowing what a witness is going to say at deposition. Please contact us at gs@thesankeyfirm.com to discuss your investigative needs.

**Giles Sankey**

Giles Sankey specializes in product liability investigation as it relates to automotive defense. He has been involved in the defense of auto manufacturers such as Toyota, Mercedes Benz, Subaru, Honda, Ford and many more. Giles has also conducted detailed background investigations for the insurance industry. These background investigations have involved developing personal histories on individuals going back to their childhood.

Giles has been responsible for the development of many new investigative techniques that have improved the acquisition of data that leads to the discovery of crucial information. He has also taken a leadership position in development of digital technology that has opened up many new avenues for successful investigations.

Educated at the Masters College in Santa Clarita, Giles has a Bachelors degree in Christian Ministries with an emphasis in counseling. This area of study has contributed to his ability to understand human nature and all of its complexities, which has led to the successful interview of hundreds of potential witnesses.

Giles holds a first-degree black belt in Hapkido from the American Hapkido Association. He is also a counsel member of Grace Brethren Schools in Simi Valley. He is an active member of his church, and he is married with two daughters.

**Todd Sankey**

With over twenty years experience, Todd has become the company specialist in Background and Asset Investigations. His expert analysis of all aspects of public records and source information gives you the advantage you want and the information you need. Attention to detail has always been Todd's forte. The background and asset reports have become a highly sought after product here at The Sankey Firm.

Todd's attributes are also utilized to the fullest extent as Operations Manager. Todd critiques, assembles and finalizes the entire reporting process. This is designed to control and standardize the quality of our product.

Todd is married with three children. He is a youth football and baseball coach, very much involved in all of his three children's sporting activities. Todd is also an active member of his church.

**Glen Sankey**

A company of this type always produces a multitude of what can best be described as "miscellaneous activities". Glen has become extremely adept at procuring even the most obscure information, and in a provable form. This includes the detailed, but targeted review of court files and archived cases.

Glen has also become a respected and much sought after Process Server. Years of experience and hundreds of difficult services have been executed by this tenacious and shrewd Investigator.

At The Sankey Firm we often take on the most difficult and essential Service of Process. Glen is an effective specialist in that field. He has become familiarized with the legal requirements and intricate rules of Process Serving. His tireless efforts almost always produce effective results.

"twenty years assisting Southern California's top attorneys"

2470 Stearns Street #162, Simi Valley, California 93063

**(805) 520 3151 | FAX (805) 520 5804**

Home | About Us | Services | Links | Contacts

# EXHIBIT "I"

http://www2.dca.ca.gov/pls/wllpub/WLLQRYNA$LCEV2.QueryView?P_LICENSE_NUMBER=17582&P_LTE_ID=651

## *Department of Consumer Affairs*
## *Bureau of Security and Investigative Services*

# BUREAU OF SECURITY AND INVESTIGATIVE SERVICES

| | |
|---|---|
| **Licensee Name:** | THE SANKEY FIRM |
| **License Type:** | Private Investigator |
| **License Number:** | 17582 |
| **License Status:** | **CLEAR** Definition |
| **Expiration Date:** | April 30, 2011 |
| **Issue Date:** | April 21, 1995 |
| **City:** | SIMI VALLEY |
| **County:** | VENTURA |
| **Actions:** | No |

## Business Owners

| |
|---|
| SANKEY TODD SPENSER |
| , |
| |

## Related Licenses/Registrations/Permits

No records returned

## Disciplinary Actions

No information available from this agency

**Disciplinary Documentation**

### This information is updated Monday through Friday - Last updated: JUN-04-2010

*Disclaimer*

*All information provided by the Department of Consumer Affairs on this web page, and on its other web pages and internet sites, is made available to provide immediate access for the convenience of interested persons. While the Department believes the information to be reliable, human or mechanical error remains a possibility, as does delay in the posting or updating of information. Therefore, the Department makes no guarantee as to the accuracy, completeness, timeliness, currency, or correct sequencing of the information. Neither the Department, nor any of the sources of the information, shall be responsible for any errors or omissions, or for the use or results obtained from the use of this information. Other specific cautionary notices may be included on other web pages maintained by the Department. All access to and use of this web page and any other web page or internet site of the Department is governed by the Disclaimers and Conditions for Access and Use as set forth at California Department of Consumer Affairs' Disclaimer Information and Use Information.*

Back

Law Offices of:
**Philip J. Berg, Esquire**
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Identification   No. 09867
(610) 825-3134                          *Attorney for Plaintiffs*

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA LIBERI, et al, | : | |
| Plaintiffs, | : | |
| vs. | : | |
| | : | |
| ORLY TAITZ, et al, | : | |
| Defendants. | : | Case No.: 09-cv-01898-ECR |
| | : | |
| | : | |
| | : | |

## CERTIFICATE OF SERVICE

I, Philip J. Berg, Esquire, hereby certify that a copy of Plaintiffs' Motion for Reconsideration; Amendment of Judgment pursuant to F.R.C.P. 59(e); or in the alternative Relief from Final Judgment pursuant to F.R.C.P. 60 was served this 7th day of June 2010 electronically upon the following:


Orly Taitz
Defend our Freedoms Foundation, Inc. (unrepresented)
26302 La Paz Ste 211
Mission Viejo, CA 92691
Email: dr_taitz@yahoo.com


Neil Sankey
The Sankey Firm, Inc. a/k/a The Sankey Firm (unrepresented)
Sankey Investigations, Inc.
2470 Stearns Street #162
Simi Valley, CA 93063
Email: nsankey@thesankeyfirm.com

Linda Sue Belcher
201 Paris
Castroville, Texas 78009
Email: Newwomensparty@aol.com and
Email: starrbuzz@sbcglobal.net


Ed Hale
Caren Hale
Plains Radio
KPRN
Bar H Farms
1401 Bowie Street
Wellington, Texas 79095
Email: plains.radio@yahoo.com; barhfarms@gmail.com;
ed@barhfarnet; and ed@plainsradio.com


_____
PHILIP J. BERG, ESQUIRE