Dr. Orly Taitz, Esq
Attorney Pro Se & Attorney
For Defend Our Freedoms Foundation
29839 Santa Margarita Parkway, Suite 100
Rancho Santa Margarita CA 92688
Tel: (949) 683-5411; Fax (949) 766-7603
E-Mail: dr_taitz@yahoo.com

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA LIBERI, et al., | ) | RESPONSE & MOTION FOR RECONSIDERATION |
| Plaintiffs | ) | |
| | ) | No. C 09 1898 ECR |
| v. | ) | |
| ORLY TAITZ, et al., | ) | FILED |
| Defendants. | ) | JUN 1 4 2010 |
| | | MICHAEL E. KUNZ, Clerk |
| | | By_____ Dep. Clerk |

## INTRODUCTION

Defendants, Dr. Orly Taitz and Defend Our Freedoms Foundation (DOFF), hereafter styled "Defendants", find themselves in the position of responding to Plaintiffs' motion for reconsideration of the June 4, 2010 order to sever and transfer this case to Texas and California due to **errors** in the order caused by **misrepresentations and fraudulent assertions** by the Plaintiffs to the Court. In as

Page 1 of 11

much as the situation has become confused owing to the multitude of pleadings, Defendants also make this an alternative motion under FRCP Rule 60(b).

This situation is brought about by what could be described as a case of confusion due to multiple pleadings by Plaintiffs and a campaign of ex parte communications (letters and unfiled pleadings) by Plaintiffs to the Court regarding the events beginning roughly April 2009 to present. This in turn has caused the confusion which resulted in the Court's order of June 4, 2010 ordering the case to be severed and transferred to be defective for reasons outlined below. Defendants **do not** seek a transfer to a district court in California and have made this clear numerous times in writing to this Court as well as the Third Circuit Court of Appeals but Defendants **do** request the case be dismissed for lack of federal diversity jurisdiction. Defendants contend the Court has inexplicably overlooked Defendants' contentions that plaintiff Liberi is a citizen of California and instead relied on the Pennsylvania address used by Liberi when indeed she **is not a citizen of Pennsylvania** despite documentary evidence to the contract – **a felony conviction and probation – Plaintiff incurred in California** and is now studiously trying to ignore.

## I. HISTORY OF THE CASE

Multiple Plaintiffs sued many different defendants including Defendants on various theories too numerous to dwell upon here but reflected in the record. The

main and perhaps only viable Plaintiff suing Defendants is Lisa Liberi who purports that she was defamed when in April 2009 defendant published her criminal record from CA, as a warning to the public, since she had convictions of forgery and grand theft, and was preparing court documents and sending them via e-mail and mail to attorney Berg, who filed those documents with this very district. Berg and Liberi were also doing donation drives. Taitz has posted this official record with a proper intend to warn the public, particularly since one of the cases dealt with vital records of the President of the United States Barack Obama. Taitz wasned the public that there was a need to see the originals in light of Liberi's criminal convictions of forgery. While there is more than one Lisa Liberi in the country, Taitz has done her due diligence and interviewed Liberi's arresting officer, prosecuting attorney, probation officer, victims of her crimes and verified that indeed Liberi, who was convicted in San Bernardino county CA in 2008 and who currently is on probation, but fully under jurisdiction of CA is the assistant preparing papers for Berg. Her probation allows her to stay with her relatives in Santa Fe New Mexico, but she was not resident of PA and was not allowed to reside in PA or anywhere else per her supervised probation. Faced with an embarrassing situation, possible revocation of probation and incarceration back in the state prison in CA, Liberi and Berg have concucted their frivolous and fraudulent legal action, they both provided perjured affidavits, where they claimed

that Liberi is a citizen of PA and the only proof of that was Berg's submission of his own business address as an address of Liberi. Based on perjury and fraud they claimed that Liberi is a resident of PA and that there is jurisdiction in PA based on diversity. Taitz provided this court previously and providing again official conviction records from CA, clearly showing her to be under the jurisdiction of the state of CA and allowed only to NM, not PA. this clearly shows that the whole law suit was a farce, a fraud perpetrated upon this court and upon the defendants. It was filed with the only purpose to harass the defendents with the need to respond to thousands of pages of pleadings unrelated to the dispute and the case being filed in an out of state jurisdiction, where Taitz is not licensed, does not have access to electronic filing and has difficulty following the case and responding. Due to the fact that there was no diversity to begin with, Defendants motioned the court to dismiss the case due to lack of jurisdiction. Berg clearly knew that Liberi does not reside in PA, he knowingly and maliciously concocted a case based on his own and Liberi's perjury and with intend to harass. Due to that fact Defendants motioned the court to dismiss with prejudice and to sanction Berg for violation of attorney's code of ethics, abuse of process and filing a frivolous action with intend to harass. In the event this court is not willing to dismiss with prejudice, in the alternative Defendants are seeking dismissal without prejudice. Since Plaintiffs are opposed to transfer and Defendants are opposed to trsansfer, the case does not follow into the

Page 4 of 11

category of cases that can be transferred, it was filed in improper jurisdiction and **the only proper available remedy will be a dismissal in PA.**

As noted by the Court in the June 4, 2010 order, jurisdiction really did not exist in this case owing to the presence of New Jersey parties. The removal of these parties from the case was accomplished via judicial intervention which Defendants believe was improper.

Defendants contended the lawsuit was frivolous. Plaintiffs then began a campaign to "paper" Defendants into submission including the filing of numerous prejudicial and irrelevant materials about Defendants which remain in the case file. Plaintiffs filed an interlocutory appeal when thwarted by this Court in an attempt to obtain an injunction but even this setback did not stop the blizzard of paper though the Court suspended the case during part of the pendency of the now dismissed appeal.

Plaintiffs continued to file materials with the Court even though the case was suspended and Defendant in turn answered lest the Plaintiffs then contend, as they have in the past, that these filings and their irrelevant and prejudicial contents were characterized as "unopposed" by Defendants. Unfortunately, the record is confused and many irrelevant and prejudicial materials have been permitted to propagate by the Court and these materials should be stricken before any transfer.

The Court **did not docket any of the Defendants' letters** but **did docket**

**the January 21, 2010 letter by Plaintiff and attorney Berg which was representative of much of the material offered.** The letter contained numerous attachments and **served no purpose but to tar the Defendants. Defendants' response to the Berg letter was not docketed.** In the undocketed letters by Defendants, including their most recent communication in regards to yet another ex parte attempt by Plaintiffs to influence the Court and mailed just a few days before the Court's June 4, 2010 order, Defendants have repeatedly stated they oppose any transfer while Plaintiffs in their letter have demanded a transfer to California.

## II. REASONS THE JUNE 4 ORDER SHOULD NOT APPLY TO DEFENDANTS

Application of the June 4, 2010 order to Defendants will result in injustice for the following reasons. First, the Court has mischaracterized the order as granting somehow Defendants' wishes. Defendants repeatedly tried to oppose any transfer – the Court ignored Defendants' communications although they were tendered only in response to Plaintiffs' attempts to ex parte communicate with the Court. The Court must have been cognizant of the Defendants' communications because it docketed one letter from Berg along with its so called exhibits.

Second, a transfer rather than a dismissal will work as an undue hardship on Defendants. Plaintiffs have filed thousands of pages of pleading and exhibits in

this case which Defendants have replied to. There are multiple defendants and plaintiffs of which only Defendants will be transferred to California.

**The Court has also failed to take in consideration that Plaintiff Liberi is not a resident or citizen of Pennsylvania and is a resident of citizen of California due to her felony probation there, something she has not refuted because it is true.** If Liberi, the convicted document forger, is a citizen of California, diversity jurisdiction does not exist and this case must be dismissed as to Defendants. The only evidence of citizenship submitted by Liberi is the business address of her attorney Philip Berg, used as her address on her pleadings, Defendants have disputed this address. This is therefore a disputed fact, discovery and an evidentiary hearing should be had upon this as Liberi and not the other Plaintiffs is the main party complaining against Defendants. The whole essence of the case revolves around Liberi's address, as over a year ago in the beginning of April 2009 Taitz has disclosed on her web site the fact that assistant of attorney Berg is a felon, convicted in the state of CA in 2008 in multiple counts of forgery and grand theft, and therefore there is a need to investigate the documents submitted by Berg and Liberi to court. Berg and Liberi were conducting a Nation wide donations drive to support their legal work in exposing originally president Bush and later Obama. Members of the public demanded answers from Berg, and **Berg has filed this frivolous law suit claiming that Liberi is a resident of PA,**

**in order to defraud this court and in order to defraud the public and continue with their donations drive, while simultaneously harassing the Defendants with hundreds of thousands of pages of pleadings, full of slander, defamation, perjury.** Both Liberi and Berg knew that the court printout of Liberi's conviction in CA is true and correct, that she is indeed Lisa Liberi, who was a convicted forger and thief. This makes the case not only frivolous on it's face, but also grounds for revocation of Liberi's probation and incarceration in CA. Berg's actions were clearly sanctionable, as he was defrauding the court and filing a legal action with the only purpose of harassment of the Defendants and aiding and abetting perjury by his client. See attached exhibit Declaration made by Liberi in CA. Liberi is subject to jurisdiction of the department of probations in CA, therefore if she wants to file a legal action, her proper jurisdiction will be state court in CA.

**Defendants also contend the case will be so cluttered and confused that a transfer will be unduly prejudicial as to Defendants and equally confusing to the receiving court.** A better result would be a dismissal with prejudice as Plaintiffs have abused the court process or at the very least without prejudice.

Third, Defendants' respectfully disagree with the Court's analysis under 28 USC § 1404. The transfer of this case in its present state will result in injustice and undue inconvenience to Defendants. Plaintiff Liberi is a California citizen,

citizenship is a factual dispute, which the Court has failed to address except to note Liberi's alleged address on the pleadings, address that was provided by the Plaintiffs without any verification.

### III. RELIEF SOUGHT

The Court's order of June 4, 2010 should not apply as to Defendants and be revised to reflect the following:

1. Plaintiff Lisa Liberi has not demonstrated she is a citizen of Pennsylvania and has in fact along with her attorney Berg affirmatively misled the Court in this respect.

2. If the Court is yet in doubt, discovery and an evidentiary hearing should be afforded Defendants in regards to Liberi's citizenship.

3. **The current contents of the Court file is overwhelmingly prejudicial to Defendants and contains extraneous and irrelevant materials that would impede justice if transferred "as is."**

4. The so called voluntary dismissal of New Jersey defendants was not voluntary in that the New Jersey defendants objected to dismissal without prejudice – the case should have been dismissed at the point and may still be dismissed *nunc pro tunc*.

6. Numerous ex parte communications of Plaintiffs with the Court were inappropriate and give the appearance of having influenced the Court's June 4,

2010 order in that the June 4 order mirrors the Plaintiffs most recent letter to the Court.

7. The Court has made references to sanctions against Defendant Taitz in an out of district court but has refused to take cognizance on the record of multiple sanctions against Plaintiff Berg, at least one of those instances ordered in this very judicial district. Sanctions against the defendant had nothing to do with this case or any of the parties in this case. Sanctions had to do with political matter of the defendant representing members of active military questioning legitimacy of the commander in chief. On the other hand sanctions against Attorney Berg, that were presented to this court showed similar modus operandi, as exhibited in this very case: namely filing a frivolous law suit with the purpose of harassing the defendants. Other sanctions dealt with the fact that attorney Berg was not truthful with the court, also represents the same modus operandi, as exhibited in this court. It is not clear why this court has chosen to conspicuously address one instance of sanctions against the defendant, where this order of sanctions is not final and is being currently appealed, in a political matter involving the President and commander in chief, which has absolutely nothing to do with the dispute in this case; while at the same time this court has chosen to completely ignore multiple pleadings where the defendants have brought to the attention of this court multiple sanctions against the Plaintiff and attorney in this case Philip Berg. Sanctions against Berg were relevant

as they reflected the same modus of filing frivolous action, harassment and fraud. That is an additional reason, why the order is extremely prejudicial against the Defendants.

8. The case against Defendants should be dismissed with prejudice for the reasons briefed above.

Therefore the June 4, 2010 order should be held in abeyance until the above issues are corrected and resolved.

Date: June 10, 2010

/s/ Orly Taitz, ESQ pro se and for Defend Our Freedoms Foundation

I, Orly Taitz, attest that true and correct copy of the above pleadings was sent to Attorney Philip Berg by first class mail, as well as other Defendants in this case.

/s/ Orly Taitz

06.10.10

Exhibit 1

Public Record of Lisa Liberi's Bankrupcy filing with address 11952 Huntley Dr. Rancho Cucamonga, CA 91739 , San Bernardino County with Liberi's sworn declaration given under penalty of perjury.

Exhibit 2

Public Record of Lisa Liberi's declaration made under penalty of perjury and under laws of CA in San Bernardino County of CA, seeking recusal of San Bernardino District Attorney James Secord from prosecuting a number of her criminal cases.

Exhibit 3

Public record from San Bernardino CA Superior Court of Lisa Liberi's multiple criminal convictions for forgery and grand theft, as well as conditions of Lisa **Liberi's formal probation granted on 03.21.2008 in San Bernardino County, CA to last until 03.21.2011**