LAW OFFICES OF
**PHILIP J. BERG**

555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531

PHILIP J. BERG
CATHERINE R. BARONE
BARBARA MAY

(610) 825-3134

FAX   (610) 834-7659

NORMAN B. BERG, Paralegal [Deceased]

E-Mail: philjberg@gmail.com

# URGENT - URGENT

June 16, 2010

Honorable Eduardo C. Robreno
**United States District Court**
  **for the Eastern District of Pennsylvania**
11614 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1797

**Sent via Fax to (267) 299-7428....................................................................................... 30 Pages**

Re:   *Liberi, et al. v. Orly Taitz, et al*, Case No. 09-cv-01898 ECR
        Leave to File Plaintiffs' Motion to Strike Defendant Orly Taitz's filing of June 14, 2010
        <u>entitled "Response and Motion for Reconsideration" appearing as Docket Entry No. 121</u>

Dear Judge Robreno:

I received Defendant Orly Taitz's filing with this Court on June 14, 2010, appearing as docket entry no. 121, yesterday from the ECF filing system.  In this filing of Defendant Orly Taitz, she has **used your Court to Republish Plaintiff Lisa Liberi's full Social Security number**, which is now available to anyone through the PACER system; for free on www.scribd.com[1] and the Internet.  Unfortunately, whenever anything is filed in this Case, the documents filed appear on the Internet through a website called SCRIBD, which Defendant Taitz is well aware of.  For this reason, I am seeking Emergency Leave to File the attached Motion to Strike and/or Seal Defendant Taitz's Filing of June 14, 2010; for Sanctions; for Damages for Plaintiff Lisa Liberi; and for Attorney Fees on the following grounds:

- Defendant Orly Taitz's Filing of June 14, 2010, appearing as docket entry number 121 is frivolous;

---

[1] http://www.scribd.com/doc/33101290/LIBERI-v-TAITZ-EDPA-121-MOTION-FOR-RECONSIDERATION-OF-THE-ORDER-TO-SEVER-paed-15307802917

Honorable Eduardo C. Robreno                                                    June 16, 2010
**United States District Court**
 **for the Eastern District of Pennsylvania**
Page Two

- Plaintiff Lisa Liberi is **not** a citizen and/or resident of California;

- Defendant Orly Taitz has made these false claims numerous times in her Motions to Dismiss and other filings with this Court, which have been litigated and adjudicated;

- Defendant Taitz's filing appearing on the Court's Docket as entry number 121 contains nothing more than hearsay statements; hearsay documents; speculation; conclusory statements, immaterial, impertinent, scandalous statements and material, and are completely irrelevant, impertinent and immaterial to the within action; and fails to embark upon or even address Plaintiffs' Motion for Reconsideration; Amendment of Judgment; or in the alternative; Relief from Final Judgment;

- Defendant Taitz's filings appearing as Docket entry number 121 contains Plaintiff Lisa Liberi's full Social Security number, which is further Republication in violation of this Court's June 25, 2009 Order and in violation of Fed. R. Civ. P. 5.2;

- Defendant Taitz's filing of June 14, 2010 as Docket entry number 121 contains full Social Security numbers throughout the Forty-Six [46] pages in violation of Fed. R. Civ. P. 5.2; and

- Defendant Taitz filing of June 14, 2010 as Docket entry number 121 fails to cite any type of law or legal authority; fails to cite any new facts; is frivolous; and was only filed to delay proceedings; waste judicial resources; Republish Plaintiff Lisa Liberi's Social Security number; and cost Plaintiffs' additional Attorney Fees.

For these reasons, which I feel are significant, I am seeking Leave on behalf of Plaintiffs' to File the attached Motion to Strike and/or Seal Defendant Taitz's filing of June 14, 2010 [Doc. 121]; for Sanctions; for Damages for Lisa Liberi for the continued Republication of her Social Security number; and for Attorney Fees.

Due to the **urgent** nature of this Motion and the fact Plaintiff Liberi's full Social Security number is publicized on the PACER system through the ECF system, if I do not hear back from your Honor within the next forty-eight [48] hours, I will proceed and File the attached Emergency Motion in the within Case.

Honorable Eduardo C. Robreno                                    June 16, 2010
**United States District Court**
  **for the Eastern District of Pennsylvania**
Page Three


Thank you for your prompt attention to this matter.

Respectfully,

Philip J. Berg

PJB:jb

Enclosures

cc:     Orly Taitz, et al and
        Defend our Freedoms Foundation, Inc.
        26302 La Paz Ste 211
        Mission Viejo, CA 92691
        Ph:  (949) 683-5411
        **Fax:  (949) 586-2082**
        By Email:  dr_taitz@yahoo.com
        Counsel in pro se
        Defend our Freedoms Foundations, Inc. is unrepresented

        Linda Sue Belcher
        201 Paris
        Castroville, Texas 78009
        Home Phone:  (830) 538-6395
        Cell Phone:  (830) 931-1781
        Email:  Newwomensparty@aol.com and
        Email:  starrbuzz@sbcglobal.net

        Neil Sankey
        The Sankey Firm, Inc. a/k/a The Sankey Firm
        Sankey Investigations, Inc.
        2470 Stearns Street #162
        Simi Valley, CA 93063
        Phone:  (805) 520-3151and (818) 366-0919
        Cell Phone:  (818) 212-7615
        FAX:  (805) 520-5804 and (818) 366-1491
        Email:  nsankey@thesankeyfirm.com

Z:\Liberi Ltr to Judge Robreno June 15, 2010                                    3

Honorable Eduardo C. Robreno                                    June 15, 2010
**United States District Court**
  **for the Eastern District of Pennsylvania**
Page Four


cc:     Ed Hale
        Caren Hale
        Plains Radio
        KPRN
        Bar H Farms
        1401 Bowie Street
        Wellington, Texas 79095
        Phone:  (806) 447-0010 and (806) 447-0270
        Email:  plains.radio@yahoo.com and
        Email:  barhfarms@gmail.com and ed@barhfarms.net

Law Offices of:
**PHILIP J. BERG, ESQUIRE**
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531                    Attorney for:  Plaintiffs
Identification   No. 09867
(610) 825-3134

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

LISA LIBERI, et al,

               Plaintiffs,

    vs.                                       Case No.: 09-cv-01898-ECR

ORLY TAITZ, et al,

               Defendants.        *Assigned to Honorable Eduardo C. Robreno*

---

### ORDER

**AND NOW,** this _____ day of June 2010, after consideration of Plaintiffs'
Motion to Strike Defendant Orly Taitz's Response and Motion for Reconsideration [Doc.
No. 121]; and Request to Seal Defendant Orly Taitz's filing of June 14, 2010 [Doc. No.
121]; and any Response thereto, it is hereby

**ORDERED and DECREED** that Plaintiffs' Motion to Strike Defendant Taitz's
Filings, appearing as Docket Entry No. 121 is **GRANTED**.

It is further **ORDERED**, Docket Entry No. 121 is hereby sealed.

**IT IS FURTHER ORDERED** Defendant Orly Taitz is to pay Philip J. Berg,
Esquire Ten Thousand [$10,000.00] Dollars within fourteen [14] days of this Order for
Plaintiffs' Attorney Fees; and pay damages to Plaintiff Lisa Liberi through her counsel,

Philip J. Berg, Esquire in the amount of Twenty-Five Thousand [$25,000] Dollars for her (Defendant Taitz's) continued Republication of Plaintiff Lisa Liberi's Social Security number.

**IT IS FURTHER ORDERED** Defendant Orly Taitz is to Show Cause before this Court within fourteen [14] days why she should not be Sanctioned.

**IT IS SO ORDERED:**

_____

Eduardo C. Robreno, J.

Law Offices of:
**PHILIP J. BERG, ESQUIRE**
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531                    Attorney for:  Plaintiffs'
Identification   No. 09867
(610) 825-3134

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

LISA LIBERI, et al,
                    Plaintiffs,

      vs.                            Case No.: 09-cv-01898-ECR

ORLY TAITZ, et al,
                      *Assigned to Honorable Eduardo C. Robreno*
                    Defendants.

---

### PLAINTIFFS' EMERGENCY MOTION TO STRIKE DEFENDANT, ORLY TAITZ'S RESPONSE and MOTION FOR RECONSIDERATION; and TO SEAL DEFENDANT ORLY TAITZ'S RESPONSE and MOTION FOR RECONSIDERATION APPEARING ON THE DOCKET AS ENTRY NO. 121; FOR SANCTIONS; DAMAGES; and ATTORNEY FEES TO BE PAID TO PLAINTIFFS' COUNSEL

**NOW  COME** Plaintiffs', Lisa Liberi [hereinafter "Liberi"]; Philip J. Berg,

Esquire [hereinafter "Berg"], the Law Offices of Philip J. Berg; Evelyn Adams a/k/a

Momma E [hereinafter "Adams"]; Lisa Ostella [hereinafter "Ostella"]; and Go Excel

Global by and through their undersigned counsel, Philip J. Berg, Esquire, and hereby files

the within Motion to Strike and/or Seal Defendant Orly Taitz's Response and Motion for

Reconsideration filed June 14, 2010, appearing on the Court's Docket as entry number

121; for Sanctions; Damages; and Attorney Fees.  In support hereof, Plaintiffs aver as follows:

- Defendant Orly Taitz's filing of June 14, 2010, appearing as docket entry number 121 is frivolous;

- Plaintiff Lisa Liberi is **not** a citizen and/or resident of California;

- Defendant Orly Taitz has made these false claims numerous times in her Motions to Dismiss and other filings with this Court, which have been litigated and adjudicated;

- Defendant Taitz's filing appearing on the Court's Docket as entry number 121 contains nothing more than hearsay statements; hearsay documents; speculation; conclusory statements, immaterial, impertinent, scandalous statements and material, and are completely irrelevant, impertinent and immaterial to the within action; and fails to embark upon or even address Plaintiffs' Motion for Reconsideration; Amendment of Judgment; or in the alternative; Relief from Final Judgment;

- Defendant Taitz's filings appearing as Docket entry number 121 contains Plaintiff Lisa Liberi's full Social Security number, which is further Republication in violation of this Court's June 25, 2009 Order and in violation of Fed. R. Civ. P. 5.2;

- Defendant Taitz's filing of June 14, 2010 as Docket entry number 121 contains full Social Security numbers throughout the Forty-Six [46] pages in violation of Fed. R. Civ. P. 5.2; and

- Defendant Taitz filing of June 14, 2010 as Docket entry number 121 fails to cite any type of law or legal authority; fails to cite any new facts; is frivolous; and was only filed to delay proceedings; waste judicial resources; Republish Plaintiff Lisa Liberi's Social Security number; and cost Plaintiffs' additional Attorney Fees.

**WHEREFORE,** Plaintiffs' respectfully pray that this Court:

Grant Plaintiffs' Motion to Strike and/or Seal Defendant Orly Taitz's filings

entitled Response and Motion for Reconsideration; Seal Defendant Orly Taitz's filing of

June 14, 2010 appearing as Docket entry number 121; for Sanctions upon Defendant Orly

Taitz; for damages to be paid to Plaintiff Lisa Liberi for Taitz's continued Republication

of Liberi's Social Security number in the amount of Twenty-Five Thousand [$25,000.00]

Dollars; and for Attorney Fees in the amount of Ten Thousand [$10,000.00] Dollars to be

paid within fourteen (14) days for the time to respond to Defendant Orly Taitz's frivolous

filing.

Respectfully submitted,

Dated:  June 16, 2010

Philip J. Berg, Esquire
*Attorney for the Plaintiffs'*
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Identification   No. 09867
(610) 825-3134

Law Offices of:
**PHILIP J. BERG, ESQUIRE**
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531          Attorney for:  Plaintiffs
Identification   No. 09867
(610) 825-3134

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

LISA LIBERI, et al,                                   :
                           Plaintiffs,               :
                                                      :
          vs.                                         :
                                                      :   Case No.: 09-cv-01898-ECR
                                                      :
                                                      :
ORLY TAITZ, et al,                                   :
                                                      :   *Assigned to Honorable Eduardo C. Robreno*
                           Defendants.               :
                                                      :

---

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF PLAINTIFFS' EMERGENCY
MOTION TO STRIKE DEFENDANT, ORLY TAITZ'S RESPONSE and
MOTION FOR RECONSIDERATION; and TO SEAL DEFENDANT ORLY
TAITZ'S RESPONSE and MOTION FOR RECONSIDERATION APPEARING
ON THE DOCKET AS ENTRY NO. 121; and FOR SANCTIONS and DAMAGES;
and FOR ATTORNEY FEES TO BE PAID TO PLAINTIFFS' COUNSEL**

## ARGUMENT

**I.      STATEMENT OF FACTS**:

This Court issued its Order on June 3, 2010, docketed June 4, 2010 severing and

transferring the within action to California and Texas.

On June 7, 2010, Plaintiffs Counsel, Philip J. Berg, Esquire sought Leave of Court

to file Plaintiffs' Motion for Reconsideration; Amendment of Judgment; or in the

alternative, Relief from final Judgment as the Order of this Court contained errors; two [2] of the Defendants, Neil Sankey and Sankey Investigations, Inc. were transferred to the U.S. District Court, Western District of Texas, which does not have jurisdiction over Neil Sankey and/or Sankey Investigations, Inc. and the Court failed to mention transfer of Defendant, the Sankey Firm, Inc. a/k/a the Sankey Firm.

Since Motions for Reconsideration are to be filed within ten (10) days of the Order in question, and since Plaintiffs' Counsel had not heard from the Court, Counsel went ahead and filed Plaintiffs Motion through the ECF system on June 13, 2010 in order to protect Plaintiffs' rights.

On June 14, 2010, without attempting to seek Leave, Defendant Orly Taitz filed what she calls a Response and Motion for Reconsideration, which appears on the Court's docket as entry number 121.  Defendant Orly Taitz's filing contains nothing but hearsay statements; hearsay documents; speculation; conclusory statements immaterial, impertinent, and scandalous statements and material, and are completely irrelevant, impertinent and immaterial to the within action; and fails to embark upon or even address Plaintiffs' Motion for Reconsideration; Amendment of Judgment; or in the alternative; Relief from Final Judgment.  Therefore, Orly Taitz's filing must be stricken from the record.

Moreover, Defendant Orly Taitz **has again Republished Plaintiff Lisa Liberi's full Social Security number in her June 14, 2010 filings appearing as docket entry number 121**.  In addition, other full Social Security numbers and other private data was also included in Defendant Taitz's filing, appearing as docket entry number 121 and therefore, **<u>must be immediately sealed</u>**.

Defendant Taitz filing is frivolous.   Defendant Taitz filed this mess for an improper purpose, which includes to further delay the proceedings; waste judicial resources and time; to cost Plaintiffs' additional Attorney Fees; and to Republish Plaintiff Lisa Liberi's Social Security Number.   This Court must Sanction Defendant Orly Taitz to deter her from any further frivolous filings.

For the reasons stated herein, Plaintiffs' respectfully request this Court to grant their Motion; Strike and Seal Defendant Orly Taitz's Filing of June 14, 2010, appearing on this Court's docket as entry number 121; and award Damages to Lisa Liberi in the amount of Twenty-Five Thousand [$25,000.00] Dollars; and Attorney fees in the amount of Ten Thousand [$10,000.00] Dollars to Plaintiffs' Counsel, Philip J. Berg, Esquire.

## II.   **DEFENDANT ORLY TAITZ FILING APPEARING AS DOCKET ENTRY 121 VIOLATES THIS COURT'S ORDER OF JUNE 25, 2009 and VIOLATES FED. R. CIV. P. 5.2 and MUST BE STRICKEN and/or SEALED:**

This Court, on June 25, 2009 Ordered Defendant Orly Taitz to not publish any Social Security Numbers.   Moreover, this Court Ordered that Defendant Taitz was not to Republish the Social Security Number of Plaintiff Lisa Liberi.   Despite this, Defendant Orly Taitz has violated this Court's warnings and Orders numerously.   In fact, Plaintiffs' sought Leave of Court to File Civil and/or Criminal Contempt against Defendant Orly Taitz or in the Alternative, for this Court to issue an Order to Show Cause upon Defendant Orly Taitz as to Why She Should Not be Held in Civil and/or Criminal Contempt; Why She Should Not Pay Damages to Plaintiff Liberi; Why She Should Not be Sanctioned and Ordered to pay Attorney Fees.   Defendant Taitz Responded by lying to

this Court claiming she never Republished Plaintiff Liberi's full Social Security Number since the June 25, 2009 Hearing.

Here we are once again and yes, Defendant Orly Taitz has again Republished Plaintiff Liberi's full Social Security number in her filings of June 14, 2010, appearing as docket entry number 121.   **In addition, this document of Defendant Orly Taitz has now been published all over the internet**.[1]

Federal Rules of Civil Procedure, Rule 5.2 states in pertinent part:

"Rule 5.2. Privacy Protection For Filings Made with the Court"

"(a) Redacted Filings."

"Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only:

(1) **the last four digits of the social-security number** and taxpayer-identification number;

(2) the year of the individual's birth;

(3) the minor's initials; and

(4) the last four digits of the financial-account number…


(d) Filings Made Under Seal.

The court may order that a filing be made under seal without redaction. The court may later unseal the filing or order the person who made the filing to file a redacted version for the public record.

---

[1] http://www.scribd.com/doc/33101290/LIBERI-v-TAITZ-EDPA-121-MOTION-FOR-RECONSIDERATION-OF-THE-ORDER-TO-SEVER-paed-15307802917

**(e) Protective Orders.**

**For good cause, the court may by order in a case:**

**(1) require redaction of additional information; or**

**(2) limit or prohibit a nonparty's remote electronic access to a document filed with the court.**

This is **not** the first time Defendant Orly Taitz has used the Court system to continue Republication of Plaintiff Liberi's Social Security number.   In or about August/September 2009 Defendant Orly Taitz did the same thing in a case unrelated to any of the within parties, in the U.S. District Court, Central District of California, where Judge David O. Carter Ordered the Documents Sealed and Ordered Defendant Taitz to Refile her Document with all Social Security numbers; dates of birth; addresses, etc. redacted[2]. *See* **EXHIBIT "A"**.

For the reasons stated herein, the June 14, 2010 filings by Defendant Orly Taitz, appearing on this Court's docket as entry number 121 must be Stricken and/or Sealed. Moreover, Plaintiffs' must be awarded Damages in the amount of Twenty-Five Thousand [$25,000.00] Dollars and Attorney Fees in the amount of Ten Thousand [$10,000.00] Dollars payable to their attorney, Philip J. Berg, Esquire.

---

[2] Judge David O. Carter, Order of September 30, 2009,  *Barnett v. Obama*, 2009 U.S. Dist. LEXIS 101206, 55-56 (C.D. Cal. Oct. 29, 2009)

**III.** **DEFENDANT ORLY TAITZ'S FILING OF JUNE 14, 2010 APPEARING AS DOCKET ENTRY NO. 121 is FRIVOLOUS and FAILS TO FOLLOW THE FEDERAL RULES OF CIVIL PROCEDURE. THEREFORE, DEFENDANT TAITZ'S FILING OF JUNE 14, 2010 MUST BE DENIED; and STRICKEN and/or SEALED:**

Defendant Taitz is asking this Court to Reconsider its Memorandum and Order of June 3, 2010, docketed June 4, 2010.  Defendant Orly Taitz's filing of June 14, 2010, appearing as docket entry number 121 contains absolutely **no** supporting law or legal authority; absolutely **no** new facts as required for Motions for Reconsideration; and only contains hearsay statements; hearsay documents; speculation; conclusory statements immaterial, impertinent, and scandalous statements and material; are completely irrelevant, impertinent and immaterial to the within action; and fails to embark upon or even address Plaintiffs' Motion for Reconsideration; Amendment of Judgment; or in the alternative; Relief from Final Judgment.  Defendant Taitz's filing is frivolous and was filed to further delay the proceedings; waste judicial resources and time; and to enlarge Plaintiffs' attorney fees.

Moreover, as stated above, Defendant Taitz's documents **contain the full Social Security number of Plaintiff Liberi** and other Social Security numbers and private data. Defendant Taitz is an attorney in the State of California, she is well aware she is violating the Federal Rules of Civil Procedure as well as other laws in place.  **This again, is further Republication of Plaintiff Liberi's Social Security number**.

As this Court is aware, "Scandalous" generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the Court.  Courts will typically strike so-called scandalous material only if it is irrelevant and immaterial to the issues in

controversy. *See Moore's for proposition* that statement may be stricken as "scandalous" only when it contains allegation "that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the Court".

This Court has the inherent power to "strike from any pleading any insufficient or any redundant, immaterial, impertinent or scandalous matter." *See Geruschat v. Ernst Young LLP* (*In re Seven Fields Dev. Corp.*), 505 F.3d 237, 248 (3d Cir. Pa. 2007).

Defendant Taitz orchestrated this filing to cost Plaintiffs' additional Attorney Fees; **waste judicial time and resources**; **publicize false allegations about Plaintiff Liberi**; and to **delay the proceedings**. *See Farid v. Murphy*, 945 F.2d 394 (3d Cir 1991) (The Court sua sponte strikes as scandalous and impertinent the second paragraph under the heading "plaintiff" at page 10 of the brief for Appellees.  The Court deems the inclusion of that paragraph in the brief to be unprofessional, and deems footnote 7, by which counsel apparently sought to justify the inclusion of the material, to be disingenuous.).

As this Court is aware, A Court may grant a *Rule 59(e)* Motion (Motion for Reconsideration) only when it finds an "**intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.**" [emphasis added] *See Choi v. Kim*, 258 Fed. App'x 413, 416 (3d Cir. 2007) (citing *North River Ins. Co. v. CIGNA Reinsurance Co*., 52 F.3d 1194, 1218 (3d Cir. 1995)).  The party seeking reconsideration bears the burden of establishing one of these grounds. *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *In re Loewen Group Inc. Sec. Litig*., 2006 WL 27286, at *1 (E.D.Pa. Jan. 5,

2006) ("In a motion for reconsideration, the burden is on the movant.") (internal quotation omitted).

Generally, a Motion for Reconsideration will **only** be granted if: (1) **there has been an intervening change in controlling law; (2) new evidence, which was not previously available, has become available; or** (3) it is necessary to correct a clear error of law or to prevent manifest injustice. *Reich v. Compton*, 834 F. Supp. 753, 755 (E.D. Pa. 1993) (citing *Dodge v. Susquehanna Univ*., 796 F. Supp. 829, 830 (M.D. Pa. 1992)), aff'd in part, rev'd in part, 57 F.3d 270 (3d Cir. 1995); *McDowell Oil Serv., Inc. v. Interstate Fire & Cas*. Co., 817 F. Supp. 538, 541 (M.D. Pa. 1993).  Furthermore, "With regard to the third ground...any litigant considering bringing a motion to reconsider based upon that ground **should evaluate whether what may seem to be a clear error of law is in fact simply a disagreement between the Court and the litigant**." [emphasis added]

The Supreme Court has stated that Rule 59(e) is generally invoked "**only to support reconsideration of matters properly encompassed in a decision on the merits.**" [emphasis added] *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 451, 102 S. Ct. 1162, 71 L. Ed. 2d 325 (1982).

The Court must deny Defendant Taitz's Motion; Strike and/or Seal Defendant Orly Taitz's Filing of June 14, 2010, appearing on the docket as entry number 121.


IV.    **SANCTIONS AGAINST TAITZ ARE WARRANTED and DEFENDANT TAITZ MUST  BE ORDERED TO PAY PLAINTIFFS ATTORNEY FEES:**


Defendant Taitz will **not** stop her crusade; she will continue harassing Plaintiffs' herein; they will continue their illegal activities until this Court puts a stop to it or

Plaintiffs are physically hurt.   Defendant Taitz is an inexperienced Attorney who has managed to be remembered in every Court that she has appeared.

In fact, Defendant Taitz is **not** new to the world of Sanctions.   In the Order of Sanctions, Judge Land said it best, "***The Court concludes from this conduct that <u>counsel did have intent to injure</u> anyone associated with the litigation who did not agree with her***"[3] [emphasis added].   Judge Land even discussed in his ruling the false and unsubstantiated accusations Orly Taitz, Defendant herein, made against him.   Judge Land stated, "*…Rather, counsel used the motion for reconsideration as a platform to repeat her political diatribe against the President, <u>**to accuse the undersigned of treason**</u>, and to maintain that "<u>**the United States District Courts in the 11th Circuit are subject to political pressure, external control, and . . . subservience to the same illegitimate chain of command which Plaintiff has previously protested**</u>.*"[4] [emphasis added].   After Judge Land issued an Order to Show Cause upon Orly Taitz, Defendant herein, as to Why She Should Not be Sanctioned, Taitz filed a Motion to Recuse Judge Land.   In so doing, and as outlined in the case, "*Counsel seeks recusal of the undersigned for the following reasons: (1) <u>**baseless speculation**</u> that the undersigned may have engaged in ex parte communication with the Attorney General; (2) <u>**fictitious allegations**</u> that the undersigned has a financial interest in the outcome of the case based on ownership of stock in Microsoft and Comcast; (3) <u>**frivolous argument**</u> that the Court cannot issue monetary sanctions as a penalty to deter future misconduct under Rule 11;...*"[5] [emphasis added].   Judge Land's Sanction Order and Opinion was upheld by the United States

---

[3] Judge Land, <u>*Rhodes v. MacDonald*</u>, 670 F. Supp. 2d 1363, 1380 (M.D. Ga. 2009)
[4] <u>*Rhodes v. MacDonald*</u>, 670 F. Supp. 2d at 1369
[5] <u>*Rhodes v. MacDonald*</u>, 670 F. Supp. 2d at 1370

Court of Appeals for the Eleventh Circuit. *See Rhodes v. MacDonald*, 2010 U.S. App. LEXIS 5340 (11th Cir. Ga. Mar. 15, 2010).

Judge Land was **not** the only Federal Court Judge.  Judge David O. Carter, in his Ruling Dismissing Orly Taitz's, Defendant herein, lawsuit stated in his ruling of October 29, 2009, dismissing Taitz Case, that Taitz continually failed to comply with the Court's Rules and Procedures; and Taitz encouraged her supporters to contact the Court in efforts to manipulate the Court.  Judge Carter stated **he was deeply concerned that Orly Taitz had suborned perjury from witnesses she (Taitz) intended to call before his (Judge Carter's) Court, as the Court received several sworn Affidavits stating Orly Taitz had asked them to lie and to perjure their testimony**.[6]

Defendant Taitz unfortunately has a history which has spilled over into this Case and has exhibited the same falsities towards Federal Judges; U.S. Supreme Court Clerks; Defendant Taitz "**targeted**" Judge Carter's law Clerk; and has "**targeted**" any and everyone who stands in her way of what she wants, just as she has been doing and continues doing to the Plaintiffs' herein; just as Defendant Taitz has a known history of falsely accusing her victims of the crimes she is actually committing.  It is clear, Taitz is doing it to the Plaintiffs' herein, who are victims of Defendant Taitz's illegal and dangerous behaviors.

The more Plaintiffs' attempt to protect themselves and defend themselves, Defendant Taitz has her followers and the other Defendants herein go after them (Plaintiffs').

---

[6] Judge David O. Carter, *Barnett v. Obama*, 2009 U.S. Dist. LEXIS 101206, 55-56 (C.D. Cal. Oct. 29, 2009)

Defendant Taitz's false allegations are based on nothing but hearsay statements; speculation; conclusory statements; immaterial, impertinent, and scandalous statements and material; and are completely irrelevant, impertinent and immaterial to the within action. Defendant Taitz **must** be stopped from these frivolous filings and continued illegal activities.

As stated in _Walsh v. Schering-Plough Corp_., 758 F.2d 889, 895 (3d Cir. 1985):

"Undoubtedly, it was just such considerations that gave rise to the recent amendment to Fed.R.Civ.P. 11. That Rule, promulgated to keep attorneys "honest" in their pleading practice, now authorizes sanctions to be imposed when an attorney violates his certificate that good grounds support his pleading and that the pleading is not interposed for delay. Moreover, our own Fed.R.App.P. 46(c) provides for action being taken by us in the event that an attorney who practices before us exhibits conduct unbecoming a member of the bar or fails to comply with any rule of the court."

Federal Rule of Civil Procedure 11 provides:

"**…**The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, **such as to harass or to cause unnecessary delay or needless increase in the cost of litigation**. If a pleading, motion, or other paper is not signed, it shall be stricken…**If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.**" [emphasis added]

"It is evident to me that unfortunately there are some counsel who abuse the judicial process and by doing so make our task and the tasks of our colleagues far more difficult. Historically, attorneys have been reluctant to "blow the whistle" on their colleagues or to seek sanctions against their opponents. Perhaps as Professor Miller notes in a recent article written in a discovery context,[7] they are mindful of a variation on the golden rule "Do not seek sanctions against what is done to you today, for it may be what you will try on your opponent tomorrow."

The Court in *Walsh v. Schering-Plough Corp*., 758 F.2d at 896-897 went on

further stating:

"If we take no steps to resolve the issue which these affidavits have now presented to us, we run the risk not only of losing the respect of the bar, but of damaging the professional standards that lawyers look to us to uphold. Every member of the bar has had his character and fitness tested and reviewed before obtaining a license to practice. We, together, with other courts, are charged with maintaining at least that level of honesty and professionalism in the conduct of those who, once having obtained the right to practice, continue to exercise that right before us."

"...So too, as each instance of charged professional misconduct is ignored by us or deemed unworthy of our attention, our professional tapestry will imperceptibly, but surely, lose its form, its structure and its shape."

"Thus, in my opinion it is no answer to characterize the issue before us as one not worth our consideration. If we do not require strict adherence to principles which mandate candor and truthfulness, and if we refuse to decide and enforce claimed violations of those fundamental precepts, we will have only ourselves to blame if intolerable and proscribed practices of the bar become the rule rather than the exception."

Until this Court takes a stance and holds Defendant Taitz accountable for her manipulative and wrong behaviors, she will continue her barrage of frivolous filings; and, as Defendant Taitz's has done for the last year, she will continue Republication of Plaintiff Lisa Liberi's Social Security number further damaging her and in violation of this Court's June 25, 2009 Rulings, Warnings and Orders.

---

[7] Miller, The Adversary System: Dinosaur or Phoenix, 69 Minn.L.Rev. 25 (1984).

As a result of Defendant Taitz's frivolous Filing, Plaintiffs are entitled to Damages and reimbursed for their Attorney Fees.

For these reasons, Defendant Taitz must be Sanctioned and Ordered to pay Damages in the amount of Twenty-Five Thousand [$25,000.00] Dollars to Lisa Liberi; and Defendant Taitz must be Ordered to pay Attorney Fees in the amount of Ten Thousand [$10,000.00] Dollars to Philip J. Berg, Esquire within fourteen (14) days.

## V.   <u>CONCLUSION</u>:

For the reasons stated herein, Plaintiffs' respectfully request this Court to Grant their Motion to Strike Defendant Orly Taitz's Filing of June 14, 2010 and/or Order the Filing Sealed; Grant Plaintiffs' Motion and Sanction Defendant Orly Taitz; Order Defendant Taitz to pay Damages to Plaintiff Lisa Liberi in the amount of Twenty-Five Thousand [$25,000.00] Dollars for her continued Republication of Liberi's Social Security number; and Order Defendant Taitz to pay Plaintiffs' Attorney Fees in the Amount of Ten Thousand [$10,000.00] Dollars to Philip J. Berg, Esquire within fourteen (14) days.

Respectfully submitted,

Dated:  June 16, 2010

Philip J. Berg, Esquire
Attorney for the Plaintiffs'
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Identification   No. 09867
(610) 825-3134

# EXHIBIT "A"

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

Case No. SACV 09-0082 DOC (ANx)          Date: September 30, 2009

Title: Captain Pamela Barnett, et al. v. Barack H. Obama, et al.

---

DOCKET ENTRY
[I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]

Date:_____    Deputy Clerk: _____

---

PRESENT:

#### THE HONORABLE DAVID O. CARTER, JUDGE

   Kristee Hopkins                      Not Present   
Courtroom Clerk                        Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:   ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                         NONE PRESENT

---

PROCEEDING (IN CHAMBERS): ORDER SEALING DOCUMENT REQUIRING PLAINTIFFS TO REFILE OPPOSITION TO MOTION TO DISMISS TO COMPLY WITH FED. R. CIV. P. 5.2

       On September 28, 2009, the Court received a letter from attorney Philip J. Berg requesting that Exhibit 7 (Dossier #6) of Plaintiffs' Opposition to the Motion to Dismiss be sealed because it does not comply with FED. R. CIV. P. 5.2. The letter states that Exhibit 7 contains personal identifying information of Lisa Liberi and her husband.

       While the Court generally does not entertain letters from third parties, in this case it will do so because of its general policy of protecting person's personal identifying information in court filings.

       FED. R. CIV. P. 5.2 requires that individual's social-security numbers, taxpayer-identification number, birth date, a minor's name, a minor's birth date, or a financial-account number be redacted. In addition, Local Rule 79-5.4 requires parties to redact social security numbers; names of

---

MINUTES FORM 11 DOC                    Initials of Deputy Clerk kh_
CIVIL - GEN                                        Page 1 of 2

minor children; dates of birth; financial account numbers; and home addresses.

Plaintiffs' filing contains, among other identifiers, Lisa Liberi's birth date and partially redacted social security number that is redacted in a way that does not comport with the Local Rule instructions. Because Plaintiffs have included the first five numbers of several persons' social security numbers, and the Court's rule directs that only the last four numbers should be included, the Court is concerned that requiring the last four numbers would allow a person who had seen the improperly redacted original exhibit to deduce the entire social security number. As such, all social security numbers shall be *fully* redacted and no numbers shall be shown.

Court orders Plaintiffs' Opposition to Motion to Dismiss Case (Doc #69) sealed and removed from the public docket. Plaintiffs shall refile a redacted copy of the *entire* Opposition to Motion to Dismiss, including all exhibits, that comports with FED. R. CIV. P. 5.2, Local Rule 79-5.4, and the above instructions regarding full redaction of all social security numbers by Friday, October 2 at 5 p.m.

Plaintiff s do not need to refile a courtesy copy for the Court.

The Clerk shall serve this minute order on all parties to the action.

MINUTES FORM 11 DOC
CIVIL - GEN

Initials of Deputy Clerk kh_
Page 2 of 2

LAW OFFICES OF
**PHILIP J. BERG**

                                                555 Andorra Glen Court, Suite 12
                                                Lafayette Hill, PA 19444-2531

PHILIP J. BERG
CATHERINE R. BARONE
BARBARA MAY

                                                (610) 825-3134

                                                FAX  (610) 834-7659

NORMAN B. BERG, Paralegal [Deceased]            E-Mail: philjberg@gmail.com

                         September 22, 2009

**Honorable David O. Carter**
Judge, United States District Court
 Central District of California, Southern Division
411 West Fourth Street
Courtroom 9D
Santa Ana, CA 92701-4516

# Ex Parte

**By Fax (      ) could not find...…………………………………………………………Total = 3 Pages**

         Re:     **Barnett, et al v. Obama, et al, Case No. 8:09-cv-00082**

Dear  Judge Carter:

        I am writing to you **Ex Parte** requesting Your Honor to **"SEAL"** a portion of the recent filing
of Orly Taitz, Esquire, and specifically Ms. Taitz's Exhibit Seven (7), which is **Dossier #6** and your
Court Docket as Document Number 69 for several reasons:

         1.  Violation of Fed. R. Civ. P. 5.2;

         2.  Redacting requirement pursuant to US District Court, Central District of CA ECF
             filing system; and

         3.  "Safe at Home" program.

        Yesterday, Ms. Taitz filed her **"Dossier #6"** in her case before Your Honor which is pending
against President Obama.  Ms. Taitz filed numerous documents that do **not** pertain at all to the issues
of jurisdiction.   **Dossier #6** bears mostly on slander and libel about Ms. Liberi, Ms. Ostella and Ms.
Adams and contains all the personal identifying information of Ms. Liberi and her husband as well as
hearsay statements regarding President Obama.

**Honorable David O. Carter**                                      September 22, 2009
Judge, United States District Court
 Central District of California, Southern Division
Page Two

I represent Lisa Liberi, Lisa Ostella, Evelyn Adams, myself and other Plaintiffs in a current lawsuit filed against Orly Taitz and other Defendants. The case is pending in the United States District Court, Eastern District of Pennsylvania, Case No. 09-cv-01898-ECR.

The reason I had to file suit against Ms. Taitz is due to her threatening to take me down and to do so she was going to destroy my paralegal, Lisa Liberi and any parties associated with us, e.g. Ms. Ostella and Ms. Adams.

I believe Ms. Taitz filed the document in the case before Your Honor, **Dossier #6**, the very document that is the subject of the Pennsylvania lawsuit, to further publish Ms. Liberi's personal confidential private information and to use your Court to further perpetrate her illegal behaviors which have endangered my clients.

It should also be noted the party convicted of the crimes against Ms. Liberi resides within Orange County.

Furthermore, Ms. Taitz has published on her website a copy of the ECF filing.

For the above reasons, I am asking Your Honor to please **<u>SEAL</u>** Ms. Taitz **Exhibit Seven (7)**, which is **Dossier #6**, filed with your Court on September 21, 2009 in support of Ms. Taitz Opposition to Defendants Obama, et al Motion to Dismiss, entered on your Court Docket as Document Number 69.

Regarding my lawsuit against Ms. Taitz, she published all over the internet and by mass emailing to over one hundred and forty thousand [140,000] individuals and businesses, including internationally, by Ms. Taitz own admissions, Ms. Liberi's full Social Security number, mother's maiden name, date of birth, where she resides, where she was born; private information about Ms. Liberi's husband, including name, address, part of his Social Security number, and other personal confidential information.

Ms. Taitz has falsely accused Ms. Liberi and Ms. Ostella of crimes which they have not committed, accused Ms. Liberi of crimes that she has never been arrested for or convicted of; Ms. Taitz has filed false police reports against Ms. Liberi and Ms. Ostella with different law enforcement agencies; called for people in the area Ms. Taitz believes Ms. Liberi resides and the other Plaintiffs reside; Ms. Taitz has called for the "purging" of President Obama and his "clique" which all Plaintiffs in the Pennsylvania case have been accused by Ms. Taitz of being President Obama supporters and part of his "clique".

What makes this so serious is the fact Ms. Liberi and her family were placed in the **<u>"Safe at Home" program</u>**, given a confidential address and her Social Security number was changed by the

**Honorable David O. Carter**                                        September 22, 2009
Judge, United States District Court
 Central District of California, Southern Division
Page Three

Social Security Administration in Baltimore, Maryland as a result of Ms. Liberi and her child being victims of serious domestic violence and stalking type crimes.

Ms. Taitz or Mr. Sankey did **not** have any type of authorization to pull Ms. Liberi's, or any of the other Plaintiffs which I represent, personal private information, especially Ms. Liberi's full Social Security number, mother's maiden name, date of birth, residency, where Ms. Liberi was born, or any other personal private information, nor did Mr. Sankey or Ms. Taitz have any permissible purpose. As a result, Mr. Sankey and Ms. Taitz have placed Ms. Liberi and her family in harms way once again and have undone all the work and safety features put in place by the State of California and Ms. Liberi.

A lot of this information, including Ms. Liberi's old and new Social Security number, where she resides, husband's information (what she has correct that is) and ironically, the only full Social Security number in her document is Ms. Liberi's new Social Security number, was all placed in a document Ms. Taitz labeled **"Dossier #6"**.

Therefore, I hope that you will **SEAL Dossier #6, Court Document #69** and **Order all parties who have copies to refrain from disseminating Dossier #6.**

Please do not hesitate contacting me should you require anything additional.

Thank you.

                                        Respectfully,

                                        Philip J. Berg

PJB:jb

Law Offices of:
**Philip J. Berg, Esquire**
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Identification   No. 09867
(610) 825-3134                                    *Attorney for Plaintiffs*

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LISA LIBERI, et al,                              :
                              Plaintiffs,         :
                                                 :
        vs.                                      :
                                                 :
ORLY TAITZ, et al,                               :
                              Defendants.         :   Case No.: 09-cv-01898-ECR
                                                 :
                                                 :
_____                :

## CERTIFICATE OF SERVICE

I, Philip J. Berg, Esquire, hereby certify that a copy of Plaintiffs' Motion to Strike
and/or Seal Defendant Taitz's Filing of June 18, 2010, appearing as Docket Entry No.
121; for Sanctions; for Damages; and for Attorney Fees was served this 16th day of June
2010 electronically upon the following:

Orly Taitz
Defend our Freedoms Foundation, Inc. (unrepresented)
26302 La Paz Ste 211
Mission Viejo, CA 92691
Email:  dr_taitz@yahoo.com

Neil Sankey
The Sankey Firm, Inc. a/k/a The Sankey Firm (unrepresented)
Sankey Investigations, Inc.
2470 Stearns Street #162
Simi Valley, CA 93063
Email:  nsankey@thesankeyfirm.com

Linda Sue Belcher
201 Paris
Castroville, Texas 78009
Email:  Newwomensparty@aol.com  and
Email:  starrbuzz@sbcglobal.net


Ed Hale
Caren Hale
Plains Radio
KPRN
Bar H Farms
1401 Bowie Street
Wellington, Texas 79095
Email:  plains.radio@yahoo.com; barhfarms@gmail.com;
ed@barhfarnet; and ed@plainsradio.com


_____
PHILIP J. BERG, ESQUIRE