Law Offices of:
**PHILIP J. BERG, ESQUIRE**
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531       Attorney for:  Plaintiffs'
Identification   No. 09867
(610) 825-3134

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LISA LIBERI, et al,

         Plaintiffs,

   vs.

                                 Case No.: 09-cv-01898-ECR

ORLY TAITZ, et al,

         Defendants.      *Assigned to Honorable Eduardo C. Robreno*

---

### PLAINTIFFS' RESPONSE and MEMORANDUM IN OPPOSITION TO DEFENDANT ORLY TAITZ'S REQUEST TO UNSEAL TRANSCRIPTS and FOR A STAY PENDING APPEAL

**NOW COME** Plaintiffs', Lisa Liberi [hereinafter "Liberi"]; Philip J. Berg,

Esquire [hereinafter "Berg"], the Law Offices of Philip J. Berg; Evelyn Adams a/k/a

Momma E [hereinafter "Adams"]; Lisa Ostella [hereinafter "Ostella"]; and Go Excel

Global by and through their undersigned counsel, Philip J. Berg, Esquire, and hereby

Respond in Opposition to Defendant Orly Taitz's Request to Unseal Transcripts and

Request to Stay the Transfer of the Case to California pending the outcome of her

Appeal.  In support hereof, Plaintiffs aver as follows:

- Defendant Orly Taitz failed to serve her Notice of Appeal, Request to Stay the Transfer of the Case to California, pending Appeal, and her Motion to Unseal Transcripts and failed to file a Certificate of Service;

- Defendant Taitz is attempting to appeal Orders which are **not** appealable as they are Interlocutory and **not** final Orders;

- Defendant Taitz fails to meet the requirements to Appeal Interlocutory Orders as established by the Collateral Order Doctrine;

- Defendant Orly Taitz's filing appearing as Docket Entries 128, 130 and 131 are frivolous; and filed for an improper purpose to further delay the proceedings; to waste judicial resources; and to cost Plaintiffs' additional Attorney Fees;

- Defendant Orly Taitz's filing appearing as Docket Entries 128, 130 and 131 fails to cite any cognizable reasons why a Stay of Action is Requested;

- Defendant Orly Taitz's filing appearing as Docket Entries 128, 130 and 131 fails to cite any type of legal authority or law to support her requests;

- Defendant Orly Taitz's filing appearing as Docket Entries 128, 130 and 131 are not in accordance with the Federal Rules of Civil Procedure;

- The only Transcript Sealed is the Transcript of August 7, 2009, which was Plaintiffs' Motion for an immediate Temporary Restraining Order and offers nothing regarding Defendant Taitz's reasons for Appeal;

- The Transcript of August 7, 2009 contains the Social Security number of Plaintiff Liberi;

- Defendant Orly Taitz's Appeal is based on an Ex Parte Letter which Plaintiffs' were **never** served with and is not a proper basis for an appeal;

- Defendant Orly Taitz's Appeal of this Court's Order of June 25, 2009 is time barred;

- Defendant Orly Taitz's filings appearing as Docket Entries 128, 130 and 131 are an attempt to deceive this Court.  All Defendants

requested transfer of the within case as documented in their filings appearing as Docket Entry numbers 23, 24, 25 and Taitz own filings appearing as Docket Entries 35, 48, 50, and 53,  just to name a few, stating California is the proper jurisdiction of this Case;

- Defendant Taitz's Appeal of this Court's Orders appearing as Docket Entry numbers 109; 116; 118; 123; 124; and 125 are completely improper as outlined below and therefore do **not** warrant any type of Stay; and

- Plaintiffs' will be severely damaged and prejudiced if Defendant Taitz's Request/Motion for Stay is Granted.

## I.    FACTS:

Plaintiffs' filed suit against the Defendants on May 4, 2009 for amongst other things the publication of Plaintiff Liberi's Social Security number; date of birth; place of birth; and other confidential information.

Contrary to Defendant Orly Taitz's filings appearing as Docket Entry numbers 128, 130 and 131 filed July 2, 2010, all Defendants filed Motions to Dismiss, appearing as Docket Entries twenty-three through twenty-five [23-25], which are Defendants one line answers: Motion to Dismiss Plaintiffs Complaint or in the Alternative to Transfer the case to the Western District of Texas.  And in Defendant Orly Taitz's own filings appearing as Docket Entry numbers 35, 48, 50, and 53, just to name a few, wherein Defendant Orly Taitz clearly states California is the proper jurisdiction.

Moreover, Defendant Taitz's clearly fails to raise Plaintiffs' Motion to Transfer the within action, which again went unopposed as **none** of the Defendants responded to Plaintiffs' Motion, except for Defendant Taitz's Letter Brief for Sanctions against the undersigned for filing Plaintiffs' Motion to Transfer Venue.

As demonstrated by the Docket of this Case, Defendant Taitz has continually filed ramblings in violation of the Federal Rules of Civil Procedure.  In fact, Defendant Taitz Waived all of her Affirmative Defenses by **not** filing her Answer timely, but also by the fact when she did file her Answer, it was only a simple general denial of all allegations, which is completely improper in the Federal Courts.  *See* Federal Rules of Civil Procedure, Rule 12.

Defendant Orly Taitz states in her Notice of Appeal that she is Appealing the Court's Orders appearing as Docket Entry numbers 76; 109; 116; 123; 124; and 125 which is completely improper.

This Court's Order of June 25, 2009, appearing as Docket Entry 76 is time barred. This Order dismissed James Sundquist and Rock Salt Publishing, which was a final Order and any Appeal thereto had to have been filed within thirty [30] days of the Court's Order. *See* Federal Rules of Civil Procedure, Rule 3.  Therefore, Appeal of this Court's June 25, 2009 Order appearing as Docket Entry number 76 is time barred. *See* Federal Rules of Appellate Procedure, Rule 4.

This Court's Order of September 29, 2009, appearing as Docket Entry 109, is completely improper and is time barred.  This Court issued an Order on June 25, 2009, which directed any party filing with the Court to first seek Leave.  Docket Entry 109 is this Court's Order allowing Plaintiffs' to file a reply, which is permitted pursuant to the Federal Rules of Civil Procedure, to Defendant Orly Taitz's Response in Opposition to the Plaintiffs' Response to this Court's Rules to Show Cause and Plaintiffs' Request to file a request for Judicial Notice.  When Plaintiffs' sought leave to file their reply, **none** of the Defendants' opposed Plaintiffs' requests for leave or Plaintiffs' filings.  Thus, they

waived their rights, and issues cannot be raised for the first time on appeal. *See Southwestern Pennsylvania Growth alliance v. Browner*, 121 F.3d 106 (3d Cir.1997), (Third Circuit Judge Samuel Alito held that issues raised for the first time on appeal are waived, except in "extraordinary circumstances.")   There are **no** extraordinary circumstances here.

This Court's Order of January 21, 2010, appearing as Docket Entry number 116, was an Order to file Plaintiffs' Attorney's Letter in response to Defendant Orly Taitz's request from the Court to file a Rule 11 Motion for Sanctions against the undersigned. Of course, as usual, Defendant Orly Taitz who is a licensed attorney in the State of California, Request and Motion failed to bear her signature; failed to cite any type of legal authority or law; and was actually Defendant Taitz's fourth or fifth Motion to Dismiss which is completely improper.  Defendant Orly Taitz never opposed the filing of the Letter or this Court's Order to file the undersigned's letter docketed, and therefore any objection thereto was waived by Defendant Taitz.

This Court's Order of June 3, 2010, appearing as Docket Entry number 118 was amended on June 22, 2010 and therefore, any Appeal thereto is Moot.

The June 22, 2010 Order of this Court explains that the Court had issued Rules to Show Cause upon Plaintiffs' as to Why the Case should not be Dismissed for Lack of Personal Jurisdiction; Why the Case should not be Severed into three (3) or fewer cases against the following groups or Defendants (i) the Hales; (ii) Belcher; (iii) Taitz, DOFF, and Sankey; and Why the Case should not be Transferred to the appropriate district in either Texas or California.  Plaintiffs' Responded to the Court's Rules to Show Cause; Defendant Taitz filed a Response in Opposition to Plaintiffs' Response, however, failed

to touch upon any of the issues which were pending and failed to cite any type of legal authority as to why Plaintiffs' Response failed.

Defendant Taitz's attempts to appeal "Order 123", there is **no** such Order appearing on the Docket. Docket Entry number 123 is this Court's Memorandum pertaining to Plaintiffs' Motion for Reconsideration. At **no** time, has Defendant Taitz filed a Motion objecting to this Memorandum; a Motion for clarification; or a Motion at all pertaining to this Court's Memorandum appearing as Docket Entry 123. As stated previously, you **cannot** raise issues for the first time on appeal. *See Southwestern Pennsylvania Growth alliance v. Browner*, 121 F.3d 106 (3d Cir.1997).

This Court's Order of June 22, 2010, appearing on the docket as Docket Entry number 124 amends the Court's previous Order of June 3, 2010 appearing as Docket Entry number 118. In this particular Order, the Court grants Plaintiffs' Motion for Reconsideration as to points one through five [1-5]; Amends its Order of June 3, 2010; and thereby Severed the Case and Transferred the Case against the California Defendants to California and the Case against the Texas Defendants to Texas upon its own Rules to Show Caused issued June 25, 2009, which was completely proper.

This Court's Order of June 23, 2010 appearing as Docket Entry 125 grants Plaintiffs' Motion for Reconsideration as to points one through five [1-5]. Defendant Taitz had the opportunity to respond to Plaintiffs' Motion for Reconsideration, however, failed to properly do so. Therefore, the Court found *"Defendant Taitz's response does not substantively address Plaintiff Berg's motion for leave to file a motion for reconsideration, thus it is inapposite to the issues at bar."* Again, which was completely proper by this Court.

All through Defendant Orly Taitz's ramblings, she states the Court failed to take into account her filings, which is completely untrue, as it is noted in this Court's Memorandums of June 3, 2010 and June 22, 2010.  Moreover, Defendant Taitz screams that this Court failed to take into consideration Defendants Sankey and Belcher's Letters. This Court gave more leeway to the other Defendants.  Defendant's Sankey and Belcher's Letters were never served upon the Plaintiffs' and therefore were ex parte communications, which are completely improper.  Despite this, the Court did mention Defendant Sankey's Letter, which was how Plaintiffs' learned that Sankey sent a Letter to the Judge.  Plaintiffs' learned of Defendant Belcher's Letter as it was posted all over the Internet and posted by Defendant Orly Taitz on her website[1].

The entire basis used by Defendant Taitz in her Appeal is the Letter of Defendant Linda Belcher.  Plaintiffs' are informed, believe and thereon allege that Defendant Orly Taitz orchestrated the Letter signed by Defendant Linda Belcher.  This is proven by the mere fact that on page one of Defendant Belcher's Letter the only party carbon copied is Orly Taitz and **no** one else.  This in itself is a fraud upon the Courts.  Moreover, Defendant Belcher's Letter contains nothing but hearsay; speculation; inaccurate and false statements; and does nothing more than recite Defendant Orly Taitz's recent filings with this Court.

It has just come to the undersigned's attention that the entire Letter of Defendant Belcher, again as orchestrated by Defendant Taitz, was a complete fraud upon this Court. A person who posted on Philip J. Berg's website by the name of Tina Conner, was told by Linda Sue Belcher, **referred in the post as "LSB"**, that she Linda Sue Belcher sought out Orly Taitz to continue her revenge against Philip J. Berg, Esquire and Lisa Liberi,

---

[1] www.orlytaitzesq.com/?p=12091

Plaintiffs' herein.  Further, according to the post on Politijab[2] by LMK a/k/a Tina Conner, Defendant Orly Taitz was willing to allow Defendant Linda Sue Belcher to help her (Defendant Taitz) target Philip J. Berg, Esquire.  *See* **EXHIBIT "1"** attached hereto.  This Court may recall, Defendant Orly Taitz threatened to take Philip J. Berg, Esquire down and to do so she (Defendant Taitz) was going to destroy his paralegal, Plaintiff Lisa Liberi herein, which was admitted by Defendant Orly Taitz in her Court filings.

Most importantly, however, is the fact the Orders Defendant Taitz is attempting to Appeal are **not** Appealable Orders.

## II.   THE ONLY TRANSCRIPT SEALED IS FROM THE AUGUST 7, 2009 HEARING WHICH DOES NOT PERTAIN TO DEFENDANT TAITZ'S APPEAL and THEREFORE, THERE IS NO BASIS TO UNSEAL THIS PARTICULAR TRANSCRIPT:

Defendant Taitz's filings appearing as Docket Entry numbers 128, 130 and 131 requests this Court to Unseal Transcripts claiming none of the Defendants were aware that the Transcripts were sealed.  This is hogwash to say the least.  The only Transcript which touches upon Defendant Taitz's Notice of Appeal is the June 25, 2009 Transcript which is **not** sealed.

The only Transcript Sealed is the Transcript of August 7, 2009, which was the Hearing of Plaintiffs' Motion for an Emergency Temporary Restraining Order and has nothing to do with Defendant Taitz's Appeal.  In this August 7, 2009 Transcript is Plaintiff Liberi's full Social Security number and the parties' names, addresses, etc. all of which was "Sealed" to protect the parties.  All parties present for this Hearing were made aware the proceedings, all exhibits, and the Transcript were Sealed.  The Court may

---

[2] http://politijab.com/phpBB3/viewtopic.php?p=153264#p153264

recall Plaintiff Liberi showed this Court documents bearing her residential address, which was not California or Texas.  There is absolutely **no** basis for this transcript pertaining to Defendant Taitz's Appeal, nothing in the Defendant's Appeal addresses anything regarding this particular Hearing or any Order thereto.  Unless of course, Defendant Taitz is planning on using the Transcript to further publish Plaintiff Liberi's Social Security as she has continued doing since the filing of the within lawsuit.  Moreover, Defendant Taitz's request is **not** in conformity with the Federal Rules of Civil Procedure as Defendant Taitz failed to put the case number, failed to cite with particularity the relief sought and/or the reason for said relief; failed to file a brief with any type of legal authority or law; failed to serve the parties; and failed to file a Certificate of Service in violation of the Federal Rules of Civil Procedure, Rules 5; 7(b); 8; 10(a); Local Rules 7.1(a); and 7.1(c).  Moreover, the Orders Defendant Taitz is attempting to Appeal are **not** Appealable Orders.

Therefore, Defendant Taitz's Request to Unseal this particular Transcript must be Denied.

### III.   DEFENDANT TAITZ REQUEST/MOTION TO STAY THE TRANSFER OF THE WITHIN CASE TO CALIFORNIA PENDING HER APPEAL FAILS ON ITS FACE:

Defendant Orly Taitz next asks this Court to Stay the Transfer of the Case to California, however, Defendant Taitz, as usual, failed to follow the Federal Rules of Civil Procedure; failed to cite any type of cognizable claim as to why the transfer should be stayed pending appeal; failed to cite any type of prejudice if the transfer is not stayed; fails to cite any type of legal authority or law; and failed to serve any of the parties associated with the case, which is demonstrated by the fact Defendant Taitz failed to file

a Certificate of Service all in violation of the Federal Rules of Civil Procedure, Rules 5;

7(b); 8; 10(a); Local Rules 7.1(a); and 7.1(c).

Defendant Taitz's Motion to Stay the Transfer of the Case to California pending

the outcome of her Appeal fails in every aspect of our laws.

It is well settled law in Pennsylvania in order to succeed on a Motion to Stay

pending Appeal, the Court must address four (4) issues: (1) the movant's likelihood of

success on the merits; (2) whether the movant will suffer irreparable harm if the request

is denied; (3) whether third parties will be harmed by the stay; and (4) whether granting

the stay will serve the public interests, _Susquenita Sch. Dist. v. Raelee_, 96 F.3d 78, 80 (3d

Cir. 1996); _In re Penn Cent. Transp. Co_., 457 F.2d 381, 384-85 (3d Cir. 1972).

Here, Defendant Taitz's has failed to address any of the issues required.  If a stay

is granted, Plaintiffs' will be severely prejudiced and harmed by said stay.  Plaintiffs'

filed their case on May 4, 2009, since this time **no** action has been taken.  Meanwhile,

Defendant Taitz's has continued her aggressive and illegal behaviors; she has continued

her Republication of Plaintiff Liberi's Social Security number and other confidential

information.  Defendant Taitz has absolutely **no** regard to any of the Court's Orders, and

therefore, Plaintiffs continue suffering irreparable harm by Defendant Taitz's actions.

The Plaintiffs' case must be transferred so it may be heard and damages can be awarded

for the wrongs committed by the Defendants.

There is absolutely **no** likelihood of success with Defendant Taitz Appeal.

Defendant Taitz is Appealing Interlocutory Orders.   As this Court is well aware,

normally, appeals must await a "final order" on the case that resolves all the issues, such

as a dismissal or judgment, _Harris v. Kellogg, Brown, & Root Servs_, 2009 U.S. Dist.

LEXIS 36253  (W.D. PA 2009).  The Orders Defendant Taitz is attempting to Appeal are **not appealable**.  Interlocutory Appeals are governed by 28 U.S.C. §1292, which also fails in the case herein.

Even if the Interlocutory Appeal were permitted, which it is **not**, Defendant Taitz's Appeal would still fail.  Interlocutory Appeals are guided by the Collateral Order Doctrine, which also fails in the case herein. *See Carr v. Am. Red Cross,* 17 F.3d 671, 675 (3d Cir. 1994) (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978)). The Third Circuit Court of Appeals has construed the Collateral Order Doctrine narrowly, and in so doing stated, "'lest the exception swallow up the salutary general rule' that only final orders may be appealed." *Yakowicz v. Pennsylvania,* 683 F.2d 778, 783 n.10 (3d Cir. 1982) (quoting *Rodgers v. U.S. Steel Corp.*, 541 F.2d 365, 369 (3d Cir.1976)).

There are three [3] requirements that must be met in order to appeal an Interlocutory Order, which Defendant Taitz's is unable to meet.  The Third Circuit Court of Appeals has held they cannot exercise jurisdiction over a Collateral Order unless all three requirements of the Collateral Order Doctrine are satisfied. *See Carr,* 17 F.3d at 675.

The Third Circuit Court of Appeals has held "In general, an order transferring a case is not a final order and, hence, not appealable." *In re United States*, 2001 U.S. App. LEXIS 25231 (3d Cir 2001) (quoting *Nascone v. Spudnuts, Inc.*, 735 F.2d 763, 764 (3d Cir. 1984).

For these reasons, Defendant Taitz's Request for a Stay must be Denied.

### IV.   <u>CONCLUSION</u>:

For the reasons stated herein, Defendant Orly Taitz's Request/Motion to Unseal the August 7, 2009 Transcript and Request/Motion to Stay the Transfer of the Case to California pending Appeal, must be Denied.

Respectfully submitted,

Dated:  July 9, 2010

s/ Philip J. Berg
_____
Philip J. Berg, Esquire
*Attorney for Plaintiffs'*

# EXHIBIT "1"

http://politijab.com/phpBB3/viewtopic.php?p=153264#p153264

- Report this post
- Reply with quote

**Liberi v. Taitz, et al.**

□by **LM K** » Wed Jul 07, 2010 12:54 pm

> *TollandRCR wrote:*
>
> > *Foggy wrote:*For those who missed her act back then and would care to dip into the deepest sort of madness, I have a simple textfile where she addresses several of the current PJ members ...
>
> Is there a shred of truth to her claim that she dug out Republican corruption for a decade?

Absolutely not. Linda is full of shit. She also claims to have motivated Berg to sue Bush and Cheney for 9/11.

Like all the players in birferstan, Linda is mentally ill. Later I will share more about my exploits with LSB. I don't know if she has caught the few comments that I have made here outing my birfer persona Tina Conner, a nice uber Christian woman homeschooling her 2 sons and looking into living off the grid because the gubermint was too damn scary. LSB liked Tina, and Tina learned some things about LSB. She claims to have been raped by GWBush when he was governor. She uncovered the Kilian papers (we knew that before Tina milked LSB for info). She uncovered the "truth" about 9/11. Her works has been so astonishing that she has to protect her identity. And on and on and on.

In reality, LSB is mostly home-bound because of depression and anxiety. She is really poor, and lives in a dump with her major white-supremacist boyfriend (some of us have researched LSB and have tracked her boyfriend's white-supremacist online activities). Linda just needs to feel like she is a threat to the entire GOP structure. In reality, I think she claims to have done these things so she can "prove" that she knows what she is talking about regarding the Usurper (to convince folks to donate to Berg ... perhaps she was getting $$$$ from the donations) and to deflect racism accusations. Well, her boyfriend is an uber racist. LSB is as well.

Linda's claims are only true in her imaginary world. Not even Orly will give LSB the time of day, even through LSB went to her and told her she was right about Berg and LisaL as a peace offering and proof of her transferred loyalties to Orly.. LSB is the one that motivated Orly to get involved in this mess about LisaL as an act of revenge. Orly was willing to let LSB help her target Berg. Beyond that, Orly completely ignores LSB.

**Palin has shown she still has the attention span of a hummingbird on a nectar jag.**

Timothy Egan



LM K

**Posts:** 6237
**Joined:** Fri Jan 23, 2009 6:59 pm
**Location:** A Liberal-Socialist-Swine Ivory Tower
- Private message



File   Edit   View   Favorites   Tools   Help

Politijab.com • View topic - Liberi v. Taitz, et al.

# Liberi v. Taitz, et al.

□by **LM K** » Wed Jul 07, 2010 12:54 pm

❝ TollandRCR wrote:

❝ Foggy wrote:

For those who missed her act back then and would care to dip into the deepest sort of madness, I have a simple textfile where she addresses several of the current PJ members ...

Is there a shred of truth to her claim that she dug out Republican corruption for a decade?

Absolutely not. Linda is full of shit. She also claims to have motivated Berg to sue Bush and Cheney for 9/11.

I've all the players in birferstan, Linda is mentally ill. Later I will share more about my exploits with LSB. I don't know if she has caught the few comments that I have made here outing my birfer persona Tina Canner, a nice uber Christian woman homeschooling her 2 sons and looking into living off the grid because the gubermint was too damn scary. LSB liked Tina, and Tina learned some things about LSB. She claims to have been raped by GWBush when he was governor. She uncovered the Kilian papers (we knew that before

**LM K**

Posts: 6237
Joined: Fri Jan 23, 20
pm
Location: A Liberal-Si
Swine Ivory Tower



Politijab.com • View topic - Liberi v. Taitz, et al.

Absolutely not. Linda is full of shit. She also claims to have motivated Berg to sue Bush and Cheney for 9/11.

We are all the players in birferstan, Linda is mentally ill. Later I will share more about my exploits with LSB. I don't know if she has caught the few comments that I have made here outing my birfer persona Tina Filmer, a nice uber Christian woman homeschooling her 2 sons and looking into living off the grid because the gubermint was too damn scary. LSB liked Tina, and Tina learned some things about LSB. She claims to have been raped by GWBush when he was governor. She uncovered the Killian papers (we knew that before Tina milked LSB for info). She uncovered the "truth" about 9/11. Her works has been so astonishing that she has to protect her identity. And on and on and on.

In reality, LSB is mostly home-bound because of depression and anxiety. She is really poor, and lives in a comp with her major white-supremacist boyfriend (some of us have researched LSB and have tracked her boyfriend's white-supremacist online activities). Linda just needs to feel like she is a threat to the entire "OP" structure. In reality, I think she claims to have done these things so she can "prove" that she knows what she is talking about regarding the Usurper (to convince folks to donate to Berg ... perhaps she was getting $$$$ from the donations) and to deflect racism accusations. Well, her boyfriend is an uber racist. LSB is as well.

Linda's claims are only true in her imaginary world. Not even Orly will give LSB the time of day, even through I CR went to her and told her she was right about Berg and I feel as a peace offering and proof of



reality, LSB is mostly home-bound because of depression and anxiety. She is really poor, and lives in a dump with her major white-supremacist boyfriend (some of us have researched LSB and have tracked her boyfriend's white-supremacist online activities). Linda just needs to feel like she is a threat to the entire OIP structure. In reality, I think she claims to have done these things so she can "prove" that she knows what she is talking about regarding the Usurper (to convince folks to donate to Berg ... perhaps she was getting $$$$ from the donations) and to deflect racism accusations. Well, her boyfriend is an uber racist. LSB is as well.

Linda's claims are only true in her imaginary world. Not even Orly will give LSB the time of day, even though LSB went to her and told her she was right about Berg and LisaL as a peace offering and proof of her transferred loyalties to Orly... LSB is the one that motivated Orly to get involved in this mess about LisaL as an act of revenge. Orly was willing to let LSB help her target Berg. Beyond that, Orly completely ignores LSB.

**Palin has shown she still has the attention span of a hummingbird on a nectar jag.**

Timothy Egan

Law Offices of:
**Philip J. Berg, Esquire**
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Identification   No. 09867
(610) 825-3134                                    *Attorney for Plaintiffs*

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA LIBERI, et al, | : | |
| Plaintiffs, | : | |
| vs. | : | |
| | : | |
| ORLY TAITZ, et al, | : | |
| Defendants. | : | Case No.: 09-cv-01898-ECR |
| | : | |
| | : | |
| | : | |
| | : | |

## CERTIFICATE OF SERVICE

I, Philip J. Berg, Esquire, hereby certify that a copy of Plaintiffs'
Response/Memorandum to Defendant Taitz's Request/Motion to Unseal Transcripts and
Request/Motion to Stay the Transfer of the Case to California pending Appeal was served
this 9th day of July 2010 electronically upon the following:


Orly Taitz
Defend our Freedoms Foundation, Inc. (unrepresented)
26302 La Paz Ste 211
Mission Viejo, CA 92691
Email:  dr_taitz@yahoo.com


Neil Sankey
The Sankey Firm, Inc. a/k/a The Sankey Firm (unrepresented)
Sankey Investigations, Inc.
2470 Stearns Street #162
Simi Valley, CA 93063
Email:  nsankey@thesankeyfirm.com

Linda Sue Belcher
201 Paris
Castroville, Texas 78009
Email:  Newwomensparty@aol.com  and
Email:  starrbuzz@sbcglobal.net


Ed Hale
Caren Hale
Plains Radio
KPRN
Bar H Farms
1401 Bowie Street
Wellington, Texas 79095
Email:  plains.radio@yahoo.com; barhfarms@gmail.com;
ed@barhfarnet; and ed@plainsradio.com


s/ Philip J. Berg
PHILIP J. BERG, ESQUIRE