Law Offices of:
**PHILIP J. BERG, ESQUIRE**
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531          Attorney for:  Plaintiffs'
Identification  No. 09867
(610) 825-3134

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LISA LIBERI, et al,

                    Plaintiffs,          :

          vs.                            :     Case No.: 09-cv-01898-ECR

                                         :

ORLY TAITZ, et al,                       :

                    Defendants.          :     *Assigned to Honorable Eduardo C. Robreno*

                                         :

**PLAINTIFFS' EMERGENCY MOTION FOR CLARIFICATION and/or RECONSIDERATION OF THE JULY 13, 2010 ORDER; REQUEST THAT DEFENDANT ORLY TAITZ'S REQUEST TO PURCHASE THE AUGUST 7, 2009 TRANSCRIPT BE DENIED; and REQUEST THAT THE AUGUST 7, 2009 TRANSCRIPT BE MAINTAINED UNDER SEAL**

**NOW COME** Plaintiffs', Lisa Liberi [hereinafter "Liberi"]; Philip J. Berg,

Esquire [hereinafter "Berg"], the Law Offices of Philip J. Berg; Evelyn Adams a/k/a

Momma E [hereinafter "Adams"]; Lisa Ostella [hereinafter "Ostella"]; and Go Excel

Global by and through their undersigned counsel, Philip J. Berg, Esquire, and hereby files

the within Emergency Motion for Clarification or in the Alternative Reconsideration of

the July 13, 2010 Order; Plaintiffs' Request this Court Deny Defendant Orly Taitz's

Request to Purchase the August 7, 2009 Transcript as it was "Sealed" by this Honorable

Court; and Plaintiffs' Request to Maintain the August 7, 2009 Transcript "Under Seal".

In support hereof, Plaintiffs aver as follows:

- This Court in open Court Ordered the August 7, 2009 Hearing, all Documents Presented, and Transcript "Under Seal".

- The reason this Court sealed the Hearing of August 7, 2009 and everything thereto was due to the fact it contains Social Security numbers and other private, sensitive data of the parties.

- Defendant Taitz filed a Notice of Appeal of the June 25, 2009; September 29, 2009; January 21, 2010; June 3, 2010; and June 22, 2010 Orders.

- Thereafter, Defendant Taitz filed a Motion to Unseal the August 7, 2009 Transcript, which was opposed by Plaintiffs', as Orly Taitz is **not** appealing anything pertaining to the Order or the Hearing of August 7, 2009.

- This Court issued an Order on July 13, 2010 stating the Hearing Transcript was **not** sealed and denied Defendant Taitz's requests. *See* **EXHIBIT "1"**.

- Today, Orly Taitz filed a Transcript Order form for the Transcripts of June 25, 2009 and August 7, 2009. *See* **EXHIBIT "2"**.

- Again, the August 7, 2009 transcript has **nothing** to do with Defendant Orly Taitz's Appeal and contains very sensitive and confidential information, which Plaintiffs' fear Defendant Taitz will publish as she has done all through-out this case.

## I.   FACTS:

Plaintiffs' filed suit against the Defendants on May 4, 2009 for amongst other things the publication of Plaintiff Liberi's Social Security number; date of birth; place of birth and other confidential information.

A Hearing took place before this Court on August 7, 2009 regarding Plaintiffs' Motion for a Temporary Restraining Order.   At the beginning of the Hearing, after

opening argument, this Court "Sealed" the Hearing and all documents presented in said Hearing.  The reason for "Sealing the Hearing", which includes the Transcript, is due to the testimony involving very sensitive data, including Social Security numbers.

Defendant Taitz filed a Motion/Request to Unseal the August 7, 2009 Transcript. Plaintiffs' objected and explained the Transcript has nothing at all to do with the appeal. Plaintiffs' further argued that the only Transcript pertaining to Defendant Taitz's Appeal was the June 25, 2009 transcript, which was **not** sealed.

This Court entered its Order on July 13, 2010 stating in part,

"**AND NOW**, this 13th day of July, 2010, it is hereby **ORDERED** that Defendant Taitz's motion to unseal the transcripts (doc. no. 128) is **DENIED**.  The Hearing Transcripts are not sealed…"

The Court also Denied Defendant Taitz's Request for a Stay and found other arguments to be frivolous. *See* **EXHIBIT "1"**.

Defendant Taitz is now attempting to obtain the August 7, 2009 Transcript, for some unknown reason.  The August 7, 2009 Hearing and/or Transcript has **nothing to do** with Defendant Taitz's Appeal.  It is unfortunate, but Defendant Taitz has a nasty habit of publishing parties Social Security Numbers and other private identifying information on the Internet and filing Social Security numbers and other private identifying information in this Court's docket.  It should also be noted, Defendant Taitz failed to properly fill out the Transcript Order Form.

For the reasons stated herein, Plaintiffs respectfully Request Clarification of this Court's July 13, 2010 Order or in the alternative Reconsideration of this Order and Request this Court to Deny Defendant Taitz's Request for the August 7, 2009 Transcript; and maintain the August 7, 2009 Transcript "Under Seal", as Ordered by this Court on August 7, 2009, due to the sensitive and confidential information it contains.

II.   **PLAINTIFFS' RESPECTFULLY REQUEST CLARIFICATION OF THIS COURT'S ORDER OF JULY 13, 2010 or in the Alternative RECONSIDERATION OF THIS COURT'S ORDER OF JULY 13, 2010 REGARDING THE AUGUST 7, 2009 HEARING TRANSCRIPT:**

Plaintiffs' hereby move for Clarification of this Court's July 13, 2010 Order regarding the August 7, 2009 transcript. Or, in the alternative, Plaintiffs respectfully request Reconsideration of this Court's July 13, 2010 Order.

Defendant Taitz moved to Unseal the August 7, 2009 Transcript. Plaintiffs' strongly opposed as the transcript of August 7, 2009 had absolutely nothing to do with Defendant Taitz's appeal; the Order relating to the August 7, 2009 hearing was **not** appealed; and the Hearing, including the Transcript of the proceedings; and all documents presented on August 7, 2009 were placed "Under Seal" by this Court due to the sensitive and confidential information the proceeding involved.

The Court denied Defendant Taitz's Motion to Unseal the August 7, 2009 Transcript, finding that the Hearing Transcripts were **not** sealed. It is not clear whether this Court was talking about the August 7, 2009 transcript, which again has nothing to do with Defendant Taitz's appeal and was "Sealed", or if the Court was speaking of all

Transcripts which would only be two [2], June 25, 2009 [not sealed] and August 7, 2009 [sealed].

This issue is extremely important.  All parties present at the August 7, 2009 hearing were assured confidentiality and protection of the sensitive and confidential information presented to this Court, by this Court's Order Sealing the Hearing, which of course, includes the Transcript of the proceedings.

Generally, a Motion for Reconsideration will only be granted if: (1) there has been an intervening change in controlling law; (2) new evidence, which was not previously available, has become available; or (3) it is necessary to correct a clear error of law or to prevent manifest injustice. _Reich v. Compton_, 834 F. Supp. 753, 755 (E.D. Pa. 1993) (citing _Dodge v. Susquehanna Univ_., 796 F. Supp. 829, 830 (M.D. Pa. 1992), aff'd in part, rev'd in part, 57 F.3d 270 (3d Cir. 1995); _McDowell Oil Serv., Inc. v. Interstate Fire & Cas_. Co., 817 F. Supp. 538, 541 (M.D. Pa. 1993).  Furthermore, "With regard to the third ground...any litigant considering bringing a motion to reconsider based upon that ground should evaluate whether what may seem to be a clear error of law is in fact simply a disagreement between the Court and the litigant."

Here, **not** only does this Court's Order of July 13, 2010 apparently contradict the Order given by this Court in open Court on August 7, 2009, but also if the August transcript is **not** maintained under seal, there will be a manifest injustice.  All parties to the Hearing were assured confidentiality and protection of the sensitive and confidential data presented in testimony when the Court Ordered the Hearing "Sealed".  In addition, the Transcript contains sensitive data including Social Security Numbers and other confidential information.  Moreover, as previously stated, Defendant Orly Taitz continues

publishing private, confidential information of the Plaintiffs' all over the Internet, but has also used this Court's Electronic Filing system to publish Social Security numbers and then blames this Court's Clerks.  There is **no** viable reason for Defendant Taitz's request for the August 7, 2009 transcript.

If this Court's Order of July 13, 2010, docketed July 14, 2010 was intended to "Unseal" the August 7, 2009 Transcript then Plaintiffs Respectfully Request this Court to Reconsider its Order as it contradicts this Court's Order of August 7, 2009

### III.    ORDERS BEING APPEALED BY DEFENDANT TAITZ:

Defendant Orly Taitz states in her Notice of Appeal that she is appealing the Court's Orders appearing as Docket entry numbers 76; 109; 116; 123; 124; and 125 which is completely improper.

This Court's Order of June 25, 2009, appearing as docket entry 76 is time barred. This Order dismissed James Sundquist and Rock Salt Publishing, which was a Final Order and any Appeal thereto had to have been filed within thirty [30] days of the Court's Order. *See* Federal Rules of Civil Procedure, Rule 3.  Therefore, Appeal of this Court's June 25, 2009 Order appearing as docket entry number 76 is time barred. *See* the Federal Rules of Appellate Procedure, Rule 4.

This Court's Order of September 29, 2009, appearing as docket entry 109, that Orly Taitz is Appealing is improper and time barred.  Moreover, Defendant Taitz waived her right to oppose or object, and issues cannot be raised for the first time on Appeal. *See* _Southwestern Pennsylvania Growth alliance v. Browner_, 121 F.3d 106 (3d Cir.1997), (Third Circuit Judge Samuel Alito held that issues raised for the first time on appeal are

waived, except in "extraordinary circumstances.")   There are **no** extraordinary circumstances here.

This Court's Order of January 21, 2010, appearing as docket entry number 116, was an Order to file Plaintiffs' Attorney's Letter in Response to Defendant Orly Taitz's request from the Court to file a Rule 11 Motion for Sanctions against the undersigned. Defendant Orly Taitz never opposed the filing of the letter or this Court's Order to file the undersigned's letter docketed, and therefore any objection thereto was waived by Defendant Taitz.  Moreover, this is not a final appealable Order and even if it were, it is time barred.  *See* Federal Rules of Appellate Procedure, Rule 3 and the Federal Rules of Appellate Procedure, Rule 4.

This Court's Order of June 3, 2010, appearing as docket entry number 118 was amended on June 22, 2010 and therefore, any appeal thereto is moot.

The June 22, 2010 Order of this Court explains that the Court had issued Rules to Show Cause upon Plaintiffs' as to Why the Case should not be Dismissed for Lack of Personal Jurisdiction; Why the Case should not be Severed into three (3) or fewer cases against the following groups or Defendants: (i) the Hales; (ii) Belcher; (iii) Taitz, DOFF, and Sankey; and Why the Case should not be Transferred to the appropriate district in either Texas or California.  Plaintiffs' Responded to the Court's Rules to Show Cause; Defendant Taitz filed a Response in Opposition to Plaintiffs' Response, however, failed to touch upon any of the issues which were pending and failed to cite any type of legal authority as to why Plaintiffs' response failed.

Defendant Taitz's attempts to appeal "Order 123", there is **no** such Order appearing on the Docket.  Docket entry number 123 is this Court's Memorandum

pertaining to Plaintiffs' Motion for Reconsideration.   At **no** time, has Defendant Taitz filed a Motion Objecting to this Memorandum; a Motion for Clarification; or a Motion at all pertaining to this Court's Memorandum appearing as docket entry 123.   As stated previously, you **cannot** raise issues for the first time on appeal. *See Southwestern Pennsylvania Growth alliance v. Browner*, 121 F.3d 106 (3d Cir.1997).

This Court's Order of June 22, 2010, appearing on the docket as docket entry number 124 amends the Court's previous Order of June 3, 2010 appearing as docket entry number 118.   In this particular Order, the Court grants Plaintiffs' Motion for Reconsideration as to points one through five [1-5]; Amends its Order of June 3, 2010; and thereby Severed the Case and Transferred the Case against the California Defendants to California and the Case against the Texas Defendants to Texas upon its own Rules to Show Caused issued June 25, 2009, which was completely proper.

This Court's Order of June 23, 2010 appearing as docket entry 125 grants Plaintiffs' Motion for Reconsideration as to points one through five [1-5].   Defendant Taitz had the opportunity to respond to Plaintiffs' Motion for Reconsideration, however, failed to properly do so.   Therefore, the Court found *"Defendant Taitz's response does not substantively address Plaintiff Berg's motion for leave to file a motion for reconsideration, thus it is inapposite to the issues at bar."*   Again, which was completely proper by this Court.

Most importantly, however, is the fact the Orders Defendant Taitz is attempting to appeal are **not** appealable Orders.

**IV.   THE ONLY TRANSCRIPT SEALED IS FROM THE AUGUST 7, 2009 HEARING WHICH DOES NOT PERTAIN TO DEFENDANT TAITZ'S APPEAL and THEREFORE, THERE IS NO BASIS TO UNSEAL THIS PARTICULAR TRANSCRIPT:**

Defendant Taitz's filings appearing as docket entry numbers 128, 130 and 131 Requested this Court to Unseal Transcripts claiming none of the Defendants were aware that the Transcripts were Sealed.  This is hogwash to say the least.  The only Transcript which touches upon Defendant Taitz's Notice of Appeal is the June 25, 2009 transcript which is **not** sealed.

The only Transcript "Sealed" is the transcript of August 7, 2009, which was the Hearing on Plaintiffs' Motion for an Emergency Temporary Restraining Order [TRO] **and has nothing to do with Defendant Taitz's appeal**.  In this August 7, 2009 transcript is Plaintiff Liberi's full Social Security number and the parties' names, addresses, etc. all of which was "Sealed" to protect the parties.  All parties present for this Hearing were made aware the proceedings, all exhibits, and the Transcript were "Sealed".  The Court may recall Plaintiff Liberi showed this Court documents bearing her residential address, which was **not** California or Texas.  There is absolutely **no** basis for this transcript; **nothing** in the Defendant's Appeal addresses anything regarding this particular Hearing or any Order thereto.  Moreover, the Orders Defendant Taitz is attempting to appeal are **not** Appealable Orders.

Therefore, Defendant Taitz's Request for the August 7, 2009 Transcript must be Denied and the August 7, 2009 Transcript must be maintained "Under Seal" due to the sensitive and confidential information contained within the Transcript.

## V.    <u>CONCLUSION</u>:

For the reasons stated herein, Plaintiffs' Motion for Clarification or in the alternative for Reconsideration; Plaintiffs' Request to deny Defendant Orly Taitz's Purchase Order form for the August 7, 2009 Transcript; and Plaintiffs' Request to maintain the August 7, 2009 Transcript "Under Seal" must be Granted.

Respectfully submitted,


Dated:  July 26, 2010

s/ Philip J. Berg
_____
Philip J. Berg, Esquire
*Attorney for Plaintiffs'*

# EXHIBIT "1"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LISA LIBERI, et al.,           :    CIVIL ACTION
                               :    NO. 09-1898
          Plaintiffs,          :
                               :
     v.                        :
                               :
ORLY TAITZ, et al.,            :
                               :
          Defendants.          :

# O R D E R

**AND NOW**, this **13th** day of **July, 2010,** it is hereby
**ORDERED** that Defendant Taitz's motion to unseal the transcripts
(doc. no. 128) is **DENIED.**  The hearing transcripts are not
sealed.


**IT IS FURTHER ORDERED** that Defendant Taitz's motion to
stay the transfer (doc. no. 128) is **DENIED.**  The Court issued a
rule to show cause as to why the case should not be severed and
transferred, and thereafter ruled to sever and transfer the case
under applicable law.  All of Defendant Taitz's other arguments
are frivolous.


          **AND IT IS SO ORDERED.**


          s/Eduardo C. Robreno
          **EDUARDO C. ROBRENO, J.**

# EXHIBIT "2"

## TRANSCRIPT PURCHASE ORDER
### For Third Circuit Court of Appeals

| | | |
|---|---|---|
| **District Court** 09 - 1898 | | |
| Eastern District of PA | **Court of Appeals Docket No.** | |
| | **District Court Docket No.** 09-1898 | |
| **Short Case Title** Liberi et al V Taitz et al | | |
| **Date Notice of Appeal Filed by Clerk of District Court** | | |

**Part I.** (To be completed by party responsible for ordering transcript)

NOTE: A SEPARATE FORM IS TO BE TYPED FOR EACH COURT REPORTER IN THIS CASE.

JUL 26 2010
MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

**A.** <u>Check one</u> of the following and serve <u>ALL COPIES</u>:

TRANSCRIPT:

___ None ___ Unnecessary for appeal purposes.

___ Already on file in the District Court Clerk's office.

✓ This is to order a transcript of the proceedings heard on the date listed below from 08.07.09  06.25.09 (Court Reporter)

(Specify on lines below exact date of proceedings to be transcribed). If requesting only partial transcript of the proceedings, state exactly what portion or what witness testimony is desired.

08.07.09
06.25.09

If proceeding to be transcribed was a trial, also check any appropriate box below for special requests; otherwise, this material will NOT be included in the trial transcripts.

___ Voir dire ___ Opening Statement of Plaintiff ___ Opening Statement of Defendant
___ Closing Argument of Plaintiff ___ Closing Argument of Defendant
___ Jury Instructions ___ Sentencing Hearings

FAILURE TO SPECIFY IN ADEQUATE DETAIL THOSE PROCEEDINGS TO BE TRANSCRIBED OR FAILURE TO MAKE PROMPT SATISFACTORY FINANCIAL ARRANGEMENTS FOR TRANSCRIPT ARE GROUNDS FOR DISMISSAL OF THE APPEAL OR IMPOSITION OF SANCTIONS.

**B.** This is to certify that satisfactory financial arrangements have been completed with the court reporter for payment of the cost of the transcript. The method of payment will be:

___ CJA Form submitted to District Court Judge ✓ Motion for Transcript has been submitted to District Court
___ CJA Form submitted to Court of Appeals ✓ Private Funds  Please let me know how much I need to pay & to whom to get the transcript

| | | |
|---|---|---|
| **Signature** | **Date** 07.19.10 | |
| **Print Name** ORLY TAITZ | **Counsel for** pro se | |
| **Address** 29839 S. Margarita Pkwy RSM CA 92688 | **Telephone** 949-683-5411 | |

**Part II.** COURT REPORTER ACKNOWLEDGEMENT (To be completed by the Court Reporter and forwarded to the Court of Appeals on the same day transcript order is received.)

| Date transcript order received | Estimated completion date; if not within 30 days of date financial arrangements made, motion for extension to be made in Court of Appeals | Estimated number of pages |
|---|---|---|
| | | |
| | | |

___ Arrangements for payment were made on _____

___ Arrangements for payment have not been made pursuant to FRAP 10(b)

| | | |
|---|---|---|
| **Date** | **Name of Court Reporter** | **Telephone** |

**Part III.** NOTIFICATION THAT TRANSCRIPT HAS BEEN FILED IN THE DISTRICT COURT (To be completed by court reporter on date of filing transcript in District Court. Notification must be forwarded to Court of Appeals on the same date.) This is to certify that the transcript has been completed and filed with the District Court today.

Actual Number of Pages _____ Actual Number of Volumes _____

| | |
|---|---|
| **Date** | **Signature of Court Reporter** |

Law Offices of:
**Philip J. Berg, Esquire**
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Identification   No. 09867
(610) 825-3134                                    *Attorney for Plaintiffs*

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LISA LIBERI, et al,                              :
                               Plaintiffs,        :
            vs.                                   :
                                                  :
ORLY TAITZ, et al,                               :
                               Defendants.        :   Case No.: 09-cv-01898-ECR
                                                  :
                                                  :
_____  :

## CERTIFICATE OF SERVICE

I, Philip J. Berg, Esquire, hereby certify that a copy of Plaintiffs' Emergency

Motion for Clarification of the Court's July 13, 2010 Order or in the Alternative Motion

for Reconsideration; Plaintiffs' Request denying Defendant Orly Taitz's Request for the

August 7, 2009 Transcript; and to Maintain the August 7, 2009 Transcript was served this

26th day of July 2010 electronically upon the following:


Orly Taitz
Defend our Freedoms Foundation, Inc. (unrepresented)
26302 La Paz Ste 211
Mission Viejo, CA 92691
Email:  dr_taitz@yahoo.com


Neil Sankey
Sankey Investigations, Inc.
Post Office Box 8298 Mission Hills, CA 91346
By USPS with Postage fully prepaid

The Sankey Firm, Inc. a/k/a The Sankey Firm (unrepresented)
2470 Stearns Street #162 Simi Valley, CA 93063
By USPS with Postage fully prepaid

Linda Sue Belcher
201 Paris
Castroville, Texas 78009
Email:  Newwomensparty@aol.com  and
Email:  starrbuzz@sbcglobal.net

Ed Hale
Caren Hale
Plains Radio
KPRN
Bar H Farms
1401 Bowie Street
Wellington, Texas 79095
Email:  plains.radio@yahoo.com; barhfarms@gmail.com;
ed@barhfarnet; and ed@plainsradio.com

s/ Philip J. Berg
_____
PHILIP J. BERG, ESQUIRE