*ER*

Dr. Orly Taitz, Esq
Attorney Pro Se & Attorney
For Defend Our Freedoms Foundation
29839 Santa Margarita Parkway, Suite 100
Rancho Santa Margarita CA 92688
Tel: (949) 683-5411; Fax (949) 766-7603
E-Mail: dr_taitz@yahoo.com

*09-cv-1898*



# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA LIBERI, et al., | ) Response to the 07.26.10. emergency motion by the plaintiffs to keep transcripts under seal |
| | ) Motion for clarification and motion-request |
| | ) for order to show cause, why sanctions should not |
| | ) be assessed against parties defrauding the courts |
| | )by claiming that Judge Robreno issued an |
| **Plaintiffs** | )"order" to seal transcript of Liberi v Taitz |
| | ) forwarded to the Third Circuit court of Appeals |
| **v.** | ) |
| | ) District Court   case # 09-cv- 01898-ER |
| ORLY TAITZ, et al., | ) Court of Appeals number case #09-3403 |
| | ) and other repeated acts of fraud |
| **Defendants.** | ) 60 B motion |

*JUL 26 2010*
*MICHAEL E. KUNZ, Clerk*
*By                Dep. Clerk*

## Background of the case

Due to the great importance of this matter, and fraud being perpetrated on the US District

Court as well as the Court of Appeals, and due to the fact that the plaintiff here Lisa

Liberi is currently on probation in the state of CA as a result of 10 felony convictions of

forgery, forgery of an official seal and grand theft, this motion is addressed to the

presiding judge The Hon Eduardo Robreno; as well as the Chief Judge of US District

Court for the Eastern District of Pennsylvania The Hon Harvey Bartle, III; and the Chief

Judge for the Third Circuit Court of Appeals, The Hon Randall Ray Rader. It is cc-ed to the Public Integrity Unit of the Department of Justice, Civil Rights Commission in Washington DC, the PA State Bar, the Philadelphia DA, Audrey B. Collins, the Chief Judge of the Central District of CA, Judge David O. Carter Central District of CA, San Bernardino County, the California Probation Department, and the San Bernardino County District Attorney James Secord,

1. In an around April of 2009 Attorney Orly Taitz, who is also a president of Defend Our Freedoms foundation, was forced to start a new website for her foundation, when her former volunteer web master Lisa Ostella - without any authorization - took over the website of her foundation and continued soliciting donations from supporters, whereby diverting funds from the foundation, while at the same time denigrating Taitz and promoting attorney Philip Berg.

2. At the same time Taitz was contacted by Linda Belcher, a former volunteer for Attorney Philip Berg, whereby Belcher disclosed that assistant for Berg.- Lisa Liberi- has a long wrap sheet of 10 felony convictions of forgery of documents, forgery of an official seal and grand theft

3. Taitz and licensed investigator Sankey did their due diligence by conducting multiple interviews of Lieberi's arresting officer, District attorney on the case, James Secord, probation officer, victims, and pulled all the public records and verified that indeed the assistant for attorney Berg, is Lisa Liberi, an individual, convicted in CA in 2008, who

received an eight years prison term, which was reduced to probation until March of 2011. According to the terms of her probation, she is allowed to reside only in CA or NM. **Exhibit 3** Superior court of San Bernardino County, CA printout of case FWV028000, defendant 1608112 Lisa Renee Liberi, aka Lisa Courville Richardson, aka Lisa Courville Rich, aka Lisa Richardson. showing 10 felony convictions. **Exhibit 4** Superior Court of CA, San Bernardino County counts of indictments FSB044914 for Lisa Liberi and **Exhibit 5** Superior court of CA, San Bernardino County Case FWV082000 indictments for Lisa Liberi. Indictments show multiple schemes, where through forgery and fraud Liberi effectuated grand theft.

4. In and around April of 2009 Taitz contacted Berg by two e-mails, forwarded to him Liberi's conviction summary and advised him that she is aware of Liberi's past, that she is aware that Liberi assists Berg by preparing documents for him and mailing those to him and that she had a number of concerns. She was concerned about the fact that Berg and Liberi went on a number of radio shows, where they announced that Liberi was an able assistant for Berg, that she has prepared his case <u>Berg v Obama</u>, that contained affidavits from Kenya, attesting to Obama's birth there. Taitz asked Berg to allow her and her forensic document expert to examine the original documents from Africa, to make sure that those are not forged, as it was possible in light of Liberi's convictions just a year earlier. While Taitz believed, that Mr. Obama needs to unseal his original birth certificate with the name of the hospital and doctor, she was concerned about those affidavits from Africa, as possibly being forged and undermining the case Taitz has incorporated this evidence in her legal actions and wanted to make sure she didn't unknowingly

incorporate something that was forged. Additionally Berg and Liberi were conducting a nation wide fundraising for that case (**Exhibit 6** Example of advertising of fundraising). Taitz advised Berg, that according to terms of her probation, Liberi cannot be associated with any fundraising and cannot handle credit cards of others. Additionally, Taitz advised Berg, that his association with Lisa Ostella, Taitz former web master, constitutes diversion of funds from her foundation.

5. Berg never responded to Taitz, but instead continued his attacks on her, never granted her right to see the original affidavits from Africa, used in Berg v Obama and continued fundraising.

6. Taitz forwarded to the Department of Justice and FBI Liberi's summary of convictions and all the above information and published Liberi's summary of convictions to warn the public.

7. On 05.04. 2009 Berg filed current legal action 09-1898 in the Eastern District of PA, based on diversity and claimed Libel. Assault and Slander. Berg sued all of the parties who blew the whistle on him, Liberi and Ostella. He sued Taitz, her foundation, Salt rock Christian publishing, Licensed investigator Sankey, former volunteer Linda Belcher, talk show host Ed Hale, Hale's radio station and Hale's wife Caren and a number of other entities . Berg, also included in this case a separate conflict that talk show host Evelyn Adams aka Momma E had with Ed Hale. The essence of his allegation was, that Lisa Liberi, who works for him, is a different Lisa Liberi, that she is an innocent woman, residing in PA, and she is not the same  Lisa Liberi, who was convicted in CA.  While

Berg included residential addresses of all the parties, he never provided any address for Liberi in the state of PA, but instead provided his business address as her address.

8. From May of 2009 until now, for over a year, Berg has never provided a shred of evidence, proving that Liberi resided in PA at the time he filed the law suit.

9. Defendants filed motions, stating that prior to even getting into the essence of the case, it needs to be dismissed due to lack of jurisdiction.

10. While the issue of jurisdiction was being considered by the court, Berg filed a motion for a temporary restraining order, seeking a *de facto* gag order on any and all information about the plaintiffs. This motion was denied by the court after hearing on August 7, 2009.

11. In August of 2009 Berg filed an appeal.

12. On February 17, 2010 the Third Circuit Court of Appeals received a United States Government Memorandum from Joan Carr, from USDC in the Eastern District of PA. (**Exhibit** 1). This memorandum was docketed as Document 003110023894 case: 09-3403. It stated: "On September 24, 2009 David Hayes  left a voice message for counsel regarding the transcripts requested. Counsel was also notified that the proceeding held August 7, 2009 was under seal and an order of court would be necessary to unseal the proceeding and have a transcript produced. To date our office has not received payment,

a motion to unseal has not been docketed nor has a transcript purchase order form been submitted to the District Court. Taitz was concerned about the fact that an order to seal the transcript was issued by Judge Robreno, but never docketed. Taitz, as a party, was never notified of such seal of records, and there was never any explanation given, as to why was the transcript sealed, as clearly there was no justification for it.

13. On 07.02. 10 Taitz filed an appeal of a different order and filed a motion to unseal the transcript. On 07.09.10 Berg filed a Response in Opposition to unseal the transcript, claiming that all the parties were notified that the transcript was sealed due to the fact that it contained personal information of Lisa Liberi.

14. On 07.14.10. Judge Robreno issued an order, denying the motion to unseal the transcript, stating that the **transcript was not sealed**. Clearly there was a contradiction. The same Federal Judge cannot issue an order to seal the transcript, whereby a special motion would be necessary to unseal it, and later deny such motion, stating that the transcript was never sealed.

15. The same United States government memorandum contained a second page, "Transcript Purchase Order", which was earlier filed by Berg on 08.29.2009 as document 00319790342 **Exhibit 2.** It contained a statement "This is to certify that satisfactory financial arrangements have been completed with the court reporter for payment of the

\

cost of the transcript. The method of payment is private funds. signature Philip Berg. Date August 28, 2009. Petitioner (Appellant) Telephone 610-825-3134.

16. On 07.21.10 Taitz was finally able to talk to clerk David Hayes from US district court for the Eastern District of PA. Taitz asked why the cost of transcript was $1,100, a high fee for a copy, in light of the fact that according to certification of Berg, he already made financial arrangements with the court reporter to pay for the transcript back in August of 2009, and the copy should be less expensive. **Mr. Hayes checked the records. Philip Berg never made any financial arrangements. He never paid a cent**. For nine months, Berg and his clients and co-appellants harassed all of the defendants/ appellees by claiming that they have an emergency, they have filed hundreds and thousands of pages of unrelated prejudicial and inflammatory material with both the District Court and the Court of Appeals, in a scheme to prejudice judges of the District Court and the Court of Appeals against the defendants, while knowing all along that they never paid for the transcript and never ordered the transcript and defrauded both courts and the defendants.

17. During the same conversation, Taitz inquired if there was any order from Judge Robreno to delete from the electronic docket exhibits that she filed on 06.14.10. which included Liberi's filing for bankruptcy in Ca, her declaration made in her criminal case in Ca and summary of her criminal convictions. All of the documents were brought with the proper purpose of showing her being subject to the jurisdiction of the state of CA and

showing that there was no diversity with Taitz, also a resident of Ca, therefore grounds for dismissal due to lack of diversity and lack of jurisdiction. Those documents also showed Liberi's signature, being the same as filed with her original verified complaint. Mr. Hayes knew of no such order from judge Robreno. No other clerk knew of any such order. **Exhibit 7** Lisa Liberi's Bankruptcy Court, Central District of CA filing. brought with the proper purpose to show Liberi's pattern of handwriting and her address in Rancho Cucamonga, San Bernardino county CA, where she was arrested and convicted. For the purpose of this filing social security number of Liberi was redacted to show only the four last digits, however defendants can provide an unredacted copy, which is also readily available to the public in the bankruptcy court.

18 Taitz inquired with the clerks if there was any order from Judge Robreno to seal the initial verified complaint, filed by Berg on behalf of the plaintiffs, containing a sample of Liberi's hand writing, which was the same handwriting as shown on her filing for bankruptcy and her declaration made in the Superior court, which were filed by Taitz as exhibits in Document 121, which were deleted from the electronic docket as well. No clerk could provide an answer, why the complaint was not available on the electronic docket.

19. During a year of litigation Berg repeatedly signed certifications, claiming that he served all of the defendants, including defendant Linda Belcher and that her silence is a sign of her agreement with all of Berg's allegations and demands.

Liberi v Taitz Motion for Clarification 8

20.  In June of 2010 Taitz was contacted by Belcher, who forwarded to Taitz a copy of her written statement, made under penalty of perjury (**Exhibit 8**),   that she did not receive any pleadings from Berg since her attorney Mr. Hoppe  resigned in Summer of 2009. Ms. Belcher stated in her letter ( that was mailed and faxed to the court, but never docketed) that she refused to be served by e-mail due to malware on Berg's computers and she was never served by mail.

21. In her letter under penalty of perjury Belcher stated, that Lisa Liberi  personally asked Belcher to file fraudulent complaints against Taitz and against another attorney Theresa LaLoggia from the firm Dickstein Shapiro. Ms. LaLoggia is a member of PA bar. Again, under penalty of perjury Belcher stated that she was present on a three way phone call, when Liberi asked another individual, Larry Sinclair, who has an extensive criminal record,  to file such complaint against Taitz. Sinclair filed a fraudulent complaint against Taitz with Judge Carter, fraudulently claiming that Taitz  asked him to state something that was not true, accusing Taitz of suborning perjury.  That undermined Taitz's case in front of judge Carter, who included mention of this complaint in his ruling. Later Berg and Liberi included this decision from Judge Carter in their pleading in front of judge Robreno to claim that Taitz does not have a good character for veracity, that she suborns perjury and that her pleadings are not to be trusted. This **Exhibit 8** was brought for the proper purpose, as an example of how a licensed attorney - Berg -  used convicted criminals in order to defraud and manipulate two federal judges: Judge David O. Carter

in Ca and Judge Eduardo Robreno in PA, in order to achieve his purpose of framing and undermining Taitz, a person, who blew the whistle on him and his assistant Liberi. It is brought for the proper purpose of supporting a motion for an order to show cause, why sanctions should not be assessed against Berg and the rest of the plaintiffs for fraud on the courts.

.

22. Movant presents **Exhibit 9**, a printout of the transcript of the testimony of Investigator Liebricht, given under penalty of perjury during preliminary hearing before Judge John M. Pacheco, superior court of CA case # FSB-044914 and testifying to authenticate audio tapes # 04073420299 of phone conversations of Lisa Liberi, recorded on 07.29.04 during her incarceration. This exhibit is brought for the proper purpose of showing a common scheme and modus operandi of Liberi committing fraud and engaging in conspiracy of using fellow criminals and framing and undermining innocent individuals. In the testimony, inspector Liebrich is testifying about a conversation Lisa Liberi had with her husband Brent Liberi where she is planning a "hit", a "green light" on her own sister Cheryl Richardson after Ms. Richardson cooperated with the police and disclosed 19 previous charges against Lisa Liberi. Liebrich:"... she was going to have somehow get her arrested and then spread through the jail system that she was quote unquote "a rat" and she told her husband Brent, "You know what they do to rats in jail?"

...

Question from the court: "And what happens when inmates discover that another inmate is a snitch?

Answer: There is what is known as a contract, a green light on time. Different things:
they are attacked and or killed. In fact, you brought up L. A. County, in the last year five
have been killed within the jail system". **Exhibit 10** shows a an authenticating
Declaration and a photograph of Lisa Liberi with her husband Brent Liberi, and Judge
Robreno can see, that it is the same woman, who appeared in front of him on August 7,
2009 and claimed that she is an innocent woman, who was never convicted of any crimes
and was slandered and defamed by the defendants (picture of her son was removed from
the photograph for his privacy).

23. **Exhibit 11** shows a declaration under penalty of perjury Lisa Liberi made on
September 21, 2006 in the Superior Court of San Bernardino county in her motion to
recuse the Office of the District of the County of San Bernardino. Her social security
number is redacted to show only the last four digits. Only the first and last pages are filed
with the current motion, full document was previously filed with the document 121,
where the document was removed from the electronic docket, but is supposed to be in the
hard copy with the court. **Exhibit 12** is the signature   page of the verification filed by
Liberi in her motion for TRO filed on July 15, 2009 by her attorney Berg in the current
action for defamation and slander.  These last two exhibits show the same signature. One
can see the  signature of Lisa Liberi, who is on trial in CA with a total of 23 charges and
10 convictions and with a  testimony of officer Liebrich regarding 19 prior charges and
the same signature of Lisa Liberi, who filed this action for defamation, claiming under
penalty of perjury, that she is an innocent woman, resident of Pennsylvania, who does

not have a criminal record and was slandered and defamed by the defendants. It also shows that she is using multiple social security numbers, which reinforces the statement by volunteer Belcher, regarding Social security violations.

## Memorandum of Points and Authorities

### Response to motion by the plaintiffs to seal the record and deny the defendants access to the record.

Apparently Berg believes that, if you tell a lie often enough, people will start believing in it. Berg filed yet another emergency motion and Taiz is responding the next day on July 27, 2010 and apologizes to the court for the fact that this response could use more polish, however since at a prior occasion this court has granted Berg's motion within one day, before Taitz could respond, this response is being faxed and filed with the court next day to make sure there is no order to grant Plaintiff's motion before defendants had an opportunity to respond. Exhibit 2 shows " Transcript purchase order" filled out and certified by Berg on August 29, 2009. It is similar to one filed out by Taitz recently. If the transcript was really sealed, Berg would not be filing a Transcript purchase order, to purchase the transcript of August 7, 2009 hearing. He would be filing a motion with judge Robreno to unseal it first. Berg didn't do it, since he knew that the transcript was never sealed. Berg wanted to seal it, as Berg wanted to seal the lips of the defendants, who were the whistle blowers, he wanted to silence them, but there was no seal. The only difference between Berg's purchase order and Taitz purchase order, is the fact that Berg committed yet another fraud on the court. Not only the transcript was not sealed, but Berg never purchased it, he never paid a cent, even though he certified it. Taitz actually paid

Liberi v Taitz Motion for Clarification 12

for the transcript and sent to the clerk of the court David Hayes, a check for $1,100 for the purchase. Taitz inquired with both Joan Carr and David Hayes, what happened, why Berg claimed there was a seal, why a letter from Joan Carr stated that there was a seal, but the order from Judge Robreno states that there was no seal. Mr. Hayes checked the record and left a message on Taitz phone recording machine  (available for review) that there was no seal, it was an error. In the conversation Hayes stated that he checked the record, and it only shows a request by Berg to seal the record, but no such order by Judge Robreno.

This appear to be one of the schemes by Berg and possibly Liberi, where they are submitting fraudulent statements often enough to induce the parties to believe that those are true. This is an egregious violation of the code of professional ethics by an attorney.

Additionally, in his motion Berg is reviewing the weaknesses of the appeal by Taitz and trying to justify his request for the court to deny Taitz her right to purchase a transcript based on the weaknesses of the appeal.

This is a totally frivolous notion, not based on law or fact. Strength or weakness of the appeal, is the matter to be decided by the Third Circuit Court of Appeals, not the trial court. Berg wants the trial court to deny the defendants right to purchase a copy of the transcript of the hearing, which is a basis of the appeal in the first place, and based on which the appeal will be decided by the court of appeals. Such order by the District Court would be a flagrant violation of Taitz 14th amendment rights to due process and equal protection under the law. Berg is an attorney and knows that such order would be totally unconstitutional, and his Emergency motion to deny Taitz her right to purchase a transcript of the hearing needs to be denied as totally frivolous, and  an order to show

cause should be issued "Why Berg and plaintiffs should not be sanctioned for repeatedly

defrauding the District Court and the Court of Appeals" and for bringing frivolous

motions.


### Rule 60 B motion

**Rule 60.**  Relief from Judgment or Order

 **(b)** Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.

On motion and upon such terms as are just, the court may relieve a party or a party's

legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence

which by due diligence could not have been discovered in time to move for a new trial

under RCFC 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic),

misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5)

the judgment has been satisfied, released, or discharged, or a prior judgment upon which

it is based has been reversed or otherwise vacated, or it is no longer equitable that the

judgment should have prospective application; or (6) any other reason justifying relief

from the operation of the judgment. The motion shall be made within a reasonable time,

and for reasons (1), (2), and (3) not more than one year after the judgment, order, or

proceeding was entered or taken. A motion under this subdivision (b) does not affect the

finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court.

As stated previously, there is new information, showing multiple counts of fraud on the court

1. Fraud was committed, when the Court of Appeals and the District Court were told that there was a seal on transcripts, when no such seal ever existed.

2. Fraud on the court was committed when Attorney Berg certified a statement that he made satisfactory financial arrangements to purchase the records, when no such arrangements were ever made.

3. Fraud was committed by Attorney Berg and the plaintiffs in their claim that plaintiff Liberi is a resident of PA.

4. Fraud was committed by Liberi, when she solicited a fraudulent complaint against Attorney Taitz, to be made by Larry Sinclair and this fraudulent complaint was later used by Attorney Berg and Liberi to prejudice two judges: Judge Carter and Judge Robreno against Taitz.

5. Fraud was committed when Berg claimed that he served defendant Belcher and she agreed with his allegations, when he did not in fact serve her. and she did not have an opportunity to respond.

Due to the fraud on the court, the court erroneously included in its Order to Sever the case a statement that Lisa Liberi is a resident of PA. This statement is based on fraud on the court and perjury by Liberi and Berg.

Residence of a party for the purpose of diversity needs to be resolved on preponderance

of evidence. The party claiming diversity of citizenship has the burden to show such

diversity by preponderance of evidence. The following cases show that when a party

claiming diversity did not show citizenship of the parties by preponderance of evidence,

the cases in federal courts were indeed dismissed, not severed and transferred.


In cases in which jurisdiction is based on diversity of citizenship, plaintiff has burden to

show, first, that applicable statute confers jurisdiction, and, second, that assertion of

jurisdiction is consonant with constitutional limitations of due

process. *Weight v Kawasaki Motors Corp. (1985, ED Va) 604 F Supp 968.*


**Party's mere allegation of diversity cannot satisfy its burden of establishing district**

**court's jurisdiction; citizenship of each real party in interest must be established by**

**preponderance of evidence.** *Roche v Lincoln Prop. Co. (2004, CA4 Va) 373 F3d 610.*


Complaint alleging that defendant's corporate citizenship was in a state other than

California but failing to allege that plaintiffs were all citizens of California was not

sufficient to give District Court jurisdiction since pleadings did not otherwise resolve

issue of citizenship. *Bautista v Pan American World Airlines, Inc. (1987, CA9 Cal) 828*

*F2d 546. 126 BNA LRRM 2559, 107 CCH LC P 10159.* Court lacked jurisdiction over

patient's claims because he failed to establish diversity jurisdiction because at time he

filed complaint both he and hospice were citizens of State. *Olsen v Quality Continuum Hospice, Inc. (2004, DC NM) 380 F Supp 2d 1225.*


Complaint against John Doe defendant alleging Internet defamation was dismissed for lack of subject matter jurisdiction because there was risk that if John Doe's identity were discovered there could have been no diversity, and court's jurisdictional authority would have disappeared; court declined to read amended language of *28 USCS § 1441 into 28 USCS § 1332* because it would have accomplished much broader result of allowing case with only one party and only state law claims to proceed initially in federal court. *McMann v Doe (2006, DC Mass) 460 F Supp 2d*


In motorist's personal injury lawsuit against, inter alia, owners of property adjacent to private railroad-track crossing where car-train accident occurred, pursuant to *28 USCS § 1447(d),* appellate court lacked jurisdiction to review remand that implicitly was based on lack of subject matter jurisdiction; district court clearly was addressing jurisdictional issues—diversity of citizenship, *28 USCS § 1332,* and fraudulent joinder—and when doing so, it properly declined to decide doubtful question of state law and, instead, resolved ambiguity (lack of state law directly on point) in motorist's favor. *Filla v Norfolk & Southern Ry. (2003, CA8 Mo) 336 F3d 806.*


**Where record creates doubt as to jurisdiction, trial court must determine whether there are adequate grounds to sustain its jurisdiction over subject matter.**

*Shahmoon Industries, Inc. v Imperato (1964, CA3 NJ) 338 F2d 449, 9 FR Serv 2d 12B.22, Case 2.*

**Court has duty to look to its own jurisdiction and lack of subject matter jurisdiction may be asserted by court, sua sponte, at any time.** *Jeter v Jim Walter Homes, Inc. (1976, WD Okla) 414 F Supp 791.259.* **decided by a preponderance of evidence.**

Plaintiffs did not present any evidence, **not a shred of evidence,** showing Liberi to be a resident of PA. Defendants have shown that according to her probation she can reside only in CA or NM, she is subject to the jurisdiction of CA, therefore the case at hand has to be dismissed as citizenship of Liberi was not provided to resolve the issue of diversity to allow it to proceed in Federal court. Additionally, statement "Liberi is a resident of PA" has to be removed from the order, as it is significant to the essence of the case and was never proven by the plaintiffs by preponderance of evidence as required for the purposes of diversity or even by any shred of evidence. This case in front of the court is for slander and defamation: Plaintiffs claim that at the time the case was filed, Liberi was not the person, who was convicted in CA and was residing in New Mexico, but a different person, an innocent woman, residing in PA, who was never convicted of any criminal offenses. Previous order by this court to sever and transfer this case states that Liberi is a resident of Pa and for purposes of jurisdiction and diversity it makes no difference whether Liberi is a resident of CA or New Mexico. However, when this court includes in its order and simply repeats a fraudulent and perjured statement by the plaintiffs, that Liberi is a resident of PA, it makes an assertion of fact, which may be used

by two federal judges in TX and CA to decide against the defendants. The court is *de facto* rewarding Berg and Liberi for their fraud and perjury, while in reality this court should have sanctioned them for it and demanded from them a payment of the costs and fees incurred by the defendants. **Due to this error by the court, which was induced by frau committed by the plaintiffs** and exacerbated by some employees of this very court, defendants seek a dismissal of the case or in the alternative change in the order to sever, whereby the residency of Liberi is to be determined by the   court and a hearing to establish Liberi's residency at the time this legal action was filed, so that the defendants will be able to subpoena Liberi's probation officer and prosecuting district attorney  to testify to the fact that the plaintiffs defrauded the court and that Liberi did not reside in PA at the time this legal action was filed, therefore the whole action was totally frivolous, not grounded in fact or law. Due to other legal actions Taitz will not be available to attend such action until August 16 and will not be available on August 17, 18 and 20. She will be available on other dates for such a hearing, to establish residency of Liberi based on preponderance of evidence for the purposes of diversity and in order to correct can error made in "Order To sever and Transfer" from 06.04.10. and  order of 06.23.10

### Clarification is necessary due to fraud on the court

As fraud was committed on the court, there is a need to ascertain, which parties were involved, and what is their culpability

[1] The United States Court of Appeals for the Sixth Circuit has set forth five elements of fraud upon the court which consist of conduct: "1. On the part of an officer of the court;

Liberi v Taitz Motion for Clarification 19

2. That is directed to the 'judicial machinery' itself; 3. That is intentionally false, willfully blind to the truth, or is in reckless disregard for the truth; 4. That is a positive averment or is concealment when one is under a duty to disclose; 5. That deceives the court." *Demianiuk v. Petrovsky, 10 F.3d 338, 348 (6th Cir.1993).*

Although other United States Courts of Appeals have not articulated express elements of fraud upon the court as the Sixth Circuit did, the doctrine has been characterized "as a scheme to interfere with the judicial machinery performing the task of impartial adjudication, as by preventing the opposing party from fairly presenting his case or defense." In re *Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions, 538 F.2d 180, 195 (8th Cir.1976)* (citations omitted); see also *Rozier v. Ford Motor Co., 573 F.2d 1332, 1338 (5th Cir.1978)* (holding "only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court"). Additionally, fraud upon the court differs from fraud on an adverse party in that it "is limited to fraud which seriously affects the integrity of the normal process of adjudication." *Gleason v. Jandrucko, 860 F.2d 556, 559 (2d Cir.1988).*

Other United States Courts of Appeals expressly require that fraud upon the court must involve an officer of the court. See *Geo. P. Reintjes Co. v. Riley Stoker Corp., 71 F.3d 44, 48 (1st Cir.1995); Demianiuk, 10 F.3d at 348.* The Ninth Circuit noted that "one species of fraud upon the court occurs when an 'officer of the court' perpetrates fraud affecting the ability of the court or jury to impartially judge a case." *Pumphrey v.*

*Thompson Tool Co., 62 F.3d 1128, 1130 (9th Cir.1995)*; see also *Weese v. Schukman, 98 F.3d 542, 553 (10th Cir.1996)* (noting that "fraud on the court should embrace only that species of fraud which does or attempts to, subvert the integrity of the court itself, or is a fraud perpetrated by officers of the court") (citation omitted); *Kerwit Med. Prods., Inc. v. N. & H. Instruments, Inc., 616 F.2d 833, 837 (11th Cir.1980)* (same).

Party that was seeking to seal the transcript were the Plaintiffs, as during the hearing on August 7, defendant Hale, Internet Radio talk show host brought to court records of his radio shows, where he demonstrated that Berg and the rest of the plaintiffs repeatedly defrauded the court by taking out bits and pieces of his radio programs, putting those together and claiming defamation.  During purported "seal" of the transcript Berg and rest of the plaintiffs used the District Court and the Court of Appeals as the dumping ground, where they dumped hundreds and thousands of pages of unrelated, inflammatory and defamatory material, among them forged documents, perjured and fraudulent statements, all in an effort to prejudice both courts  against the Defendants. Taitz complained repeatedly that forged documents and perjured and fraudulent statements were used, demanded criminal investigation, but nothing was done. Taitz and the rest of the defendants have suffered damages in the form of severe emotional distress and damages to their reputation due to those filings.

On 07.09.10 Berg filed response in opposition to motion filed by Taitz, where he claimed yet again that the transcript was sealed, even though there was no such seal. Finally Berg filed a motion on 07.26.10 claiming that the transcript was sealed, while indeed it was not sealed.

The issue of order to "seal the transcript" clearly showed that fraud was committed.

Such actions cannot go on in the Federal Court, and Taitz demands investigation and sanctions against the guilty party, as well as compensation for damages suffered. This is particularly important as one of the plaintiffs in this case, Lisa Liberi, an assistant to attorney Berg, is a convicted document forger. In 2008 Liberi was convicted in San Bernardino County, in the state of CA of ten counts of forgery of documents, forgery of an official seal, grand theft and got eight years in prison. (Prosecuting Assistant DA-James Secord). Her eight year prison term was reduced to time served and probation until March of 2011. Liberi is allowed to serve her probation only in CA or in NM, where her family resides. When Taitz and other defendants provided this information to public, plaintiffs filed a frivolous law suit, where they claimed that Liberi resided in PA, **however they never provided a shred of evidence to prove that Liberi resided in PA,** they gave Berg's office address as her address, while defendants provided court records from CA showing that according to her probation she is not allowed to live anywhere but CA and NM. On July 9, 2010 Berg filed a motion in opposition to unseal the transcript, claiming that the transcript was sealed, even though there was no such seal. Moreover, he never responded to the issue of Liberi's residency, trying to avoid the issue and stating in his 07.09.2010 pleadings that Liberi showed up at the hearing and showed a document that she is not a resident of CA or TX. **He never responded to a simple request to show that she resided in PA at the time current action was filed.** This matter goes to the essence of the case, as Berg and Liberi filed this whole legal action, claiming that Liberi is not the criminal who was convicted in CA of forgery and grand theft, and resides in either CA or NM, but rather she is an innocent woman, who resides in PA, and she and Berg were defamed, when it was disclosed by the defendants that she is a convicted

document forger, who prepared or handled documents for Berg via mail and fax, and participated in nation wide donations drive.

**Defendant in this case, Linda Belcher, has repeatedly mailed and faxed to Judge Robreno a letter, where she stated that Attorney Berg defrauded the court by stating under penalty of perjury, that he served the defendant Belcher.** (Filed Notice of Appeal with letter from Belcher, exhibit 2) Belcher stated that she refused service by e-mail due to malware in Berg's computers. She stated that she was never served by mail. Her letter stated, that Berg committed double fraud on the court, not only by not serving Belcher with pleadings, but also claiming, that the fact that she did not respond meant that she agreed with the allegations in Berg's pleadings. Belcher stated that her rights to due process were violated, she demanded to vacate all orders made based on any and all pleadings by Berg submitted after June 2009, the time, when her attorney, Mr. Hoppe resigned, since her rights to due process were violated.

Additionally, in her sworn statement Ms. Belcher alerted the court that she was a volunteer researcher for Berg, had multiple phone conversations with Berg and Liberi, and that Liberi approached her and others, including one Larry Sinclair, requesting to file fraudulent complaints about Taitz. Belcher stated that she personally was on a three way conference call with Liberi and Sinclair, where Liberi asked Sinclair to file such fraudulent complaint about Taitz. Larry Sinclair indeed filed such fraudulent complaint about Taitz in the Central District of CA, case 09-cv-82, presiding judge David O. Carter.

Of utmost concern, was the fact that Belcher repeatedly demanded to docket her letter and repeatedly she was denied such opportunity. Belcher stated that she faxed her letter to the chambers of Judge Robreno, called the chambers and was told by the clerks that the letter was submitted to Judge Robreno, and it is up to him whether to docket her letter.

Taitz demands investigation and clarification. Was Belcher's letter ever forwarded to Judge Robreno by the clerks? Why was she denied her 14th Amendment Constitutional rights of due process and equal rights to have her response docketed and get a response from the judge? Belcher is an indigent, residing in Texas. She has no access to pacer and cannot afford an attorney. She was victimized by actions of Berg and did not get any relief from the court. When Taitz included Belcher's letter, that was forwarded to her, in her July 2, 2010 motion, it was completely ignored by the court. While Taitz does not represent Belcher, the fact that Belcher's letter to the court was never docketed and was complexly ignored, negatively affected all of the defendants, including Taitz and Defend Our Freedoms foundation.

Taitz was deeply concerned and perplexed by the arrogant, brazen fraud being committed by Berg and the rest of the plaintiffs. Of outmost concern is behavior by Liberi. Just her Criminal Record of case FWV028000 shows 23 criminal charges and 16 convictions.(Exhibit 3) According to the testimony of inspector Leibrich she had previously 19 more charges (Exhibit 9). Why isn't she afraid of going back to prison? Why isn't Berg afraid to be disbarred in light of his two prior sanctions? Why isn't he afraid to be criminally prosecuted together with Liberi?

It is a known fact that FBI, Department of Justice use convicted criminals as informers and agitators. Recent trial of talk show host Hal Turner gave public a glimpse of how "patriot" leaders are used as informers and agitators. Is this a situation where criminals are brazen, because they know, that they have a back and they will not be convicted, no matter how much fraud on the court they commit, how much perjury or forgery do they commit?. Taitz is requesting a clarification from the court, whether indeed the court is aware of any special informer status with the department of Justice given to the plaintiffs and Berg? The defendants are requesting a clarification, if there is a "back" for Liberi and/or Berg and other defendants represented by someone in this court? That would explain, why Berg and Liberi are so brazen and submit pleading after pleading with bold lies, defrauding the courts time and again. This might explain, why Linda Belcher's response was never docketed. This would explain, why somebody deleted from the electronic docket  some of the exhibits, submitted by the defendans, why the original complaint is not available on pacer, why the court docketed on 01.21.10 a letter from Berg, his response to Taitz request for sanctions, which contained hundreds of pages of irrelevant, defamatory, inflammatory material, but refused to docket actual request for sanctions or the reply to the letter by Berg from 01.20.10; why a letter was sent by Joan Carr to the court of Appeals, stating that according to clerk David Hayes the transcript was sealed, while in fact it was not sealed.  Taitz requests clarification, whether there is an individual (s) in the US District Court for the Eastern District of Pennsylvania, who is (are) providing a "back" to Berg, Liberi and the rest of the plaintiffs by manipulating the docket and undermining the defendants.

Taitz is seeking clarification, if the woman pictured on the Exhibit 10, photograph of Brent Liberi and Lisa Liberi, who was convicted of 10 criminal counts in 2008 in CA, is indeed the woman that your Honor, Judge Eduardo Robreno saw right in front of him on August 7, 2009 during the motion hearing in Liberi et al v Taitz et al when she claimed that she is an innocent resident of Pennsylvania, who had no convictions and was slandered and defamed when the defendant published an official report of criminal convictions in CA for Lisa Liberi?

Taitz is seeking clarification, if the woman pictured on the Exhibit 10, photograph of Brent Liberi and Lisa Liberi, who was convicted of 10 criminal counts in 2008 in CA, is indeed the woman that court reporter Joseph Matkowski saw right in front of him on August 7, 2009 during the motion hearing in Liberi et al v Taitz et al when she claimed that she is an innocent resident of Pennsylvania, who had no convictions and was slandered and defamed when the defendant published an official report of criminal convictions in CA for Lisa Liberi?

Taitz is seeking clarification, if the woman pictured on the Exhibit 10, photograph of Brent Liberi and Lisa Liberi, who was convicted of 10 criminal counts in 2008 in CA, is indeed the woman that the clerk for Honorable Judge Eduardo Robreno saw right in front of him on August 7, 2009 during the motion hearing in Liberi et al v Taitz et al when she claimed that she is an innocent resident of Pennsylvania, who had no convictions and was slandered and defamed when the defendant published an official report of criminal convictions in CA for Lisa Liberi?

Liberi v Taitz Motion for Clarification 26

Taitz is seeking clarification, if the woman pictured on the Exhibit 10, photograph of Brent Liberi and Lisa Liberi, who was convicted of 10 criminal counts in 2008 in CA, is indeed the woman that the bailiff for honorable  Judge Eduardo Robreno saw right in front of him on August 7, 2009 during the motion hearing in Liberi et al v Taitz et al when she claimed that she is an innocent resident of Pennsylvania, who had no convictions and was slandered and defamed when the defendant published an official report of criminal convictions in CA for Lisa Liberi?

Taitz is seeking clarification, if the woman pictured on the Exhibit 10, photograph of Brent Liberi and Lisa Liberi, who was convicted of 10 criminal counts in 2008 in CA, is indeed the woman that secret service officer in the courtroom of Judge Eduardo Robreno saw right in front of him on August 7, 2009 during the motion hearing in Liberi et al v Taitz et al when she claimed that she is an innocent resident of Pennsylvania, who had no convictions and was slandered and defamed when the defendant published an official report of criminal convictions in CA for Lisa Liberi?

Did the member of PA bar and the Bar of the US District Court for the Eastern District of PA and the Third Circuit Court of Appeals, Attorney Philip J. Berg defraud both the US District Court and the Court of Appeals  by claiming that the transcript was sealed in order to cover up for the fact that he is working with a convicted document forger Lisa Liberi, currently on probation in CA,  and to cover up that he previously defrauded both US District Court and the Court of Appeals by claiming that she is a different Lisa Liberi,

not a convicted forger from CA, when he signed the complaint in this case claiming
Liberi was residing in PA while he knew that not to be true?

Did Attorney Berg defraud the court of Appeals ?

Did the clerks forward to Judge Robreno letters, faxed by defendant Linda Belcher,
where she stated that the member of PA bar and US District Court and the Court of
Appeals PA attorney Philip J. Berg repeatedly defrauded the court by claiming that he
served Belcher with pleadings and that her silence meant acquiescence with his
allegations, when in reality he did not serve her?

**Request for order to show cause why sanctions should not be asserted against
parties who committed fraud on three courts:**

Among those parties Attorney Berg, plaintiffs and employees of the District Court of the
Eastern District of Pensylvania, who were involved in the above mentioned fraud. This
case is akin to precedent of *CHAMBERS v. NASCO,INC 501 U.S. 32 (1991).No. 90-
256.Supreme Court of the United States.* Argued February 27, 1991. Decided June 6,
1991 CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE
FIFTH CIRCUIT.   JUSTICE WHITE delivered the opinion of the Court."This case
requires us to explore the scope of the inherent power of a federal court to sanction a
litigant for bad-faith conduct. Specifically, we are asked to determine whether the District
Court, sitting in diversity, properly invoked its inherent power in assessing as a sanction

for a party's bad-faith conduct attorney's fees and related expenses paid by the party's opponent to its attorneys. We hold that the District Court acted within its discretion, and we therefore affirm the judgment of the Court of Appeals." Similarly, in <u>Whitehead v</u> <u>Food Max of Mississippi, inc.,</u> 332 F.3d 796 (5th Circuit 2003) the court found that action not grounded in fact and law is sanctionable.

In this case actions by the counsel Philip Berg represented a reprehensible egregious violation of professional code of ethics. While in some situations an attorney unknowingly and inocently relies on the affidavit by a party, who might be committing fraud, in this case Attorney Berg clearly knew that Liberi does not reside in PA, that she does not show up for work in his office, yet he maliciously defrauded the defendants and three courts: US District Court of PA, Third Circuit Court of Appeals and US District Court in CA, and harassed the defendants with a frivolous law suit in order to continue fundraising with Liberi, recently convicted thief on probation, and to continue filing with this court documents prepared by a convicted forger Liberi and to undermine and silence Taitz, who blew the whistle on him. Berg exhibited the same behavior, as he exhibited previously before Honorable Curtis Joyner in this very district, for which he was sanctioned over $10,000 to cover the attorneys fees of the opposing party. U.S. District Judge J. Curtis Joyner's 10-page opinion in <u>Holsworth v. Berg</u> as seen below and as was thoroughly covered in Intelligencer, which is brought with a proper purpose of showing modus operandi in Berg repeatedly defrauding the court and bringing frivolous legal actions with the sole purpose of harassing the opponents.

Holsworth v. Berg , 322 Fed. Appx. 143 (3rd Circuit 2009); Holsworth v. Berg, 2005

U.S. Dist. LEXIS 15393 (ED PA 2005) was packed with criticism of the conduct of

Attorney Philip Berg of Lafayette Hill, Pa


"Other attorneys should look to Mr. Berg's actions as a blueprint for what not to do when

attempting to effectively and honorably perform the duties of the legal profession,"

Joyner wrote:"This court has grown weary of Mr. Berg's continuous and brazen

disrespect toward this court and his own clients. Mr. Berg's actions ... are an enormous

waste of judicial time and resources that this court cannot, in good conscience, allow to

go                                                                          unpunished,"

In the suit, Berg is accused of legal malpractice by former clients who claim his failure to

respond to an ERISA claim against them led to a default judgment.

But the sanctions against Berg stem from his decision to file a third-party counterclaim of

fraud against a pension fund that had sued his former clients, according to court papers.

Joyner blasted Berg for filing the fraud claim, calling it an "irresponsible decision"

because the claim was "utterly barren of any scintilla of legal principles."

In the ERISA suit, Berg's former clients -- Richard Holsworth and his company,

Richard's General Contracting -- were sued by a group of pension funds led by the

Carpenters Health and Welfare Fund of Philadelphia and Vicinity.


Carpenters Health claimed that Holsworth and his company had failed to make required

payment of fringe benefit contributions.

According to court papers, Joyner found that Berg "neglected to file a response to [Carpenter Health's] claim or provide any legal defense whatsoever for his client." Even after a default judgment was entered against Holsworth, Joyner found that Berg "remained silent." In April 2002 — two months after the default judgment was granted

and 11 months after the suit was first filed — Joyner found that Berg "broke his silence" by filing a petition to strike the judgment or to open the default judgment. Berg's motion was rejected and a default judgment of more than $5,300 was entered against his clients. The judgment swelled to more than $10,000 when Carpenters Health later successfully moved for a supplemental judgment to recover more than $4,700 in attorney fees for its efforts in responding to Berg's untimely motions.

Holsworth and his wife later filed a legal malpractice suit against Berg in the Philadelphia County Court of Common Pleas, alleging that Berg negligently failed to represent them in the Carpenters Health case.

A year later, in February 2005, Berg moved to join Carpenters Health as a third-party defendant in the malpractice suit, demanding more than $20,000 in damages. In his counterclaim, Berg alleged that the ERISA suit filed by Carpenters Health in 2001, which led to the malpractice claim against him, was "a fraud upon the court and a fraudulent taking from the Holsworths"

Carpenter Health's lawyers removed the case to federal court and filed a motion to dismiss the claim. Joyner agreed, finding that Berg's fraud claim was "frivolous" and was motivated by an intent "to harass Carpenters Health and the Holsworths, as well as to delay and disrupt the administration of justice

The claim was fatally flawed, Joyner found, because Berg had no standing to bring suit against Carpenters Health and had "failed to conduct even a minimally reasonable inquiry before filing his complaint.

Granting summary judgment in favor of Carpenters Health, Joyner said he found it "wholly unnecessary" even to consider the facts of the ERISA case because it was "abundantly clear" that Carpenters Health was entitled to a judgment as a matter of law. Joyner invited Carpenters Health to file a motion for Rule 11 sanctions. When it did, Joyner found that Berg "continued his trend of unprofessional conduct by, once again, failing to file a timely response."

In a footnote, Joyner said Berg's response to the sanctions motion was due on May 26. In a phone call to chambers on May 31, Joyner said, Berg's assistant requested permission to move for an extension of time, saying Berg had been out of town for two or three weeks and would not be returning until June 9.

Joyner said he agreed to accept such a request if it were filed the next day, but none was. Instead, Joyner said, a letter signed by Berg's assistant was faxed to chambers on June 2, requesting that the deadline be extended until June 27

.

Joyner said he refused because "in light of Mr. Berg's persistent and repeated neglect of his professional obligations, this court was not inclined to permit Mr. Berg to further delay the review of Carpenters Health's ripe motion."

In a June 2 opinion, Joyner found that Berg had violated Rule 11 by "filing a complaint completely devoid of any basis in fact or law, as would be apparent to any reasonable attorney after the slightest inquiry."

Berg's fraud claim, Joyner said, was "inadequately pled, not grounded in fact, time-barred, and utterly irrelevant to the pending malpractice action against him."

In his sanctions order, Joyner ordered Berg to reimburse Carpenters Health the $10,668 in attorney fees and costs it incurred in defending the claim. He also ordered Berg to complete six credits of ethics courses certified by the Pennsylvania Board of Continuing Legal Education, and recommended that Berg be investigated by the Pennsylvania Bar Association's Committee on Legal Ethics and Professional Responsibility.

On June 16, Berg filed a motion for reconsideration urging that the sanctions imposed on him should be forgiven due to "extenuating circumstances," including health problems, a three-week European business trip and financial difficulties.

Berg conceded in his brief that "there were numerous procedural errors, untimely responses and omissions," but said he "did not do so with intention or defiance."

Joyner flatly rejected the motion, saying "in no way, shape or form do the 'extenuating circumstances' proffered by Mr. Berg even begin to justify, excuse, or explain his unprofessional and unethical course of conduct throughout this matter. These transparent excuses are not only patently insufficient to meet the legal standard for a motion for reconsideration, they are insulting to this court and demeaning to the legal profession."

Wherefore defendants respectfully request the court:

1. to deny the plaintiffs July 26, 2010 Emergency Motion

2. To grant defendants motion for clarification

3. To grant defendants 60 B motion for reconsideration and dismiss with prejudice current action 09-1898 due to multiple acts of fraud on the court and perjury by the Plaintiffs and their attorney and for filing a frivolous action, not ground in fact or law. In the alternative Defendants are seeking a motion to dismiss without prejudice. In the alternative Defendants seek correction of the order to sever and transfer and deletion from the order a notation "Liberi is a resident of PA" and

requesting an evidentiary hearing to ascertain Liberi's residendency by preponderance of evidence in order to resolve the issue of diversity to be held after August 20th. Defendants request a subpoena to be issued by this court for Mr. James Secord, assistant District Attorney for San Bernardino county CA, Liberi's prosecuting DA, as well as her probation officer, to testify at such fact finding hearing on the issue of diversity, in order for the defendants to be able to prove by preponderance of evidence that Liberi did not reside in PA and current action was brought for improper purpose of harassing and silencing the defendants.

4. Defendants are requesting this court to issue an order for plaintiff's attorney Philip Berg, as well as the plaintiffs and other possible culpable parties to show cause, why they should not be sanctioned for repeated acts of fraud on the court, perjury and filing a frivolous action with the sole purpose to harass the defendants.

Respectfully submitted,

/s/ Dr. Orly Taitz, ESQ

07.27.10.

I certify under penalty of perjury, that I served above pleadings on following parties and authorities:

Hon Randall Ray Rader

Chief Judge of the Third Circuit Court of Appeals

21400 US Court of Appeals

601 Market street

Philadelphia PA 19106


Hon Harvey Bartle, III

Chief Judge US District Court for the third District of PA

601 Market street

Philadelphia PA 19106


Philip Berg

555 Andorra Glen Court, ste 12

Lafayette Hill PA 19444-2531


Neil Sankey

2470 Stearns str #162

Simi Valley, CA 93063


Linda Belcher

201 Paris

Castroville TX 78009


Ed and Caren Hale

1401 Bowie Str

Wellington TX 79095


Philadelphia District Attorneys' office

3 South Penn square

Philadelphia, PA


US Attorneys' office

Eastern District of PA

 615 Chestnut str, ste 1250

Philadelpbia PA 19106-4100


James Secord

Assistant District attorney

San Bernardino County

316 North Mountain view

San Bernardino CA 92415-0004

909-387-8309

www.co.san-bernardino.ca.us/da


San Bernardino County, CA

Probation Department

175 w. Fifth str. 4th floor

S. Bernardino, CA


Audrey B. Collins

Chief Judge

US District Court

411 W. Fourth str

Santa Ana CA 92701


Judge David O. Carter

USDC Central District of CA

411 West Fourth Str

Santa Ana CA 92701


US Commission on Civil Rights

624 Ninth Street, NW

Washington, DC 20425 C


Public Integrity Section

Department of Justice

950 Pennsylvania Ave, NW

Washington DC 20530-0001


Office of the United Nations High Commissioner for Human Rights (OHCHR)

Special Rapporteur on the Situation of Human Rights Defenders

The Honorable Mrs. Margaret Sekaggya

Palais des Nations

CH-1211 Geneva 10, Switzerland

International Criminal bar Hague


United Nations Commission for

Civil Rights Defenders

Orsolya Toth (Ms)

Human Rights Officer

Civil and Political Rights Section

Special Procedures Division

Office of the High Commissioner for Human Rights

tel: + 41 22 917 91 51

email: ototh@ohchr.org

/s/ Orly Taitz

07.27.10.

**Proposed order**

Law offices of

Dr. Orly Taitz, ESQ

29839 Santa Margarita CA 92688

Pro se and for Defend Our Freedoms Foundation

## UNITED STATES DISTRICT

### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Lisa Liberi, et al** | | ) Case # 09-cv-01898-ECR |
| | **Plaintiffs** | ) **Assigned to Honorable Eduardo C. Robreno** |
| | | ) |
| **V** | | ) |
| **Orly Taitz et al** | | ) |
| | **Defendants** | |

### ORDER

**AND NOW,** this_____ day of Jul;y 2010 after consideration of Plaintiffs'
emergency motion for clarification or in the alternative Motion for Reconsideration of
this courts July 13, 2010; and after consideration of the defendants response to the
Plaintiff's Motion as well as Defendant's motion for clarification and Reconsideration.

Plaintiffs Motion is **denied.**

Defendant's Motion for Reconsideration and Clarification is **granted.**

Liberi v Taitz Motion for Clarification 41

Plaintiff and attorney for plaintiffs Philip J Berg is ordered to show cause, why he should

not be sanctioned for repeated acts of fraud on this court as well as on the Third Circuit

Court of Appeals and for filing a frivolous legal action not based on fact and law.

**IT IS SO ORDERED**


_____

Eduardo C. Robreno, J

# UNITED STATES GOVERNMENT

## MEMORANDUM

TO;     Marcia M. Waldron, CLERK USCA

FROM:   Joan Carr, USDC

DATE:   February 17, 2010

RE: RULE TO SHOW CAUSE -- IN RE: Liberi  v. Orly Taitz, et AL
                                    Civil Action No. 09-1898
                                          USCA 09-3403


        I am writing in response to your Rule To Show Cause in
the above captioned case.

        On September 24, 2009 David Hayes left a voice mail
message for counsel regarding the transcripts requested.   Counsel
was also notified that the proceeding held August 7, 2009 was under
seal and an order of court would be necessary to unseal the
proceeding and have a transcript produced.

        To date our office has not received payment, a motion to
unseal has not been docketed nor has a transcript purchase order
form been submitted to the District Court.

Case: 09-3403   Document: 003110023894   Page: 2   Date Filed: 02/17/2010
Case: 09-3403   Document: 00319790342   Page: 1   Date Filed: 08/29/2009

## TRANSCRIPT PURCHASE ORDER
### For Third Circuit Court of Appeals

| | |
|---|---|
| **District Court** U.S. District Court, Eastern District of PA | **Court of Appeals Docket No.** 09-3403 |
| | **District Court Docket No.** 2:09-cv-01898-ECR |

**Short Case Title** Liberi, et al v. Taitz, et al

**Date Notice of Appeal Filed by Clerk of District Court** August 17, 2009

**Part I.** (To be completed by party responsible for ordering transcript)
**NOTE: A SEPARATE FORM IS TO BE TYPED FOR EACH COURT REPORTER IN THIS CASE.**

**A. Check one** of the following and **serve ALL COPIES**.
TRANSCRIPT:

___ None                    ___ Unnecessary for appeal purposes.

___ Already on file in the District Court Clerk's office.

_✓_ This is to order a transcript of the proceedings based on the date listed below from   Joan Carr   (Court Reporter)

Specify on lines below exact dates of proceedings to be transcribed. If requesting only partial transcript of the proceedings, specify exactly what portion or what witness testimony is desired.

August 7, 2009

If proceeding to be transcribed was a trial, also check any appropriate box below for special requests; otherwise, this material will NOT be included in the trial transcript.

___ Voir dire                    ___ Opening Statement of Plaintiff        ___ Opening Statement of Defendant
___ Closing Argument of Plaintiff    ___ Closing Argument of Defendant
___ Jury Instructions            ___ Sentencing Hearings

FAILURE TO SPECIFY IN ADEQUATE DETAIL THOSE PROCEEDINGS TO BE TRANSCRIBED OR FAILURE TO MAKE PROMPT SATISFACTORY FINANCIAL ARRANGEMENTS FOR TRANSCRIPT ARE GROUNDS FOR DISMISSAL OF THE APPEAL OR IMPOSITION OF SANCTIONS.

**B.** This is to certify that satisfactory financial arrangements have been completed with the court reporter for payment of the cost of the transcript. The method of payment will be:

___ CJA Form submitted to District Court Judge       ___ Motion for Transcript has been submitted to District Court
___ CJA Form submitted to Court of Appeals           _✓_ Private Funds

**Signature** _[signature]_        **Date** August 29, 2009

**Print Name** Philip J. Berg, Esquire        **Counsel for** Petitioners (Appellants)

**Address** 555 Andorra Glen Court, Suite 12, Lafayette Hill, PA 19444    **Telephone** (610) 825-3134

**Part II.**   COURT REPORTER ACKNOWLEDGEMENT (To be completed by the Court Reporter and forwarded to the Court of Appeals on the same day transcript order is received.)

| Date transcript order received | Estimated completion date; if not within 30 days of date financial arrangements made, motion for extension to be made to Court of Appeals | Estimated number of pages |
|---|---|---|
| | ___ Arrangements for payment were made on _____ | |
| 2/16/10 | _✓_ Arrangements for payment have not been made pursuant to FRAP 10(b) | (267) 299-7104 |
| **Date** | _Joan Carr_  Supervisor  **Name of Court Reporter** | **Telephone** |

**Part III.**   NOTIFICATION THAT TRANSCRIPT HAS BEEN FILED IN THE DISTRICT COURT (To be completed by court reporter on date of filing transcript in District Court. Notification must be forwarded to Court of Appeals on the same date.)
This is to certify that the transcript has been completed and filed with the District Court today.

Actual Number of Pages _____        Actual Number of Volumes _____

**Date** _____        **Signature of Court Reporter** _____

Wherefore, defendants respectfully motion for the judgment for the complaint be dismissed due to lack of venue and jurisdiction, together with the costs and disbursements of this action.

Dated 06.08.09.


Dr. Orly Taitz ESQ

26302 La Paz, ste 211

Mission Viejo, CA 92691

 Pro Se and on behalf of Defend our Freedoms Foundation and as a president of Defend Our Freedoms Foundation

## Addendum 1 **Case FWV028000 - Defendants**

| Seq | Defendant | Next Court Date | Status | Agency / DR Number | Arrest Date | Count 1 Charge | Violation Date |
|-----|-----------|-----------------|--------|---------------------|-------------|----------------|----------------|
| 1 | LIBERI , LISA R | | | RA 110013759 | 05/18/2001 | PC 115(A) | 05/18/2001 |
| | ALIAS: LIBERI, LISA R | | | | | | |
| | ALIAS: COURVILLERICHARDSON, LISA | | | | | | |
| | ALIAS: LIBERI, LISA A | | | | | | |
| | ALIAS: RICHARDSON, LISA C | | | | | | |
| | ALIAS: COURVILLERICH, LISA | | | | | | |
| | ALIAS: LIBERI, LISA RENEE | | | | | | |
| | ALIAS: LIBERI, LISA | | | | | | |
| | ALIAS: RICHARDSON, LISA RENEE | | | | | | |

**Case FWV028000 Defendant 1608112 LIBERI, LISA RENEE - Status**

|  |  |
|---|---|
| *Custody* | **N/A** |
| *Filing Type* **Held to Answer** | *Filing Date* **05/09/2003** |
| *Ordered Bail* **$0.00** | *Posted Bail* **$0.00** |
| *D.A.* **James R. Secord** | *Defense* **Dean Pitcl (Court Appointed)** |
| *Next Action:* | *Deputy Report #:* **RA-RC 110013759** |

| *Warrant* | *Type* | *Status* | *Issued* | *Affidavit* |
|---|---|---|---|---|
|  |  | **NONE** | **N/A** | **N/A** |
| *Probation* | *Type* |  | *Granted* | *Expiration* |
|  | **Formal** |  | **03/21/2008** | **03/21/2011** |
| *Sentence* | *Convicted Date* |  | *County Jail* | *CTS* |
|  | **01/25/2008** |  | **26 Days** | **26 Days** |
|  | *State Prison* |  | *Max Sentence* |  |
|  | **N/A** |  | **N/A** |  |
|  | *Fine and Penalty* |  | *Restitution Fine* | *Restitution to Victim* |
|  |  |  | **0** | **N/A** |

**Case FWV028000 Defendant 1608112 LIBERI, LISA RENEE - Charges**

**Arrest Charges**

| Count | Charge | Severity | Description | Violation | Plea | Status |
|---|---|---|---|---|---|---|

| | | | | Date | | |
|---|---|---|---|---|---|---|
| 1 | PC 459 | F | BURGLARY | 05/18/2001 | | |

**Filed Charges**

| Count | Charge | Severity | Description | Violation Date | Plea | Status |
|---|---|---|---|---|---|---|
| 1 | PC 487(A) | F | GRAND THEFT: PROPERTY/ETC OVER $400 | 05/18/2001 | | HTA |
| 2 | PC 470(D) | F | FORGERY | 05/18/2001 | | HTA |
| 3 | PC 472 | F | FORGE OFFICIAL SEAL | 05/18/2001 | | HTA |
| 4 | PC 115(A) | F | OFFER/ETC FALSE/FORGED INSTRUMENT TO FILE | 05/18/2001 | | HTA |
| 5 | PC 487(A) | F | GRAND THEFT: PROPERTY/ETC OVER $400 | 05/18/2001 | | HTA |
| 6 | PC 470(D) | F | FORGERY | 05/18/2001 | | HTA |
| 7 | PC 472 | F | FORGE OFFICIAL SEAL | 05/18/2001 | | HTA |
| 8 | PC 115(A) | F | OFFER/ETC FALSE/FORGED INSTRUMENT TO FILE | 05/18/2001 | | HTA |
| 9 | PC 487(A) | F | GRAND THEFT: PROPERTY/ETC OVER $400 | 05/18/2001 | | HTA |
| 10 | PC 487(A) | F | GRAND THEFT: PROPERTY/ETC OVER $400 | 05/18/2001 | | HTA |
| 11 | PC 487(D)(1) | F | GRAND THEFT: AUTOMOBILE/ANIMAL/ETC | 05/18/2001 | | HTA |
| 12 | PC 487(A) | F | GRAND THEFT: PROPERTY/ETC OVER $400 | 05/18/2001 | | HTA |

8

| 13 | PC 487(D)(1) | F | GRAND THEFT: AUTOMOBILE/ANIMAL/ETC | 05/18/2001 | | HTA |
| 14 | PC 487(A) | F | GRAND THEFT: PROPERTY/ETC OVER $400 | 05/18/2001 | | HTA |
| 15 | PC 487(D)(1) | F | GRAND THEFT: AUTOMOBILE/ANIMAL/ETC | 05/18/2001 | | HTA |
| 16 | PC 487(A) | F | GRAND THEFT: PROPERTY/ETC OVER $400 | 05/18/2001 | | HTA |
| 17 | PC 487(A) | F | GRAND THEFT: PROPERTY/ETC OVER $400 | 05/18/2001 | | HTA |

**Infor Charges**

| Count | Charge | Severity | Description | Violation Date | Plea | Status |
|---|---|---|---|---|---|---|
| 1 | PC 487(A) | F | GRAND THEFT: PROPERTY/ETC OVER $400 | 05/18/2001 | GUILTY | CONVICTED |
| 2 | PC 476A(A) | F | NONSUFFICIENT FUNDS: CHECKS | 05/18/2001 | GUILTY | CONVICTED |
| 3 | PC 470(D) | F | FORGERY | 05/18/2001 | | DISMISSED |
| 4 | PC 472 | F | FORGE OFFICIAL SEAL | 05/18/2001 | | DISMISSED |
| 5 | PC 115(A) | F | OFFER/ETC FALSE/FORGED INSTRUMENT TO FILE | 05/18/2001 | GUILTY | CONVICTED |
| 6 | PC 487(A) | F | GRAND THEFT: PROPERTY/ETC OVER $400 | 05/18/2001 | GUILTY | CONVICTED |
| 7 | PC 476 | F | MAKING, POSSESSING, UTTERING FICTIOUS INSTRS | 05/18/2001 | | DISMISSED |
| 8 | PC 470(D) | F | FORGERY | 05/18/2001 | | DISMISSED |
| 9 | PC 472 | F | FORGE OFFICIAL SEAL | 05/18/2001 | GUILTY | CONVICTED |

9

| 10 | PC 115(A) | F | OFFER/ETC FALSE/FORGED INSTRUMENT TO FILE | 05/18/2001 | | DISMISSED |
| 11 | PC 487(A) | F | GRAND THEFT: PROPERTY/ETC OVER $400 | 05/18/2001 | GUILTY | CONVICTED |
| 12 | PC 487(A) | F | GRAND THEFT: PROPERTY/ETC OVER $400 | 05/18/2001 | GUILTY | CONVICTED |
| 13 | PC 487(D)(1) | F | GRAND THEFT: AUTOMOBILE/ANIMAL/ETC | 05/18/2001 | | DISMISSED |
| 14 | PC 487(A) | F | GRAND THEFT: PROPERTY/ETC OVER $400 | 05/18/2001 | | DISMISSED |
| 15 | PC 487(D)(1) | F | GRAND THEFT: AUTOMOBILE/ANIMAL/ETC | 05/18/2001 | | DISMISSED |
| 16 | PC 487(A) | F | GRAND THEFT: PROPERTY/ETC OVER $400 | 05/18/2001 | | DISMISSED |
| 17 | PC 487(D)(1) | F | GRAND THEFT: AUTOMOBILE/ANIMAL/ETC | 05/18/2001 | | DISMISSED |
| 18 | PC 487(A) | F | GRAND THEFT: PROPERTY/ETC OVER $400 | 05/18/2001 | GUILTY | CONVICTED |
| 19 | PC 487(A) | F | GRAND THEFT: PROPERTY/ETC OVER $400 | 05/18/2001 | GUILTY | CONVICTED |
| 20 | PC 115(A) | F | OFFER/ETC FALSE/FORGED INSTRUMENT TO FILE | 05/18/2001 | GUILTY | CONVICTED |
| 21 | PC 470(D) | F | FORGERY | 05/18/2001 | | DISMISSED |
| 22 | PC 470(D) | F | FORGERY | 05/18/2001 | | DISMISSED |
| 23 | PC 472 | F | FORGE OFFICIAL SEAL | 05/18/2001 | | DISMISSED |

**Case FWV028000 Defendant 1608112 LIBERI, LISA RENEE - Probation**

*Probation Type:* FORMAL       *Granted:* 03/21/2008       *Expire:* 03/21/2011

SUPERVISED PROBATION GRANTED FOR A PERIOD OF 36 MONTHS ON FOLLOWING TERMS AND CONDITIONS:

1)     SERVE 26 DAYS IN A SAN BERNARDINO COUNTY JAIL FACILITY, WITH CREDIT FOR TIME SERVED, A MATTER OF 26 DAYS, PLUS CONDUCT CREDIT PURSUANT TO 1-PC4019 ND ABIDE BY ALL RULES AND REGULATIONS OF THE FACILITY WITHOUT THE POSSIBILITY OF COUNTY PAROLE.

2)     VIOLATE NO LAW.

3)     REPORT TO THE PROB OFFICER IN PERSON IMMEDIATELY 0- ND THEREAFTER ONCE EVERY FOURTEEN (14) DAYS OR AS DIRECTED. REPORT TO THE PROB OFFICER IN PERSON IMMEDIATELY 0- ND THEREAFTER ONCE EVERY FOURTEEN (14) DAYS OR AS DIRECTED.

4)     COOPERATE WITH THE PROBATION OFFICER IN A PLAN OF REHABILITATION AND FOLLOW ALL REASONABLE DIRECTIVES OF THE PROBATION OFFICER.

5)     SEEK AND MAINTAIN GAINFUL EMPLOYMENT, OR ATTEND SCHOOL, AND KEEP THE PROBATION OFFICER INFORMED OF STATUS OF EMPLOYMENT, OR SCHOOL.

6)     KEEP THE PROBATION OFFICER INFORMED OF PLACE OF RESIDENCE AND COHABITANTS AND GIVE WRITTEN NOTICE TO THE PROBATION OFFICER TWENTY-FOUR (24) HOURS PRIOR TO ANY CHANGES. PRIOR TO ANY MOVE PROVIDE WRITTEN AUTHORIZATION TO THE POST OFFICE TO FORWARD MAIL TO THE NEW ADDRESS. PERMIT VISITS AND SEARCHES OF PLACES OF RESIDENCE BY AGENTS OF THE PROBATION DEPT. AND/OR LAW ENFORCEMENT FOR THE PURPOSE OF ENSURING COMPLIANCE WITH PERMIT VISITS AND SEARCHES OF PLACES OF RESIDENCE BY AGENTS OF THE PROBATION DEPT. AND/OR LAW ENFORCEMENT FOR THE PURPOSE OF ENSURING COMPLIANCE WITH PERMIT VISITS AND SEARCHES OF PLACES OF RESIDENCE BY AGENTS OF THE PROBATION DEPT. AND/OR LAW ENFORCEMENT FOR THE PURPOSE OF ENSURING COMPLIANCE WITH THE TERMS AND CONDITIONS OF PROBATION; NOT DO ANYTHING TO INTERFERE WITH THIS REQUIREMENT, OR DETER OFFICERS FROM FULFILLING THIS REQUIREMENT, SUCH AS THE TERMS AND CONDITIONS OF PROBATION; NOT DO ANYTHING TO INTERFERE WITH THIS REQUIREMENT, OR DETER OFFICERS FROM FULFILLING THIS REQUIREMENT, SUCH AS ERECTING ANY LOCKED FENCES/GATES THAT WOULD DENY ACCESS TO PROBATION OFFICERS, OR HAVE ANY ANIMALS ON THE PREMISES THAT WOULD REASONABLY DETER, ERECTING ANY LOCKED FENCES/GATES THAT WOULD DENY ACCESS TO PROBATION OFFICERS, OR HAVE ANY ANIMALS ON THE PREMISES THAT WOULD REASONABLY DETER, THREAT THREATEN THE SAFETY OF, OR INTERFERE WITH, OFFICERS ENFORCING THIS TERM. EN THE SAFETY OF, OR INTERFERE WITH, OFFICERS ENFORCING THIS TERM.

11

7)   NEITHER POSSESS NOR HAVE UNDER YOUR CONTROL ANY DANGEROUS OR DEADLY WEAPONS OR EXPLOSIVE DEVICES OR MATERIALS TO MAKE EXPLOSIVE DEVICES.

8)   SUBMIT TO A SEARCH AND SEIZURE OF YOUR PERSON, RESIDENCE AND/OR PROPERTY UNDER YOUR CONTROL AT ANY TIME OF THE DAY OR NIGHT BY ANY LAW-ENFORCEMENT OFFICER, WITH OR WITHOUT A SEARCH WARRANT, AND WITH OR WITHOUT CAUSE (PEOPLE -V- BRAVO).

9)   NEITHER USE NOR POSSESS ANY CONTROLLED SUBSTANCE WITHOUT MEDICAL PRESCRIPTION. A PHYSICIANS'S WRITTEN NOTICE IS TO BE GIVEN TO THE PROBATION OFFICER.

10)  SUBMIT TO A CONTROLLED SUBSTANCE TEST AT DIRECTION OF PROBATION OFFICER. EACH TEST IS SUBJECT TO AN $11.00 FEE, TO BE COLLECTED BY CENTRAL COLLECTIONS

11)  NOT POSSESS ANY TYPE OF DRUG PARAPHERNALIA, AS DEFINED IN H&S11364.5(D)

12)  PARTICIPATE IN A COUNSELING PROGRAM AS DIRECTED BY THE PROBATION OFFICER, SUBMIT MONTHLY PROOF OF ATTENDANCE AND/OR SUCCESSFUL COMPLETION TO THE PROBATION OFFICER AS DIRECTED AND BE RESPONSIBLE FOR PAYMENT OF ALL PROGRAM FEE(S).

13)  NOT ASSOCIATE WITH KNOWN CONVICTED FELONS OR ANYONE ACTIVELY ENGAGED IN CRIMINAL ACTIVITY B-OR CODEFENDANT(S) OR VICTIM(S).

14)  NOT ASSOCIATE WITH KNOWN ILLEGAL USERS OR SELLERS OF CONTROLLED SUBSTANCES,

15)  NOT MAINTAIN A CHECKING ACCOUNT OR COMPLETE OR ENDORSE ANY CHECKS UNLESS MADE PAYABLE TO YOU AND NOT HAVE ANY BLANK CHECKS IN YOUR POSSESSION WITHOUT PERMISSION OF THE PROBATION OFFICER.

16)  SUBMIT A RECORD OF INCOME AND EXPENDITURES TO THE PROBATION OFFICER QUARTERLY.

17)  NEITHER POSSESS NOR USE ANY CREDIT CARD WITHOUT PERMISSION OF THE PROBATION OFFICER.

18)  NOT DRIVE OR POSSESS KEYS OR DOCUMENTATION TO ANY MOTOR VEHICLE UNLESS LEGALLY REGISTERED TO YOU OR AN IMMEDIATE FAMILY MEMBER, EXCEPT IN THE COURSE OF EMPLOYMENT.

19)  REPORT ALL MOTOR VEHICLES REGISTERED TO YOU TO THE PROBATION OFFICER WITHIN SEVEN (7) DAYS OF ACQUISITION.