**Dr. Orly Taitz, Esq**
**Attorney Pro Se & Attorney**
**For Defend Our Freedoms Foundation**
**29839 Santa Margarita Parkway, Suite 100**
**Rancho Santa Margarita CA 92688**
**Tel: (949) 683-5411; Fax (949) 766-7603**
**E-Mail: dr_taitz@yahoo.com**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **LISA LIBERI, et al.,** | **) Case # 09-1898 Hon Eduardo Robreno presiding** |
| | **) Motion-Request for documents** |
| | **) missing from an incomplete transcript of 08.07.09** |
| | **) hearing and not provided to Defendants and the Third Circuit court of Appeals** |
| **Plaintiffs** | ) |
| | **) 60 B motion for Reconsideration** |
| **v.** | **) due to new evidence** |
| | ) |
| **ORLY TAITZ, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

SEP - 8 2010
MICHAEL E. KUNZ, Clerk
By__________Dep. Clerk

**Motion- request for release of documents, provided by the Plaintiffs to the court on 08.07.09, but never released to the defendants.**

In spite of allegations by the plaintiffs, claiming that trtanscripts of the 08.07.09 hearing are sealed, this court has recently decided that the transcripts of the 08.07.09 hearing were never sealed and can be obtained by the defendants. Taitz has received those transcripts recently. On 08.31.10 copy of the transcript was certified by the District Court and forwarded to the Third Circuit Court of Appeals, however certain documents were missing. Most notably Taitz did not receive a copy of the drivers license of Lisa Liberi,

submitted to this court on 08.07.09 during the hearing. This document is material to the case and represents the linchpin of the case.

In this case the plaintiffs claimed slander and defamation of character. It was filed by Attorney Philip J. Berg as one of the plaintiffs and an attorney for plaintiffs, his paralegal Lisa Liberi and other parties, where the main assertion was, that the defendants defamed plaintiff Lisa Liberi by publishing her criminal record. Berg and Liberi claim, that she is an innocent woman, who was not convicted of any crimes, who is physically residing in PA, and physically working in the office of Philip Berg, and not a recently convicted document forger and thief Lisa Liberi, who is assisting Berg, working of site, and who was convicted in CA of multiple counts of forgery and theft, whose criminal record was published by the Plaintiffs in order to warn the public. Liberi is currently on probation, allowed to reside in CA or NM only. She is not allowed to reside in PA. Residence in PA would be a violation of her probation and grounds for revocation of her probation. Residence of Liberi is at the center of the case. The main question of this case, whether, Liberi is a different person, residining in PA. The defendants provided affidavits from a licensed investigator Sankey, from a long time friend and volunteer for Attorney Berg, Linda Belcher, as well as Ed and Caren Hale. Witnesses Ed and Caren Hale provided affidavits, that the woman, who they witnessed as Lisa Liberi, appearing in front of Judge Robreno on 08.07.09. is indeed the same Lisa Liberi, who is shown on photograph Exhibit 1, a convicted criminal Liberi, identified by her arresting officer in CA Sereount Paul Morrison. **Drivers license of Liberi is material, as it represents proof of her residence and provides a governmental record, that shows whether she lives in PA or not.**

The defendants state that Judge Robreno made an error in order to transfer, where the order stated that "Liberi resides in PA". The defendants are entitled to see the evidence, which was the basis of this order. The defendants are confident, that the Court made a decision based of fraud committed by Attorney Berg and other plaintiffs. The defendants did not have the transcripts before, as until recently the Plaintiffs fought to keep the transcript sealed and defendants did not know of existence of this evidence until now.

On 07.29.10. Philip J. Berg, attorney for the Plaintiffs, filed with this court a Reply to Defendant's response to Plaintiffs motion. **On page 5 of the reply he states:" Defendant Taitz all through her frivolous filing claims Plaintiff Liberi has not proven where she resides. To the contrary, during the August 17,2009 Hearing, Plaintiff Liberi had her driver's license, safe at home cards, birth certificate; marriage certificate; and Social security card with her in court, which she offered to the court for review".**

**Apparently, the Court was influenced by these documents and wrote in the Order to Sever and Transfer the case, that "Lisa Liberi is a resident of PA".** Defendants never received these documents. Not providing those documents to the defendants, represents an impermissible extrajudicial communication, an impermissible ex-parte contact, that materially influenced the case.

**This issue is at the core of the dispute and the defendants demand to see above mentioned documents.** Plaintiffs claimed, that their residence documents should be sealed. Plaintiffs made fraudulent statements, alleging, that they are being harassed by the defendants, however Plaintiffs presented **zero evidence of any harassment**, the case

lasted for a year and a half and nobody harassed them. In spite of the fact that Plaintiffs filed thousands of pages of prejudicial, inflammatory and defamatory material, this court did not buy those arguments and refused the Plaintiffs demands for injunctive relief. When the injunctive relief was denied in the District Court, Plaintiffs filed 11 emergency motions and requests for judicial notice in the Court of Appeals, all of which were denied as well. There is no threat to the plaintiffs, there is no harassment. There are only despicable insane absolutely fraudulent allegations, brought forward by the Plaintiffs, without any shred of evidence, claiming that they want their personal information sealed because they believe that Taitz, a licensed attorney and doctor, who never had any criminal record, attempted to make a deal with some criminal, to kidnap and kill the plaintiffs, their husbands and children. This is the insane justification that Attorney Philip Berg presented to this court as a reasoning for keeping the transcipts sealed. This court did not buy it and issued an order, stating that the transcripts of the hearing are not sealed, therefore the documents presented to court during that hearing should be available to the Defendants as well. Actions of the defendants and particularly their attorney Berg were beyond unethical. It is criminal, for a licensed PA attorney, Phil J. Berg, without any shred of evidence to make up such allegations, such outrageous slander and defamation of character, which was simply manufactured to cover up for the fact that Berg is indeed working with a convicted document forger, Lisa Liberi, and doing Nationwide fundraising with a convicted thief, Lisa Liberi. The whole law suit was simply an attempted cover up and harassment of the defendants, who are whistleblowers. **There is no justification to deny the defendants access to those documents, which influenced this court and caused it to write in the order, that Liberi is a resident of PA.**

Defendants have a good faith belief that this was yet another count of fraud on this court, **as there is no evidence of Liberi residing in PA, and according to her probation, she is forbidden to reside in any other state aside from CA or NM.**

On the other hand, Defendants provided statements from eye witnesses, Ed and Caren Hale, who were in court on 08.07.09 and identified Lisa Liberi, who appeared in court in front of Judge Robreno, as one on the photograph Exhibit 1,2. This photograph was provided to Licensed Investigator Sankey by Liberi's ex-boyfriend John Allen, and identified by her arresting officer Paul Morrison, as, indeed, Lisa Liberi, who was convicted in 2008 in CA. See Exhibit 1 Affidavit of officer Sankey.

**Memorandum of points and authorities**

**A. Current motion is a request to produce documents under prior order by this court.**

Plaintiffs have filed numerous motions and emergency motions with this court and the court of appeals to keep Liberi's vital records sealed. Liberi and Berg tried to justify their requests with insane, absolutely untrue and bizzare allegation, claiming that a licensed doctor and attorney Dr. Taitz, who was never in trouble with the law, attempted to make a deal with some criminal to kidnap and kill Liberi and her family . Plaintiffs did not provide any shred of evidence of such slanderous accusation and neither this court nor the Third Circuit Court of Appeals ever found any merit to such accusations and neither one of the motions for injunctive relief were ever granted. This court repeatedly stated that the transcitpts of August 7 hearing were not sealed. In their July 29th reply to the Defendants response Plaintiffs claimed that judge Robreno assumed jurisdiction and

issued his order not to dismiss the case, but rather to sever and transfer the case, where he stated "Liberi is a resident of Pennsylvania", based on the documents provided by Liberi. This finding goes to the core of the case.

Plaintiffs produced:

1. Affidavit of Licensed investigator Neil Sankey with accompanying marked photograph of Liberi. Affidavit states that this photograph was identified by witnesses Caren and Ed Hale as Lisa Liberi, who appeared in front of them and in front of Judge Robreno on August 7, 2009 hearing of Liberi et al v Taitz et al, and the same picture was identified by sergeant Paul Morrison, of Rancho Cucamonga, California police department, as Lisa Liberi, a.k.a. Lisa Richardson, who was convicted in California for Multiple Fraud crimes, and who, according to her probation, is allowed to reside in California or New Mexico (where she has relatives) only, but not in any other state. Residence in Pennsylvania would be a violation of her probation.

2. affidavit of Caren Hale, identifying Lisa Liberi.

**B. Need to forward the record to the Third Circuit Court of Appeals.**

On August 31, 2010 this court certified the transcript of August 7, 2009 hearing, as it was forwarded to the Third Circuit Court of Appeals. Transcript, provided to Taitz and to the Court of Appeals does not contain any evidence, showing Liberi to be residing in Pennsylvania, it does not contain any drivers license or ID card showing Liberi to be resident of Pennsylvania, even though Plaintiffs and their attorney Berg claim that they provided such drivers license to Judge Robreno together with multiple other vital records. Taitz needs to file an opening Appeals brief, and needs to know, whether indeed such

documents were provided to Judge Robreno , but not made available to the defendants and the Third Circuit Court of Appeals.

1. If Plaintiffs never provided Liberi's Pennsylvania drivers license, than Plaintiffs engaged in perjury and fraud on the court for a period of a year and a half, the case was frivolous and it needs to be dismissed and Plaintiffs need to be sanctioned for fraud on the court and perjury, which is a violation of Liberi's probation, for which her probation needs to be revoked. This will also constitute an eggregious violation of professional ethics by Berg, which should be basis for proper action by the Pennsylvania Supreme court in suspension of his law license.

2. If Liberi indeed provided Judge Robreno with a valid Pennsylvania License, than Defendants are entitled to get a copy of that license, so that they can forward it to her probation officer and San Bernardino, California District Attorney's office for revocation of her probation, as well as to the Supreme Court of Pennsylvania and Pennsylvania bar, to commence an action against Philip J. Berg for aiding and abetting felon on probation, to violate her probation.

If this court does not see this motion, as part of the prior order, Defendants are seeking such order under FRCP 26 or 45.

## Rule 60 B Motion

**Rule 60.** Relief from Judgment or Order

**(b)** Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence

which by due diligence could not have been discovered in time to move for a new trial under RCFC 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court.

**. If Plaintiffs committed fraud and never provided this court with PA Drivers License for Liberi, this court had no evidence of PA residence and no Jurisdiction to issue an order to severe and transfer this case based on diversity.**

Residence of a party for the purpose of diversity needs to be resolved on preponderance of evidence. The party claiming diversity of citizenship has the burden to show such diversity by preponderance of evidence. The following cases show that when a party claiming diversity did not show citizenship of the parties by preponderance of evidence, the cases in federal courts were indeed dismissed, not severed and transferred.

In cases in which jurisdiction is based on diversity of citizenship, plaintiff has burden to show, first, that applicable statute confers jurisdiction, and, second, that assertion of jurisdiction is consonant with constitutional limitations of due process. *Weight v Kawasaki Motors Corp. (1985, ED Va) 604 F Supp 968.*

Party's mere allegation of diversity cannot satisfy its burden of establishing district court's jurisdiction; citizenship of each real party in interest must be established by preponderance of evidence. *Roche v Lincoln Prop. Co. (2004, CA4 Va) 373 F3d 610.*

Complaint alleging that defendant's corporate citizenship was in a state other than California but failing to allege that plaintiffs were all citizens of California was not sufficient to give District Court jurisdiction since pleadings did not otherwise resolve

issue of citizenship. _Bautista v Pan American World Airlines, Inc. (1987, CA9 Cal) 828 F2d 546, 126 BNA LRRM 2559, 107 CCH LC P 10159._

Court lacked jurisdiction over patient's claims because he failed to establish diversity jurisdiction because at time he filed complaint both he and hospice were citizens of State; also patient only sought $ 10,000 in cost and unspecified amount for other damages, which did not meet amount in controversy. _Olsen v Quality Continuum Hospice, Inc. (2004,DC NM) 380 F Supp 2d 1225._

Complaint against John Doe defendant alleging Internet defamation was dismissed for lack of subject matter jurisdiction because there was risk that if John Doe's identity were discovered there could have been no diversity, and court's jurisdictional authority would have disappeared; court declined to read amended language of _28 USCS § 1441_ _into 28 USCS § 1332_ because it would have accomplished much broader result of allowing case with only one party and only state law claims to proceed initially in federal court. _McMann v Doe (2006, DC Mass) 460 F Supp 2d_

In motorist's personal injury lawsuit against, inter alia, owners of property adjacent to private railroad-track crossing where car-train accident occurred, pursuant to *28 USCS § 1447(d),* appellate court lacked jurisdiction to review remand that implicitly was based on lack of subject matter jurisdiction; district court clearly was addressing jurisdictional issues--diversity of citizenship, *28 USCS § 1332*, and fraudulent joinder--and when doing

so, it properly declined to decide doubtful question of state law and, instead, resolved ambiguity (lack of state law directly on point) in motorist's favor. *Filla v Norfolk & Southern Ry. (2003, CA8 Mo) 336 F3d 806.*

Where record creates doubt as to jurisdiction, trial court must determine whether there are adequate grounds to sustain its jurisdiction over subject matter. *Shahmoon Industries, Inc. v Imperato (1964, CA3 NJ) 338 F2d 449, 9 FR Serv 2d 12B.22, Case 2.*

Court has duty to look to its own jurisdiction and lack of subject matter jurisdiction may be asserted by court, sua sponte, at any time. *Jeter v Jim Walter Homes, Inc. (1976, WD Okla) 414 F Supp 791.259.* decided by a preponderance of evidence.

Plaintiffs did not present any evidence, not a shred of evidence, showing Liberi to be a resident of PA. Defendants have shown that according to her probation she can reside only in CA or NM, she is subject to the jurisdiction of CA, therefore the case at hand has to be dismissed as citizenship of Liberi was not provided to resolve the issue of diversity to allow it to proceed in Federal court.

Wherefore Defendants are moving this court to:

1. Order the Plaintiffs to provide to the defendants a certified copy of Lisa Liberi's Pennsylvania drivers license, showing Liberi residing in Pennsylvania on filing date of May 5, 2009, which Plaintiffs and their attorney Philip J. Berg allege to have submitted to Judge Robreno during August 7, 2009 hearing, but which was not forwarded to the defendants.

2. In case Plaintiffs do not produce a drivers license or ID card, showing Liberi, to be a resident of the state of Pennsylvania at the time of commencement of legal action at hand, to order this case to be dismissed due to the fact that the Plaintiffs never provided any evidence of Liberi's residence, which is a necessary element, in order for this court to assert jurisdiction for this current legal action, based on diversity.

3. To assess sanctions against the Plaintiffs and their attorney for instituting a frivolous action based on fraud on the court and perjury, with the sole purpose of harassing the defendants and covering up the fact that attorney Philip Berg is submitting documents to courts and conducting nationwide fundraising, while using as a paralegal Lisa Liberi, a probationer and recently convicted document forger and thief.

Respectfully submitted,

/s/ Dr. Orly Taitz, ESQ

09.06.10.

I certify under penalty of perjury, that I served above pleadings on following parties and authorities:

Hon Randall Ray Rader

Chief Judge of the Third Circuit Court of Appeals

21400 US Court of Appeals

601 Market street

Philadelphia PA 19106

Hon Harvey Bartle, III

Chief Judge US District Court for the third District of PA

601 Market street

Philadelphia PA 19106

Philip Berg

555 Andorra Glen Court, ste 12

Lafayette Hill PA 19444-2531

Neil Sankey

2470 Stearns str #162

Simi Valley, CA 93063

Linda Belcher

201 Paris

Castroville TX 78009

Ed and Caren Hale

1401 Bowie Str

Wellington TX 79095

Philadelphia District Attorneys' office

3 South Penn square

Philadelphia, PA

US Attorneys' office

Eastern District of PA

615 Chestnut str, ste 1250

Philadelphia PA 19106-4100

James Secord

Assistant District attorney

San Bernardino County

316 North Mountain view

San Bernardino CA 92415-0004

909-387-8309

www.co.san-bernardino.ca.us/da

San Bernardino County, CA

Probation Department

175 w. Fifth str. 4th floor

S. Bernardino, CA

Audrey B. Collins

Chief Judge

US District Court

411 W. Fourth str

Santa Ana CA 92701

Judge David O. Carter

USDC Central District of CA

411 West Fourth Str

Santa Ana CA 92701

US Commission on Civil Rights

624 Ninth Street, NW

Washington, DC 20425 C

Public Integrity Section

Department of Justice

950 Pennsylvania Ave, NW

Washington DC 20530-0001

Office of the United Nations High Commissioner for Human Rights (OHCHR)

Special Rapporteur on the Situation of Human Rights Defenders

The Honorable Mrs. Margaret Sekaggya

Palais des Nations

CH-1211 Geneva 10, Switzerland

International Criminal bar Hague

United Nations Commission for

Civil Rights Defenders

Orsolya Toth (Ms)

Human Rights Officer

Civil and Political Rights Section

Special Procedures Division

Office of the High Commissioner for Human Rights

tel: + 41 22 917 91 51

email: ototh@ohchr.org

/s/ Orly Taitz

09.06.10.

**Proposed order**

Law offices of

Dr. Orly Taitz, ESQ

29839 Santa Margarita CA 92688

Pro se and for Defend Our Freedoms Foundation

**UNITED STATES DISTRICT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

**Lisa Liberi, et al** ) **Case # 09-cv-01898-ECR**

**Plaintiffs** ) **Assigned to Honorable Eduardo C. Robreno**

)

**V** )

**Orly Taitz et al** )

**Defendants**

**ORDER**

**AND NOW,** this_6 day of September, 2010 after consideration of Defendant's 09.06.2010 motion,

Defendant's Motion is **granted.**

**IT IS SO ORDERED**

____________________________________

Eduardo C. Robreno, J