Law Offices of:
**PHILIP J. BERG, ESQUIRE**
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531                    Attorney for: Plaintiffs'
Identification No. 09867
(610) 825-3134

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LISA LIBERI, et al,                          :
               Plaintiffs,         :
                     :
     vs.                                    :   Case No.: 09-cv-01898-ECR
                     :
ORLY TAITZ, et al,                           :
              Defendants.         :   *Assigned to Honorable Eduardo C. Robreno*
                     :

### PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT ORLY TAITZ'S FRIVOLOUS FILING ENTITLED "60B MOTION FOR RECONSIDERATION"

**NOW COME** Plaintiffs', Lisa Liberi [hereinafter "Liberi"]; Philip J. Berg, Esquire [hereinafter "Berg"], the Law Offices of Philip J. Berg; Evelyn Adams a/k/a Momma E [hereinafter "Adams"]; Lisa Ostella [hereinafter "Ostella"]; and Go Excel Global by and through their undersigned counsel, Philip J. Berg, Esquire, and hereby files Plaintiffs' Response in Opposition to Defendant Orly Taitz's Motion for Missing Documents / Rule 60B Motion for Reconsideration filed September 9, 2010, appearing as Docket Entry No. 143. In support hereof, Plaintiffs aver as follows:

- Defendant Taitz Motion is **FRIVOLOUS**.

- Defendant Taitz failed to serve the undersigned with this filing.

- Defendant Orly Taitz's Motion is frivolous and filed for improper purposes, Defendant Taitz failed to cite any proper jurisdictional law.  The issues raised in Defendant Taitz's Motion have been litigated and ruled upon.

- Orly Taitz has published all over the Internet; by mass emailing; mass mailing and other distribution the following private identifying information of Lisa Liberi:

  A.    Lisa Liberi's full Social Security number;
  B.    Lisa Liberi's Spouse's Social Security number;
  C.    Date of births;
  D.    Mother's maiden name;
  E.    Place of Birth;
  F.    Address which Orly Taitz believes Lisa Liberi resides;
  G.    Family Picture; and
  H.    Plaintiff Liberi's spouses Social Security number and date of birth.

Now Defendant Taitz is attempting to procure Plaintiff Liberi's driver's license, which she is **not** privy to.

- There is **NO** permissible purpose for Defendant Orly Taitz to obtain Lisa Liberi's driver's license, nor is there any legal basis entitling Defendant Taitz to Lisa Liberi's driver's license.

- Orly Taitz has falsely stated and manipulated this Court's findings and what was presented and filed with this Court.

- Defendant Orly Taitz has been stalking Lisa Liberi and her son; and Lisa Ostella and her children.

- Due to the facts that Defendant Taitz's behaviors have now escalated to an extremely dangerous level against the Plaintiffs, their husbands and children, e.g. Felony Stalking across state lines and what appears to be Defendant Taitz's attempt to hire an individual with a violent background to physically harm Lisa Liberi, her son and husband; as well as Lisa Ostella and her children, it is imperative that this Court refer this matter to the United States Attorney's Office or the United States Department of Justice immediately, before one of the Plaintiffs' are physically hurt and/or killed.

- Plaintiff Liberi is **not** a resident or citizen of the State of California as Defendant Orly Taitz falsely claims, nor is Plaintiff Liberi a resident or citizen of the State of Texas.

- Defendants Orly Taitz and Neil Sankey only want verification of Plaintiff Liberi's actual residency in order to carry out their violent, serious threats to destroy and get rid of Plaintiff Liberi.  The entire docketing system of this case gets published all over the Internet by Defendant Taitz.

- This Case is supposed to be transferred to the Central District of California, Southern Division and to the Western District of Texas; however, to date it has **not** been transferred and Defendant Taitz is Obstructing Justice.

A.        **FACTS:**

Since this Court entered its Order severing and transferring the within Case, Defendant Taitz has continued obstructing justice by filing frivolous motions.

The newest filing of Defendant Taitz's is this Request for Missing Documents / Motion for Reconsideration, pursuant to Federal Rules of Civil Procedure, Rule 60B claiming new evidence.  Defendant Taitz is now claiming she has entitlement to Plaintiff Liberi's Driver's License based on many false assertions.  Defendant Taitz's Motion fails on its face.

It appears Defendant Taitz sent copies of this filing to everyone in the world, however, neglected **AGAIN** to serve the undersigned.  Defendant Taitz loves to play with the minds of her readers and followers.  It appears that she wants to manipulate her followers into believing that she is again the victim whose rights are being trampled upon, instead of the fact that is proven by a preponderance of evidence filed with this Honorable Court that she is indeed the perpetrator and the within Plaintiffs are the actual victims.

Defendant Taitz demands a copy of Lisa Liberi's driver's license claiming it was filed on August 7, 2009 and Plaintiffs committed a fraud upon the Court by the fact Lisa Liberi showed this Court a Pennsylvania driver's license.  Orly Taitz had every opportunity to appear for this Court hearing, however, refused, instead going on a publicity tour.  No one has ever disclosed what state issued Plaintiff Liberi's driver's license.   Just another made up allegation by Defendant Orly Taitz attempting to further manipulate this Court.

This Court may recall Orly Taitz first screamed Plaintiff Liberi resided in New Mexico and that the case should be transferred to California.  Once this Court gave Defendant Orly

Taitz's her wishes, Defendant Taitz changed her story screaming Plaintiff Liberi resided in California, then had letters of Linda Sue Belcher filed, which Defendant Taitz created, with this Court claiming Plaintiff Liberi resides in New Mexico.

This Court found and ruled that Plaintiff Liberi did **NOT** reside in California or Texas, which was correct and thereby amended this Court's Order transferring Defendants Taitz; Defend our Freedoms Foundations, Inc.; Sankey; the Sankey Firm, Inc. a/k/a the Sankey Firm; and Sankey Investigation, Inc. to the U.S. District Court, Central District of California, Southern Division and the Texas Defendants, Edgar and Caren Hale, Linda Sue Belcher, Plains Radio, and KPRN to the Western District of Texas, again giving the Defendants exactly what they wanted.

Even if this Court had inadvertently made a mistake regarding jurisdiction or diversity, **which it did not**, the Court did **not** err, the Court would have still severed and transferred the case, if in fact a deficiency existed, **which again it did not**. *See* *Jumara v. State Farm Ins. Co., 55 F.3d 873, 878 (3d Cir. 1995)*; 17A *Moore's Federal Practice, § 111.02* (Matthew Bender 3d ed. 2006); *Lafferty v. Gito St. Riel*, 495 F.3d 72 (3d Cir. 2007).

Another concern is the fact this Court has Ordered Transfer of this Case to United States District Court, Central District of California, Southern Division as well as an Amended Order on June 22, 2010.  After this Court's Order to Sever and Transfer the case to the U.S. District Court, Central District of California, Southern Division, Defendant Taitz has taken steps which constitute "Obstruction of Justice".  Defendant Taitz's filing of July 29, 2010, appearing on the Docket as Docket Entry No. 136, Page Thirty [38] and her filing of September 8, 2010 appearing on the Docket as Docket Entry No. 143, Page Fourteen [14], these filings containing falsified allegations pertaining to the Plaintiffs were sent by Defendant Orly Taitz to Judge David O. Carter and Chief Judge Audrey B. Collins, U.S. District Court, Central District of California,

Southern Division, the same Court this Court Ordered Transfer of the within action for no permissible purpose.  Defendant Taitz is attempting to prejudice the Court against the Plaintiffs and conflict out these two Judges in California and make it difficult for the Court to handle Plaintiffs' case.   Moreover, this case could be assigned to either of these Judges; therefore, these actions of Defendant Orly Taitz clearly meet the criminal elements of Obstruction of Justice. See Affidavit of K. Strebel attached hereto and incorporated in by reference as **EXHIBIT "1"** and the Affidavit of Evelyn Adams attached as **EXHIBIT "2"**.

Obstruction of Justice is a broad concept that extends to any effort to prevent the execution of lawful process or the administration of justice in either a criminal or civil matter. Obstructive conduct may include the destruction of evidence; the intimidation of potential witnesses or retaliation against actual witnesses; willfully withholds, misrepresents, alters or falsify any documentary material; the preparation of false testimony or other evidence, or the interference with jurors or other Court personnel.  The purpose of criminal obstruction statutes is to help protect the integrity of legal proceedings and, at the same time, protect those individuals who participate in such proceedings.  Prosecutors use the statutes against obstructive efforts that merely had a reasonable tendency to impede a legal proceeding.  Whether or not the effort was successful does not matter. *See* 18 U.S.C. §§ 1501-1507.

Defendant Taitz's continues publications of private data of Plaintiff Liberi claiming Plaintiff Liberi is a "career document forger", which is completely untrue.  Moreover, Defendant Taitz's continues telling this Court, that the public has a right to know as a result of Defendant Taitz false allegation that Plaintiff Liberi fundraises and has access to credit cards, all of which is untrue.  Plaintiff Liberi does **not** fundraise at all, instead, Plaintiff Evelyn Adams is who assisted Mr. Berg with his fundraising efforts.  Defendant Taitz's reasoning and explanations to this

Court are a complete fabrication.   See the Affidavit of Evelyn Adams attached hereto as **EXHIBIT "2"**.

Defendant Taitz has employed volunteers, most of who have felony criminal convictions, which Defendant Taitz has failed to disclose.   Several have many different convictions throughout the years with multi prison terms.   Most of the felonies are forgery and theft type crimes; however, a few of Defendant Taitz past and/or present volunteers have criminal convictions for violent crimes.   Some have severe psychiatric issues with a history of violence and hospitalization in mental institutions.   A few had a "falling out with Defendant Taitz" due to Defendant Taitz asking them to lie or perjure themselves in Federal Court about several matters. They provided Affidavits to Federal Judges about Defendant Taitz's attempt, and to the California Bar.   One Affidavit also included information regarding Taitz's adulterous affair with Charles Lincoln III.   It is obvious Defendant Taitz's statements are false, and her intent is to further carry out her threat to get rid of Plaintiff Liberi. *See* the Affidavit of K. Strebel attached as **EXHIBIT "1"** and Affidavit of Shirley Waddell attached as **EXHIBIT "3**.

Moreover, Defendant Taitz all through her filings and exhibits falsely claim Plaintiffs accused Pamela Barnett of stealing Defendant Linda Belcher's identity and forging her name. This is completely untrue and this Court can verify the statements with what is on file with this Court. *See* Plaintiffs Reply filed July 30, 2010, appearing as Docket Entry No. 137, Page Eight [8].   What Plaintiffs stated was:

"*It is important for this Court to note, Orly Taitz orchestrated the letter from Linda Belcher.  In fact, Defendant Taitz and/or her employee Pamela Barnett on behalf of Defendant Taitz prepared the letter for Linda Belcher to sign.   When you prepare a document, there are properties to the specific document, the properties is like a "finger-print" as it shows who the software is registered to; the version of the software; and the date the software was manufactured, created or updated.   A copy of the screen shots showing Defendant Belcher's letter posted on Defendant Taitz's website; and the properties of Linda Belcher's letter are attached hereto as* **EXHIBIT "3".**   *Defendant Taitz then posted her filings which were made*

*with this Court July 28, 2010, appearing as Docket Entry No. 136 on her website July 30, 2010, a copy of the screen shots showing Defendant Taitz's filings with this Court posted on her (Defendant Taitz's) website; and the properties of Defendant Taitz documents are attached hereto as **EXHIBIT "4"**.  As you can clearly see, the properties of Defendant Belcher's letter and Defendant Taitz's filings match identically, except for the creation date.*"

Plaintiffs did make a mistake however, it was not Pamela Barnett who created the documents on behalf of Defendant Orly Taitz to have Defendant Belcher sign, it was in fact Norman B. Murray, Defendant Taitz's assistant, as demonstrated by the screen shots in Docket Entry No. 137.

Defendant Taitz has been stalking Plaintiff Liberi and her son, having her supporter's Neil Turner (Neil Turner is also Defendant Taitz's Plaintiff in a dismissed case) and Defendant Linda Belcher send out to all the Militia and White Supremacy groups, Plaintiff Liberi's picture[1], which Defendant Taitz illegally obtained, along with the address in which Defendant Taitz believes Plaintiff Liberi resides, calling Plaintiff Liberi a "**Blood-Red Herring**".[2]  Defendant Taitz continues claiming the Plaintiffs have not substantiated their allegation of harassment and that Plaintiffs have lied. See the Affidavit of K. Strebel attached as **EXHIBIT "1"**; the Affidavit of Evelyn Adams attached as **EXHIBIT "2"**; and the Affidavit of Shirley Waddell attached as **EXHIBIT "3"**.  The Plaintiffs have not; harassment is an element in the crimes of Stalking and Cyber-Stalking. *See* below:

### The Legal Definition of Criminal Harassment is:

"The act of systematic and/or continued unwanted and annoying actions of one party or a group, including threats and demands. The purposes may vary, including racial

---

[1] http://www.orlytaitzesq.com/?p=12692 posted July 30, 2010; http://www.orlytaitzesq.com/?attachment_id=12691 Posted July 30, 2010; http://www.orlytaitzesq.com/?p=12783 posted August 3, 2010; http://www.orlytaitzesq.com/?p=13505 posted August 31, 2010;  http://www.orlytaitzesq.com/?p=13737 posted September 6, 2010 and http://www.orlytaitzesq.com/?p=12845 posted August 7, 2010 and sent out by mass email on August 1, 2010 and September 6, 2010

[2] http://www.orlytaitzesq.com/?p=12774 posted August 1, 2010;  http://www.orlytaitzesq.com/?p=13737 posted September 6, 2010 and http://www.orlytaitzesq.com/?p=12845 posted August 7, 2010 and sent out by mass email on August 1, 2010 and September 6, 2010

prejudice, personal malice…or merely gain sadistic pleasure from making someone anxious or fearful…"[3]

**<u>The Legal Definition of Stalking is</u>**:

"A person who intentionally and repeatedly follows or harasses another person and who makes a credible threat, either expressed or implied, with the intent to place that person in reasonable fear of death or serious bodily harm is guilty of the crime of stalking."[4]

**<u>The Legal Definition of Cyber-Stalking is</u>:**

"Cyber-stalkers often do not threaten their victims, at least not directly;[5] they are more likely to use tactics that harass and threaten their victims, **such as posting the victim's name and address on the Internet along with false claims**."[6]  The U.S. Department of Justice also points out the fact that, "as with physical stalking, online harassment and threats may be a prelude to more serious behavior, including physical violence." The United States Department of Justice also found that our "Courts need to recognize the serious nature of cyberstalking."

Defendant Taitz's continued publication of information pertaining to the Plaintiffs and the constant harassment and fear the publications have placed the Plaintiffs and their families in, meets the elements of Harassment; Stalking; and Cyber-Stalking.  Plaintiffs have copies of all of Defendant Orly Taitz's publications.  Defendant Taitz has a habit, once Plaintiffs file proof or evidence of her distorted publications, Defendant Taitz immediately deletes them.  Not only is this destruction and/or spoliation of evidence, but also copies of all her postings to date have been provided to the proper law enforcement entities, including the Federal Bureau of

---

[3] http://dictionary.law.com/Default.aspx?selected=853

[4] http://definitions.uslegal.com/s/stalking

[5] See 1999 Revision of Model State Computer Crimes Code § 2.02.2 - Commentary, available at http://www.cybercrimes.net/99MSCCC/MSCCC/Article2/2.02.2.html.

[6] See, e.g., Petherick, supra note 130. See also U.S. Dep't of Justice, Cyberstalking: A New Challenge for Law Enforcement and Industry (August 1999), available at: http://www.justice.gov/criminal/cybercrime/cyberstalking.htm.

Investigation. *See* also the Affidavit of K. Strebel, attached hereto as **EXHIBIT "1"**; Affidavit of Evelyn Adams attached as **EXHIBIT "2"**; and Affidavit of Shirley Waddell attached as **EXHIBIT "3"**.

In fact, since May 5, 2009, Defendant Taitz was well aware that Plaintiff Liberi was protected from John Mark Allen.  Despite this, Defendants Taitz and Sankey sought out John Allen giving all of Plaintiff Liberi's information to him.  Defendants Taitz and Sankey then attempted to defraud this Court into believing John Allen gave them the picture they have been posting all over the place, a picture John Allen **never** had possession of.  As a result, Plaintiffs hired a Private Investigator who investigates on behalf of the Orange County District Attorney's Office in California where John Mark Allen resides to have John Mark Allen interviewed.  John Mark Allen has hidden from the Private Investigator, even refused to come out at work when the Private investigator appeared to question him, so the undersigned sent Mr. Allen an email stating he would seek his deposition, by Court Order if necessary. See Affidavit of K. Strebel attached as **EXHIBIT "1"** and Affidavit of Shirley Waddell attached as **EXHIBIT "3"**;

The next event was Defendant Orly Taitz contacted Plaintiffs Private Investigator, harassing him and his staff.  Defendant Taitz then contacted the undersigned claiming she needed verification of an email sent to Mr. Allen before she filed Court papers.  Thus, Defendant Taitz is interfering with Plaintiffs rights to have John Allen interviewed.  If Defendant Taitz and Sankey weren't lying to this Court, and obtained the picture from John Allen, who would have been in violation of a Protective Order, then why is Defendant Taitz interfering with Plaintiffs interviewing John Mark Allen?  As a result, Plaintiffs also need to seek an Order of the Court for John Allen to appear for a deposition, but again, which Court do the Plaintiffs petition since the case has **NOT** been transferred?

---

Plaintiffs Liberi and Ostella have been receiving death threats and harassment from Defendant Taitz supporters, demanding the lawsuit against Defendant Taitz be dropped and threatening Plaintiffs Liberi and Ostella if it is not dropped. *See* the post by Defendant Taitz on her website requesting her supporters to call Philip J. Berg, Esquire's office, but instead they are calling the private homes of Plaintiffs Liberi and Ostella threatening their lives.[7]

As if this is **not** enough, August 31, 2010, Defendant Orly Taitz went on the Andrea Shea King radio program and again falsely accused Plaintiffs Liberi and Berg of complete untruths; again making statements about Plaintiff Liberi's son[8], the most concerning Defendant Taitz asked if something happened to Plaintiff Liberi's son.  This is extremely concerning as Defendant Orly Taitz "projects" what ever she is doing, she accuses her victims of.  So the question is, what has Defendant Taitz's arranged to have happen to Plaintiff Liberi's son?  During this same radio program, Defendant Taitz stated as she is talking about Plaintiff Liberi, ***"And I have provided directions, I have provided the pictures…***"  Again, talking about Plaintiff Lisa Liberi.  What directions has Defendant Taitz provided?  As this Court is aware, directions can be instructions to commit an act or instructions to locate a place.

On September 1, 2010, Defendant Taitz interviewed with a hired actor, by the name David Acton, and had a video produced, using this Actor's name as an endorsement to give credibility to her false claims against Plaintiffs.   In particular, claiming Plaintiff Liberi is handling all of the credit cards for the Law Offices of Philip J. Berg, knowing the information is false.  Moreover, Defendant Taitz used this actor to endorse and give credibility to Defendant Taitz's false accusations that the undersigned had one of her accounts on the Internet shut down

---

[7] http://www.orlytaitzesq.com/?p=13499
[8] http://www.blogtalkradio.com/askshow/2010/08/31/the-andrea-shea-king-show.mp3

as well as other false accusations.[9]  This video was placed all over the Internet and it is further unknown to the Plaintiffs where else this broadcast has been played to date (cable, satellite feeds, radio programs, etc.).   See the Affidavit of K. Strebel attached as **EXHIBIT "1"**; Affidavit of Shirley Waddell attached as **EXHIBIT "3"** and Affidavit of Lisa Ostella attached as **EXHIBIT "4"**.  Defendant Orly Taitz "projects" what ever she is doing onto her victims.  In fact, it was Defendant Orly Taitz and her volunteer who were collecting credit cards for a "Convention" in Texas set-up by Defendant Taitz. See the Affidavit of Lisa Ostella attached hereto as **EXHIBIT "4"**.  This "Convention" never took place.

Defendant Taitz has also put a "call out" to her supporters to harass State Agencies demanding the arrest of Lisa Liberi[10].

There is a lot more that Defendant Taitz has continued doing to ensure Plaintiffs Liberi, Ostella and their families are severely harmed, injured or even killed.  All of this information has been turned over to law enforcement, who recently turned it over to the Federal Bureau of Investigation (FBI) as all the crimes Defendant Taitz continues committing against Plaintiffs Liberi and Ostella have crossed state lines, thereby making them Federal.

Since this Court's Order to sever and transfer the case in June, this Court has closed this case in this jurisdiction.  The case, to date, has **<u>NOT</u>** been transferred, and therefore, Plaintiffs need to know where to file for Protective Orders while the case is in limbo.

For the reasons stated herein, Defendant Orly Taitz's Motion must be denied and Plaintiffs' must be informed on which Court to file their request for Protective Order to stop the harassing and stalking behaviors of Defendant Orly Taitz and Request for a Court Order to depose John Mark Allen.

---

[9] http://www.youtube.com/watch?v=M7jWiYVVYvY&feature=player_embedded
[10] http://www.orlytaitzesq.com/?p=13563

**B.   DEFENDANT TAITZ'S MOTION MUST BE DENIED AS THE ISSUES HAVE BEEN ADDRESSED; IT IS UNTIMELY and VIOLATES THE FEDERAL RULES OF CIVIL PROCEDURE:**

Defendant Taitz basis her **frivolous** motion on new information, claiming she needs a copy of Plaintiff Liberi's driver's license, because in Plaintiffs Reply filed July 29, 2010, Plaintiffs state on page five (5) of the reply, "*Defendant Taitz all through her frivolous filing claims Plaintiff Liberi has not proven where she resides. To the contrary, during the August 17, 2009 [sic] Hearing, Plaintiff Liberi had her driver's license, safe at home cards, birth certificate; marriage certificate; and Social Security [sic] card with her in court, which she offered to the court for review*" This is **not** new evidence, Defendant Taitz has been well aware of this since July 29, 2010, and had ample time to file within the ten (10) day period outlined for Motions for Reconsideration.  Moreover, where in the quoted statement does it say what state Plaintiff Liberi's license was issued; it does **not**, and, where does it say copies of Plaintiff Liberi's license were filed in the Court, it does **not**.  It states the information was offered to the Court to review.  Defendant Taitz is doing nothing more than attempting to box Plaintiff Liberi into a corner to force her to verify her address, so that Defendant Taitz can carry out her threats. This case is **not** a game, nor is it a game as to the damages Plaintiffs have suffered and continue suffering as a result of the Defendants unlawful actions, especially those of Defendant Taitz.

As this Court is aware and as outlined in *Broadcast Music, Inc. v. La Trattoria E., Inc.*, No. CIV.A. 95-1784, 1995 WL 552881, at *1 (E.D. Pa. Sept. 15, 1995), it is unsettled among the Courts how to treat Motions to Reconsider, the Court found:

> "The [United States] Supreme Court has noted that "[s]uch a motion is not recognized by any of the Federal Rules of Civil Procedure.  The Third Circuit has sometimes ruled on such motions under Federal Rule of Civil Procedure 59(e) and at other times under Rule 60(b).  A motion to reconsider may, therefore, be treated as a Rule 59(e) motion for amendment of judgment or a Rule 60(b) motion for relief from judgment or order."

Motions for Reconsideration must be filed with ten (10) days. *See* Federal Rules of Civil Procedure, Rule 59(e); *Broadcast Music, Inc. v. La Trattoria E., Inc.*, No. CIV.A. 95-1784, 1995 WL 552881, at *1 (E.D. Pa. Sept. 15, 1995); *Choi v. Kim*, 258 Fed. App'x 413, 416 (3d Cir. 2007) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)); *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *In re Loewen Group Inc. Sec. Litig.*, 2006 WL 27286, at *1 (E.D.Pa. Jan. 5, 2006). Defendant Orly Taitz admits in her own pleadings she was aware since July 29, 2010, of the statement in Plaintiffs Reply that Plaintiff Liberi made all her identifying documentation available to the Court.

Even if this Court chooses to treat Defendant Taitz's Motion, pursuant to Federal Rules of Civil Procedure 60(b), motions must be brought within a reasonable time, and based on: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation or conduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. *See* Federal Rules of Civil Procedure, Rule 60(b).  None of the factors apply here.  Defendant Taitz admitted she was aware that Plaintiff Liberi had her identifying documents with her in Court on August 9, 2009 and offered them to the Court; thus, there is **no** new discovered evidence as Defendant Taitz was aware of the information since July 29, 2010, in time to file a Motion for Reconsideration within the ten (10) day period of time; there was **no** fraud, contrary to Defendant Taitz's false claims in her Motion, **no** one has ever stated what State Plaintiff Liberi's

driver's license was issued out of, except for the fact Plaintiff Liberi does **not** reside in California or Texas, which she doesn't, see the Affidavit of Kelly Strebel attached as **EXHIBIT "1"** and the Affidavit of Evelyn Adams attached as **EXHIBIT "2"**; therefore, Defendant Taitz's Motion fails; and terms four (4), five (5) and six (6) do **not** apply to Defendant Taitz's Motion. Defendant Taitz Motion is nothing more than **Frivolous**.

Generally, a Motion for Reconsideration will only be granted if: (1) there has been an intervening change in controlling law; (2) new evidence, which was **not** previously available, has become available; or (3) it is necessary to correct a clear error of law or to prevent manifest injustice. _Reich v. Compton_, 834 F. Supp. 753, 755 (E.D. Pa. 1993) (citing _Dodge v. Susquehanna Univ., 796 F. Supp_., 829, 830 (M.D. Pa. 1992)), aff'd in part, rev'd in part, 57 F.3d 270 (3d Cir. 1995); _McDowell Oil Serv., Inc. v. Interstate Fire & Cas_. Co., 817 F. Supp. 538, 541 (M.D. Pa. 1993).  Furthermore, "With regard to the third ground...any litigant considering bringing a motion to reconsider based upon that ground should evaluate whether what may seem to be a clear error of law is in fact simply a disagreement between the Court and the litigant." Again, Defendant Taitz fails to meet any of the required grounds.

The Supreme Court has stated that Rule 59(e) is generally invoked "only to support reconsideration of matters properly encompassed in a decision on the merits." _White v. New Hampshire Dep't of Employment Sec._, 455 U.S. 445, 451, 102 S. Ct. 1162, 71 L. Ed. 2d 325 (1982).

Moreover, Defendant Taitz fails to cite to any Judgment or Order she is requesting reconsideration of, or what judgment or Order she is seeking relief of.   Defendant Taitz also claims that the "sealed documents" were **not** supplied to the Third Circuit Court of Appeals. There is absolutely **no** way for Defendant Taitz to know what documents were transmitted and

what documents were **not** transmitted.  The record and appropriate documents are transmitted from this very Court, as outlined in the Docket.  If documents are "under seal", you can **not** call and obtain the information over the phone nor can you obtain copies of the "sealed" documents without a Court Order.

Defendant Taitz's filings are filled with nothing more than hearsay statements, conclusions of law, and speculation. Defendant Taitz only filed her **frivolous** filings with this Court to use this Court and its docketing system to further publish false allegations about the Plaintiffs; Plaintiff Liberi's family picture which she obtained illegally; and to further publish private data of the Plaintiffs, or what she believes to be data of the Plaintiffs.

Defendant Taitz is just further harassing this Court, attempting to delay the transfer, and attempting to obtain Plaintiff Liberi's driver's license to further carry out her threats and to publish it on her website.  Defendant Taitz's has absolutely **no** entitlement or valid reason to ask said request.  More importantly, Defendant Taitz quoted Plaintiffs Reply with false statements, **no** where does it state Plaintiff Liberi gave a copy of her driver's license to this Court, as she didn't.  No where does it even mention the State of issuance of Plaintiff Liberi's driver's license; Nor is there anywhere that states the Court filed Plaintiff Liberi's driver's license under seal. Plaintiff Liberi made her identification documents available to the Court for review.

Moreover, in Defendant Taitz's filings, she misquotes what this lawsuit is about, is attempting to change what this lawsuit is about, mis-states what the Plaintiffs and this Court have stated and/or testified to and mis-states the events which have taken place.  The issues Defendant Taitz is attempting to claim is pertinent do **not** pertain, but even if they did, it would be reserved for Trial, **not** a Motion for Reconsideration.  Defendant Taitz filing is **frivolous**.

As stated to this Court when Plaintiffs were attempting to maintain the August 7, 2009 transcript sealed, Orly Taitz would publish the transcript on her website.  Defendant Taitz did just that and published the August 7, 2009 transcript on her website August 4, 2010 with a heading "**Evidence of fraud on the court, perjury by Berg, Liberi Ostella, fabrication of evidence and vicious attacks on me by Berg**"[11] Plaintiffs Liberi, Ostella or Berg perjured their testimony nor did Plaintiffs Liberi, Ostella or Berg commit any type of fraud upon the Court.  It is interesting that when the Plaintiffs file posts and publications made by Defendant Taitz on her website, which were obtained directly from her website, she accuses the Plaintiffs of forgery; fabrication; fraud; vicious attacks; and  "*that Plaintiffs filed thousands of pages of prejudicial, inflammatory and defamatory material*" when it is Defendant Taitz's very own writings and publications filed with the Court.  Especially when it has been the Defendants forging and altering documents in the name of Plaintiffs Liberi and Ostella, which evidence and proof of Defendant Taitz's and the other Defendants forgery and alterations of emails and chat logs in the name of Plaintiffs Liberi and Ostella have been filed with this Court.  See the Affidavit of K. Strebel attached as **EXHIBIT "1"**.

What Defendant Taitz does **not** seem to understand and to quote Judge Clay D. Land, "***Like Alice in Wonderland, just saying it is so, doesn't make it so***"[12]. [Emphasis added].

For the reasons stated herein, Defendant Orly Taitz's Motion for Reconsideration must be denied.

---

[11] http://www.orlytaitzesq.com/?p=12814
[12] *Rhodes v. MacDonald*, 670 F. Supp. 2d 1363 (M.D. Ga. 2009)

### C.   SANCTIONS and ATTORNEY FEES AGAINST DEFENDANT ORLY TAITZ are WARRANTED:

Plaintiffs have brought to this Court's attention the fact Defendant Taitz will **not** stop her barrage of filings until this Court takes action to put a stop to it.   Therefore, Plaintiffs should be reimbursed their Attorney Fees and Defendant Taitz must be sanctioned.   The Motion for Reconsideration filed by Defendant Orly Taitz, appearing as Docket Entry No. 143, is incompliant with the Federal Rules of Civil Procedure and this Commonwealth's laws and is **frivolous**.

Defendant Taitz also claims the transcript is incomplete however fails to state how the Transcript is incomplete.   Defendant Taitz further states that she did **not** have the transcript before, which is a complete lie to this Court.   Defendant Taitz published the August 7, 2009 transcript on her website August 4, 2010, over a month ago.   A copy of Defendant Taitz's post with the August 7, 2009 Transcript is attached as an Exhibit to the Affidavit of K. Strebel attached hereto as **EXHIBIT "1"**.   Defendant Taitz's further states that the documents provided in Court on August 7, 2009 were never released to the Defendants.   Again, another lie to this Court.   The Defendants present were handed copies of everything the Plaintiffs filed with the Court in Court before Your Honor.   Defendant Taitz's were emailed as she chose to go on a publicity tour instead of attending the hearing.

Defendant Taitz then states "*In spite of the fact that Plaintiffs filed thousands of pages of prejudicial, inflammatory and defamatory material, this court did not buy those arguments and refused the Plaintiffs demand for injunctive relief.*" [Defendant Taitz's Motion, page 4]. Defendant Taitz statements are **not** true.   The Requests for a Temporary Injunction or Restraining Order were based on the publication of Plaintiff Liberi's Social Security number by Defendant Taitz and other private data, the damage had been done, that is why the request was

denied.  Further, the only things Plaintiffs have filed are affidavits and Defendant Taitz's own creations and publications.   But on another page of Defendant Taitz's filings, she claims Plaintiffs have not filed any proof.

It is also apparent from Defendant Taitz's filing, although she is an attorney licensed to practice law, she fails to realize this Court is **not** bound by Court's in other states rulings. Defendant Taitz's fails to cite one [1] Pennsylvania case in support of her **frivolous** motion.

Defendant Taitz continues blaming and falsely accusing the undersigned of fraud on the Court for stating the August 7, 2009 transcript was sealed.  It was this very Court's staff that stated the transcript was sealed.  In fact, Joan Carr, Supervisor in this Court, filed a letter with the Third Circuit Court of Appeals stating the transcript was sealed.  Defendant Taitz then claims that the Defendants and her are "whistleblowers".  Whistleblowers of what?  This suit is about the invasion of privacy; publication of full Social Security numbers; false statements made about the Plaintiffs; right to be let alone; harassment by the Defendants, etc.  However, Defendant Taitz is just attempting to convolute this lawsuit and confuse the Judges.  Defendant Taitz also falsely accuses Plaintiffs of filing eleven [11] Motions with the Appellate Court along with Requests for Judicial Notice.   Plaintiffs **never** filed eleven [11] Motions with the Appellate Court, and that is easily verified by the Docket.  Just another fabrication by Defendant Taitz.

Defendant Taitz then purposefully lies to this Court again claiming, "*Plaintiffs have filed numerous motions and emergency motions with this Court and the Court of Appeals to keep Liberi's vital records sealed.*"  Defendant Taitz or any of the other Defendants have any type of entitlement to Plaintiff Liberi's vital records.  In fact, one of the reasons for this lawsuit is due to the illegal access by Defendants Taitz and Neil Sankey to Plaintiff Liberi's vital records.

Defendant Taitz next states, "*Liberi and Berg tried to justify their requests with insane, absolutely untrue and bizarre* [sic] *allegation, claiming that a licensed doctor and attorney Dr. Taitz, who was never in trouble with the law, attempted to make a deal with some criminal to kidnap and kill Liberi and her family. Plaintiffs did not provide any shred of evidence with such slanderous accusation and neither this court nor the Third Circuit Court of Appeals ever found any merit to such accusations and neither one of the motions for injunctive relief were granted.*" This is another lie by Defendant Taitz. Defendant Taitz is speaking of Plaintiffs July 29, 2010 Reply when they pointed out a convicted felon, Ruben Nieto, attempted to get paid through Defendants Orly Taitz and DOFF Twenty-Five Thousand [$25,000.00] Dollars on May 25, 2009 and May 29, 2009 (copies were supplied to this Court) and the payment requests were submitted in three [3] simultaneous requests all of which were under Ten Thousand [$10,000.00] Dollars to avoid reporting pursuant to the Patriot Act. Plaintiffs also pointed out that Ruben Nieto was convicted of Aggravated Assault Crimes, he was dangerous. July 29, 2010 was the first time this evidence was provided to the Court and had nothing to do with Plaintiffs Motions for a Temporary Injunction or Restraining Order. The Court was also notified by Plaintiffs that the payment requests were turned over to the proper law enforcement agencies. *See* the Affidavit of K. Strebel attached as **EXHIBIT "1"** and Affidavit of Shirley Waddell attached as **EXHIBIT "3"**.

Defendant again lies to this Court, Defendant Taitz states, "*In their July 29th reply to the Defendants response Plaintiffs claimed that judge* [sic] *Robreno assumed jurisdiction and issued his order not to dismiss the case, but rather to sever and transfer the case, **where he stated "Liberi is a resident of Pennsylvania", based on the documents provided by Liberi***". [emphasis added] **No** where in Plaintiffs Reply did Plaintiffs or the undersigned ever state where he stated

"**Liberi is a resident of Pennsylvania**", __based on the documents provided by Liberi__".  This is

clearly a fraud upon the Court by Defendant Taitz.  Plaintiffs incorporate their July 29, 2010

Reply herein by reference as if fully set forth herewith.  Plaintiffs also request this Court to take

Judicial Notice of their July 29, 2010 Reply.

Defendant Taitz's __entire__ motion **is based on lies, false statements, mis-quotations of**

**testimony and manipulated events**.   Your Honor, Defendant Taitz **MUST** be sanctioned,

otherwise this will __never__ stop.

The issues of Diversity Jurisdiction have been litigated several times.   Moreover,

Defendant Taitz has Appealed this Court's rulings, although they are __not__ Appealable Orders as

they are proper Orders.   Now, Defendant Taitz is attempting to re-litigate the matters for the

fourth or fifth time, while her Appeal is pending.

This Court has the inherent power to issue Sanctions and Attorney Fees against

Defendant Taitz, especially when false statements are filed with the Court and the pleading is

filed for improper purposes. *See* Federal Rules of Civil Procedure, Rule 11.  Sanctions are used

to deter false statements; improper filings and unbecoming behaviors of an Attorney. *See Walsh*

*v. Schering-Plough Corp.*, 758 F.2d 889, 895 (3d Cir. 1985) The Court Held, ("*Undoubtedly, it*

*was just such considerations that gave rise to the recent amendment to Fed.R.Civ.P. 11. That*

*Rule, promulgated to keep attorneys "honest" in their pleading practice, now authorizes*

*sanctions to be imposed when an attorney violates his certificate that good grounds support his*

*pleading and that the pleading is not interposed for delay*).

Federal Rules of Civil Procedure, Rule 11 states in pertinent part:

 "*…it is well grounded in fact and is warranted by existing law or a good faith*
 *argument for the extension, modification, or reversal of existing law, and that it is not*
 *interposed for any improper purpose, such as to harass or to cause unnecessary delay*
 *or needless increase in the cost of litigation…If a pleading, motion, or other paper is*

*signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.***"**

The Court in *Walsh v. Schering-Plough Corp*., 758 F.2d at 896-897 went on further

stating:

*"If we take no steps to resolve the issue which these affidavits have now presented to us, we run the risk not only of losing the respect of the bar, but of damaging the professional standards that lawyers look to us to uphold. Every member of the bar has had his character and fitness tested and reviewed before obtaining a license to practice. We, together, with other courts, are charged with maintaining at least that level of honesty and professionalism in the conduct of those who, once having obtained the right to practice, continue to exercise that right before us."*

*"...So too, as each instance of charged professional misconduct is ignored by us or deemed unworthy of our attention, our professional tapestry will imperceptibly, but surely, lose its form, its structure and its shape."*

*"Thus, in my opinion it is no answer to characterize the issue before us as one not worth our consideration. If we do not require strict adherence to principles which mandate candor and truthfulness, and if we refuse to decide and enforce claimed violations of those fundamental precepts, we will have only ourselves to blame if intolerable and proscribed practices of the bar become the rule rather than the exception."*

Defendant Taitz has a known history for inciting violence and harm against those who do

**not** agree with her. *See Rhodes v. MacDonald*, 670 F. Supp. 2d 1363 (M.D. Ga. 2009) aff'd in

*Rhodes v. MacDonald*, 2010 U.S. App. LEXIS 5340 (11th Cir. Ga. Mar. 15, 2010).  Until this

Court takes action against Defendant Taitz, her barrage of false **frivolous** filings and her illegal

and dangerous behaviors will **not** stop.

For the reasons stated herein, Defendant Orly Taitz must be Sanctioned and Ordered to

pay Ten Thousand Dollars [$10,000.00] for Plaintiffs Attorney Fees.  Plaintiffs also request this

Court to submit Defendant Orly Taitz falsified motion to the State Bar of California for full

investigation.   Attorney's are held to a higher standard, and the many lies and falsified statements made by Defendant Taitz in her filing, **must** be reported.


      **D.**    **PLAINTIFFS REQUEST THIS COURT TO TRANSFER THE CASE PURSUANT TO THIS COURT'S ORDER or REOPEN THIS CASE and ALLOW PLAINTIFFS TO FILE FOR A TEMPORARY RESTRAINING ORDER TO STOP DEFENDANT ORLY TAITZ'S CRIMINAL ACTIVITIES TOWARDS PLAINTIFFS':**

Plaintiffs incorporate by reference all the previous paragraphs as if fully set forth here. Plaintiffs also incorporate by reference as if fully set forth herein, Plaintiffs Reply filed July 30, 2010 appearing as Docket Entry No. 137.

This Court on June 22, 2010 Ordered the within action severed and transferred to the Central District of California, Southern Division and the Western District of Texas.  The case has **not** been transferred to California or Texas.   Even if this Court decided to stay the transfer pending the appeal, the Texas Defendants have absolutely nothing to do with the pending Appeal.  Meanwhile, Defendant Taitz has been attempting to conflict out the Judges in the U.S. District Court, Central District of California, Southern Division, the very Court this case is being transferred.

Meanwhile, Defendant Orly Taitz has continued her illegal conduct, but this time has escalated her tactics to further harassing, stalking and cyber-stalking Plaintiffs Liberi, Ostella and their families.  As a result, Plaintiffs' Liberi and Ostella have been receiving death threats and threats that the individuals were going to show up at their homes, all on behalf of Defendant Taitz.  Moreover, Attorney Philip J. Berg, Esquire has also been receiving death threats.

Most recently, on two (2) separate occasions, Defendant Taitz's supporter and a Plaintiff in one of her dismissed actions as well as Defendant Linda Belcher sent out a mass email to all

the white supremacy and militia groups, again with the address she believed Plaintiff Liberi resided at and Plaintiff Liberi's family photo, calling Plaintiff a "**Blood-Red Herring**".   In addition, Defendant Taitz posted Neil Turner and Defendant Linda Belcher's publications on her website.

Defendant Taitz has gone on recent radio shows stating that Plaintiff Liberi is a convicted career document forger, that she has provided pictures of Plaintiff Liberi and directions.   As this Court is aware, directions can be instructions to commit an act or instructions to locate a place.

On September 1, 2010, Defendant Taitz interviewed with a hired actor, by the name of David Acton, using this Actor's name as an endorsement to give credibility to her false claims. In particular, claiming Plaintiff Liberi is handling all of the credit cards for the Law Offices of Philip J. Berg, knowing the information to be false.   Moreover, Defendant Taitz used this actor to endorse and give credibility to Defendant Taitz false accusations that the undersigned had one of her accounts on the Internet shut down.   See the Affidavit of Shirley Waddell attached as **EXHIBIT "3"** and the Affidavit of Lisa Ostella attached as **EXHIBIT "4"**.

Although, all criminal acts have been reported to the proper law enforcement agencies, and even been forwarded to the Federal Bureau of Investigation as Defendant Taitz's actions have crossed state lines, including internationally, law enforcement has continued strong recommendations for Plaintiffs Liberi and Ostella to obtain Restraining Orders to protect themselves and families and to stop all the stalking and harassment by Defendant Orly Taitz. Law enforcement's hands are tied and cannot automatically issue restraining orders due to the jurisdictional issues.   However, Law Enforcement continues to question why the Court's are **not** assisting the Plaintiffs in protection from Defendant Orly Taitz, Neil Sankey, Linda Belcher and all parties on their behalf.

E.    __CONCLUSION:__

For the reasons stated herein, Plaintiffs respectfully Request this Court to Deny Defendant Orly Taitz's Motion Request for Document / Motion for Reconsideration; Sanction Defendant Taitz for the **__Frivolous__** Filings; Order Defendant Taitz to pay the undersigned Ten Thousand [$10,000.00] Dollars in Attorney Fees; Transfer the case pursuant to this Court's Order of June 22, 2010 or in the alternative allow Plaintiffs to file an Emergency Motion for a Temporary Restraining Order.  Plaintiffs also respectfully request this Court to refer this Case to the U.S. Attorney's Office for full investigation into the crimes committed by Defendant Orly Taitz and Neil Sankey.  Plaintiffs' also respectfully request this Court to send Defendant Orly Taitz's falsified statements and lies filed with this Court to the State Bar of California for full investigation.

Respectfully submitted,

Dated:  September 14, 2010

s/ Philip J. Berg
_____
Philip J. Berg, Esquire
*Attorney for Plaintiffs'*

Law Offices of:
**Philip J. Berg, Esquire**
555 Andorra Glen Court, Suite 12
Lafayette Hill, PA 19444-2531
Identification   No. 09867
(610) 825-3134                              *Attorney for Plaintiffs*

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LISA LIBERI, et al,                              :
                          Plaintiffs,            :
                                                 :
          vs.                                    :
                                                 :
ORLY TAITZ, et al,                               :
                          Defendants.            :   Case No.: 09-cv-01898-ECR
                                                 :
                                                 :
                                                 :
_____          :

## CERTIFICATE OF SERVICE

I, Philip J. Berg, Esquire, hereby certify that a copy of Plaintiffs' Response in Opposition

to Defendant Orly Taitz's Motion Request for Documents Missing from an Incomplete

Transcript/Motion for Reconsideration; Affidavit of K. Strebel; Affidavit of Shirley Waddell;

Affidavit of Evelyn Adams; and Affidavit of Lisa Ostella were served this 14th   day of

September 2010 electronically upon the following:

Orly Taitz
Defend our Freedoms Foundation, Inc. (unrepresented)
26302 La Paz Ste 211
Mission Viejo, CA 92691
Email:  dr_taitz@yahoo.com

Neil Sankey
Sankey Investigations, Inc. (unrepresented)
Post Office Box 8298 Mission Hills, CA 91346
By USPS with Postage fully prepaid

The Sankey Firm, Inc. a/k/a The Sankey Firm (unrepresented)
2470 Stearns Street #162 Simi Valley, CA 93063
By USPS with Postage fully prepaid

Linda Sue Belcher
201 Paris
Castroville, Texas 78009
Email:  Newwomensparty@aol.com  and
Email:  starrbuzz@sbcglobal.net

Ed Hale
Caren Hale
Plains Radio
KPRN
Bar H Farms
1401 Bowie Street
Wellington, Texas 79095
Email:  plains.radio@yahoo.com; barhfarms@gmail.com;
ed@barhfarnet; and ed@plainsradio.com

s/ Philip J. Berg
PHILIP J. BERG, ESQUIRE