Orly Taitz, Esq
Attorney Pro Se & Attorney
For Defend Our Freedoms Foundation
29839 Santa Margarita Parkway, Suite 100
Rancho Santa Margarita CA 92688
Tel: (949) 683-5411; Fax (949) 766-7603
E-Mail: dr_taitz@yahoo.com

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA LIBERI, et al., | ) Case # 09-1898 Hon Eduardo Robreno presiding |
| | ) Amended Reply to 10.07.10 motion by the Plaintiffs |
| | ) Defendant's request for the court to use its' inherent power |
| | ) to sanction the plaintiffs, |
| | ) Attorney Philip J. Berg and witness Shirley Waddell for |
| Plaintiffs | ) repeated acts of fraud on the court and perjury |
| | ) |
| v. | ) Request to expedite production of Lisa Liberi's |
| | ) Pennsylvania drivers License, allegedly provided to court |
| ORLY TAITZ, et al., | ) during the emergency hearing on 08.07.09. |
| | ) |
| Defendants. | ) |

**Response to Plaintiff's 10.07.10 motion and simultaneous request for this court to use its inherent powers to sanction Plaintiff's Attorney Philip Berg for repeated acts of fraud on the court and perjury and request to expedite production of Liberi's PA driver's license.**

This case was filed by plaintiffs on May 04, 2009. The case is for defamation of

character . The essence of the case is the sworn statement by the Plaintiff Lisa

Liberi and her co-plaintiff and attorney Philip J Berg, claiming that Liberi is an

innocent woman, residing in PA and physically working as a paralegal for attorney

Philip J. Berg, and she was defamed, when Taitz published on her web site a

transcript of criminal record of Liberi, assistant of Berg, showing her being

convicted of multiple counts of forgery of documents and grand theft. Liberi and

Berg claimed that Lisa Liberi is a different person, not one convicted in CA. On

06.04.10 this court assumed jurisdiction based on diversity and included in its'

memorandum a statement "Liberi is a resident of PA". Taitz filed a motion to

dismiss due to lack of evidence of Liberi's state residence, necessary for this court

to assume jurisdiction in diversity. Berg and Liberi responded by filing 07.30.10

pleadings, where they claimed that during 08.07.09 hearing they provided this

court with Liberi's drivers license, and based on that driver's license this court

issued a statement in its memorandum, that "Liberi is a resident of Pensylvania"

Taitz demanded to see Liberi's PA driver license. Liberi and Berg without a shred

of evidence made up a malicious and highly defamatory and slanderous accusation,

stating that Liberi believes that attorney Taitz tried to hire a hit man to kill Liberi,

and for that reason her PA drivers license needs to be kept sealed and this court is

supposed to assume jurisdiction in diversity without any evidence of Liberi's state

residency.

Taitz is submitting to this court an Exhibit 1-Liberi's mug shot and an e-mail from San Bernardino County, Ca assistant District Attorney James, Secord, attesting that this is a mug shot of Lisa Liberi, convicted in CA.

Exhibit 2 Affidavit of Ed Hale, and Exhibit 3 Affidavit of Caren Hale attesting to the fact that the same mug shot is a mug shot of Lisa Liberi, who appeared during August 7, 2010 hearing in Liberi et al v Taitz et al in PA, where several observers were present, where she claimed that she was an innocent woman residing in PA, not Lisa Liberi, who was convicted in CA, who was slandered and who is afraid for her life.

The same affidavit states, that during the hearing no drivers license, nor any other documents were given by Liberi  or any other Plaintiff or Attorney Berg to judge Robreno.

Exhibit 4 Affidavit of Orly Taitz, declaring under penalty of perjury, that she did not hire any hit men, she did  not attempt to hire any hit men to kill Lisa Liberi, she did not commit any other crimes, she is being accused of .

Exhibit 5 Sworn and notarized affidavit of Linda Belcher, assistant for Philip Berg, declaring that she did not commit any crimes, she was accused of  by Liberi and Berg.  Belcher reiterated that she was on the phone and personally heard Liberi coaching others to accuse innocent people of crimes and telling that she did it before.

Liberi's mother, Shirley Waddell has submitted to this court numerous affidavits,

claiming that her daughter was innocent and slandered, when her CA conviction

record was published.

Taitz is providing this court with Exhibit #6, copy of the transcript from CA

Superior court, case FSB-044914. This transcript shows, that Liberi's mother not

only knew, that her daughter committed crimes and was incarcerated in CA, she

was the one who paid the fee for the bail bond in order to bail her daughter from

jail.

Exhibit 7 Is a sworn statement by the web master Jeff Staples, attesting to the fact

that Liberi handled credit card information of the donors. This is the motif for the

law suit, as according to her probation, she is not allowed to handle credit card

information of others due to the fact, that she committed economic crimes.

While none of the defendants have any criminal records, Liberi is a career criminal

with at least 42 criminal charges and at least 10 criminal convictions of forgery and

theft. Plaintiff's accusations are nothing but malicious slander, brought forward to

cover up for the fact that Attorney Philip J Berg is indeed employing a convicted

document forgery as his paralegal, and according to his own admission, she was

the one, who drafted multiple pleadings, including pleadings in Berg v Obama.

They are also committing fraud on the court and perjury to cover up for the fact,

that attorney Berg is aiding and abetting a convicted felon on probation to violate

terms of her probation. Defendants are asking this court to use it's inherent powers
to sanction Plaintiffs, witness Shirley Waddell and attorney Philip J. Berg
$200,000 estimated in time and expenses in defending this case brought for
improper purpose of defrauding the court.

In cases in which jurisdiction is based on diversity of citizenship, plaintiff has
burden to show, first, that applicable statute confers jurisdiction, and, second, that
assertion of jurisdiction is consonant with constitutional limitations of due
process. *Weight v Kawasaki Motors Corp. (1985, ED Va) 604 F Supp 968.*

Party's mere allegation of diversity cannot satisfy its burden of establishing district
court's jurisdiction; citizenship of each real party in interest must be established by
preponderance of evidence. *Roche v Lincoln Prop. Co. (2004, CA4 Va) 373 F3d
610.*

Complaint alleging that defendant's corporate citizenship was in a state other than
California but failing to allege that plaintiffs were all citizens of California was not
sufficient to give District Court jurisdiction since pleadings did not otherwise
resolve

issue of citizenship. *Bautista v Pan American World Airlines, Inc. (1987, CA9 Cal) 828 F2d 546, 126 BNA LRRM 2559, 107 CCH LC P 10159.*

Court lacked jurisdiction over patient's claims because he failed to establish diversity jurisdiction because at time he filed complaint both he and hospice were citizens of State; also patient only sought $ 10,000 in cost and unspecified amount for other damages, which did not meet amount in controversy. *Olsen v Quality Continuum Hospice, Inc. (2004,DC NM) 380 F Supp 2d 1225.*

Complaint against John Doe defendant alleging Internet defamation was dismissed for lack of subject matter jurisdiction because there was risk that if John Doe's identity were discovered there could have been no diversity, and court's jurisdictional authority would have disappeared; court declined to read amended language of *28 USCS § 1441*

*into 28 USCS § 1332* because it would have accomplished much broader result of allowing case with only one party and only state law claims to proceed initially in federal court. *McMann v Doe (2006, DC Mass) 460 F Supp 2d*

In motorist's personal injury lawsuit against, inter alia, owners of property adjacent to private railroad-track crossing where car-train accident occurred, pursuant to *28*

*USCS § 1447(d),* appellate court lacked jurisdiction to review remand that implicitly was based on lack of subject matter jurisdiction; district court clearly was addressing jurisdictional issues--diversity of citizenship, *28 USCS § 1332,* and fraudulent joinder--and when doing

so, it properly declined to decide doubtful question of state law and, instead, resolved ambiguity (lack of state law directly on point) in motorist's favor. *Filla v Norfolk & Southern Ry. (2003, CA8 Mo) 336 F3d 806.*

Where record creates doubt as to jurisdiction, trial court must determine whether there are adequate grounds to sustain its jurisdiction over subject matter. *Shahmoon Industries, Inc. v Imperato (1964, CA3 NJ) 338 F2d 449, 9 FR Serv 2d 12B.22, Case 2.*

Court has duty to look to its own jurisdiction and lack of subject matter jurisdiction may be asserted by court, sua sponte, at any time. *Jeter v Jim Walter Homes, Inc. (1976, WD Okla) 414 F Supp 791.259.* decided by a preponderance of evidence.

Plaintiffs did not present any evidence, not a shred of evidence, showing Liberi to be a resident of PA. Defendants have shown that according to her probation she

Liberi et al v Taitz et al. Defendants response to motion. Defendants demand for sanctions against Plaintiffs, witness Shirley Waddell and Attorney Philip J. Berg 7

can reside only in CA or NM, she is subject to the jurisdiction of CA, therefore the case at hand has to be dismissed as citizenship of Liberi was not provided to resolve the issue of diversity to allow it to proceed in Federal court. Defendants have a right to get a copy of such PA license, as it is material in this case. If indeed Liberi did not produce a PA driver's license or produced a forged PA drivers license, than this court made an error of fact, it had no jurisdiction and the case has to be dismissed due to lack of jurisdiction. Decision made based on fraud is a valid ground for 60 B reconsideration.   All of Liberi's allegations, that her license is supposed to be sealed due to the fact that she is being threatened are not based on any facts, are not based on any evidence. Plaintiff provided nothing except slander, defamation of character and insane tall tales. Liberi claims, that Taitz boxed her in. In reality Taitz did not box her in, Liberi's own lies caught up with her. If she refuses to provide her license, the case needs to be dismissed as the court has no jurisdiction to sit in diversity without proof of citizenship. If she produces a valid license, it will show her residing in CA or NM and will show that she is indeed the same Lisa Liberi, who committed 10 counts of forgery and fraud in CA and allowed to reside only in Ca or NM under the supervision of the probation department. It will show the court that the whole case for slander and defamation, that she filed by claiming to be resident of PA and an innocent victim of slander, is frivolous and represents fraud on the court, which   would be grounds for the

dismissal of the case and sanctions against the plaintiffs and their attorney Berg for the egregious fraud on the court. As of today the documents on the docket, that were provided to the defendants and to the Third Circuit Court of Appeals as a certified docket, show zero evidence of any current threats to Liberi from either the defendants or her ex husband or her ex boyfriend. On the contrary, a letter from web master Geoff Staples and letters and affidavits from volunteer political researcher Linda Belcher, who knew Berg for over 10 years, show that Liberi was engaged in violation of the terms of her probation by handling credit card numbers of others, that Attorney Berg knew about it and filed this legal action with the goal of harassing the whistle blowers and by fraudulently stating that Liberi is a resident of PA and not the same Liberi, who was convicted in CA and currently on probation. When defendants demanded proof of this allegation, Berg and Liberi committed further fraud on the court by claiming that Liberi's PA drivers license is supposed to be sealed, because she is in fear of her life and by falsely accusing defendants of crimes or intent to commit crimes. Without any shred of evidence they falsely accused of multiple crimes a number of individuals: Desert Storm veteran, mother and wife Pamela Barnett, Licensed investigator Sankey, veteran and retired engineer Neil Turner, retired engineer Norman Murray and Taitz, who is a licensed attorney and licensed doctor of Dental Surgery. Neither one of these individuals ever committed any crimes. It is beyond egregious fraud on the court, it

is a depraved heart criminal behavior , for a licensed attorney Berg to make such outrageous accusations of attempts to hire a hit man, kidnap children, murder for hire without any shred of evidence, with the only goal to cover up his prior criminal behavior of aiding and abetting a felon on probation, Lisa Liberi, to violate terms of her probation. This type of behavior is beyond sanctionable, it is a type of behavior, that is grounds for disbarment and criminal prosecution.

Wherefore:

1.the defendants move this court to grant their motion and provide to the defendants and include in the record on appeal to be forwarded to the Third Circuit Court of Appeals (case #10-3000) Plaintiff Lisa Liberi's PA drivers License, which was allegedly submitted to this court by Liberi's attorney Philip Berg during the 08.07.09 motion hearing, but was not included in the transcript, and which was the basis of this court's decision to deny the Defendant's motion to dismiss this case due to lack of jurisdiction and to include in the 06.04.10 order a finding that "Liberi is a resident of PA"

2. If no PA drivers license for Liberi is available, Defendants are moving this court to dismiss current action 09-1898 Liberi et al v Taitz et al due to lack of jurisdiction, due to the fact that Liberi never provided proof of her PA residence, and without proof of state residence no federal district court can assert diversity jurisdiction.

3. Defendants request sanctions and damages in the amount of $200,000 awarded

to them due to egregious fraud on the court by the Plaintiffs and their attorney

Philip J. Berg

Respectfully submitted,

/s/ Dr. Orly Taitz, ESQ

07.28.10.

I certify under penalty of perjury, that I served  above pleadings on following
parties and authorities:

Philip Berg
555 Andorra Glen Court, ste 12
Lafayette Hill PA 19444-2531

Neil Sankey
2470 Stearns str #162
Simi Valley, CA 93063
Linda Belcher
201 Paris
Castroville TX 78009

Ed and Caren Hale
1401 Bowie Str
Wellington TX 79095

Philadelphia District Attorneys' office

Liberi et al v Taitz et al. Defendants response to motion. Defendants demand for sanctions
against Plaintiffs, witness Shirley Waddell and Attorney Philip J. Berg 11

3 South Penn square
Philadelphia, PA

US Attorneys' office
Eastern District of PA
615 Chestnut str, ste 1250
Philadelphia PA 19106-4100

Social Security Administration
6401 Security Blvd
Baltimore, MD 21235

James Secord
Assistant District attorney
San Bernardino County
316 North Mountain view
San Bernardino CA 92415-0004
909-387-8309
www.co.san-bernardino.ca.us/da

San Bernardino County, CA
Probation Department
175 w. Fifth str. 4th floor
S. Bernardino, CA

Audrey B. Collins
Chief Judge
US District Court
411 W. Fourth str
Santa Ana CA 92701

Judge David O. Carter
USDC Central District of CA
411 West Fourth Str
Santa Ana CA 92701

Public Integrity Section

Department of Justice
950 Pennsylvania Ave, NW
Washington DC 20530-0001

Office of the United Nations High Commissioner for Human Rights (OHCHR)
Special Rapporteur on the Situation of Human Rights Defenders
The Honorable Mrs. Margaret Sekaggya
Palais des Nations
CH-1211 Geneva 10, Switzerland
International Criminal bar Hague

United Nations Commission for
Civil Rights Defenders
Orsolya Toth (Ms)
Human Rights Officer
Civil and Political Rights Section
Special Procedures Division
Office of the High Commissioner for Human Rights
tel: + 41 22 917 91 51
email: ototh@ohchr.org
/s/ Orly Taitz
07.28.10.

Proposed order

Law offices of
Dr. Orly Taitz, ESQ
29839 Santa Margarita CA 92688
Pro se and for Defend Our Freedoms Foundation

## UNITED STATES DISTRICT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Lisa Liberi, et al                          ) Case # 09-cv-01898-ECR

Liberi et al v Taitz et al. Defendants response to motion. Defendants demand for sanctions
against Plaintiffs, witness Shirley Waddell and Attorney Philip J. Berg 13

Plaintiffs                    ) Assigned to Honorable Eduardo C.

Robreno

)

V                                            )

Orly Taitz et al                         )

Defendants

## ORDER

AND NOW,   this_____ day of October 2010 after consideration of

Defendant's motion-request for documents missing from August 7, 2009 transcript

and 60 B Motion for Reconsideration of this courts June 4 and July 13, 2010 order.

Defendant's Motion   is granted. Plaintiff's 10.07.10 motion is denied.

Plaintiffs, witness Shirley Waddell and attorney for plaintiffs Philip J Berg is

ordered to show cause, why they should not be sanctioned for repeated acts of

perjury, fraud on this court as well as on the Third Circuit Court of Appeals and for

filing a frivolous legal action not based on fact and law.

IT IS SO ORDERED

_____

Eduardo C. Robreno, J

Liberi et al v Taitz et al. Defendants response to motion. Defendants demand for sanctions
against Plaintiffs, witness Shirley Waddell and Attorney Philip J. Berg 14

# Exhibit 1

Play
slideshow

Save
all
photos

Want to save all these photos at once? Learn how

May I offer you this Mr. Secord. Much clearer photograph.
Sorry to be a pest, I am not normally, but a lot depends on it.
Neil Sankey
Investigator.
805 520 3151
or
nsankey@thesankeyfirm.com







Get Windows Live Mail to create your own photo e-mails

CONFIDENTIALITY NOTICE  This communication contains legally privileged
information sent solely for the use of the intended recipient. If you are not the
of this communication you are not authorized to use it in any manner, except
destroy it and notify the sender.

Delete    Reply    Forward    Spam    Move...

Select Message Encoding

Check Mail    New                                            Mail Search

Copyright © 1994-2010   Yahoo! Inc. All rights reserved.

Fwd: Fw: How about this one Jim? - Inbox - Yahoo! Mail

Case 2:09-cv-01898-ER Document 149 Filed 10/28/10 Page 17 of 60

Page 1 of 3



Hi, or_taitz    Sign Out    All-New Mail    Help

**YAHOO!** MAIL

Mail Plus      Contacts      Calendar      Notepad           What's New?    Mobile Mail    Options

**Check Mail    New**                                                Mail Search              Try the new

**Mail Accounts**

gmail.com

taitzofficesuites.com

yahoo.com

**Folders**

Inbox (37290)

Drafts (4)

Sent

Spam (262)          [ Empty ]

Trash                    [    ]

My Photos

My Attachments

Chat & Mobile Text

Offline

**My Folders**      [ Add - Edit ]

Duplicates (1)

Delete    Reply    Forward    Spam    Move...

**Fwd: Fw: How about this one Jim?**                                  Friday, Oct

From    "Orly Taitz" <orly.taitz@gmail.com>

To   "orly taitz" <dr_taitz@yahoo.com>

---------- Forwarded message ----------

From: **Neil SANKEY** <nsprivate@yahoo.com>

Date: Wed, Sep 29, 2010 at 4:19 PM

Subject: Fw: How about this one Jim?

To: Taitz ESQ Orly <orly.taitz@gmail.com>

Orly,

Neil

**From:** Secord, James

**Sent:** Wednesday, September 29, 2010 3:27 PM

**To:** Neil SANKEY

**Subject:** RE: How about this one Jim?

Appears older but yes that's the Lisa Liberi I know

James P. Secord

Deputy District Attorney

Asset Forfeiture Unit

San Bernardino County

(909) 891-3301  fax (909) 891-3626

Please note that my e-mail address has changed to  jsecord@sbcounty.

E-mails sent to the old address containing "da.sbcounty.gov" will not I

**From:** Neil SANKEY [mailto:nsprivate@yahoo.com]

**Sent:** Wednesday, September 29, 2010 3:23 PM

**To:** Secord, James

**Subject:** How about this one Jim?

Case 2:09-cv-01898-ER   Document 149   Filed 10/28/10   Page 18 of 60

NOTICE: We collect personal information on this site
To learn more about how we use your information, see our Privacy Policy - About Our Ads

# Exhibit 2

# Affidavit of Edgar S. Hale III

1. My name is Edgar S. Hale III. I am over 18 years old, I am a resident of Texas, I do not suffer from any mental impairment or disease, I have personal knowledge of the following :

1. I personally saw Lisa Liberi on August 7, 2009 during an emergency motion hearing in Liberi et al v Taitz et al in front of Honorable Judge Eduardo Robreno in the U.S. Federal District Court , Eastern District of iPensylavania .

2. Lisa Liberi, who is depicted on the attached mug shot, is the same Lisa Liberi, who was present at the hearing, and who stated in her complaint, that she is not Lisa Liberi, convicted in California, that she is a different woman, an innocent woman, residing in Pennsylvania, who was defamed by the defendants.

3. During the hearing, which was open to the public, which included several observers, no driver's license nor any other documents were given to Judge Robreno by either Lisa Liberi or her attorney Philip Berg.

4. Lisa Liberi and Philip Berg left the courtroom at the same time as I left the courtroom

I declare this under the penalty of perjury

Signed this the 8th day of October, 2010

Before me on this the 8th day of October, 2010, appeared Edgar S. Hale III, who signed this document in my presence.

NANCY D. ELLIS
Notary Public.
State of Texas
Comm. Exp. 02-07-12

Powered by
D & D Wilden Software

**Exhibit 3**

## Affidavit of Caren Sieli Hale

1. My name is Caren Sieli Hale. I am over 18 years old, I am a resident of Texas, I do not suffer from any mental impairment or disease, I have personal knowledge of the following :

1. I personally saw Lisa Liberi on August 7, 2009 during an emergency motion hearing in Liberi et al v Taitz et al in front of Honorable Judge Eduardo Robreno in the U.S. Federal District Court , Eastern District of IPensylavania .

2. Lisa Liberi, who is depicted on the attached mug shot, is the same Lisa Liberi, who was present at the hearing, and who stated in her complaint, that she is not Lisa Liberi, convicted in California, that she is a different woman, an innocent woman, residing in Pennsylvania, who was defamed by the defendants.

3. During the hearing, which was open to the public, which included several observers, no driver's license nor any other documents were given to Judge Robreno by either Lisa Liberi or her attorney Philip Berg.

4. Lisa Liberi and Philip Berg left the courtroom at the same time as I left the courtroom

I declare this under the penalty of perjury

Signed

*Caren Hale*
*Caren Sieli Hale*

Before me on this the 8th day of October, 2010, appeared Caren Sieli Hale, who signed this document in my presence.

*Nancy D. Ellis*
*County of Cellengsworth*
*State of Texas*

NANCY D. ELLIS
Notary Public,
State of Texas
Comm. Exp. 02-07-12



Power supply

D & D Walden Software

**Exhibit 4**

## Affidavit of Dr. Orly Taitz ESQ

I, Orly Taitz, am an attorney, licensed in the State of California, 9th circuit court of appeals, Third Circuit Court of Appeals and admitted to practice before the Supreme Court of the United States. In the above action I represent myself and Defend Our Freedoms Foundation, where I serve as the president. I am over 18 years old, do not suffer from any mental impairment, have personal knowledge of the foregoing facts and declare under penalty of perjury:

1. In and around April of 2009 I was alerted by my supporters that an e-mail address connected to the pay-pal on my old web site "Defend Our Freedoms" was changed.
2. I immediately reported that fact to FBI and police.
3. My former volunteer web master Lisa Ostella demanded that I take back my complaint, as it looks bad for her as a web master. She threatened, that if I do not take back my complaint, she will not serve as my web master. I refused to take back my complaint and announced to Ostella, that I will be looking for a new web master.
4. Ostella locked me out of my web site and continued soliciting donations, using the web site for my foundation and redirected the donations to her private pay pal account. At the same time Ostella started working with Phil Berg and used the web site of my foundation, not only to divert funds but also to denigrate me and promote Berg. This information was reported to the FBI and police as well.
5. In and around the same time I was contacted by Linda Belcher, who stated that she knew Berg for some 10 years, that she was a volunteer researcher for him. She recently found out that one, Lisa Liberi, who serves as Berg's paralegal and manages his web site and pay pal account, is actually is a convicted document forger and thief on probation. Belcher believed that my recent problems were connected to Liberi.
6.  I asked Licensed Investigator Neil Sankey to check this information.
7. Sankey provided a detailed report that confirmed that Liberi indeed was a convicted document forger and thief and was currently on probation.
8. Believing that attorney Berg does not know about Liberi's past, I e-mailed him and advised him and forwarded to him a transcript of Liberi's felony convictions and advised him, that he should not submit to court documents, prepared by a convicted forger and should not do fundraising while working with a convicted thief.
9. Berg never responded and filed current legal action against me and a number of other individuals and plaintiffs, claiming that he and Liberi and Ostella were defamed, and that she is not a convicted felon, who assists him via e-mail and phone, but an innocent woman, a different Lisa Liberi, who resides in PA and physically works in his office.
10. On June 6 2010 Judge Robreno ordered the case severed and transferred to TX and CA.
11. In my subsequent motion to dismiss I argued that the court did not have jurisdiction over the case, as the case was filed based on diversity. For diversity each party needs to

prove it's state residence based on evidence and facts. Liberi never provided any evidence, to prove her allegations, that she is a resident of PA, as such the case needs to be dismissed.

12. On July 30 2010 Liberi and Berg filed an opposition to my motion, where they stated that Judge Robreno's statement "Liberi is a resident of Pennsylvania" in his June 6, 2010 order was based on vital records, that she submitted to judge Robreno during 08.07.09 emergency hearing. Liberi specifically stated that they provided her driver's license and other documents.

13. I filed a response and demanded to see that Liberi's PA drivers license, as it was not included with the transcript of the hearing.

14. Liberi and Berg filed a motion to have Liberi's driver's license sealed, as they claimed that she is afraid for her life and without a shred of evidence they claimed that Liberi believed that I tried to hire a hit man to kill her and her family and that is the reason, why she should not provide her driver's license to show her state residence.

15. I declare under penalty of perjury, that I did not attempt to hire any hit men. This is a totally preposterous, malicious accusation made without a shred of evidence. I demand sanctions against the plaintiffs and attorney Berg for maliciously filing with court accusations of capital crimes without any evidence and for improper purpose of covering up the fact, that Licensed PA attorney Philip Berg is continuously working with a convicted document forger and thief who is currently on probation.

16. I previously submitted to this court Liberi's photograph with sworn affidavit of investigator Sankey and sworn affidavits by Caren and Ed Hale, who Identified Liberi as the woman, who appeared before Judge Robreno on 08.07.09 in Liberi v Taitz and the same photograph was identified by Liberi's arresting officer Morrison, as one convicted in CA. I am additionally submitting Liberi's recent mug shot, which clearly shows that it is the same person, who appeared before judge Robreno on 08.07.09 and I am submitting an e-mail from her prosecuting district Attorney James Secord, assistant District Attorney of the San Bernardino County CA, verifying that this is indeed the mug shot of Lisa Liberi, Convicted in CA and not allowed to reside in any other state, but CA and NM according to terms of her probation. I forwarded Liberi's Mug shot to ED and Caren Hale, who  signed sworn affidavits, that the woman on this mug shot is indeed Lisa Liberi, who appeared before judge Robreno on 08.07.09 for emergency hearing in Liberi et al v Taitz et al, claiming that she is an innocent woman residing in PA, who was never convicted of any crimes, who was defamed by the defendants and who cannot unseal her PA drivers license because she is afraid for her life .

17. I filed the motion, demanding release of Liberi's license with the proper purpose to ascertain Liberi's state residence at the time of filing this action. As evidentiary proof of residence is the basis to assume jurisdiction, I am entitled to obtain such evidence.

18. I provided a letter from Jeff Staples and Affidavit from Linda Belcher with **the proper purpose** of showing that the plaintiffs and Liberi are refusing to provide Liberi's proof of Pennsylvania residence not because of their baseless and malicious accusations of fear for her life, but because they have a guilty mind, because **Berg knowingly worked and continuous to work with the convicted document forger and thief,** and because **Liberi knows, that proof of her fraud on the court and perjury, as well as access to the credit cards of others will serve as grounds for revocation of her probation and incarceration to serve her eight year prison term.** Berg knows, that proof of the fact that Liberi did not and could not have a valid  Pennsylvania driver's license will not only serve as grounds for dismissal of this case, but also as grounds for severe sanctions against Berg for egregious fraud on the court, perjury, use of court for improper purpose to defraud the probation department, US District Court for the Eastern District of Pennsylvania, Third Circuit Court of Appeals, California Superior Court,  slander, defamation and intentional infliction of severe emotional distress to the plaintiffs.

19. This court received hundreds of pages of affidavits from Liberi's mother Shirly Waddell, where she swears that her daughter is an innocent woman, who was defamed by me, when I provided her criminal record to public. I am providing with this affidavit a true and correct copy of the transcript from San Bernardino County CA, Superior Court case FSB-044914. It show, that Shirley Waddell not only knew about her daughters criminal record, but she also was the one who paid for the bail bond. This transcript is brought for the proper purpose of showing that the plaintiff's witness Shirley Waddell committed fraud on the court and perjury and needs to be severely sanctioned for it.

20. On numerous prior occasions Berg and Liberi demanded her records sealed and repeatedly this court, as well as the court of Appeals refused to do so. I suffered enormous emotional distress and financial hardship having to respond to thousands of pages of malicious slander by Plaintiffs and Berg, whereby they maliciously without any shred of evidence accused me of attempting to hire a hit man, of forgery and alteration of documents. None of those allegations are true and I demand severe sanctions against the plaintiffs and Berg for maliciously accusing me of crimes.

21. Liberi and Berg showed a pattern of accusing a number of innocent people of crimes. They accused a decorated police officer and licensed investigator Neil Sankey of braking into the computer of Liberi, and of stalking her, they accused Desert storm veteran Pamela Barnett of forging document, they accused researcher Linda Belcher of having a criminal record, they accused Ed and Caren Hale of stealing and forging documents. None of those malicious accusations is true. I submitted to this court sworn affidavits of all the above  individuals, attesting to that.

22. The only known criminal in this action is Lisa Liberi, who masterminded this frivolous and malicious legal action, in order to intimidate the whistle blower and avoid revocation of her probation.

I declare under the penalty of perjury, and under the laws of the state of CA that all of the above is true and correct and to the best of my knowledge

Signed

Dr. Orly Taitz, ESQ

10.20.10

**Exhibit 5**

**LISA LIBERI, et al,**
Plaintiffs'
vs.
**ORLY TAITZ, et al,**
Respondents

Eastern District of Pennsylvania
Case Number: 2-09-cv-01898 ECR

I.

I am Linda S. Belcher, appearing Pro Se in this action.  I reside at 201 Paris St.,
Castroville, Medina County, TX 78009.

**Once again, I am informing the court that Berg has not served me with**
**copies of any of his pleadings for over a year including those filed recently.**
I only have hearsay information about spurious accusations Berg continues to
make against me.  *My Constitutional rights continue to be repeatedly*
*violated by Berg* under the 14th Amendment to Due Process and Equal
Protection even though I have complained numerous times in writing, in filings,
faxes and telephone calls to the court clerk's office and Your Honor's chambers
that *Berg is not sending me copies of his pleadings.* How can I answer these
defamatory allegations if I am not provided copies of what I am accused?   I
have been forced into a position of gross disadvantage when Berg is allowed to
willfully violate my rights repeatedly for over a year and nothing is done about it.

I accidentally found some of the pleadings on a website called Scribed
<<www.scribd.com>> on Monday evening, but I have no way of knowing if

they are complete, or even edited, posted by an unknown using the screen name of nocompromisewtruth. *Berg must be ordered to send me copies of his pleadings! It is his job to ensure all defendant's have copies.*

II.

Berg has recently filed more false sworn affidavits with new spurious accusations since my last complaint. In it, he apparently states that I have falsified evidence and/or the notary seal on affidavits I supplied to the PA federal courts. All my affidavits are notarized at the same business in Medina County, TX. Upon request, I will provide the notary contact information to the judge. It must be held under seal as Berg and Liberi have a long history of harassing, threatening and defaming potential witnesses.

III.

Attorney Berg legally counseled me many times over the years we were friends and then violated my attorney-client confidentiality related to my identity and location by divulging protected information publicly and in pleadings with this court.. Liberi obtained this information representing herself as his paralegal and used it to defame me. Berg and Liberi disclosed this confidential information Publicly while they defamed me along with their witness/agents, by each accusing me of criminal wrongdoing. They also allege I spent time in prison which is false. I deny I have ever been convicted of any felony, or spent time in prison, or ever committed the act of forging a notary seal in my sworn

affidavits to this court, or ever manufactured any evidence!

Liberi, Adams, Berg and their witness/agents have defamed me, alleging I was a convicted criminal who served time in prison with an extensive record going back to 1983, that I have numerous criminal aliases, that I was evicted several times and been married 10 times, alleging terrible things, etc., etc. Liberi convinced a person using the alias Dr Ron Polarik whose true name is Ron Pollard to make one or more posts online accusing me of having a record a block long! A former moderator of Berg's website whom Liberi banned (and Berg blamed me of "stealing" members) posted the link on my website to the site where Polarik's true identity was revealed and then Berg blamed me of exposing him! They have falsely claimed I spent all of 2004 in prison when I was doing radio shows talking about political scandals I have researched and exposed.  I can prove a direct link between all these false allegations posted in numerous places online and Liberi.

I have been married and divorced twice. I have two children. After I married and had my first child, I became a volunteer for many community activities. I was Committee Chair of the local Cub Scouts and Boy Scouts, recording secretary of the Garden Club and a founder in the local Old Fashioned Christmas, a local festival held on the town square here each year. All of these were positions I held years after1983 when they claim my criminal history began. This suit and all the smears have caused terrible pain and strife for me and my family, including for my 16 year old son at high school.

IV.

Lisa Liberi told me she was manually entering credit card transactions for Berg's obamacrimes.com website while we were on the phone. Liberi had TOTAL CONTROL and ACCESS to this information and of the donations(in violation of the terms of her probation unbeknownst to me at the time) This can be proven with the login logs which will show her IP number while accessing accounts online. Subpoenas can be issued to determine if I speake the truth.

V.

Kelly Strebel filed a new affidavit with this court in September 2010. Strebel could only have personal knowledge of events after he became involved as webmaster at obamacrimes.com in February 2009. He is swearing to events that occurred months before he had any involvement, while Geoff Staples was webmaster and after Gail Frye was interim webmaster. He had no direct involvement in setting up Berg's Paypal or Linkpoint merchant accounts for obamacrimes.com and can not know if Liberi set them up or had access.

VI.

Strebel's and others claims of alleged fear of harm are false. I heard Liberi coaching Adams on a three way phone call to tell everyone she talked to how terrified she was Ed Hale would harm her. **Liberi stated she was trying to get Ed Hale arrested.** Adams agreed to follow her directions. I was on a series of other three way phone calls that night where Liberi asked me not to say anything when she called the FBI in Amarillo, TX and the local constable in Wellington, TX

at first to his home with his wife and then to the constable on his cell phone who stated *"Ed Hale is a harmless teddy bear who growls a lot, but doesn't do anything! "* I remember a chilling comment Liberi made to Adams to *"trust me and do as I say. I've done this before."* The case was dropped, so I took no further action. Liberi told me she had also called the sheriff in Wellington, TX earlier and he laughed and basically said similar things about Hale being harmless.

Plaintiff's and their witnesses are *making wild accusations of fear from harm which simply does not exist.* **Liberi and the others have never been in any danger.** Kelly Strebel's affidavit is hearsay and must be disregarded. Adams affidavit is hearsay and must be disregarded.

VII.

***Your Honor ruled that Liberi resides in PA.*** All we can figure as the basis for that statement is that the drivers license Liberi claims to have shown Your Honor must have been issued by PA in order for Your Honor to make such an erroneous statement. I do have direct knowledge of Liberi's residence. Her landline home phone number, issued in the name of her husband Brent Liberi appeared on my caller id and we spoke every day, numerous times. It was not a PA phone number. The package I was shipped to Liberi and arrived at her home via second day air. It was NOT sent to PA. Liberi does not reside in PA.

VIII.

Liberi told me she opened the third Paypal account in her husband Brent's name for Berg after the first two were shut down because of the number of donations he was receiving. I learned Berg was taking in between $10,000 and $20,000 a day. We were on the phone when Liberi said she was opening the account. Subpoenas of Liberi's phone records and Paypal will show the times overlapping when she was logged in and creating the account. Also the three way phone calls between myself, Liberi and various others such as Larry Sinclair, Evelyn Adams, the Amarillo, TX FBI and the Wellington, TX constable's home with his wife and then to his cell phone.

IX.

I believe Berg included me in this suit to discredit me with defamatory comments against me. He knew I had insider information that would rebutt false allegations when he sued the other defendants. I know little about Ostella, except that she and Liberi were communicating in emails before Ostella became Dr. Tatiz webmaster . After Ostella hijacked Dr.Taitz website, a number of people such as Charlene Wohlhart and others told me they were suddenly getting solicitations for Berg and updates on his activities when they had been banned by Liberi, too.

X.

Kelly Strebel stated Liberi and I did not have a chat with me on January 2, 2009 about Ed Hale. He resides in Utah and could not know what chats we had, or what packages Liberi received for Xmas in 2008. He was not even involved with

any of us when these events occurred. This chat was saved on my computer months before I made contact with the Hales in May 2009 after service of the this suit.

A computer forensics examination of my computer will show that chat (and many other incriminating items) were all saved on my computer LONG before there I knew there was even a problem between me and Berg or Liberi. Strebel knows I have very limited computer technological skills. His claim I forged evidence is false. I wouldn't begin to know how to do the things he claims I forged.

## XI.

Berg's, Liberi's and Strebel's insane allegations against Dr Taitz are ludicrous. Though I am not involved with Taitz on a regular basis except for this suit, I have never witnessed anything in her behavior to cause me to doubt her integrity, or professional ethics. In fact, she has always stressed caution and veracity in my replies to this court, especially emphasizing I differentiate between what I know or could prove to be true or false versus what I merely believed.

This is in sharp contrast to events I have witnessed firsthand. How easily Berg swears to events to the courts that he knows or should know are untrue and viciously defames people. In my opinion, and I've known Berg since 1998, I've recently witnessed behaviors which now cause me to consider him morally, professionally and ethically bankrupt. He should be disbarred and investigated for felony perjury, fraud on the court, conspiracy to commit SS fraud, actual SS

fraud, aiding and abetting a convicted felon in violating the terms of her probation and allowing this felon to have access to supporters credit card information and donations. I pray Your Honor refers this case to the Supreme Court of PA Disciplinary board for action and the PA Attorney General. I am willing to cooperate in seeing Berg be held accountable for his actions.

XII.

Defendants characters are not the issue, though Berg has proven he would knowingly defraud the court and smear us with vile lies to distract from the facts. **The question is whether Liberi resides in PA and produced a PA driver's license in court on Aug 7th, 2009 that was issued to her prior to May 4th, 2009 which Your Honor based your statement that "Liberi resides in PA". Liberi has CA court ordered restrictions on where she may reside until she completes probation sometime in 2011, and if she has paid her restitution and/or not been revoked for violation of her probation.**

Without Liberi producing a PA drivers license, this court has no jurisdiction and Berg has wasted time and defrauded everyone along with the court for a year and a half while violating my Constitutional rights and maliciously smearing defendants, which has been indulged by this court.

XII.

*We have proven, and plaintiff's admitted in pleadings, Liberi does not reside in PA. There has been NO defamation. Defendants are the defamed*

*injured parties,* not plaintiff's. Your Honor must hold Berg accountable for

defrauding the PA courts and defendants, and violating my Constitutional

rights to Due Process and Equal Protection in not serving me copies of his

pleadings for over a year.


I, Linda S. Belcher, do hereby solemnly swear to the following: that I am over the
age of 21 years, that all statements in this document are true and correct to the
best of my knowledge made under penalty of perjury according to the laws of the
State of Texas where I reside.

*Linda S. Belcher*

Linda S. Belcher

Oct. 21, 2010

date

SUBSCRIBED AND SWORN BEFORE ME
THIS 21 DAY OF October 20 10
NOTARY PUBLIC

CINDY TSCHIRHART
My Commission Expires
December 11, 2012

# Exhibit 6

1          SUPERIOR COURT OF THE STATE OF CALIFORNIA

2            FOR THE COUNTY OF SAN BERNARDINO

3      DEPARTMENT 3      HON. JOHN M. PACHECO, JUDGE

4

5 THE PEOPLE OF THE STATE     )
   OF CALIFORNIA,           )

6            Plaintiff,     )

7 v.                        )      SUPERIOR COURT
                           )      CASE NO: FSB-044914

8                          )

9 LISA LIBERI RICHARDSON,    )

10          Defendant.     )

11

12

13      REPORTER'S TRANSCRIPT OF PRELIMINARY HEARING
             AND BAIL/OR HEARING

14

15           AUGUST 4, 2004

16 APPEARANCES:

17

18 FOR THE PEOPLE:           MICHAEL RAMOS
                          District Attorney
                          BY: JAMES SECORD

19                           Deputy District Attorney

20

21 FOR THE DEFENDANT:       EDI M.O. FAAL
                          Attorney at Law

22

23

24

25

26 REPORTED BY:     COPY     COLLEEN SOUTHWICK

27                           CSR-RPR NO. 9949

28

1                              INDEX OF WITNESSES

2    WITNESSES:                                                PAGE

3    MELINDA ROSAS
     Direct Examination by Mr. Secord                            2
4    Cross-Examination by Mr. Faal                               7
     Redirect Examination by Mr. Secord                          9
5
     MEGAN HOWE
6    Direct Examination by Mr. Secord                           10

7    MIKE LEIBRICH
     Direct Examination by Mr. Secord                           15
8    Direct Examination (Cont'd) by Mr. Secord                  37
     Cross-Examination by Mr. Faal                              40
9    Redirect Examination by Mr. Secord                         46

10   JOHN HEARY
     Direct Examination by Mr. Secord                           62
11   Cross-Examination by Mr. Faal                              68
     Redirect Examination by Mr. Secord                         82
12   Recross-Examination by Mr. Faal                            84
     Further Redirect Examination by Mr. Secord                 86
13
     SCOTT MEHR
14   Direct Examination by Mr. Faal                             90
     Cross-Examination by Mr. Secord                            94
15   Redirect Examination by Mr. Faal                          100
     Recross-Examination by Mr. Secord                         102
16   Further Redirect Examination by Mr. Faal                  103

17   THOMAS RICE
     Direct Examination by Mr. Secord                          105
18   Cross-Examination by Mr. Faal                             108

19   MIKE LEIBRICH
     Direct Examination by Mr. Secord                          113
20   Cross-Examination by Mr. Faal                             117

21

22

23

24

25

26

27

28

90

1          THE COURT:  Sir, do you have -- has a bond

2    been posted on the Ms. Lisa Renee Richardson case?

3          THE WITNESS:  We haven't posted a bond yet,

4    but I'm not the previous bonding company.

5          By the way, my name is Scott Mehr with Steven

6    Scott Mehr Bailbonds.

7          MR. FAAL:  Can you tell the judge --

8          MR. SECORD:  Why don't we have him come to

9    the stand, please.

10                    SCOTT MEHR,

11   called as a witness on behalf of the defense, was sworn

12   and testified as follows:

13          THE CLERK:  Do you solemnly state that the

14   evidence you are about to give in this matter now

15   pending before this Court shall be the truth, the whole

16   truth, and nothing but the truth, so help you God?

17          THE WITNESS:  Yes, I will.

18          THE CLERK:  Thank you.  Please have a seat.

19          Please state your full name and spell your

20   first and last name for the record.

21          THE WITNESS:  Scott Mehr, M-e-h-r.

22          THE COURT:  You have some questions?

23          MR. FAAL:  Yes.  Yes.  Few questions.

24

25                  DIRECT EXAMINATION

26   BY MR. FAAL:

27      Q.  Sir, what company do you work for?

28      A.  I'm co-owner of Steven Scott Mehr bailbonds.

91

1      Q.   Is your company willing and prepared to post
2   bond on behalf of Ms. Lisa Liberi?
3      A.   Yes, we are.
4      Q.   Now, as far as the bond is concerned, have
5   you quoted a fee for the bond?
6      A.   Yes, we have.
7      Q.   And what is the amount that you've charged?
8      A.   The $100,000 bond we are charging $8,000 with
9   a bail commission rebate of 20 percent due to Prop 103.
10      Q.   That was proposition 103?
11      A.   Correct.
12      Q.   And the $250,000 bond, how much are you
13   charging?
14      A.   We are charging $20,010 with the same
15   conditions.
16      Q.   Now, the total charges come to $28,010; am I
17   correct?
18      A.   $20,020, correct.
19      Q.   $20,020.  Now, have you received payment --
20           THE COURT:  Where did you get the other 10?
21   $8,000 plus $20,010.
22           THE WITNESS:  $8,000 plus 10.  One bond being
23   posted for $100,000 will be $8,010.
24           THE COURT:  Oh.
25           THE WITNESS:  The other bond for $250,000
26   would be $20,010 dollars.
27           THE COURT:  All right.
28           THE WITNESS:  Combined $28,020.

1      Q.   BY MR. FAAL:   Now, have you received payment

2   for this $28,020?

3      A.   We have received the $8,010 payment via a

4   credit card from the defendant's mother.  We have a

5   copy of a check being sent to us for $9,500 via her

6   attorney, Attorney Strickland, and a $4,500 check being

7   sent when she returns from vacation in one week.

8      Q.   Okay.  The $9,500 is a check coming from

9   civil attorney, Michelle Strickland; am I correct?

10     A.   Correct.

11     Q.   And did Ms. Strickland provide you with

12  documentation to show where she obtained that money

13  from?

14     A.   Yes, she did.

15     Q.   Did the document indicate that Ms. Liberi had

16  received an advance on a civil case she has from a

17  funding company?

18     A.   Yes.

19     Q.   And the funding company provided advances

20  totalling more than $20,000?

21     A.   I think $27,775.

22     Q.   And what's the name of the funding company?

23     A.   The funding company is Inland Energy LLC, a

24  Nevada limited liability company.

25     Q.   Okay.  And that advance, of course, would be

26  paid with interest that is being compounded,

27  correct?  You've received documentation showing that

28  the funding company would be paid from whatever

1    proceeds Ms. Liberi collects from her lawsuit?

2        A.   Correct.

3        Q.   Okay.  So that's where the $9,500 was coming

4    from.  The $4,500 is also coming from Ms. Strickland's

5    client trust account; am I correct?

6        A.   Correct.

7        Q.   And that's also coming from the advance that

8    Ms. Liberi received?

9        A.   Correct.

10       Q.   Okay.  Thank you.

11            How about did you receive an additional

12   $6,000 from Ms. Liberi's father?

13       A.   Yes.

14       Q.   Okay.  And what's his name?  Is it John

15   Richardson?

16       A.   I think it is.  I don't know if I have that

17   piece of paper with me.  We have not received the

18   check.  He put it in the mail so I have not physically

19   got the check back.

20       Q.   But he has promised to send you the $6,000?

21       A.   Correct.

22            MR. FAAL:  Okay.  Okay.  Thank you.  I have

23   nothing further.

24            THE COURT:  Cross.

25            MR. SECORD:  Thank you, your Honor.

26   ///

27   ///

28   ///

CROSS-EXAMINATION

BY MR. SECORD:

Q. Mr. Mehr, have you contacted Mr. (inaudible) at Inland Energies, LLC?

A. No, I have not.

Q. You've not spoken to him about the trueness or accurateness of the documents you received from Nichelle Strickland?

A. No.

Q. Which company are you authorized to write for in California?

A. National Automobile and Casualty Insurance Company which is now International Fidelity Insurance Company.

Q. Are you aware of whether or not they have an agreement on file with the Department of Insurance regarding what their bail premium is for matters over $500?

A. Yes.

Q. What is that agreement?

A. They are commissioned through the Department of Insurance at 10 percent.

Q. Now, you are writing this for less than 10 percent?

A. Correct.

Q. Now, with regard to the $8,000, you said that that's coming from a credit card advance from the defendant's mother?

1       A.   Correct.

2       Q.   Okay.  And that advance is for the purpose of

3   the $100,000 bail, correct?

4       A.   Correct.

5       Q.   And you were aware that there's a 1275.1

6   order in place with respect to that advance, correct?

7       A.   Correct.

8       Q.   Okay.  Now, have you dealt with 1275.1 orders

9   before?

10      A.   Yes, I have.

11      Q.   Okay.  What understanding do you have of what

12  a 1275.1 order is?

13           MR. FAAL:  Your Honor, I object.  That's a

14  legal question.

15           MR. SECORD:  I'm asking his understanding.

16           MR. FAAL:  It's irrelevant, his

17  understanding.

18           THE COURT:  No, it's not a legal question.

19  It's something that he probably would have to deal with

20  in his custom and practice and trade.

21           Is that something you have to deal with?

22           THE WITNESS:  Well, yes, a 1275,

23  periodically they want to know that the money being

24  paid, the commissions to the bail bondsman, is not from

25  ill gotten gains from any activities due to the

26  allegations.

27      Q.   BY MR. SECORD:  All right.  So it would be

28  improper for that money to be disguised in any way to

96

1   try and hide it from the Court during a 1275 hearing;
2   is that correct?
3       A.    Correct.
4       Q.    Okay.  Isn't it true that on July 29th, I
5   believe it is, of this year, I believe that was last
6   Wednesday; is that correct?  July 28th, excuse me.
7   Yes, it's the 28th.
8           Isn't it true that on July 28th which would
9   be last Wednesday evening you had a telephone
10  conversation with Ms. Liberi concerning the $8,000 that
11  her mom was advancing?
12      A.    With her husband.
13      Q.    With her husband?
14      A.    Yes.
15      Q.    Didn't you also have a conversation with
16  Ms. Liberi?
17      A.    She three-wayed, I think.  I had several
18  conversations with Brent and I think there was one
19  three way with her on the phone, but we got cut off.
20  There was a short conversation.
21      Q.    Isn't it true that during the course of the
22  conversation with Ms. Liberi you entered into an
23  agreement with her to disguise the source of the funds
24  from the $8,000?
25      A.    I said that the money cannot be any monies
26  derived from ill gotten gains.
27           MR. SECORD:  If I may, your Honor, this is
28  something that has recently come into my possession.  It

1    is a tape recording of a jail call between the bail

2    bondsman and Ms. Liberi and her husband that I would

3    like to play for Mr. Mehr to refreshe his recollection

4    concerning the phone call that he had.

5              MR. FAAL: Your Honor, I'll object. If

6    counsel has that, this is trial by ambush. That was a

7    long time ago. If he has a tape like that, there are

8    rules of proper responsibility that you give to

9    opposing counsel, but sitting here just pulling a tape,

10   that's not done today, that type of practice. Just

11   pull a tape from your pocket and say here's a tape.

12   That's not how lawyers practice.

13             THE COURT: Mr. Secord, first of all, I

14   understand that if this is played, there's no way my

15   court reporter can take this down.

16             MR. SECORD: Understood, your Honor.

17             THE COURT: All right. And if you want it to

18   become part of the record, you're going to have to

19   produce a certified transcript of that recording.

20             Do you understand that?

21             MR. SECORD: Yes, I do, your Honor.

22             THE COURT: With that understanding, I want

23   you to respond to his objection.

24             MR. SECORD: Your Honor, this is

25   cross-examination. This is also a chance for me to

26   impeach the witness. I don't have to give him

27   impeachment material ahead of time.

28             MR. FAAL: Your Honor --

98

1              MR. SECORD:  And this is also not trial.
2    This is a bail hearing.  Discovery in a criminal matter
3    is governed by statute and by statute only and this is
4    in regards to what has to be disclosed 30 days before
5    trial and we are not there yet.

6              MR. FAAL:  Your Honor, I have a problem with
7    that.  You are not allowed to set a witness up just for
8    the purpose of impeaching the witness.  The Court may
9    think that's not what's happening here.  That's what's
10   happening.  The issue here is if Mr. Secord has
11   evidence that the money is being disguised, he has
12   every right to bring that evidence, but that's not the
13   foundation I had.

14             The foundation I had was about some possible
15   discussion about that being done, that is disguising
16   the money, but he's not making any offer of proof that
17   the money was actually being disguised so because of
18   that he's attempting to introduce material that has no
19   legitimate purpose other than to prejudice the Court or
20   cause bias when, in fact, it doesn't go to the core
21   issue.

22             The core issue is does he have proof that the
23   money from the credit card is money that is illegally
24   obtained?  If the answer is yes, bring that evidence.
25   If the answer is no, end of story on that.  This is a
26   side show.

27             THE COURT:  All right.  Mr. Secord, the tape
28   is going to be used for impeachment purposes?

99

1            MR. SECORD:  Yes, your Honor.

2            THE COURT:  Not for recollection or

3    refreshing his memory?

4            MR. SECORD:  Yes, your Honor.

5            THE COURT:  All right.  I'll allow it.

6            MR. SECORD:  Thank you, your Honor.

7            (Whereupon the audio tape was played and not

8            reported.)

9        Q.  BY MR. SECORD:  Now sir, I ask you again, did

10   you have a conversation the evening of July 28th with

11   Ms. Liberi where you agreed with Ms. Liberi that you

12   would rebate $8,000 back to her mom's credit card by

13   using Michelle Strickland's trust account?

14       A.  No!  No, not at all.

15           MR. FAAL:  Your Honor, I object.  That's not

16   what was --

17           THE COURT:  He said no.

18           MR. FAAL:  Thank you.

19       Q.  BY MR. SECORD:  Do you -- is it your

20   testimony that this is not you in this tape?

21       A.  That is me, but I think you're taking it out

22   of context.

23       Q.  Oh?

24       A.  You're taking -- are you talking about the --

25       Q.  I just happen --

26       A.  Are you saying that --

27       Q.  -- I just happen to have the entire tape.

28   Would you like me to play it so it is in context, sir?

100

1          A.    Are you saying that I am doing it for less
2     than $28,000?  Is that what you're -- I don't
3     understand.

4          Q.    I'm trying to find out what you really meant
5     by this.  From what this tape said, if I understand you
6     correctly, sir, you were going to send $8,000 back to
7     Michelle Strickland's trust account to repay the $8,000
8     that was coming from the credit card; isn't that
9     correct?

10         A.    That is not correct.

11         Q.    Now, with respect to this -- with respect to
12    this --

13              MR. SECORD:  Nothing further of this witness,
14    your Honor.

15              THE COURT:  Mr. Faal.

16              MR. FAAL:  Your Honor, nothing.  No

17    questions.

18              THE COURT:  No questions?

19              MR. FAAL:  No, based on the testimony that

20    he's -- just a moment, your Honor.

21              Your Honor, just for the record, I'm sorry.

22

23                    REDIRECT EXAMINATION

24    BY MR. FAAL:

25         Q.    Did you tell Ms. Liberi or anyone else that
26    you would hide the source of the $8,000?

27         A.    No.

28         Q.    Okay.  Did you or have you done anything to

1  hide the source of the $8,000?

2      A.    No, and I will add when she talked about this
3  trust fund, I had asked her where the monies were
4  arriving from and I never got -- I didn't know it was
5  due to this loan in the trust.  I tried to question
6  that.  Then I said it's easier than taking the trust
7  for the $8,000 -- and I said it would be easier to use
8  it on a credit card with the mom or however.

9          We decided to do it that way and there was no
10  refund of that $8,000 back to the trust.  They were
11  going to take -- it was going to be done through the
12  trust, the $8,000 originally, but it was easier to take
13  the $8,000 for the $100,000 bond and then take the
14  difference of the trust to make up the difference at
15  that time.

16          So when originally I was called on it, it was
17  $100,000 1275 so it was easier to do it with a credit
18  card than that, so it was just making the money from
19  the trust fund or doing it through the credit card and
20  it turned out to be a combination of both because I was
21  going to allow -- when I met with Mr. Secord and
22  explained everything to him, he didn't -- our office
23  was going to allow payments for up to a year.  He did
24  not want us to do that.  So we ended up having to go
25  $8,000 on the credit card, and then the trust, and then
26  reached out to her father, biological father for the
27  other $6,000.

28      Q.    Okay.  Now, when you agreed with Ms. Liberi

102

1    and her mother that you would be paid with a credit

2    card for $8,000, you did disclose that to Mr. Secord,

3    did you not?

4        A.    I disclosed every document, everything that

5    was going on.

6        Q.    The documents that you received from Michelle

7    Strickland's office about the funding the loan that Ms.

8    Liberi obtained against her civil case, the advance,

9    I'm sorry, the advance, you also provided those

10   documents to Mr. Secord, did you not?

11       A.    Yes, I did.

12             MR. FAAL:  Okay.  Thank you.

13

14                  RECROSS-EXAMINATION

15   BY MR. SECORD:

16       Q.    Isn't it true that you also disclosed that

17   this money in Ms. Strickland's trust account was

18   originally part of a trust in favor of the defendant's

19   mother?

20             Didn't you just testify that you originally

21   thought that this money was coming from a trust where

22   the money had been placed in Ms. Strickland's account

23   by the defendant's mother?

24       A.    Yeah, that was the confusion.  I did not know

25   it was dealing with the loan from this corporation.  I

26   thought it was a family -- when I first got this call,

27   I thought it was a family pool of money to obtain a

28   civil attorney.

103

1          MR. SECORD:  Move to strike everything
2     after yes.
3          THE COURT:  Granted.
4     Q.   BY MR. SECORD:  So at this point, if I
5     understand it correctly, there are now at least two
6     different explanations for where this money out of
7     Ms. Strickland's account is coming; is that correct?
8          MR. FAAL:  Your Honor, that's argumentative.
9     It's argumentative.
10          THE COURT:  It is somewhat but I'll allow it.
11     Go ahead.
12          THE WITNESS:  I never got a clear answer
13     from her husband Brent where the money was coming from.
14     I did not know where the monies came from.  I thought
15     it was part -- like I said, part of a family pool that
16     obtained the civil attorney for her civil matter.
17          MR. SECORD:  Nothing further.
18
19               FURTHER REDIRECT EXAMINATION
20     BY MR. FAAL:
21     Q.   Did you find out whether or not Ms. Liberi's
22     mother was also a client of Ms. Strickland?
23     A.   No.
24     Q.   Oh, you didn't.  Okay.
25          MR. FAAL:  Thank you.  Nothing further.
26          THE COURT:  Thank you.
27     MR. SECORD:  Nothing further.
28          MR. FAAL:  Your Honor, I would like at this

104

1    point in time Mr. Secord to maybe assure me on the
2    record that my telephone conversations with Ms. Liberi
3    were not also recorded.
4             MR. SECORD:  Your Honor, what I can assure is
5    all calls -- as I understand it, all calls in and out
6    of the jail are recorded.  What I can assure counsel is
7    that those calls which has his number and those calls
8    where he he was three-wayed into the conversation have
9    not, by myself or to my knowledge by any other person
10   in the D.A.'s office, been listened to.  That was a
11   preposition ending there.  I'm sorry.  Have not been --
12   we have not listened to them.
13            MR. FAAL:  Thank you.
14            THE COURT:  All right.  Anything further?
15            MR. SECORD:  Yes, your Honor.  I would call
16   investigator Thomas Rice.
17            Your Honor, this is the recording that was
18   just played and we could lodge it with the Court at
19   this time or would the Court prefer that I make a
20   certified transcript of it and lodge it with the Court
21   later?
22            THE COURT:  Mr. Faal.
23            MR. FAAL:  Your Honor, since it's being used
24   in these proceedings, I believe that I'm entitled to
25   both the tape and the transcript.
26            MR. SECORD:  I will make a copy of both the
27   tape and the transcript and forward a copy to counsel
28   and lodge both with the Court within a week.

```
                                                                   105
1                THE COURT:  And make sure you send a copy to
2     counsel.
3                MR. SECORD:  Yes.
4                THE COURT:  Okay.  Thank you.
5                     THOMAS RICE,
6     called as a witness on behalf of the People, was sworn
7     and testified as follows:
8                THE CLERK:  Do you solemnly state that the
9     evidence you are about to give in this matter now
10    pending before this Court shall be the truth, the whole
11    truth, and nothing but the truth, so help you God?
12                THE WITNESS:  I do.
13                THE CLERK:  Thank you.  Please have a seat.
14                Please state your full name and spell your
15    first and last name for the record.
16                THE WITNESS:  Thomas Rice, T-h-o-m-a-s,
17    R-i-c-e.
18                THE COURT:  Go ahead.
19                MR. SECORD:  Thank you, your Honor.
20    .
21                     DIRECT EXAMINATION
22    BY MR. SECORD:
23        Q.    Mr. Rice, with whom are you employed?
24        A.    California Department of Insurance
25    investigation division.
26        Q.    In what capacity?
27        A.    I'm an investigator.
28        Q.    And specifically do you have any particular
```

# Exhibit 7

PLAINTIFF

     VS.

DEFENDANT                            CIVIL ACTION NO.

EXHIBIT FILED IN HARD COPY